JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

Michelle D. Ramos, Ricardo G. "Gino" Perez and Nona A. Perez

## DEFENDANTS

LSG Lufthansa Service Holding AG, LSG Lufthansa Service [LSG] Guam, Inc., LSG Catering Guam, Inc., LSG Lufthansa Service USA Corp., LSG Lufthansa Service [LSG]Asia, Ltd., LSG Lufthansa Service [LSG]Saipan, Inc., *et al.*,

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Sandra D. Lynch, Esq.
251 Martyr Street, Suite 101
Agana, GU 96910 (671) 472-6848

ATTORNEYS (IF KNOWN)

# 03-00028

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                         AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☒3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC 2000 e , Title VII of the Civil Rights Act of 1964; discrimination in employment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE 7-29-03

SIGNATURE OF ATTORNEY OF RECORD *Sandra D. Lynch*

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**RECEIVED**
JUL 2 9 2003
DISTRICT COURT OF GUAM
HAGATNA, GUAM

ORIGINAL

Case 1:03-cv-00028   Document 1   Filed 07/29/2003   Page 1 of 1

1  **SANDRA D. LYNCH, ESQ., P.C.**
   C&A BUILDING, SUITE 101
2  251 MARTYR STREET
   HAGÅTÑA, GUAM 96910
3  Telephone: (671) 472-6848
   Fax: (671) 477-5790
4  E-Mail: sdl@cbblaw.net

5  *Attorneys for Michelle D. Ramos,*
   *Ricardo G. "Gino" Perez, and Nona Perez*

**FILED**
DISTRICT COURT OF GUAM

**JUL 2 9 2003**

MARY L. M. MORAN
CLERK OF COURT

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF GUAM**

| | |
|---|---|
| MICHELLE D. RAMOS,<br>RICARDO G. "GINO" PEREZ,<br>and NONA A. PEREZ,<br><br>    Plaintiffs,<br><br>    vs.<br><br>LSG Lufthansa Service Holding AG,<br>LSG Lufthansa Service [LSG] Guam, Inc.,<br>LSG Catering Guam, Inc.,<br>LSG Lufthansa Service USA Corporation,<br>LSG Lufthansa Service [LSG] Asia, Ltd.,<br>LSG Lufthansa Service [LSG]Saipan, Inc.,<br>LSG Catering Saipan, Inc.<br>LSG Sky Chefs, Hyung K. Cheung,<br>Fritz Pandalitschka, Kelvin Chan,<br>and DOES 1 through 20,<br><br>    Defendants. | CIVIL CASE NO. **03-00028**<br><br>**COMPLAINT UNDER**<br>**42 USC §2000e, et seq.**<br>[Title VII of Civil Rights Act<br> Of 1964, as amended] |

Come now Plaintiffs and each of them and herein allege as follows:

**PRELIMINARY STATEMENT/JURISDICTION**

1.  This is a suit in equity pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq., as amended.

1   2.   This Court has jurisdiction pursuant to 42 USC §2000e and -5(f) and 28 USC §1343(4), to
2        secure the protection of and to redress deprivations of rights, and to provide relief against
3        racial, religious, national origin, and sex discrimination in employment;

4   3.   The conditions precedent to jurisdiction under 42 USC 2000 e-5(f)(3) have been met since
5        each Plaintiff filed charges of employment discrimination with the Equal Employment
6        Opportunity Commission within 180 days of the commission of the unfair employment
7        practice and the EEOC issued a Right to Sue notification which was received less than 90
8        days prior to the filing of this complaint;

9                                            **PARTIES**

10  4.   Plaintiff, Michelle D. Ramos. Is a citizen of the United states and a Pacific Island resident in
11       Guam;

12  5.   Plaintiff, Ricardo G. "Gino" Perez, is a citizen of the United States and a Pacific Island
13       resident in Guam;

14  6.   Plaintiff, Nona A. Perez, is a  citizen of the United States and a Pacific Island resident in
15       Guam;

16  7.   Defendant LSG Lufthansa Service [LSG] is, upon information and belief a foreign Holding
17       Company with its principal place of business in Germany;

18  8.   Defendant LSG Lufthansa Service [LSG] Guam, Inc. is, upon information and belief a
19       corporation licensed to do business in Guam and incorporated under the laws of Guam;

20  9.   Defendant LSG Lufthansa Service [LSG] Guam, Inc. is, upon information and belief owned
21       and operated by LSG Catering Guam, Inc., a corporation licensed to do business in Guam and
22       incorporated under the laws of Guam;

23  10.  Defendant LSG Catering Guam, Inc. is, upon information and belief owned and operated by
24       LSG Lufthansa Service USA Corporation, a corporation licensed to do business in the United

