1  **TORRES LIMTIACO CRUZ & SISON, PLLC**
   173 Aspinall Ave., Suite 206A
2  Hagåtña, Guam 96910
   Telephone: 671-477-0000
3  Facsimile: 671-477-0001
   Email: mail@torreslaw.com
4

5  **Attorneys for Defendants**

FILED
DISTRICT COURT OF GUAM

OCT 01 2003

MARY L. M. MORAN
CLERK OF COURT

6

7

8                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF GUAM**
9

10 MICHELLE D. RAMOS, RICARDO G.      )   Civil Case No. 03-00028
11 "GINO" PEREZ and NONA A. PEREZ,    )
                                      )
12              Plaintiffs,           )
                                      )
13          vs.                       )
                                      )
14                                    )
   LSG LUFTHANSA SERVICE HOLDING      )
15 AG; LSG LUFTHANSA SERVICE (LSG)    )
   GUAM, INC.; LSG CATERING GUAM,     )   **ANSWER TO COMPLAINT BY**
16 INC.; LSG LUFTHANSA SERVICE USA    )   **DEFENDANTS LSG LUFTHANSA**
   CORPORATION; LSG LUFTHANSA         )   **SERVICE GUAM, INC. and LSG**
17 SERVICE (LSG) ASIA, LTD.; LSG      )   **CATERING GUAM, INC.**
18 LUFTHANSA SERVICE (LSG) SAIPAN,    )
   INC.; LSG CATERING SAIPAN, INC.;   )
19 LSG SKY CHEFS; HYUNG K. CHEUNG;    )
   FRITZ PANDALITSCHKA; KELVIN        )
20 CHAN; and DOES 1 through 20,       )
                                      )
21              Defendants.           )
                                      )
22 _____ )

23

24

25

26

27                    ORIGINAL
28

                              1

Defendants Lufthansa LSG Service Guam, Inc. ("LSG Service Guam") and LSG Catering Guam, Inc.("LSG Catering Guam") (collectively "Defendants[1]"), by and through their attorneys, submit the following Answer to Plaintiffs' Complaint under 42 U.S.C. § 2000e et seq. ("Complaint").

1. This is a suit in equity pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e et. seq., as amended;

**ANSWER:** Defendants admit that the Complaint purports to be a suit in equity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq, as amended.

2. This Court has jurisdiction pursuant to 42 USC §2000e and 5(f) and 28 USC §1343(4), to secure the protection of and to redress deprivations of rights, and to provide relief against racial, religious, national origin, and sex discrimination in employment;

**ANSWER:** Defendants admit that the Court has subject matter jurisdiction over the purported claims against them in the Complaint.

3. The conditions precedent to jurisdiction under 42 USC. 2000 e-5(f)(3) have been met since each Plaintiff filed charges of employment discrimination with the Equal Employment Opportunity Commission within 180 days of the commission of the unfair employment practice and the EEOC issued a Right to Sue notification which was received less than 90 days prior to the filing of this complaint;

[1] Defendants LSG Lufthansa Service AG, LSG Lufthansa Service USA, Corporation, LSG Lufthansa Service Asia, Ltd., LSG Lufthansa Service Saipan, Inc., LSG Catering Saipan, Inc., Hing K. Cheung, Friedrich Pandalitschka, and Kelvin Chan have filed Motions to Dismiss on a variety of bases in lieu of an Answer.

2

**ANSWER:**    Defendants admit that Plaintiffs Ricardo Perez ("R. Perez") and Michelle Ramos ("Ramos") filed charges with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC has issued each of them Right to Sue Notifications.    Defendants deny all remaining allegations in paragraph 3.

PARTIES

4.    Plaintiff, Michelle D. Ramos is a citizen of the United states and a Pacific Island resident in Guam;

**ANSWER:**    Defendants admit the allegations in paragraph 4.

5.    Plaintiff, Ricardo G. "Gino" Perez, is a citizen of the United states and a Pacific Island resident in Guam;

**ANSWER:**    Defendants admit the allegations in paragraph 5.

6.    Plaintiff, Nona A. Perez, is a citizen of the United states and a Pacific Island resident in Guam;

**ANSWER:**    Defendants admit the allegations in paragraph 6.

7.    Defendant LSG Lufthansa Service [LSG] is, upon information and belief a foreign Holding Company with its principal place of business in Germany;

**ANSWER:**    Defendants admit the LSG Lufthansa Service AG is a foreign company with its principal place of business in Germany.  Defendants deny all remaining allegations in paragraph 7.

3

1    8.    Defendant LSG Lufthansa Service [LSG] Guam, Inc. is, upon information and belief

2    a corporation licensed to do business in Guam and incorporated under the laws of Guam;

3

4    **ANSWER:**    Defendants admit LSG Lufthansa Service Guam, Inc. is a corporation incorporated

5    under the laws of Guam. Defendants deny the remaining allegations in paragraph 8.