25

26  **Michelle D. Ramos, et al. v. LSG Lufthansa Service, et al.**
    **Civil Case No. _____**
27  **COMPLAINT**

28                                              -2-

1 States and incorporated under the laws of the United States;

2 11. Defendant LSG Lufthansa Service [LSG] Asia, Ltd. is upon information and belief the

3 regional headquarters for LSG Guam, LSG Catering Guam, LSG Lufthansa Service Saipan

4 and LSG Catering Saipan, and has its principal place of business in Hong Kong;

5 12. Defendant LSG Asia upon information and belief also operates and or owns and controls LSG

6 Catering Saipan and LSG Lufthansa Service Saipan, corporations licensed to do business in

7 the Commonwealth of Northern Marianas Islands [CNMI];

8 13. Based on their geographic location in the Pacific region, LSG Guam and LSG Guam Catering

9 report to LSG Asia;

10 14. All LSG Defendants [collectively referred to herein as "LSG"] are upon information and belief

11 owned, operated, controlled, and alter-egos of LSG Lufthansa Service Holding Company of

12 Germany;

13 15. LSG Guam, LSG Catering Guam and LSG Asia are also known as "LSG Sky Chefs," a wholly

14 owned subsidiary or affiliate of LSG Lufthansa Service Holding Company of Germany;

15 16. Defendants LSG Sky Chefs have upon information and belief their primary offices in the state

16 of Texas;

17 17. Upon information and belief, Operational headquarters for LSG worldwide [all LSG

18 Defendants] is in Dallas, Texas, with management headquarters in Germany;

19 18. Defendant Hyung K. Cheung is or was the Executive Vice President of Administration and

20 Finance, which includes the Human Resources departments [HR] for the Pacific Asia region

21 for Defendants LSG, at all relevant times;

22 19. Upon information and belief, Defendant Fritz Pandalitschka is or was the General Manager

23 and/or Director of Operations for Defendants LSG on Guam and Saipan at all relevant times;

24 20. Defendant Kelvin Chan is a Chinese national who is or was employed by Defendants LSG

25

26 **Michelle D. Ramos, et al. v. LSG Lufthansa Service, et al.**
**Civil Case No. _____**
27 **COMPLAINT**

28 -3-

1 | Guam and Saipan, as manager of Customer Service department directly reporting to Defendant
2 | Pandalitschka;

3 | 21. | Does 1 through 20 are unidentified directors, managers, administrators, agents or assigns of
4 | | Defendants LSG collectively, who participated in, condoned, authorized, agreed, directed, or
5 | | had notice of and failed to take action to stop the unlawful employment practices alleged by
6 | | Plaintiffs; and Plaintiffs will amend their complaint as their identities are discovered;

7 | 22. | Plaintiff Michelle D. Ramos was the Finance and Administration Manager for Defendants LSG
8 | | in Guam and Saipan at relevant times;

9 | 23. | Plaintiff Michelle D. Ramos was promoted to Deputy General Manager in 1999;

10 | 24. | Plaintiff Michelle D. Ramos held the title of Corporate Vice President and Treasurer during
11 | | the years 2000-2001;

12 | 25. | Plaintiff Michelle D. Ramos served as a member of the LSG Board of Directors during the year
13 | | 2001;

14 | 26. | Plaintiff Ricardo G. "Gino" Perez was the Production Manager for Defendants LSG in Guam
15 | | and Saipan at all relevant times;

16 | 27. | Plaintiff Nona A. Perez was employed as an hourly employee in the Customer Service
17 | | department of Defendant LSG Guam at all relevant times;

18 | **ALLEGATIONS**

19 | 28. | During the course of their employment, Plaintiffs came under the supervision of Defendants
20 | | Cheung, Pandalitschka and Chan in different capacities;

21 | 29. | During the course of Defendants Cheung, Pandalitschka and Chan's supervision over Plaintiffs,
22 | | Defendants disparately treated Plaintiffs and subjected them to differential terms and conditions
23 | | of employment because of their race and national origin as Pacific Islanders;

24 | 30. | The differential terms and conditions of employment by Defendants Cheung, Pandalitschka and

25 |

26 | **Michelle D. Ramos, et al. v. LSG Lufthansa Service, et al.**
**Civil Case No. _____**
27 | **COMPLAINT**

28 | -4-

1  Chan included harassment, excessive criticism and disparate treatment not experienced by
2  whites or Asians similarly situated;

3  31.  Defendants Cheung, Pandalitschka, Chan and LSG Defendants have exhibited patterns and
4  practices of discrimination toward Pacific Islanders;

5  32.  Defendants Cheung, Pandalitschka and Chan subjected Plaintiffs to discrimination in the terms
6  of their employment, and retaliation for their complaints regarding such discrimination;