6    9.    Defendant LSG Lufthansa Service [LSG] Guam, Inc. is, upon information and belief

7    owned and operated by LSG Catering Guam, Inc., a corporation licensed to do business in Guam and

8    incorporated under the laws of Guam;

9

10    **ANSWER:**    Defendants admit LSG Catering Guam, Inc. is a corporation licensed to do business in

11    Guam and incorporated under the laws of Guam. Defendants deny all remaining allegations in

12    paragraph 9.

13

14    10.    Defendant LSG Catering Guam, Inc. is, upon information and belief owned and

15    operated by LSG Lufthansa Service USA Corporation, a corporation licensed to do business in the

16    United States and incorporated under the laws of the United States;

17

18    **ANSWER:**    Defendants admit that LSG Lufthansa Service USA is licensed to do business in and

19    organized under the laws of the United States and that it owns LSG Catering

20    Guam, Inc. Defendants deny all remaining allegations in paragraph 10.

21    11.    Defendant LSG Lufthansa Service [LSG] Asia, Ltd. is upon information and belief

22    the regional headquarters for LSG Guam. LSG Catering Guam, LSG Lufthansa Service Saipan and

23

24    LSG Catering Saipan, and has its principal place of business in Hong Kong;

25

26    **ANSWER:**    Defendants admit that LSG Lufthansa Service Asia, Ltd. has its principal place of

27    business in Hong Kong. Defendants deny all remaining allegations in paragraph 11.

28

4

1
2
3
4

12. Defendant LSG Asia upon information and belief also operates and or owns and controls LSG Catering Saipan and LSG Lufthansa Service Saipan, corporations licensed to do business in the Commonwealth of Northern Marianas Islands [CNMI];

5
6
7
8

**ANSWER:** Defendants admit that LSG Lufthansa Service Asia, Ltd. owns LSG Catering Saipan, Inc. and that LSG Lufthansa Service Saipan, Inc. is licensed to do business in the Commonwealth of Northern Marianas Island. Defendants deny all remaining allegations in paragraph 12.

9
10
11

13. Based on their geographic location in the Pacific region, LSG Guam and LSG Guam Catering report to LSG Asia;

12

**ANSWER:** Defendants deny the allegations in paragraph 13.

13
14
15
16

14. All LSG Defendants [collectively referred to herein as "LSG"] are upon information and belief owned, operated, controlled, and alter-egos of LSG Lufthansa Service Holding Company of Germany;

17
18
19
20

**ANSWER:** Defendants admit that LSG Lufthansa Service Holding Company AG owns, directly or indirectly, each of the other corporate entities named as defendants in the Complaint. Defendants deny all remaining allegations in paragraph 14.

21
22
23

15. LSG Guam, LSG Catering Guam and LSG Asia are also known as "LSG Sky Chefs," a wholly owned subsidiary or affiliate of LSG Lufthansa Service Holding Company of Germany;

24
25
26
27

**ANSWER:** Defendants admit that LSG Lufthansa Service Guam, Inc., LSG Catering Guam, Inc. and LSG Lufthansa Service Asia, Ltd. sometimes employ the trade name "LSG Sky Chefs." Defendants deny the remaining allegations in paragraph 15.

28

5

16. Defendants LSG Sky Chefs have upon information and belief their primary offices in the state of Texas;

**ANSWER:** Defendants deny the allegations in paragraph 16.

17. Upon information and belief, Operational headquarters for LSG worldwide [all LSG Defendants] is in Dallas, Texas, with management headquarters in Germany;

**ANSWER:** Defendants deny the allegations in paragraph 17.

18. Defendants Hyung K. Cheung is or was the Executive Vice President of Administration and Finance, which includes the Human Resources departments [HR] for the Pacific Asia region for Defendants LSG, at all relevant times;

ANSWER: Defendants admit that Hing Kai Cheung is the Executive Vice President of Administration and Finance for LSG Lufthansa Service Asia, Ltd. Defendants deny the remaining allegations in paragraph 18.

19. Upon information and belief, Defendant Fritz Pandalitschka is or was the General Manager and/or Director of Operations for Defendant LSG on Guam and Saipan at all relevant times;

**ANSWER:** Defendants admit that Friedrich Pandalitschka is the Director of Operations for Defendant LSG Lufthansa Service Guam, Inc. and LSG Lufthansa Service Saipan, Inc. since approximately 2002. Defendants deny all remaining allegations in paragraph 19.