7  33.  Defendants LSG and each of them herein named condoned, accepted, or otherwise authorized,
8  either implicitly or explicitly, the actions of discrimination, retaliation, disparate treatment,
9  harassment and other unlawful employment practices to which Plaintiffs were subjected in their
10  employment;

11  34.  The actions by Defendants LSG, Cheung, Pandalitschka and Chan affected the rights of
12  Plaintiffs by depriving Plaintiffs of equal employment opportunities because of racial and ethnic
13  discrimination;

## COUNT I

Racial Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Ricardo G. "Gino" Perez

35.  Plaintiff Ricardo G. "Gino" Perez has experience in industrial catering and as a result was
actively recruited by Defendants LSG to move into airline catering in Guam while Plaintiff
Gino Perez was employed in California;

36.  As part of the promises and inducements made to Plaintiff Gino Perez by defendants LSG, he
was promised (a) he would be Production Manager for Catering Services for Guam and
Saipan; (b) he would supervise Operations and Production departments as part of his duties;
and (c) he would receive training in airline catering and other specific areas of responsibilities;

26  **Michelle D. Ramos, et al. v. LSG Lufthansa Service, et al.**
**Civil Case No. _____**
27  **COMPLAINT**

28  -5-

37. Defendants LSG enticed and induced Plaintiff Gino Perez to accept employment with LSG based on the representations described above, with greater responsibilities and additional formal training to follow his acceptance of said employment;

38. In reliance on Defendants LSGs' representations, Plaintiff Gino Perez moved to Maui, Hawaii from San Francisco, California in anticipation of his employment with LSG Guam;

39. Plaintiff Gino Perez incurred substantial expenses for his move to Hawaii, including the transshipment of a vehicle, in reliance on the representations made by Defendants LSG and the opportunities offered to him by LSG;

40. Defendants LSG employed Plaintiff Gino Perez as promised, as Production Manager in LSG Guam, reporting to the General Manager Pandalitschka;

41. As part of the scope of Plaintiff Gino Perez's duties and responsibilities, he was to supervise and oversee the Operations Department, a department answerable to the Production manager on the LSG operational chart;

42. As part of the organizational structure represented to Plaintiff Gino Perez, he was to be responsible for the production and Operation Departments;

43. Once Plaintiff Perez began assuming his responsibilities as Production Manager for Defendants LSG, Plaintiff began to complain regarding areas of problems he found in the Operations Department over which he was to have supervisory responsibility;

44. Once Plaintiff Perez began complaining to Defendant Pandalitschka regarding the Operations Department, Defendant Pandalitschka re-assigned the Operations Department to another employee, Kelvin Chan, a Chinese national who was the manager of the Customer Service department, and with whom Pandalitschka was personal friends;

45. Chan refused to offer training to Plaintiff Perez, instead taking over the Operations department, and thereby further depriving Plaintiff Gino Perez of the scope of his employment

Michelle D. Ramos, et al. v. LSG Lufthansa Service, et al.
Civil Case No. _____
COMPLAINT

-6-

1 agreement;

2 46. Once Chan was assigned to Operations, he furthered the pattern and practice of harassment
3 of Plaintiff Gino Perez and effectuated further reductions in Perez's responsibilities;

4 47. As a result of Plaintiff Perez's complaints to Defendant Pandalitschka, Plaintiff Perez was
5 informed that he would have no responsibility over Operations until he received training which
6 defendant Pandalitschka arbitrarily refused to provide, thereby treating Plaintiff Perez
7 differently than other employees similarly situated, and differently than Chan;

8 48. As a further result of the removal of Plaintiff Perez's responsibility over the Operations
9 Department, Plaintiff Perez was denied approximately $10,000 of his promised salary package
10 each year until such time as his alleged training by Pandalitschka was complete;

11 49. The actions by Defendant Pandalitschka and Chan were approved, condoned, or authorized
12 by Defendants LSG and Cheung;

13 50. At all times relevant, Plaintiff Perez performed his duties and carried out the obligations of his
14 employment fully;

15 51. The actions by Defendants against Plaintiff Perez violated the employment agreement between
16 LSG and Perez and denied him the benefits to which he was entitled;

17 52. The actions by Defendants against Plaintiff Perez were retaliatory in nature, and discriminatory
18 as they were applied only to Plaintiff Perez, a Pacific Islander;

19 53. In further retaliation and discrimination against Plaintiff Perez, Plaintiff Perez was excluded
20 from Production meetings, excluded from daily operational information critical to the
21 successful execution of his duties, and then criticized for his failures and harassed by Defendant
22 Pandalitschka;

23 54. The Defendants, by their actions in excluding Plaintiff Perez from daily operational information
24 and other areas of responsibility, created a hostile work environment for Plaintiff Perez;

25

26 **Michelle D. Ramos, et al. v. LSG Lufthansa Service, et al.**
**Civil Case No. _____**
27 **COMPLAINT**