20. Defendant Kelvin Chan is a Chinese national who is or was employed by Defendants LSG Guam and Saipan, as manager of Customer Service department directly reporting to Defendant Pandalitschka;

6

1      <u>ANSWER:</u>    Defendants admits that Kelvin Chan is a Chinese national and the manager of

2 Customer Service for LSG Lufthansa Catering Guam, Inc. since approximately 2002 and reports to

3 Pandalitschka. Defendants deny all remaining allegations in paragraph 20.

4

5      21.    Does 1 through 20 are unidentified directors, managers, administrators, agents or

6 assigns of Defendants LSG collectively, who participated in, condoned, authorized, agreed, directed,

7 or had notice of and failed to take action to stop the unlawful employment practices alleged by

8 Plaintiffs; and Plaintiffs will amend their complaint as their identities are discovered;

9

10  **ANSWER:**    Defendants deny the allegations in paragraph 21.

11      22.    Plaintiff Michelle D. Ramos was the Finance and Administration Manager for

12 Defendant LSG in Guam and Saipan at relevant times;

13

14  **ANSWER:**    Defendants admit that Michelle D. Ramos was the manager of finance and

15 administration for Defendant LSG Lufthansa Service Guam, Inc. and LSG Lufthansa Service Saipan,

16 Inc. since approximately 1998 to March 2003. Defendants deny all remaining allegation in

17 paragraph 22.

18

19      23.    Plaintiff Michelle D. Ramos was promoted to Deputy General Manager in 1999;

20

21  **ANSWER:**    Defendants deny the allegations in paragraph 23.

22      24.    Plaintiff Michelle D. Ramos held the title of Corporate Vice President and Treasurer

23 during the years 2000-2001;

24

25  **ANSWER:**    Defendants admit the allegations in paragraph 24.

26

27

28

7

25. Plaintiff Michelle D. Ramos served as a member of the LSG Board of Directors during the year 2001;

**ANSWER:** Defendants admit that Ramos served as a member of Defendants' Board of Directors for the year 2001. Defendants deny all remaining allegations in paragraph 25.

26. Plaintiff Ricardo G. "Gino" Perez was the Production Manager for Defendants LSG in Guam and Saipan at all relevant times;

**ANSWER:** Defendants admit that Ricardo Perez was Production Manager for Defendants LSG Lufthansa Service Guam, Inc. until approximately February 2003. Defendants deny all remaining allegations in paragraph 26.

27. Plaintiff Nona A Perez was employed as an hourly employee in the Customer Service department of Defendant LSG Guam at all relevant times;

**ANSWER:** Defendants admit that Nona Perez is employed as an hourly employee in the customer service department of LSG Lufthansa Service Guam, Inc. since approximately 1999. Defendants deny all remaining allegations in paragraph 27.

## ALLEGATIONS

28. During the course of their employment, Plaintiffs came under the supervision of Defendants Cheung, Pandalitschka and Chan in different capacities;

**ANSWER:** Defendants admit that R. Perez and Ramos came under the supervision of Pandalitschka and that N. Perez came under the supervision of Pandalitschka and Chan. Defendants deny all remaining allegations in paragraph 28.

8

29. During the course of Defendant Cheung, Pandalitschka and Chan's supervision over Plaintiffs, Defendants disparately treated Plaintiffs and subjected them to differential terms and conditions of employment because of their race and national origin as Pacific Islanders;

**ANSWER:** Defendants deny the allegations in paragraph 29.

30. The differential terms and conditions of employment of Defendants Cheung, Pandalitschka and Chan included harassment, excessive criticism and disparate treatment not experienced by white and Asians similarly situated;

**ANSWER:** Defendants deny the allegations in paragraph 30.

31. Defendants Cheung, Pandalitschka and Chan and LSG Defendants have exhibited patterns and practices of discrimination toward Pacific Islanders;

**ANSWER:** Defendants deny the allegations in paragraph 31.

32. Defendants Cheung, Pandalitschka and Chan subjected Plaintiffs to discrimination to the terms of their employment and retaliation for their complaints regarding such discrimination;

ANSWER: Defendants deny the allegations in paragraph 32.

33. Defendants LSG and each of them herein named condoned, accepted, or otherwise authorized, either implicitly or explicitly, the actions of discrimination, retaliation, disparate treatment, harassment and other unlawful employment practices to which Plaintiffs were subjected in their employment;

ANSWER: Defendants deny the allegations in paragraph 33.

9

34.  The actions by Defendants LSG, Cheung, Pandalitschka and Chan affected the rights of Plaintiffs by depriving Plaintiffs or equal employment opportunities because of racial and ethnic discrimination;

**ANSWER:**  Defendants deny the allegations in paragraph 34.

## COUNT 1

35.  Plaintiff Richard G. "Gino" Perez has experience in industrial catering and as a result was actively recruited by Defendants LSG to move into airline catering in Guam while Plaintiff Gino Perez was employed in California;

**ANSWER:**  Defendants admit that Defendants LSG Lufthansa Service Guam, Inc. recruited R. Perez to become its employee in Guam.  Defendants are without sufficient information to form a belief as to the truth or falsity of the allegation that R. Perez "has experience in industrial catering." Defendants deny all remaining allegations in paragraph 35.