28 -7-

55. As a result of the harassment, discrimination, and retaliation by Defendants, Plaintiff Gino Perez complained on at least two occasions to his Human Resources liaison, Plaintiff Michelle Ramos, who brought the complaint to the attention of Defendant Cheung in LSG's Human Resources offices in Hong Kong, but Defendants Cheung and LSG took no action and ignored the complaints;

56. As a result of continuing harassment, discrimination and retaliation by Defendants, Plaintiff Gino Perez complained to the new Human Resources representative, Phyllis Li;

57. In response to his complaints, and in retaliation for Plaintiff's complaints of harassment and discrimination, Plaintiff Perez was wrongfully and unlawfully terminated from his employment;

58. As a direct result of the Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Gino Perez suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

59. As a direct result of the Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Gino Perez lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorneys fees, in amounts to be proved at trial;

## COUNT II

Sex and Racial Discrimination
Hostile Work Environment
Retaliation
Unlawful Employment Practices

Plaintiff Michelle D. Ramos

60. Plaintiff Michelle D. Ramos was hired in 1996 as Chief Accountant for LSG Guam and promoted in 1998 to Manager of Finance and Administration and to Deputy General Manager for LSG Guam and Saipan in 1999;

61. Inherent in Plaintiff Ramos's responsibilities were the supervision of finance, accounting, MIS,

Michelle D. Ramos, et al. v. LSG Lufthansa Service, et al.
Civil Case No. _____
COMPLAINT

-8-

purchasing, inventory, legal matters, banking and Human Resources, negotiating and monitoring insurance contracts and vendors, facilitating Human Resources issues, customer service and all areas managed and supervised by the General Manager;

62. From the inception of Plaintiff Ramos' promotions, the General Manager for Defendants LSG promised she would receive equal benefits for the position of Administration and Finance Managers and Deputy General Managers as received by male and non-Pacific islander deputy general managers;

63. From 1998 to 2003, Plaintiff Ramos' was denied equal pay benefits including travel cards, medical insurance, housing allowances, company vehicles, and other benefits paid to male and non-Pacific islander deputy general managers, production managers, and operations managers;

64. From May 2002 Defendant Pandalitschka began a practice of excluding Plaintiff Ramos from her areas of responsibility, including excluding her from meetings, telling other managers and employees not to inform her of critical issues and to avoid speaking with her;

65. From May 2002, Defendant Pandalitschka harassed and discriminated against Plaintiff Ramos by deleting responsibilities from Plaintiff Ramos, precluding her from contacting vendors, airport administrators, customers, managers, employees, airline agents, and all others with whom she was required to deal on a daily basis in order to successfully carry out her duties and responsibilities;

66. In July 2002, Defendant Chan, a personal friend of Defendant Pandalitschka, received a promotion, a salary increase, and the benefits package which was still being denied to Plaintiff Ramos. Chan was then removed from the organizational structure which required that he report to Plaintiff Ramos;

67. Defendant Pandalitschka harassed and discriminated against Plaintiff Ramos, and treated her differently than other non-Pacific islanders by disparaging her to the public and private entities

**Michelle D. Ramos, et al. v. LSG Lufthansa Service, et al.**
Civil Case No. _____
**COMPLAINT**

-9-

1   with which she worked;

2   68.   Plaintiff Ramos reported the discrimination and harassment by Defendant Pandalitschka to
3         Defendant Cheung as representative of Defendants LSG several times during 2002, but
4         Defendants LSG and Cheung took no action;

5   69.   Prior to August 2002, Plaintiff Ramos served as the Human Resources officer for Guam and
6         Saipan, since Defendants did not employ a local HR manager; but in August, 2002 LSG
7         recruited a local HR manager, Jose Manzon, who was to report to Plaintiff Ramos. Instead,
8         Defendant Pandalitschka told Manzon not to speak with Ramos, thereby denying her the ability
9         to carry out her duties and responsibilities and creating a hostile work environment;

10  70.   Plaintiff Ramos, in her supervisory capacity over HR, and in her capacity as Deputy General
11        Manager, complained to Defendant Cheung regarding the alleged discrimination and retaliation
12        by Defendant Pandalitschka against herself and Plaintiff Gino Perez on many occasions, with
13        no results;

14  71.   Instead of addressing Plaintiff Ramos's concerns or allowing her to carry out her duties and
15        responsibilities to HR and LSG in general, Defendant Cheung and LSG brought in Phyllis Li,
16        a Chinese national, who was newly hired and made Vice President of HR for Pacific Asia in
17        November 2002. Cheung gave Li regional authority over HR, with Pandalitschka having local
18        authority over HR, which resulted in further preclusion of Plaintiff Ramos from information
19        and duties inherent in her position;