36.  As part of the promises and inducements made to Plaintiff Gino Perez by defendants LSG, he was promised (a) he would be Production Manager for Catering Services for Guam and Saipan; (b) he would supervise Operations and Productions department as part of his duties; and (c) he would receive training in airline catering and other specific areas of responsibilities;

**ANSWER:**  Defendants admit that part of R. Perez's assigned responsibilities as an employee of LSG Lufthansa Service Guam, Inc. was to hold the title of Production Manager and to supervise the production department and that he would be assigned other duties and receive training as needed. Defendants deny all remaining allegations in paragraph 36.

1  37.    Defendant LSG enticed and induced Plaintiff Gino Perez to accept employment with

2  LSG based on the representations described above, with greater responsibilities and additional formal

3  training to follow his acceptance of said employment;

4

5  **ANSWER:**    Defendants deny the allegations in paragraph 37.

6  38.    In reliance on Defendant LSGs' representations, Plaintiff Gino Perez moved to Maui,

7  Hawaii from San Francisco, California in anticipation of his employment with LSG Guam;

8

9  **ANSWER:**    Defendants deny the allegations in paragraph 38.

10  39.    Plaintiff Gino Perez incurred substantial expenses for his move to Hawaii, including

11  the transshipment of a vehicle, in reliance on the representations made by Defendants LSG and the

12  opportunities offered to him by LSG;

13

14  **ANSWER:**    Defendants deny the allegations in paragraph 39.

15  40.    Defendant LSG employed Plaintiff Gino Perez as promised, as Production Manager

16  in LSG Guam reporting to the General Manager Pandalitschka;

17

18  **ANSWER:**    Defendants admit LSG Lufthansa Service Guam, Inc. employed Perez as Production

19  Manager in Guam reporting to Pandalitschka.    Defendants deny all remaining allegations in

20  paragraph 40.

21

22  41.    As part of the scope of Plaintiff Gino Perez's duties and responsibilities, he was to

23  supervise and oversee the Operations Department, a department answerable to the Production

24  manager on the LSG operational chart;

25

26  **ANSWER:**    Defendants deny the allegations in paragraph 41.

27

28

11

42. As part of the organizational structure represented to Plaintiff Gino Perez, he was to be responsible for the production and Operation Departments;

**ANSWER:** Defendants deny the allegations in paragraph 42.

43. Once Plaintiff Gino Perez began assuming his responsibilities as Production Manager for Defendants LSG, Plaintiff began to complain regarding areas of problems he found in the Operations Department over which he was to have supervisory responsibility;

**ANSWER:** Defendants deny the allegations in paragraph 43.

44. Once Plaintiff Perez began complaining to Defendant Pandalitschka regarding the Operations Department, Defendant Pandalitschka re-assigned the Operations Department to another employee, Kelvin Chan, a Chinese national who was the manager of the Customer Service department, and with whom Pandalitschka was personal friends;

**ANSWER:** Defendants deny the allegations in paragraph 44.

45. Chan refused to offer training to Plaintiff Perez, instead taking over the Operations department, and thereby further depriving Plaintiff Gino Perez of the scope of his employment agreement;

**ANSWER:** Defendants deny the allegations in paragraph 45.

46. Once Chan was assigned to Operations, he furthered the pattern and practice of harassment of Plaintiff Gino Perez and effectuated further reductions in Perez's responsibilities;

**ANSWER:** Defendants deny the allegations in paragraph 46.

12

47.     As a result of Plaintiff Perez's complaints to Defendants Pandalitschka, Plaintiff Perez was informed that he would have no responsibility over Operations until he received training which defendant Pandalitschka arbitrarily refused to provide, thereby treating Plaintiff Perez differently than other employees similarly situated, and differently than Chan;

**ANSWER:**     Defendants deny the allegations in paragraph 47.

48.     As further result of the removal of Plaintiff Perez's responsibility over the Operations Department, Plaintiff Perez was denied approximately $10,000 of his promised salary package each year until such time as his alleged training by Pandalitschka was complete;

**ANSWER:**     Defendants deny the allegations in paragraph 48.

49.     The actions by Defendant Pandalitschka and Chan were approved, condoned, and authorized by Defendants LSG and Cheung;

**ANSWER:**     Defendants deny the allegations in paragraph 49.

50.     At all times relevant, Plaintiff Perez performed his duties and carried out the obligations of his employment fully;

**ANSWER:**     Defendants deny the allegations in paragraph 50.

51.     The actions by Defendant against Plaintiff Perez violated the employment agreement between LSG and Perez and denied him the benefits to which he was entitled;

**ANSWER:**     Defendants deny the allegations in paragraph 51.

13

1
2   52.   The actions by Defendants against Plaintiff Perez were retaliatory in nature, and

discriminatory as they were applied only to Plaintiff Perez, a Pacific Islander;

3
4   **ANSWER:**   Defendants deny the allegations in paragraph 52.