20  72.   In January, 2003, Cheung sent Phyllis Li to "evaluate the complaints" made by Plaintiffs
21        Ramos and Gino Perez;

22  73.   Instead of assigning Li as an investigator, however, and involving Plaintiff Ramos in the
23        discussion of Plaintiff Gino Perez's complaints, Plaintiff Ramos was excluded from the
24        investigation;

25

26  **Michelle D. Ramos, et al. v. LSG Lufthansa Service, et al.**
    **Civil Case No. _____**
27  **COMPLAINT**

28                                          -10-

74. Shortly after Li came to Guam, Plaintiff Gino Perez asked for Li's assistance again. Instead of resolution, Plaintiff Gino Perez was given a letter of termination;

75. Plaintiff Ramos promptly complained to Defendant Cheung regarding the termination letter, as it was wrongful and retaliatory;

76. Defendants LSG had promised that Defendant Pandalitschka would provide training to Plaintiff Ramos so that she could assume the position of General Manager in December, 2002;

77. Instead of training Plaintiff Ramos as promised, as a further result of Plaintiff Ramos's complaints about the wrongful treatment of Plaintiff Gino Perez, Defendant Pandalitschka further isolated Plaintiff Ramos from her assigned responsibilities, including isolating her from information and employees, as a result of which Pandalitschka's contract was extended beyond December 2002 and Plaintiff Ramos was denied her former scope of authority and responsibility;

78. Instead of investigating her complaints, Plaintiff Ramos was retaliated against by Defendants, when her scope of authority was reduced, her public and private contacts were told not to speak with her, and her position in the organization was no longer recognized by Defendants;

79. As a direct result of the continuing harassment, discrimination and hostile work environment created by Defendants, and in retaliation for her complaints of discrimination and disparate treatment throughout 2002, Plaintiff Ramos was constructively terminated on March 31, 2003 when it was agreed she would submit her resignation;

80. The actions by Defendants Cheung, Pandalitschka and Chan were approved, condoned, or authorized by Defendants LSG;

81. At all times relevant, Plaintiff Ramos performed her duties and carried out the obligations of her employment fully;

82. The actions by Defendants against Plaintiff Ramos violated the employment agreement

Michelle D. Ramos, et al. v. LSG Lufthansa Service, et al.
Civil Case No. _____
COMPLAINT

-11-

1 | between LSG and Ramos and denied her the benefits to which she was entitled;

2 | 83. The actions by Defendants against Plaintiff Ramos were retaliatory in nature, and

3 | discriminatory as they were applied only to Plaintiff Ramos, a Pacific Islander;

4 | 84. The actions by Defendants form a continuing pattern and practice of discrimination in

5 | employment for those of Pacific Island origin by Defendants;

6 | 85. As a direct result of the Defendants' unlawful actions, discrimination, harassment, differential

7 | and disparate treatment, Plaintiff Ramos suffered emotional harm, suffering, mental anguish,

8 | loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

9 | 86. As a direct result of the Defendants' unlawful actions, discrimination, harassment, differential

10 | and disparate treatment, Plaintiff Ramos lost income and benefits and future prospects of

11 | income and benefits, incurred expenses and costs, and will incur future expenses and costs,

12 | including attorneys fees, in amounts to be proved at trial;

13 | ### COUNT III

14 | Sex and Racial Discrimination
Hostile Work Environment
15 | Retaliation
Unlawful Employment Practices
16 |
Plaintiff Nona A. Perez
17 |
18 | 87. Plaintiff Nona Perez began her employment with LSG Guam in approximately 1999 as an
Administrative clerk in Customer service with an hourly wage;
19 |
20 | 88. Beginning in 2002, Customer service employees, including Plaintiff Nona Perez, began
receiving 25 hours per week, vice 40 hours, and were denied overtime, in what was alleged
21 |
to be cost-cutting measures by Defendants LSG;
22 |
23 | 89. Plaintiff Nona Perez was under the direct supervision of Defendant Pandalitschka;

24 | 90. Beginning on or about February 2002, Defendants Pandalitschka and Chan began treating
Plaintiff Nona Perez disparately, and discriminated against her by denying her equal working
25 |

26 | Michelle D. Ramos, et al. v. LSG Lufthansa Service, et al.
Civil Case No. _____
27 | COMPLAINT

28 | -12-

1    hours and overtime and other benefits provided to a selected female employee, Ms. Rosemarie

2    Abat, who has significantly less seniority than Plaintiff Nona Perez;

3    91.    Beginning on or about February, 2002, Defendant Pandalitschka created a hostile working

4          environment by allowing, authorizing, and instructing Ms. Abat to take extended lunch hours,

5          work overtime, prepare and work her own schedule, use a company car, use a company

6          cellular phone, maintain possession of the company's digital camera, and travel with