5   53.   In further retaliation and discrimination against Plaintiff Perez, Plaintiff Perez was

6   excluded from Production meetings, excluded from daily operational information critical to the

7   successful execution of his duties, and then criticized for his failures and harassed by Defendant

8   Pandalitschka;
9
10  **ANSWER:**   Defendants deny the allegations in paragraph 53.

11  54.   The Defendants, by their actions in excluding Plaintiffs Perez from daily operational

12  information and other areas of responsibility, created a hostile work environment for Plaintiff Perez;
13
14  **ANSWER:**   Defendants deny the allegations in paragraph 54.

15  55.   As a result of the harassment, discrimination, and retaliation by Defendants, Plaintiff
16
17  Gino Perez complained on at least two occasions to this Human Resources liaison, Plaintiff Michelle

18  Ramos, who brought the complaint to the attention of Defendant Cheung in LSG's Human Resources

19  offices in Hong Kong, but Defendants Cheung and LSG took no action and ignored the complaints;
20
21  **ANSWER:**   Defendants deny the allegations in paragraph 55.

22  56.   As a result of continuing harassment, discrimination and retaliation by Defendants,

23  Plaintiff Gino Perez complained to the new Human Resources representative, Phyllis Li;
24
25  **ANSWER:**   Defendants deny the allegations in paragraph 56.
26
27
28

14

57.     In response to this complaints, and in retaliation for Plaintiff's complaints of harassment and discrimination, Plaintiff Perez was wrongfully and unlawfully terminated from his employment;

**ANSWER:**     Defendants admit that R. Perez's employment was terminated.  Defendants deny all remaining allegations in paragraph 57.

58.     As a direct result of the Defendant's unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Gino Perez suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

**ANSWER:**     Defendants deny the allegations in paragraph 58.

59.     As a direct result of the Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Gino Perez lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorneys fees, in amounts to be proved at trial;

**ANSWER:**     Defendants deny the allegations in paragraph 59.

**COUNT 2**

60.     Plaintiff Michelle D. Ramos has hired in 1996 as Chief Accountant for LSG Guam and promoted in 1998 to Manager of Finance and Administration and to Deputy General Manager for LSG Guam and Saipan in 1999;

15

**ANSWER:** Defendants admit that Michelle D. Ramos has hired in 1996 as Chief Accountant for LSG Lufthansa Service Guam, Inc. and promoted in 1998 to Manager of Finance and Administration for LSG Lufthansa Service Guam, Inc. and LSG Lufthansa Service Saipan, Inc. Defendants deny all remaining allegations in paragraph 60.

61.     Inherent in Plaintiff Ramos's responsibilities were the supervision of finance, accounting, MIS, purchasing, inventory, legal matters, banking and Human Resources, negotiating and monitoring insurance contracts and vendors, facilitating Human Resources issues, customer service and all areas managed and supervised by the General Manager;

**ANSWER:** Defendants deny the allegations in paragraph 61.

62.     From the inception of Plaintiff Ramos' promotions, the General Manager for Defendants LSG promised she would receive equal benefits for the position of Administration and Finance Manager and Deputy General Mangers as received by male and non-Pacific islander deputy general managers;

**ANSWER:** Defendants deny the allegations in paragraph 62.

63.     From 1998 to 2003, Plaintiff Ramos; was denied equal pay benefits including travel cards, medical insurance, housing allowances, company vehicles, and other benefits paid to male and non-Pacific islander deputy general managers, production managers, and operations managers;

**ANSWER:** Defendants deny the allegations in paragraph 63.

16

64.    From May 2002 Defendant Pandalitschka began a practice of excluding Plaintiff Ramos from her areas of responsibility, including excluding her from meetings, telling other managers and employees not to inform her of critical issues and to avoid speaking with her;

**ANSWER:**    Defendants deny the allegations in paragraph 64.

65.    From May 2002, Defendant Pandalitschka harassed and discriminated against Plaintiff Ramos by deleting responsibilities from Plaintiff Ramos, precluding her from contacting vendors, airport administrators, customers, managers, employees, airline agents, and all others with whom she was required to deal on a daily basis in order to successfully carry out her duties and responsibilities;