7          Pandalitschka on company business as well as on company dinners;

8    92.    In July, 2002 Defendant Pandalitschka and Chan harassed and discriminated against Plaintiff

9          Nona Perez by publicly reprimanding her for use of the office freezer, while allowing Kelvin

10         Chan to use the freezer in the same manner as had been denied Plaintiff Nona Perez. This

11         discriminatory and disparate treatment was then highlighted by the fact that Chan shared his

12         freezer goods with Pandalitschka and Abat;

13   93.    In December 2002, all other clerk level employees, including Plaintiff Nona Perez, were again

14         subjected to reduced work hours without notice, except Ms. Abat, and this practice continues

15         to date;

16   94.    In December, 2002, all other clerk level employees, including Plaintiff Nona Perez, were given

17         reduced holiday pay without notice, except Ms. Abat, who received full holiday pay;

18   95.    Ms. Abat has worked only two years in the Customer Service department, and does not have

19         the skill, experience or knowledge to carry out her assigned duties;

20   96.    In February, 2003, Defendant Pandalitschka publicly humiliated Plaintiff Nona Perez in front

21         of the Army National Guard Commander, for whom LSG was contracting for several hundred

22         meals for Guardsmen working after the typhoon, when the Commander came in to make

23         payment on the account. Defendant Pandalitschka's public criticism of Plaintiff Nona Perez

24         constituted discrimination and exhibited the pattern and practice of discrimination and

25

26   **Michelle D. Ramos, et al. v. LSG Lufthansa Service, et al.**
     **Civil Case No. _____**
27   **COMPLAINT**

28                                              -13-

1    disparate treatment by Defendants toward Plaintiffs;

2    97.    Plaintiff Nona Perez complained to her immediate supervisor regarding the disparaging
3           comments, and public criticism by Defendant Pandalitschka, but no action was taken by
4           management;

5    98.    In June, 2003, Defendant Pandalitschka gave Plaintiff Nona Perez oversight of the Airport
6           concessions, including oversight of four staff persons, a position formerly held by the Airport
7           Manager.   To date, Plaintiff Nona Perez has not been compensated nor given a salary
8           adjustment or promotion to the position, but has been ordered to assume the responsibilities
9           of said position by Defendant Pandalitschka.  Her position is still that of an hourly employee,
10          and her position still listed as "catering consultant;"

11   99.    Defendant Pandalitschka and Chan harassed and discriminated against Plaintiff Nona Perez,
12          and treated her differently than other female employees by disparaging her and openly favoring
13          Ms. Abat with pay and other employment benefits to which she is not entitled;

14   100.   As a result of the harassment and discrimination by Defendants Pandalitschka and Chan,
15          Plaintiff Nona Perez complained but Defendants LSG took no action and ignored her
16          complaints;

17   101.   The actions by Defendants Pandalitschka and Chan were approved, condoned, or authorized
18          by Defendants LSG;

19   102.   At all times relevant, Plaintiff Nona Perez performed her duties and carried out the obligations
20          of her employment fully;

21   103.   The actions of disparate treatment, harassment and discrimination by Defendants against
22          Plaintiff Nona Perez violated her employment rights and her right to equal treatment under the
23          law and denied her the benefits to which she was entitled;

24   104.   The actions by Defendants and each of them against Plaintiff Nona Perez exhibit a continuing

25

26   **Michelle D. Ramos, et al. v. LSG Lufthansa Service, et al.**
     Civil Case No. _____
27   **COMPLAINT**

28                                        -14-

1      pattern and practice of discrimination against particular persons of Pacific Island origin;

2 105.   As a direct result of the Defendants' unlawful actions, discrimination, harassment, differential

3      and disparate treatment, Plaintiff Nona Perez suffered emotional harm, suffering, mental

4      anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

5 106.   As a direct result of the Defendants' unlawful actions, discrimination, harassment, differential

6      and disparate treatment, Plaintiff Nona Perez lost income and benefits and future prospects of

7      income and benefits, incurred expenses and costs, and will incur future expenses and costs,

8      including attorneys fees, in amounts to be proved at trial;

9 **THEREFORE, PLAINTIFFS PRAY THAT:**

10 1.   Each Plaintiff be compensated for lost wages, benefits, bonuses, backpay and interest thereon

11      in amounts which they would have received but for the discriminatory practices of Defendants

12      in amounts to be proved at trial;

13 2.   Each Plaintiff be compensated for mental anguish, personal suffering, professional

14      embarrassment and public humiliation in the amount of $500,000.00 each;

15 3.   The Court assess punitive damages against the Defendants and each of them, in amounts

16      sufficient to deter further unlawful employment practices described herein;

17 4.   For attorneys fees and costs of suit as to each Plaintiff;

18 5.   The Court grant such other legal and equitable relief as it deems just and proper in the

19      circumstances of the case;

20      Respectfully submitted this 25th day of July, 2003.

21

22

23               By: _Sandra D. Lynch_ _____

24                    SANDRA D. LYNCH, ESQ.
                   Attorneys for Plaintiffs

25

26 **Michelle D. Ramos, et al. v. LSG Lufthansa Service, et al.**
**Civil Case No. _____**

27 **COMPLAINT**

28               -15-

# United States District Court

———————————— DISTRICT OF ————————————
G U A M

Michelle D. Ramos,
Ricardo G. "Gino" Perez,
Nona A. Perez,

### SUMMONS IN A CIVIL CASE

V.