**ANSWER:**    Defendants deny the allegations in paragraph 65.

66.    In July 2002, Defendant Chan, a personal friend of Defendant Pandalitschka, received a promotion, a salary increase, and the benefits package which was still being denied to Plaintiff Ramos.  Chan was then removed from the organizational structure which required that he report to Plaintiff Ramos;

**ANSWER:**    Defendants deny the allegations in paragraph 66.

67.    Defendant Pandalitschka harassed and discriminated against Plaintiff Ramos, and treated her differently than other non-Pacific islanders by disparaging her to the public and private entities with which she worked;

**ANSWER:**    Defendants deny the allegations in paragraph 67.

17

68. Plaintiff Ramos reported the discrimination and harassment by Defendant Pandalitschka to Defendant Cheung as representative of Defendants LSG several times during 2002, but Defendants LSG and Cheung took no action;

**ANSWER:** Defendants deny the allegations in paragraph 68.

69. Prior to August 2002, Plaintiff Ramos served as the Human Resources officer for Guam and Saipan, since Defendants did not employ a local HR manager; but in August, 2002 LSG recruited a local HR manager, Jose Manzon, who was to report to Plaintiff Ramos. Instead, Defendant Pandalitschka told Manzon not to speak with Ramos, thereby denying her the ability to carry out her duties and responsibilities and creating a hostile work environment;

**ANSWER:** Defendants admit that in August, 2002 LSG Lufthansa Service Guam, Inc. recruited a local HR manager, Jose Manzon. Defendants deny all remaining allegations in paragraph 69.

70. Plaintiff Ramos, in her supervisory capacity over HR, and in her capacity as Deputy General Manager, complained to Defendant Cheung regarding the alleged discrimination and retaliation by Defendant Pandalitschka against herself and Plaintiff Gino Perez on many occasions, with no results;

**ANSWER:** Defendants deny the allegations in paragraph 70.

71. Instead of addressing Plaintiff Ramos's concerns or allowing her to carry out her duties and responsibilities to HR and LSG in general, Defendant Cheung and LSG brought in Phyllis Li, a Chinese national, who was newly hired and made Vice President of HR for Pacific Asia in November 2002. Cheung gave Li regional authority over HR, with Pandalitschka having local

18

authority over HR, which resulted in further preclusion of Plaintiff Ramos from information and duties inherent in her position;

**ANSWER:** Defendants deny the allegations in paragraph 71.

72. In January, 2002, Cheung sent Phyllis Li to "evaluate the complaints" made by Plaintiffs Ramos and Gino Perez;

**ANSWER:** Defendants admit that Phyllis Li visited Defendants' offices in Guam in approximately January 2002. Defendants deny the remaining allegations in paragraph 72.

73. Instead of assigning Li as an investigator, however, and involving Plaintiff Ramos in the discussion of Plaintiff Gino Perez's complaints, Plaintiff Ramos was excluded from the investigation;

**ANSWER:** Defendants deny the allegations in paragraph 73.

74. Shortly after LI came to Guam, Plaintiff Gino Perez asked for Li's assistance again. Instead of resolution, Plaintiff Gino Perez was given a letter of termination;

**ANSWER:** Defendants deny the allegations in paragraph 74.

75. Plaintiff Ramos promptly complained to Defendant Cheung regarding the termination letter, as it was wrongful and retaliatory;

**ANSWER:** Defendants deny the allegations in paragraph 75.

76. Defendants LSG had promised that Defendant Pandalitschka would provide training to Plaintiff Ramos so that she could assume to position of General Manager in December 2002;

**ANSWER:** Defendants deny the allegations in paragraph 76.

19

77.     Instead of training Plaintiff Ramos as promised, as a further result of Plaintiff Ramos's complaints about the wrongful treatment of Plaintiff Gino Perez, Defendant Pandalitschka further isolated Plaintiff Ramos from her assigned responsibilities, including isolating her from information and employees, as a result of which Pandalitschka's contract was extended beyond December 2002 and Plaintiff Ramos was denied her former scope of authority and responsibility;

**ANSWER:**     Defendants deny the allegations in paragraph 77.

78.     Instead of investigating her complaints, Plaintiff Ramos was retaliated against by Defendants, when her scope of authority was reduced, her public and private contacts were told not to speak with her, and her position in the organization was no longer recognized by Defendants;

**ANSWER:**     Defendants deny the allegations in paragraph 78.

79.     As a direct result of the continuing harassment, discrimination and hostile work environment created by Defendants, and in retaliation for her complaints of discrimination and disparate treatment throughout 2002, Plaintiff Ramos was constructively terminated on March 31, 2003 when it was agreed she would submit her resignation;

**ANSWER:**     Defendants deny the allegations in paragraph 79.

80.     The actions by Defendants Cheung, Pandalitschka and Chan were approved, condoned, or authorized by Defendants LSG;