LSG Lufthansa Service Holding AG,
LSG Lufthansa Service [LSG] Guam, Inc.,
LSG Catering Guam, Inc., LSG Lufthansa Service
USA Corporation, LSG Lufthansa Service [LSG] Asia, Ltd.,
LSG Lufthansa Service [LSG] Saipan, Inc., LSG Catering
Saipan, Inc., LSG Sky Chefs, Hyung K. Cheung,
Fritz Pandalitschka, Kelvin Chan, and DOES 1 through 20,

CASE NUMBER: 03-00028

TO: (Name and address of defendant)

Kelvin Chan
LSG Catering Guam, Inc.
P O Box 6172
Tamuning, GU 96931

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Sandra D. Lynch, Esq.
251 Martyr Street
Suite 101
Agana, Guam 96910

ACKNOWLEDGED RECEIPT

By: _Slynch_
Date: _7/29/03_

an answer to the complaint which is herewith served upon you, within _____20_____ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

Mary L. M. Moran

————————————
CLERK

JUL 29 2003

————————————
DATE

(s) Renee M. Martinez
————————————
(BY) DEPUTY CLERK



# United States District Court

DISTRICT OF _____
G U A M

Michelle D. Ramos,
Ricardo G. "Gino" Perez,
Nona A. Perez,

## SUMMONS IN A CIVIL CASE

V.

LSG Lufthansa Service Holding AG,
LSG Lufthansa Service [LSG] Guam, Inc.,
LSG Catering Guam, Inc., LSG Lufthansa Service
USA Corporation, LSG Lufthansa Service [LSG] Asia, Ltd.,
LSG Lufthansa Service [LSG] Saipan, Inc., LSG Catering
Saipan, Inc., LSG Sky Chefs, Hyung K. Cheung,
Fritz Pandalitschka, Kelvin Chan, and DOES 1 through 20,

CASE NUMBER: 03-00028

TO: (Name and address of defendant)

 Fritz Pandalitschka
 LSG Catering Guam, Inc.
 P O Box 6172
 Tamuning, GU 96931

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Sandra D. Lynch, Esq.
251 Martyr Street
Suite 101
Agana, Guam 96910

ACKNOWLEDGED RECEIPT

By: _Lynch_
Date: _7/29/03_

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

**Mary L. M. Moran**

CLERK

JUL 29 2003

DATE

/s/ Renee M. Martinez

(BY) DEPUTY CLERK

COPY

# United States District Court

DISTRICT OF
**G U A M**

Michelle D. Ramos,
Ricardo G. "Gino" Perez,
Nona A. Perez,

V.

LSG Lufthansa Service Holding AG,
LSG Lufthansa Service [LSG] Guam, Inc.,
LSG Catering Guam, Inc., LSG Lufthansa Service
USA Corporation, LSG Lufthansa Service [LSG] Asia, Ltd.,
LSG Lufthansa Service [LSG] Saipan, Inc., LSG Catering
Saipan, Inc., LSG Sky Chefs, Hyung K. Cheung,
Fritz Pandalitschka, Kelvin Chan, and DOES 1 through 20,

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **03-00028**

TO: (Name and address of defendant)

LSG Sky Chefs
P O Box 6172
Tamuning, GU 96931

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Sandra D. Lynch, Esq.
251 Martyr Street
Suite 101
Agana, Guam 96910

ACKNOWLEDGED RECEIPT

By: J Lynch
Date: 7/29/03

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Mary L. M. Moran**

CLERK

**JUL 29 2003**

DATE

**/s/ Renee M. Martinez**

(BY) DEPUTY CLERK



# United States District Court

DISTRICT OF
G U A M

Michelle D. Ramos,
Ricardo G. "Gino" Perez,
Nona A. Perez,

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: **03-00028**

LSG Lufthansa Service Holding AG,
LSG Lufthansa Service [LSG] Guam, Inc.,
LSG Catering Guam, Inc., LSG Lufthansa Service
USA Corporation, LSG Lufthansa Service [LSG] Asia, Ltd.,
LSG Lufthansa Service [LSG] Saipan, Inc., LSG Catering
Saipan, Inc., LSG Sky Chefs, Hyung K. Cheung,
Fritz Pandalitschka, Kelvin Chan, and DOES 1 through 20,