**ANSWER:**     Defendants deny the allegations in paragraph 80.

20

81.     At all times relevant, Plaintiff Ramos performed her duties and carried out the obligations of her employment fully;

**ANSWER:**     Defendants deny the allegations in paragraph 81.

82.     The actions by Defendants against Plaintiff Ramos violated the employment agreement between LSG and Ramos and denied her the benefits to which she was entitled;

**ANSWER:**     Defendants deny the allegations in paragraph 82.

83.     The actions by Defendants against Plaintiff Ramos were retaliatory in nature, and discriminatory as they were applied only to Plaintiff Ramos, a Pacific Islander;

**ANSWER:**     Defendants deny the allegations in paragraph 83.

84.     The actions by Defendants form a continue patterns and practice of discrimination in employment for those of Pacific Island origin by Defendants;

**ANSWER:**     Defendants deny the allegations in paragraph 84.

85.     As a direct result of the Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Ramos suffered emotional harm, suffering, mental anguish, loss of enjoinment, and other non-pecuniary losses in amounts to be proved at trial;

**ANSWER:**     Defendants deny the allegations in paragraph 85.

86.     As a direct result of the Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Ramos lost income and benefits and future prospects of income and benefits, incurred expenses and costs, and will incur future expenses and costs, including attorneys fees, in amounts to be proved at trial;

ANSWER:     Defendants deny the allegations in paragraph 86.

21

## COUNT 3

87.     Plaintiff Nona Perez began her employment with LSG Guam in approximately 1999 as an Administrative clerk in Customer service with an hourly wage;

**ANSWER:**     Defendants admit Nona Perez was hired as a Secretary/Receptionist in November 1999 with an hourly wage. Defendants deny the remaining allegations in paragraph 87.

88.     Beginning in 2002, Customer service employees, including Plaintiff Nona Perez, began receiving 25 hours per week, vice (sic) 40 hours, and were denied overtime, in what was alleged to be cost-cutting measures by Defendants LSG;

**ANSWER:**     Defendants deny the allegations in paragraph 88.

89.     Plaintiff Nona Perez was under the direct supervision of Defendant Pandalitschka;

**ANSWER:**     Defendants admit that N. Perez was under the supervision of Pandalitschka. Defendants deny all remaining allegations in paragraph 89.

90.     Beginning on or about February 2002, Defendants Pandalitschka and Chan began treating Plaintiff Nona Perez disparately, and discriminated against her by denying her equal working hours and overtime and other benefits provided to a selected female employee, Ms. Rosemarie Abat, who has significantly less seniority than Plaintiff Nona Perez;

**ANSWER:**     Defendants deny the allegations in paragraph 90.

91.     Beginning on or about February, 2002, Defendant Pandalitschka created a hostile working environment by allowing, authorizing, and instructing Ms. Abat to take extended lunch hours, work overtime, prepare and work her own schedule, use a company car, use a company cellular phone, maintain possession of the company's digital camera, and travel with Pandalitschka on company business as well as on company dinners;

**ANSWER:**     Defendants deny the allegations in paragraph 91.

92.     In July, 2002 Defendant Pandalitschka and Chan harassed and discriminated against Plaintiff Nona Perez by publicly reprimanding her for use of the office freezer, while allowing Kelvin Chan to use the freezer in the same manner as had been denied Plaintiff Nona Perez.    This discriminatory and disparate treatment was then highlighted by the fact that Chan shared his freezer goods with Pandalitschka and Abat;

**ANSWER:**     Defendants deny the allegations in paragraph 92.

93.     In December 2002, all other clerk level employees, including Plaintiff Nona Perez, were again subjected to reduced work hours without notice, except Ms. Abat, and this practice continues to date;

**ANSWER:**     Defendants deny the allegations in paragraph 93.

94.     In December, 2002, all other clerk level employees, including Plaintiff Nona Perez, were given reduced holiday pay without notice, except Ms. Abat, who received full holiday pay;

**ANSWER:**     Defendants deny the allegations in paragraph 94.

23

95. Ms. Abat has worked only two years in the Customer Service department, and does not have the skill, experience or knowledge to carry out her assigned duties;

**ANSWER:** Defendants deny the allegations in paragraph 95.

96. In February, 2003, Defendant Pandalitschka publicly humiliated Plaintiff Nona Perez in front of the Army National Guard Commander, for whom LSG was contracting for several hundred meals for Guardsmen working after the typhoon, when the Commander came in to make payment on the account. Defendant Pandalitschka's public criticism of Plaintiff Nona Perez constituted discrimination and exhibited the pattern and practice of discrimination and disparate treatment by Defendants toward Plaintiffs;