TO: (Name and address of defendant)

LSG Catering Saipan, Inc.
c/o LSG Guam
P O Box 6172
Tamuning, GU 96931

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Sandra D. Lynch, Esq.
251 Martyr Street
Suite 101
Agana, Guam 96910

ACKNOWLEDGED RECEIPT

By: _Lynch_
Date: _7-29-03_

an answer to the complaint which is herewith served upon you, within _____20_____ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

Mary L. M. Moran
_____
CLERK

JUL 29 2003
_____
DATE

/s/ Renee M. Martinez
_____
(BY) DEPUTY CLERK



# United States District Court

DISTRICT OF
G U A M

Michelle D. Ramos,
Ricardo G. "Gino" Perez,
Nona A. Perez,

**SUMMONS IN A CIVIL CASE**

V.

LSG Lufthansa Service Holding AG,
LSG Lufthansa Service [LSG] Guam, Inc.,
LSG Catering Guam, Inc., LSG Lufthansa Service
USA Corporation, LSG Lufthansa Service [LSG] Asia, Ltd.,
LSG Lufthansa Service [LSG] Saipan, Inc., LSG Catering
Saipan, Inc., LSG Sky Chefs, Hyung K. Cheung,
Fritz Pandalitschka, Kelvin Chan, and DOES 1 through 20,

CASE NUMBER: **03-00028**

TO: (Name and address of defendant)

LSG Lufthansa Service [LSG] Saipan, Inc.
c/o LSG Guam
PO Box 6172
Tamuning, GU 96932

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Sandra D. Lynch, Esq.
251 Martyr Street
Suite 101
Agana, Guam 96910

ACKNOWLEDGED RECEIPT

By: _Lynch_
Date: _7-29-03_

an answer to the complaint which is herewith served upon you, within ____20____ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

Mary L. M. Moran

CLERK

**JUL 29 2003**

DATE

/s/ Renee M. Martinez

(BY) DEPUTY CLERK



# United States District Court

DISTRICT OF
GUAM

Michelle D. Ramos,
Ricardo G. "Gino" Perez,
Nona A. Perez,

### SUMMONS IN A CIVIL CASE

V.

LSG Lufthansa Service Holding AG,
LSG Lufthansa Service [LSG] Guam, Inc.,
LSG Catering Guam, Inc., LSG Lufthansa Service
USA Corporation, LSG Lufthansa Service [LSG] Asia, Ltd.,
LSG Lufthansa Service [LSG] Saipan, Inc., LSG Catering
Saipan, Inc., LSG Sky Chefs, Hyung K. Cheung,
Fritz Pandalitschka, Kelvin Chan, and DOES 1 through 20,

CASE NUMBER: **03-00028**

TO: (Name and address of defendant)

LSG Lufthansa Service USA Corporation
2120 W. 33rd Street
Dallas [DFW] Airport, TX   75261-9103

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Sandra D. Lynch, Esq.
251 Martyr Street
Suite 101
Agana, Guam 96910

ACKNOWLEDGED RECEIPT

By: _Lynch_
Date: _7-29-03_

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran
_____
CLERK

JUL 29 2003
_____
DATE

/s/ Renee M. Martinez
_____
(BY) DEPUTY CLERK



# United States District Court

―――――――――― DISTRICT OF ――――――――――
G U A M

Michelle D. Ramos,
Ricardo G. "Gino" Perez,
Nona A. Perez,

**SUMMONS IN A CIVIL CASE**

V.

LSG Lufthansa Service Holding AG,
LSG Lufthansa Service [LSG] Guam, Inc.,
LSG Catering Guam, Inc., LSG Lufthansa Service
USA Corporation, LSG Lufthansa Service [LSG] Asia, Ltd.,
LSG Lufthansa Service [LSG] Saipan, Inc., LSG Catering
Saipan, Inc., LSG Sky Chefs, Hyung K. Cheung,
Fritz Pandalitschka, Kelvin Chan, and DOES 1 through 20,

CASE NUMBER: **03-00028**

TO: (Name and address of defendant)

LSG Catering Guam, Inc.
P O Box 6172
Tamuning GU · 96931

### YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Sandra D. Lynch, Esq.
251 Martyr Street
Suite 101
Agana, Guam 96910

ACKNOWLEDGED RECEIPT

By: *Lynch*
Date: 7-29-03

an answer to the complaint which is herewith served upon you, within _____**20**_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Mary L. M. Moran**
――――――――――――――――――
CLERK

**JUL 29 2003**
――――――――――――――――――
DATE

**/s/ Renee M. Martinez**
――――――――――――――――――
(BY) DEPUTY CLERK