**ANSWER:** Defendants deny the allegations in paragraph 96.

97. Plaintiff Nona Perez complained to her immediate supervisor regarding the disparaging comments, and public criticism by Defendant Pandalitschka, but no action was taken by management;

**ANSWER:** Defendants deny the allegations in paragraph 97.

98. In June, 2003, Defendant Pandalitschka gave Plaintiff Nona Perez oversight of the Airport concession, including oversight of four staff persons, a position formerly held by the Airport Manager. To date, Plaintiff Nona Perez has not been compensated not give a salary adjustment or promotion to the position, but has been ordered to assume the responsibilities of said position by Defendant Pandalitschka. Her position is still that of an hourly employee, and her position still listed as "catering consultant;"

24

1  **ANSWER:** Defendants admit that Plaintiff's title is catering consultant. Defendants deny all

2  remaining allegations in paragraph 98.

3

4      99.   Defendant Pandalitschka and Chan harassed and discriminated against Plaintiff Nona

5  Perez, and treated her differently than other female employees by disparaging her and openly

6  favoring Ms. Abat with pay and other employment benefits to which she is not entitled;

7

8  **ANSWER:** Defendants deny the allegations in paragraph 99.

9      100.   As a result of the harassment and discrimination by Defendants Pandalitschka and

10 Chan, Plaintiff Nona Perez complained but Defendants LSG took no action and ignored her

11 complaints;

12

13 **ANSWER:** Defendants deny the allegations in paragraph 100.

14     101.   The actions by Defendants Pandalitschka and Chan were approved, condoned, or

15 authorized by Defendants LSG;

16

17 **ANSWER:** Defendants deny the allegations in paragraph 101.

18     102.   At all times relevant, Plaintiff Nona Perez performed her duties and carried out the

19 obligations of the employment fully;

20

21 **ANSWER:** Defendants deny the allegations in paragraph 102.

22     103.   The actions of disparate treatment, harassment and discrimination by Defendants

23 against Plaintiff Nona Perez violated her employment rights and her right to equal treatment under

24

25 the law and denied her the benefits to which she was entitled;

26

27 **ANSWER:** Defendants deny the allegations in paragraph 103.

28

25

104. The actions by Defendants and each of them against Plaintiff Nona Perez exhibit a continuing pattern and practice of discrimination against particular persons of Pacific Island origin;

**ANSWER:** Defendants deny the allegations in paragraph 104.

105. As a direct result of the Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Nona Perez suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial;

**ANSWER:** Defendants deny the allegations in paragraph 105.

106. As a direct result of the Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, Plaintiff Nona Perez lost income and benefits and future prospects of income and benefits, incurred expenses and costs, and will incur future expenses and costs, including attorneys fees, in amounts to be proved at trial;

**ANSWER:** Defendants deny the allegations in paragraph 106.

WHEREFORE, Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. respectfully request that judgment be entered against Plaintiffs on all of their claims.

## AFFIRMATIVE DEFENSES

1. Plaintiffs failed to state any claims upon which relief may be granted;

2. Plaintiffs failed to take reasonable measures to mitigate any asserted damages;

3. Any claims relating to allegedly discriminatory acts that did not occur within the applicable time period prior to the commencement of this action are time barred under the applicable statutes of limitations;

26

4.     Defendants exercised reasonable care to prevent and correct promptly any discriminatory acts or harassing behavior, and Plaintiffs has unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants.

5.     Any claims relating to allegedly discriminatory acts that were not the subject of a properly filed and sworn administrative complaint are barred for Plaintiffs' failure to exhaust administrative remedies as required by law.

6.     Plaintiffs' claims are barred by the equitable doctrine of laches;

7.     Plaintiffs claims must be denied because of Plaintiffs misjoinder of claims and misjoinder of parties;

8.     Plaintiffs are barred for enacting any cause of action against Defendants because Plaintiffs have unclean hands;

9.     Defendants are not responsible for any loss or damages, if any, that Plaintiffs suffered where Plaintiffs' own actions or inactions caused or were contributing factors to such loss or damages;

10.     All of Defendants' actions were taken for legitimate, non-discriminatory, and non-retaliatory reasons; and

11.     All of Defendants' employment decisions would have been the same regardless of any alleged discriminatory motive.

27

# PRAYER

WHEREFORE, Defendants request that:

1.     Plaintiff take nothing by reason of said Complaint;

2.     The Complaint be dismissed with prejudice;

3.     Defendants be awarded costs and attorneys fee; and

4.     For such other and further relief as the Court deems just and proper.


Dated this 1st day of October, 2003.


Respectfully submitted,

TORRES LIMTIACO CRUZ & SISON, PLLC


By: _____

DONNA M. CRUZ,
a duly licensed employee.

U:\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Motion to dismiss\Answer to Complaint DOC

28