**TORRES LIMTIACO CRUZ & SISON, PLLC**
173 Aspinall Ave., Suite 206A
Hagåtña, Guam 96910
Telephone: 671-477-0000
Facsimile: 671-477-0001
Email: mail@torreslaw.com

**Attorneys for Defendants**

**FILED**
DISTRICT COURT OF GUAM

OCT 01 2003

MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ and NONA A. PEREZ, <br><br> Plaintiffs, <br><br> vs. <br><br> LSG LUFTHANSA SERVICE HOLDING AG; LSG LUFTHANSA SERVICE (LSG) GUAM, INC.; LSG CATERING GUAM, INC.; LSG LUFTHANSA SERVICE USA CORPORATION; LSG LUFTHANSA SERVICE (LSG) ASIA, LTD.; LSG LUFTHANSA SERVICE (LSG) SAIPAN, INC.; LSG CATERING SAIPAN, INC.; LSG SKY CHEFS; HYUNG K. CHEUNG; FRITZ PANDALITSCHKA; KELVIN CHAN; and DOES 1 through 20, <br><br> Defendants. | Civil Case No. 03-00028 <br><br> **DEFENDANTS NOTICE OF MOTION; MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), (2) AND (6) FOR LACK OF PERSONAL JURISDICTION, FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND LACK OF SUBJECT MATTER JURISDICTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **OCT 31 2003** at the hour of *10:30* A.m., Defendants LSG Lufthsansa Service Holding, AG, LSG Lufthansa Service USA, LSG Lufthansa Service Asia, Ltd., LSG Lufthansa Service Saipan, Inc., LSG Catering Saipan, Inc., Hing K. Cheung, Friedrich Pandalitschka, and Kelvin Chan, (collectively Defendants), by and through their counsel, the

1

**ORIGINAL**

Law Offices of Torres Limtiaco Cruz & Sison, PLLC, shall bring, pursuant to Federal Rules of Civil

Procedure 12(b)(1), 12(b)(2), and 12(b)(6), their motion to dismiss Plaintiffs' claims in their Complaint

under 42 USC § 2000 et seq. for lack of jurisdiction over the subject matter, lack of jurisdiction over

the person, and for failure to state a claim upon which relief can be granted at the United States District

Court for the District of Guam, 520 W. Soledad Avenue, Hagåtña, Guam.

DATED: _____.

TORRES LIMTIACO CRUZ & SISON, PLLC,

By: _____
DONNA M. CRUZ,
a duly licensed employee.

## MOTION TO DISMISS UNDER FRCP 12(b)(1), (2) and (6)

**COME NOW** Defendants by and through their counsel, the Law Offices of Torres Limtiaco

Cruz & Sison, PLLC, and move this Court, pursuant to Rules 12(b)(1), (2) and (6) of the Federal Rules

of Civil Procedure, to dismiss Plaintiffs' claims in their Complaint for relief under 42 USC § 2000 et

seq. on the grounds that there is lack of jurisdiction over the subject matter, there is lack of personal

jurisdiction, and Plaintiffs have failed to state a claim upon which relief can be granted.

This motion is supported by the Memorandum of Points and Authorities in Support of the

Motion, Exhibits and Declarations filed contemporaneously herewith, all pleadings and documents on

file herein and upon such further evidence and legal argument as may be presented at the hearing on

this matter.

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants hereby submit the following Memorandum of Points and Authorities in Support of their Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) and (6).

## BACKGROUND

Plaintiffs Ricardo Perez, Michelle Ramos, and Nona Perez (collectively "Plaintiffs") each filed a single count against all Defendants under Title VII of the 1964 Civil Rights Act ("Title VII"). The gravamen of Ricardo Perez's and Michelle Ramos's claims is that they suffered national origin discrimination; the female plaintiffs also allege sex discrimination.[1]

The Complaint provides no allegations upon which personal jurisdiction over any of the non-Guam Defendants[2] appears proper. Much to the contrary, each has virtually no relationship to Guam whatsoever.

Defendants LSG Lufthansa Services Holding, AG, LSG Lufthansa Service USA, LSG Lufthansa Service Asia, Ltd., LSG Lufthansa Service Saipan, Inc., and LSG Catering Saipan, Inc. are not licensed to do business in Guam and do not provide any services directly to the public in Guam. See ¶ 5 of the Declarations of (a) Hing Kai Cheung, Executive Vice President for LSG Lufthansa Service Asia, Inc. attached hereto as Exhibit 1; (b) Dr. Klaus Engelen, Global Senior Vice President, Legal, Corporate Affairs/Subsidiaries for LSG Lufthansa Service Holding, AG, attached hereto as Exhibit 2; (c) Charles Miller, Assistant Secretary for Sky Chefs, Inc. d/b/a LSG Sky Chefs K., a Delaware Company, attached hereto as Exhibit 3; (d) David Wainman, Vice President for LSG Lufthansa

---

1 Notably, Nona Perez alleges that another woman, Rosemarie Abat, was treated more favorably. *See, e.g.,* Compl. ¶¶ 90-91, 94-95.

2 For purposes of this Motion, the "non-Guam Defendants" refers to Defendants LSG Lufthsansa Service Holding, AG, LSG Lufthansa Service USA, LSG Lufthansa Service Asia, Inc.,

3

Catering Saipan, Inc., attached hereto as Exhibit 4; and (e) David Wainman, Vice President for LSG Lufthansa Service Saipan, Inc., attached as hereto as Exhibit 5. The non-Guam Defendants do not own any property on Guam or have any bank accounts on Guam, and are not required to nor do they pay any income taxes on Guam. See ¶ 4 of Declaration of Hing Kai Cheung attached as Exhibit 6 and ¶ 4 of Exhibits 1, 2, 3, 4, and 5 respectively. Defendant LSG Lufthansa Service Holding, AG, LSG Lufthansa Service USA, LSG Lufthansa Service Asia, Ltd., LSG Lufthansa Service Saipan, Inc., and LSG Catering Saipan, Inc., do not have any employees on Guam or an appointed agent in Guam to receive service of process. See ¶ 5 of the Exhibits 1, 2, 3, 4, and 5 respectively.

For the reasons that follow, personal jurisdiction is lacking over all of the non-Guam Defendants, and each must be dismissed on that basis. In addition, Plaintiffs' claims must be dismissed against all of the individuals and all entities whom Plaintiffs failed to name in their EEOC charges.

## ARGUMENT

**I. PERSONAL JURISDICTION OVER THE NON-GUAM DEFENDANTS IS LACKING, AS NONE HAS SUFFICIENT "MINIMUM CONTACTS" WITH GUAM.**

Personal jurisdiction requires "minimum contacts" with the forum. *See generally International Shoe Co. v. Washington*, 326 U.S. 310 (1945). The purpose of requiring minimum contacts is to protect the defendant against the burdens of litigating in a distant or inconvenient forum, and to ensure that states do not reach out beyond the limits of their sovereignty imposed by the federal system. *See World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Plaintiffs bear the burden of proving that the Court has personal jurisdiction over the Non-Guam Defendants. *American Tel. & Tel. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

LSG Lufthansa Service Saipan, Inc., LSG Catering Saipan, Inc., and Mr. Cheung.

4

Plaintiffs can meet their burden by demonstrating either "general" or "specific" jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). "General jurisdiction" exists where Plaintiffs can prove Defendants' activities within Guam are "substantial" or "continuous and systematic." *Id.* The burden to establish such contacts is "fairly high," *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986), and requires a showing that the defendant's contacts be of the sort that "approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Factors to be taken into consideration include whether the defendant is incorporated or licensed to do business in the forum, has offices, property, or employees in the forum state, pays taxes, advertises or solicits business, or makes sales in the forum state. *See Hirsch v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1478 (9th Cir. 1986); *Bancroft & Masters*, 223 F.3d at 1086; *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993); *see also Helicopteros*, 466 U.S. at 415 (no general jurisdiction despite fact that defendant had purchased parts in forum state and sent employees to forum state for training, but had no agents, offices, or a license to do business there).

With respect to general jurisdiction, none of the non-Guam Defendants has any contact with Guam – let alone "substantial" or "continuous and systematic." None of the non-Guam entities has any office, appointed process server, license to conduct business, or employees in Guam; nor does any conduct any of its own business in Guam, let alone pay any required taxes. To the contrary, LSG Service Guam, Inc. is the only entity that conducts any business in Guam. In addition, the non-Guam individual defendant, HK Cheung, has only traveled to Guam for business three times in the last two years and has no residence or property in Guam. Consequently, Plaintiffs cannot meet their "fairly high" burden of establishing the "substantial" or "continuous and systematic" contacts to demonstrate

5

general jurisdiction over any non-Guam Defendant, and those Defendants should be dismissed from this action.

Specific jurisdiction exists where a plaintiff's claims "arise out of the defendant's contacts with the forum." *American Tel. & Tel.*, 96 F.3d at 588. In the present case, this analysis requires Plaintiffs to demonstrate that: (1) the non-Guam Defendants have purposefully availed themselves to the privilege of conducting activities in Guam; (2) Plaintiffs' claims arise out of or relate to the non-Guam Defendants' activities in Guam; and (3) the exercise of jurisdiction over the non-Guam Defendants would be reasonable. *Id.* at 590. Plaintiffs cannot meet their burden with respect to any factor.

Plaintiffs meet their burden of proof on the "purposeful availment" element only if they demonstrate that the non-Guam Defendants' "conduct and connection with the forum state are such that [they] should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297. "Reasonable anticipation" arises from a defendant's purposeful availment to the "privileges of conducting activities in the forum, invoking the benefits and protections of its laws." *Burger King v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). In the present case, the non-Guam defendants have not engaged in any conduct that bears any connection, direct or indirect, to Guam.[3]

---

3 Plaintiffs may argue that Mr. Cheung's alleged "approval" of the actions of Defendants Chan and Pandalitschka or his alleged failure to respond to Plaintiff Ramos's alleged complaints establish contacts with Guam. The Complaint, however, alleges that Ramos sought out Cheung, not the other way around and thus such "contact" is not attributable to Cheung. *See Lozano v. American Express Travel Related Servs.*, 2002 WL 31478132 (D. Or. June 12, 2002) (who merely responded to forum plaintiff's inquiry had not directed any activity toward the forum and did not have "minimum contacts" with forum). Moreover, Cheung's contact with Ramos was as a corporate officer. Under the Fiduciary Shield Doctrine, Cheung's contacts are attributable to his employer, not himself, for personal jurisdiction purposes. *Chem Lab Prods. v. Stepanek,* 554 F.2d 371 (9th Cir. 1977); *Medcap Credit Co. v. Boyes*, 2000 WL 249352 (D. Or. Feb. 22, 2000) (relying on *Chem Lab* to find corporate representative, though he engaged in acts on behalf of corporation, had not engaged in any "personal acts with consequences in the forum state" and had no personal jurisdiction over him); *compare Forsythe v. Overmyer*, 576 F.2d 779, 783-84 (9th Cir.) (acknowledging rule but holding that defendant

6

Even if Plaintiffs could establish that the non-Guam Defendants had "purposefully availed" themselves to Guam, they cannot establish the second factor: that Defendants' contacts "arise out of" or "relate to" Plaintiffs' claims. In this respect, the Ninth Circuit employs a "but for" test. Thus, if Plaintiffs' claims would have arisen notwithstanding certain contacts, those contacts are not relevant to the jurisdictional analysis. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995); *Bancroft & Masters*, 223 F.3d at 1099 (Plaintiff must identify those contacts "that give rise to the current suit"). In this case, any contact with Guam that any non-Guam Defendant had, was surely incidental to any fact upon which Plaintiffs' base their claim. Even the alleged silence with which Mr. Cheung allegedly met Plaintiff Ramos's complaints is not a fact "but for" which her claim would not exist. Rather, her claim centers on conduct by Mr. Pandalitschka. *See, e.g.,* Compl. ¶¶ 64-69 (Pandalitschka's alleged harassment and discrimination); *compare* Compl. ¶ 70 (Ramos allegedly complained to Cheung "with no results"). None of the non-Guam Defendants are critical to any fact any of the Plaintiffs has alleged.

Finally, even if Plaintiffs satisfied the first two elements, they cannot meet their burden of proof on third: that the exercise of jurisdiction would be reasonable. To examine whether personal jurisdiction is reasonable, the Ninth Circuit examines a multi-factor test, including: (1) the extent of a defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's home state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interests in convenient and effective

---

engaged in personal acts in addition to acts on behalf of corporation), *cert denied.*, 439 U.S. 864 (1978); *Travelers Cas. & Surety Co. v. Telstar Constr. Co.*, 252 F. Supp. 2d 917, 934 (D. Ariz. 2003) (relying on *Forsythe* to hold that corporate representative had not engaged in personal acts, only acts of corporation and, thus, no personal jurisdiction existed).

relief; and (7) the existence of an alternative forum. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125 (9th Cir. 2002).

In the present case, the amount that any non-Guam Defendant has injected itself or himself is minimal to non-existent. Moreover, forcing any of the non-Guam Defendants to defend this lawsuit in Guam would be an enormous burden, as each is a distinct and separate legal entity or individual: they are separate and distinct from the Guam-based defendants and cannot rely on the Guam-based Defendants to represent their interest, as Guam based Defendants are not employees, directors, agents, or officers of the non-Guam entities.]. Moreover, with the exception of LSG Lufthansa Service USA, Corporation, forcing foreign corporations and citizens to defend a lawsuit in Guam conflicts directly with the sovereignty of each of their home jurisdictions. *Accord Glencore*, 284 F.3d at 1126 ("Where, as here, the defendant is from a foreign nation rather than another state, the sovereignty barrier is high and undermines the reasonableness of personal jurisdiction."). Though Plaintiffs may benefit from a convenient forum, it is important to note that the remaining corporate Defendants are not mere shell corporations. LSG Lufthansa Service Guam, Inc. employs approximately 170 people on Guam and on a consoliated basis LSG Catering Guam, Inc. and LSG Lufthansa Service Guam, Inc. had assets greater than 8 million dollars, and annual sales in excess of fourteen million dollars for the calendar year 2002. It can more than satisfy any potential judgment were Plaintiffs to prevail.

For these reasons, the non-Guam Defendants respectfully submit that personal jurisdiction is lacking, and in any event would not comport with the Due Process Clause of the Fourteenth Amendment.

8

## II. ALL INDIVIDUAL DEFENDANTS MUST BE DISMISSED BECAUSE TITLE VII DOES NOT CREATE INDIVIDUAL OR SUPERVISOR LIABILITY.

Each of the individual Defendants must be dismissed because Title VII does not create individual or supervisor liability. *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587-88 (9th Cir. 1993) (affirming dismissal of individual employees from Title VII complaint, noting "the defendants argue that they have no personal liability under Title VII and the ADEA and that [the plaintiff] received all the relief to which she was entitled when she settled with her employer. We agree."), *cert. denied sub nom. Miller v. La Rosa*, 510 U.S. 1109 (1994). Accordingly, the individual defendants must be dismissed from this lawsuit because Title VII does not provide any relief that may be granted against them.

## III. PLAINTIFFS RICARDO PEREZ'S, NONA PEREZ'S AND MICHELLE RAMOS' COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST ALL ENTITIES NOT NAMED IN THEIR EEOC CHARGE.

Plaintiffs Ricardo Perez, Nona Perez and Michelle Ramos also failed to name any defendant other than "LSG Sky Chef", "Lufthansa Service Guam, Inc.", and "Lufthansa Service Guam", respectively, each listing addresses (although different ones) for the respondent on Guam. *See* Exs. 7, 8, and 9 respectively (Plaintiffs' EEOC Charges).[4] Title VII only provides, however, that "a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved." 42 U.S.C. 2000e-5(f)(1). Where a party fails to name a respondent in his charge, he may

---

4 Plaintiffs' EEOC Charges are properly considered on a Motion to Dismiss pursuant to Rule 12(b)(6) as they are referenced in the Complaint ¶ 3 and are a matter of public record of which the Court may take judicial notice. *See Gallo v. Board of Regents*, 916 F. Supp. 1005, 1007-08 (S.D. Cal. 1995) (examining EEOC charges in connection with 12(b)(6) motion to dismiss on timeliness grounds).

9

not bring an action against that party in a subsequent lawsuit under Title VII. *Bratton v. Bethlehem Steel Corp.*, 649 F. 2d 658, 666 (9th Cir. 1980); *Sanders v. Culinary Workers Union*, 804 F. Supp. 86, 97 (D. Nev. 1992) (relying on *Bratton* to dismiss claims against defendant that was not named in plaintiff's EEOC charge). The only exceptions to this rule are where the defendants not named in the EEOC charge (1) were involved in the alleged acts of discrimination; or (2) should have anticipated that they would have been named in a Title VII lawsuit. *See Ortez v. Washington County*, 88 F.3d 804, 808 (9th Cir. 1996).

In the present case, Plaintiffs' EEOC charges do not name any of the non-Guam entities or Mr. Cheung.[5] Rather, they focus on the conduct of Mr. Pandalitschka and Mr. Chen. They all list addresses in Guam for the respondent, not Germany, Hong Kong, or Texas. Simply put, "these charges neither named the [defendants] nor alleged facts from which it could be inferred that the [defendants] violated Title VII." *Bratton*, 649 F.2d at 666 (affirming dismissal of Title VII claims against defendants not named in EEOC charge). Consequently, Plaintiffs Ricardo Perez, Nona Perez and Ramos fail to state any claim against the entities they failed to name in their EEOC charges.

Plaintiff Nona Perez's claims regarding alleged discrimination on the basis of national origin must also be dismissed for failure to exhaust administrative remedies. When asked to specify in her EEOC Charge of Discrimination which bases of discrimination she was alleging, Nona Perez checked only the box for discrimination based on sex and did not check the box for discrimination based on national origin. See Exhibit 9. Because claims of national origin discrimination are not "reasonably related to" claims of sex discrimination, the claims must be dismissed for failure to exhaust

---

5 Ms. Ramos's EEOC Charge refers only to "Management in Hong Kong." Mr. Perez's charge does not refer to any persons other than Chen and Pandalitschka. Ms. Perez's charge refers only to Pandalitschka.

10

administrative remedies. See <u>Chadhary v. Telecare Corporation</u>, 2000 WL 1721075 (N.D. Cal); <u>Shah v. Mt. Zion Hospital and Medical Center,</u> 642 F2d 268, (9th Cir 1981).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs Ricardo Perez's, Nona Perez's and Michelle Ramos' claims be dismissed in their entirety against all defendants except LSG Lufthansa Service Guam, Inc. and LSG Lufthansa Catering Guam, Inc

Respectfully submitted,

TORRES LIMTIACO CRUZ & SISON, PLLC,

By: _____

DONNA M. CRUZ,
A duly licensed employee.

U:\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Motion to dismiss\Ramos - Revised Motion to Dismiss (2)2.DOC

11

Case 1:03-cv-00028     Document 11     Filed 10/01/2003     Page 11 of 33

1   TORRES LIMTIACO CRUZ & SISON, PLLC
    173 Aspinall Ave., Suite 206A
2   Hagåtña, Guam 96910
    Telephone: 671-477-0000
3   Facsimile: 671-477-0001
    Email: mail@torreslaw.com
4

5   Attorneys for Defendants

6

7

8                    UNITED STATES DISTRICT COURT
                          DISTRICT OF GUAM
9

10  MICHELLE D. RAMOS, RICARDO G.          )   Civil Case No. 03-00028
    "GINO" PEREZ and NONA A. PEREZ,        )
11                                         )
                 Plaintiffs,               )
12                                         )
13               vs.                       )
                                           )
14  LSG LUFTHANSA SERVICE HOLDING          )
    AG; LSG LUFTHANSA SERVICE (LSG)        )
15  GUAM, INC.; LSG CATERING GUAM,         )
    INC.; LSG LUFTHANSA SERVICE USA        )   DECLARATION OF HING KAI CHEUNG
16  CORPORATION; LSG LUFTHANSA             )   EXECUTIVE VICE PRESIDENT FOR
    SERVICE (LSG) ASIA, LTD.; LSG          )   LSG LUFTHANSA SERVICE ASIA, INC.
17  LUFTHANSA SERVICE (LSG) SAIPAN,        )   PURSUANT TO 28 U.S.C. § 1746
18  INC.; LSG CATERING SAIPAN, INC.;       )
    LSG SKY CHEFS; HYUNG K. CHEUNG;        )
19  FRITZ PANDALITSCHKA; KELVIN            )
20  CHAN; and DOES 1 through 20,           )
                                           )
21               Defendants.               )
                                           )
22  _____

23

24      I, Hing Kai Cheung, swear under penalty of perjury of the laws of the United States of America,

25  that the foregoing is true and correct to the best of my personal knowledge, information, and belief.

26

27

28

                                      1

# Exhibit 1

1. I am the Executive Vice President for LSG Lufthansa Service Asia, Inc. ("LSG Service Asia"). In my capacity as Executive Vice President, I am familiar with the corporate structure of LSG Service Asia, the makeup and organization of its management team, and the nature and scope of its business activities.

2. LSG Service Asia's headquarters are in Hong Kong, PRC, and it is not licensed to do business in Guam.

3. LSG Service Asia does not provide any service directly to the public in Guam.

4. LSG Service Asia does not have any bank accounts in Guam. Nor does it own or rent any buildings, vehicles, or other assets in Guam. LSG Service Asia is not required to, and does not, pay any taxes in Guam.

5. LSG Service Asia does not have any employees in Guam. Nor does it have an appointed agent to receive service of process.

I swear that the foregoing is true and correct to the best of my personal knowledge, information and belief.

Dated: _September 30, 2003_

_____
Hing Kiu Cheung

**TORRES LIMTIACO CRUZ & SISON, PLLC**
173 Aspinall Ave., Suite 206A
Hagåtña, Guam 96910
Telephone: 671-477-0000
Facsimile: 671-477-0001
Email: mail@torreslaw.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF GUAM**

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ and NONA A. PEREZ, | ) Civil Case No. 03-00028 ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| LSG LUFTHANSA SERVICE HOLDING AG; LSG LUFTHANSA SERVICE (LSG) GUAM, INC.; LSG CATERING GUAM, INC.; LSG LUFTHANSA SERVICE USA CORPORATION; LSG LUFTHANSA SERVICE (LSG) ASIA, LTD.; LSG LUFTHANSA SERVICE (LSG) SAIPAN, INC.; LSG CATERING SAIPAN, INC.; LSG SKY CHEFS; HYUNG K. CHEUNG; FRITZ PANDALITSCHKA; KELVIN CHAN; and DOES 1 through 20, | ) ) **DECLARATION OF KLAUS ENGELEN,** ) **GLOBAL SENIOR VICE PRESIDENT,** ) **LEGAL, CORPORATE AFFAIRS/** ) **SUBSIDIARIES, FOR LSG LUFTHANSA** ) **SERVICE HOLDING, AG,** ) **PURSUANT TO 28 U.S.C. § 1746** ) ) ) ) |
| Defendants. | ) ) |

I, Dr. Klaus Engelen, swear under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct to the best of my personal knowledge, information, and belief

1. I am the Global Senior Vice President, Legal, Corporate Affairs/Subsidiaries, for LSG Lufthansa Service Holding, AG ("LSG Service AG"). In my capacity as Global Senior Vice

1

# Exhibit 2

President, I am familiar with the corporate structure of LSG Service AG, the makeup and organization of its management team, and the nature and scope of its business activities.

2. LSG Service AG's principal place of business is in Neu- Isenburg, Germany, and it is not licensed to do business in Guam.

3. LSG Service AG does not provide any service directly to the public in Guam.

4. LSG Service AG does not have any bank accounts in Guam. Nor does it own or rent any buildings, vehicles, or other assets in Guam. LSG Service AG is not required to, and does not, pay any taxes in Guam.

5. LSG Service AG does not have any employees in Guam. Nor does it have an appointed agent to receive service of process.

I swear that the foregoing is true and correct to the best of my personal knowledge, information and belief.

Dated: 30 Sep 2003

Dr. Klaus Engelen

2

**TORRES LIMTIACO CRUZ & SISON, PLLC**
173 Aspinall Ave., Suite 206A
Hagåtña, Guam 96910
Telephone: 671-477-0000
Facsimile: 671-477-0001
Email: mail@torreslaw.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

MICHELLE D. RAMOS, RICARDO G.   )
"GINO" PEREZ and NONA A. PEREZ,   )
  )
      Plaintiffs,   )
  )
      vs.   )
  )
LSG LUFTHANSA SERVICE HOLDING  )
AG; LSG LUFTHANSA SERVICE (LSG)  )
GUAM, INC.; LSG CATERING GUAM,  )
INC.; LSG LUFTHANSA SERVICE USA  )
CORPORATION; LSG LUFTHANSA   )
SERVICE (LSG) ASIA, LTD.; LSG   )
LUFTHANSA SERVICE (LSG) SAIPAN,  )
INC.; LSG CATERING SAIPAN, INC.;  )
LSG SKY CHEFS; HYUNG K. CHEUNG; )
FRITZ PANDALITSCHKA; KELVIN   )
CHAN; and DOES 1 through 20,   )
  )
      Defendants.   )
  )
_____)

Civil Case No. 03-00028

**DECLARATION OF CHARLES MILLER
ASSISTANT SECRETARY FOR
SKY CHEFS, INC.
PURSUANT TO 28 U.S.C. § 1746**

I, Charles Miller, swear under penalty of perjury of the laws of the United States of America,

that the foregoing is true and correct to the best of my personal knowledge, information, and belief.

    1. I am Assistant Secretary for Sky Chefs, Inc. d/b/a LSG Sky Chefs K., a Delaware Company.

("LSG Sky Chefs"). In my capacity as Assistant Secretary for LSG Sky Chefs, I am familiar with the

# Exhibit 3

structure of LSG Lufthansa Service USA ("LSG Service USA"), the makeup and organization of its management team, and the nature and scope of its business activities.

2. LSG Service USA's principal place of business is in Wilmington, Delaware, and it is not licensed to do business in Guam.

3. LSG Service USA does not provide any service directly to the public in Guam.

4. LSG Service USA does not have any bank accounts in Guam. Nor does it own or rent any buildings, vehicles, or other assets in Guam. LSG Service USA is not required to and does not pay any taxes in Guam.

5. LSG Service USA does not have any employees in Guam, nor does it have an appointed agent to receive service of process.

6. I swear that the foregoing is true and correct to the best of my personal knowledge, information and belief.

Dated: _____

"Facsimile Signature Forthcoming"
_____
Charles Miller

U:\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Motion to dismiss\Ramos - LSG Sky Chefs declaration 3.DOC

2

1   **TORRES LIMTIACO CRUZ & SISON, PLLC**
173 Aspinall Ave., Suite 206A
2   Hagåtña, Guam 96910
Telephone: 671-477-0000
3   Facsimile: 671-477-0001
Email: mail@torreslaw.com

4

5   Attorneys for Defendants

6

7

8            **UNITED STATES DISTRICT COURT**
              **DISTRICT OF GUAM**

9

10   MICHELLE D. RAMOS, RICARDO G.   )   Civil Case No. 03-00028
      "GINO" PEREZ and NONA A. PEREZ,  )

11                               )
              Plaintiffs,         )

12                               )

13            vs.              )

14   LSG LUFTHANSA SERVICE HOLDING  )
      AG; LSG LUFTHANSA SERVICE (LSG)  )

15   GUAM, INC.; LSG CATERING GUAM,    )
      INC.; LSG LUFTHANSA SERVICE USA  )    **DECLARATION OF DAVID WAINMAN,**

16   CORPORATION; LSG LUFTHANSA      )    **VICE PRESIDENT FOR LUFTHANSA**
      SERVICE (LSG) ASIA, LTD.; LSG      )    **CATERING SAIPAN, INC.,**

17   LUFTHANSA SERVICE (LSG) SAIPAN,  )    **PURSUANT TO 28 U.S.C. §1746**
      INC.; LSG CATERING SAIPAN, INC.;   )

18                               )
      LSG SKY CHEFS; HYUNG K. CHEUNG; )

19   FRITZ PANDALITSCHKA; KELVIN     )
      CHAN; and DOES 1 through 20,      )

20                               )

21            Defendants.      )
                              )

22   ―――――――――――――――――

23

24       I, David Wainman, swear under penalty of perjury of the laws of the United States of America,

25   that the foregoing is true and correct to the best of my personal knowledge, information, and belief.

26

27

28

                                      1

# Exhibit 4

1.   I am the Vice President for Lufthansa Catering Saipan, I:c. ("LSG Catering Saipan"). In my capacity as Vice President, I am familiar with the corporate structure of LSG Catering Saipan, the makeup and organization of its management team, and the nature and scope of its business activities.

2.   LSG Catering Saipan's principal place of business is in the Commonwealth of the Northern Marianas Islands, Saipan, and it is not licensed to do business in Guam.

3.   LSG Catering Saipan does not provide any service directly to the public in Guam.

4.   LSG Catering Saipan does not have any bank accounts ir Guam. Nor does it own or rent any buildings, vehicles, or other assets in Guam. LSG Catering Saipan is not required to, and does not, pay any taxes in Guam.

5.   LSG Catering Saipan does not have any employees in Guam. Nor does it have an appointed agent to receive service of process.

    I swear that the foregoing is true and correct to the best of my personal knowledge, information and belief.

Dated:   _September 30, 2003_

                    David W: nman

U:\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Motion to dismiss\Ramos - LSG Catering Saipan declaration 3.DOC

2

1    TORRES LIMTIACO CRUZ & SISON, PLLC
     173 Aspinall Ave., Suite 206A
2    Hagåtña, Guam 96910
     Telephone: 671-477-0000
3    Facsimile: 671-477-0001
     Email: mail@torreslaw.com

4

5    Attorneys for Defendants

6

7                    UNITED STATES DISTRICT COURT
8                      DISTRICT OF GUAM

9

| 10 | MICHELLE D. RAMOS, RICARDO G. | ) | Civil Case No. 03-00028 |
| 11 | "GINO" PEREZ and NONA A. PEREZ, | ) | |
| 12 |           Plaintiffs, | ) | |
| 13 | vs. | ) | |
| 14 | LSG LUFTHANSA SERVICE HOLDING | ) | |
| 15 | AG; LSG LUFTHANSA SERVICE (LSG) | ) | |
| | GUAM, INC.; LSG CATERING GUAM, | ) | DECLARATION OF DAVID WAINMAN, |
| 16 | INC.; LSG LUFTHANSA SERVICE USA | ) | VICE PRESIDENT FOR LSG |
| | CORPORATION; LSG LUFTHANSA | ) | LUFTHANSA SERVICE SAIPAN, INC., |
| 17 | SERVICE (LSG) ASIA, LTD.; LSG | ) | PURSUANT TO 28 U.S.C. § 1746 |
| 18 | LUFTHANSA SERVICE (LSG) SAIPAN, | ) | |
| | INC.; LSG CATERING SAIPAN, INC.; | ) | |
| 19 | LSG SKY CHEFS; HYUNG K. CHEUNG; | ) | |
| 20 | FRITZ PANDALITSCHKA; KELVIN | ) | |
| | CHAN; and DOES 1 through 20, | ) | |
| 21 |           Defendants. | ) | |

22

23

24       I, David Wainman, swear under penalty of perjury of the laws of the United States of America, that

25    the foregoing is true and correct to the best of my personal knowledge, information, and belief.

26

27

28

1

# Exhibit 5

1.   I am Vice President for LSG Lufthansa Service Saipan, Inc. ("LSG Service Saipan").  In my capacity as Vice President, I am familiar with the corporate structure of LSG Service Saipan, the makeup and organization of its management team, and the nature and scope of its business activities.

2.   LSG Service Saipan's principal place of business is in Saipan, the Commonwealth of the Northern Marianas Islands, and it is not licensed to do business in Guam.

3.   LSG Service Saipan does not provide any service directly to the public in Guam.

4.   LSG Service Saipan does not have any bank accounts in Guam, but it does have a bank account with the Saipan Branch of the Bank of Guam.  LSG Service Saipan does not own or rent any buildings, vehicles, or other assets in Guam.  LSG Service Saipan is not required to, and does not, pay any taxes in Guam.

5.   LSG Service Saipan does not have any employees in Guam.  Nor does it have an appointed agent to receive service of process.

I swear that the foregoing is true and correct to the best of my personal knowledge, information and belief.

Dated: _September 30, 2003_

David Weinman

2

**TORRES LIMTIACO CRUZ & SISON, PLLC**
173 Aspinall Ave., Suite 206A
Hagåtña, Guam 96910
Telephone:  671-477-0000
Facsimile:  671-477-0001
Email:  mail@torreslaw.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ and NONA A. PEREZ, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>LSG LUFTHANSA SERVICE HOLDING )<br>AG; LSG LUFTHANSA SERVICE (LSG) )<br>GUAM, INC.; LSG CATERING GUAM, )<br>INC.; LSG LUFTHANSA SERVICE USA )<br>CORPORATION; LSG LUFTHANSA )<br>SERVICE (LSG) ASIA, LTD.; LSG )<br>LUFTHANSA SERVICE (LSG) SAIPAN, )<br>INC.; LSG CATERING SAIPAN, INC.; )<br>LSG SKY CHEFS; HYUNG K. CHEUNG; )<br>FRITZ PANDALITSCHKA; KELVIN )<br>CHAN; and DOES 1 through 20, )<br><br>Defendants. )<br>)<br>_____ | Civil Case No. 03-00028<br><br><br><br><br><br><br>**DECLARATION OF HING KAI CHEUNG<br>PURSUANT TO 28 U.S.C. § 1746** |

I, Hing Kai Cheung, swear under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct to the best of my personal knowledge, information, and belief.

1

# Exhibit 6

1.     I am a citizen of the United Kingdom of Great Britain and Northern Ireland and am a resident of Hong Kong, P.R.C.

2.     I do not rent or own any property on Guam. Nor do I have a bank account on Guam. Nor do I have any vehicles registered in Guam or a Guam-issued drivers license. I am not required to, nor do I pay any income taxes in Guam.

3.     I have visited Guam approximately three times in the past two years. Each time, the purpose of my visit was solely related to conducting business as a director on behalf of LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc.

I swear that the foregoing is true and correct to the best of my personal knowledge, information and belief.

_____
Hing Kai Cheung

U:\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Motion to dismiss\Ramos - LS: Service Area declaration 3-Kwok.DOC

2

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Perez, Ricardo G

THIS PERSON (check one)

[X] CLAIMS TO BE AGGRIEVED

[ ] IS FILING ON BEHALF OF ANOTHER

Mr. Fritz Pandalitschka
General Manager
LSG Sky Chefs
P.O. Box 6172
Tamuning, GU 96931

DATE OF ALLEGED VIOLATION

| Earliest | Most Recent |
|---|---|
| 07/10/2002 | 01/31/2003 |

PLACE OF ALLEGED VIOLATION

Tamuning, GU

CHARGE NUMBER

378A300161

## NOTICE OF CHARGE OF DISCRIMINATION
(See EEOC "Rules and Regulations" before completing this Form)

You are hereby notified that a charge of employment discrimination has been filed against your organization under:

[X] **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

[ ] **THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**

[ ] **THE AMERICANS WITH DISABILITIES ACT**

[ ] **THE EQUAL PAY ACT (29 U.S.C, SECT. 206(d))** investigation will be conducted concurrently with our investigation of this charge.

The boxes checked below apply to your organization:

1. [ ] No action is required on your part at this time.
2. [X] Please submit by <u>03/20/03</u> a statement of your position with respect to the allegation(s) contained in this charge, with copies of any supporting documentation. This material will be made a part of the file and will be considered at the time that we investigate this charge. Your prompt response to this request will make it easier to conduct and conclude our investigation of this charge.
3. [X] EEOC has instituted a Mediation program which provides parties with an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please indicate that desire on the enclosed form and respond by <u>03/05/03</u> to <u>Kathryn Schear, 415 356-5083</u>. If you **DO NOT** wish to participate in Mediation, you must submit a statement of your position to the Commission Representative listed below, by the above date.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

300 Ala Moana Blvd.
Room 7-127, Box 50082
Honolulu, Hawaii 96850

<u>Emily Mauga</u>
*(Commission Representative)*

<u>(808) 541-3120</u>
*(Telephone Number)*

[X] Enclosure: Copy of Charge

BASIS OF DISCRIMINATION

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NAT. ORIGIN  [ ] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

CIRCUMSTANCES OF ALLEGED VIOLATION

See enclosed Form 5, Charge of Discrimination.

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| 02/13/2003 | Timothy A. Riera<br>Director | |

**Exhibit 7**

EEOC FORM 131-ADR (Test 02/00)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| | |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 378-A3-00161 |

_____ and EEOC

_State or local Agency, if any_

**NAME** *(Indicate Mr., Ms., Mrs.)*
Mr. Ricardo G. Perez

**HOME TELEPHONE** *(Include Area Code)*
(671) 632-6011

**STREET ADDRESS** / **CITY, STATE AND ZIP CODE**
P.O. Box 315432, Tamuning, GU 96931

**DATE OF BIRTH**
01/17/1962

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

**NAME**
LSG Sky Chef

**NUMBER OF EMPLOYEES, MEMBERS**
Cat B (101-200)

**TELEPHONE** *(Include Area Code)*
(671) 646-5868

**STREET ADDRESS** / **CITY, STATE AND ZIP CODE**
Guerrero St., Harmon Industrial Park, Tamuning, GU 96931

**COUNTY**
010

**TELEPHONE NUMBER** *(Include Area Code)*

**NAME**

**STREET ADDRESS** / **CITY, STATE AND ZIP CODE**

**COUNTY**

**CAUSE OF DISCRIMINATION BASED ON** *(Check appropriate box(es))*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify)*

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST 07/10/2002 LATEST 01/31/2003
☐ CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional space is needed, attach extra sheet(s)):*

I began working for Respondent in Guam in February, 2002 as Production Manager, and on January 31, 2003, I was terminated.

During my employment, the German General Manager, Fritz Pandalitschka, often made derogatory comments about Filipinos. He would often comment that Filipinos were lazy, complains a lot and arrogant and how much better workers are in Hong Kong.

Although I was promised that I would eventually be given oversight of the Operations Department, Respondent did not allow me to assume authority of the Department. On July 10, 2002, Respondent gave Kelvin Chan, Chinese, an employment contract giving him full authority over the Customer Service Department and Operations Department.

On several occasions and right before my termination on January 31, 2003, I complained to management about the dicriminatory treatment to which I was subjected and the favortism given to Kelvin Chan. Respondent never conducted an investigation into my allegations of discrimination. Subsequent to my complaints I was terminated on January 31, 2003.

I believe that I have been discriminated against because of my national origin, Chamorro, and in retaliation for complaining about discrimination.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

X 13 FEB 03    X _[signature]_
Date    Charging Party *(Signature)*

**NOTARY** - *(When necessary for State and Local Requirements)*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(Month, day and year)*

RECEIVED
FEB 12 2003
EEOC HLO

EEOC FORM 5 (Rev. 07/99)



EEOC Form 161-B (3/98)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Ricardo G. Perez**
**P.O. Box 315432**
**Tamuning, GU 96931**

From: **Honolulu Local Office**
**300 Ala Moana Blvd**
**Room 7-127**
**Honolulu, HI 96850**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **378-2003-00161** | **Emily Mauga, Clerk** | **(808) 541-3120** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Timothy A. Riera* 5/28/03

**Timothy A. Riera, Director** *(Date Mailed)*

Enclosure(s)

cc: **Fritz Pandalitschka**
**General Manager**
**LSG SKY CHEFS**
**P.O. Box 6172**
**Tamuning, GU 96931**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Mr. Friedrich Pandalitschka
Director Of Operations
Lufthansa Service Guam Inc.
P.O. Box 6712
Tamuning, GU 96931

| PERSON FILING CHARGE |
|---|
| Ramos, Michelle D |
| THIS PERSON (check one) |
| [X] CLAIMS TO BE AGGRIEVED |
| [ ] IS FILING ON BEHALF OF ANOTHER |

| DATE OF ALLEGED VIOLATION | |
|---|---|
| Earliest | Most Recent |
| 03/01/2002 | 03/31/2003 |

PLACE OF ALLEGED VIOLATION
Tamuning, GU

CHARGE NUMBER
37BA300240

## NOTICE OF CHARGE OF DISCRIMINATION
*(See EEOC Statutes and Regulations before completing this form)*

You are hereby notified that a charge of employment discrimination has been filed against your organization under:

[X] **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

[ ] **THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**

[ ] **THE AMERICANS WITH DISABILITIES ACT**

[ ] **THE EQUAL PAY ACT (29 U.S.C., SECT. 206(d))** Investigation will be conducted concurrently with our investigation of this charge.

The boxes checked below apply to your organization:

1. [ ] No action is required on your part at this time.

2. [X] Please submit by 05/02/03 a statement of your position with respect to the allegation(s) contained in this charge, with copies of any supporting documentation. This material will be made a part of the file and will be considered at the time that we investigate this charge. Your prompt response to this request will make it easier to conduct and conclude our investigation of this charge.

3. [ ] Please respond fully by _____ to the attached request for information which pertains to the allegations contained in this charge. Such information will be made a part of the file and will be considered by the Commission during the course of its investigation of the charge.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

300 Ala Moana Blvd.
Room 7-127, Box 50082
Honolulu, Hawaii 96850

Emily Mauga
*(Commission Representative)*

(808) 541-3120
*(Telephone Number)*

[X] Enclosure: Copy of Charge

| BASIS OF DISCRIMINATION | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| [ ] RACE | [ ] COLOR | [X] SEX | [ ] RELIGION | [X] NAT. ORIGIN | [ ] AGE | [ ] DISABILITY | [X] RETALIATION | [ ] OTHER |

CIRCUMSTANCES OF ALLEGED VIOLATION

See enclosed Form 5, Charge of Discrimination.

RECEIVED BY:

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE | DATE: 5-2-03 |
|---|---|---|---|
| 04/18/2003 | Timothy A. Riera Director | | RESPONDENT'S COPY |

EEOC FORM 131 (Rev. 08/92)

## Exhibit 8

(fax) 808 541-3390

# CHARGE OF DISCRIMINATION

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 378-A3-00240 |

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

and EEOC

_State or local Agency, if any_

NAME _(Indicate Mr., Ms., Mrs.)_                                    HOME TELEPHONE _(Include Area Code)_

Ms. Michelle D. Ramos                                               (671) 727-2391

STREET ADDRESS          CITY, STATE AND ZIP CODE                    DATE OF BIRTH

177 B Mail St., #A-604, Tamuning, GU 96913                          10/11/1967

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE,
STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME _(If more than one list below.)_

NAME                          NUMBER OF EMPLOYEES, MEMBERS          TELEPHONE _(Include Area Code)_

Lufthansa Service Guam Inc.   Cat B (101-200)                       (671) 646-5868

STREET ADDRESS          CITY, STATE AND ZIP CODE                    COUNTY

P.O. Box 6712, Tamuning, GU 96931                                   010

                                                                    TELEPHONE NUMBER _(Include Area Code)_

NAME                                                                COUNTY

STREET ADDRESS          CITY, STATE AND ZIP CODE

CAUSE OF DISCRIMINATION BASED ON _(Check appropriate box(es))_      DATE DISCRIMINATION TOOK PLACE
                                                                    EARLIEST          LATEST
☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN          03/01/2002        03/31/2003
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER _(Specify)_          ☒ CONTINUING ACTION

THE PARTICULARS ARE _(If additional space is needed, attach extra sheet(s))_

I was hired by Respondent in July, 1996, as Chief Accountant. In
September, 1997, I was prompted to Manager of Finance and
Administration. On March 31, 2003, I was forced to resign. Prior to my
resignation, I held the title of Corporate Vice President and Treasurer,
and I was also a member of the Board of Directors.

From September, 1997 until March 31, 2003, I was denied similar benefits
as male, non-Asian and Pacific Islander Executive Level Managers. Other
male, non-Asian and Pacific Islander Executive level Managers were
provided with travel privileges, free family plan medical/dental
insurance, an automobile with free gas and a housing allowance.

In August, 2001, Mr. Friedrich Pandalitschka (German male) became the
General Manager. From March, 2002 until March 31, 2003, he
discriminated against me by holding management meetings without informing
me, withholding vital information/documents that were necessary for me
to carry out my responsibilities and arranging to meet with customers and
vendors without my knowledge or presence. Also he curtailed my
involvement in projects involving customer service, human resources,
management information systems, reorganization and operations.

In May 2002, I complained to Management in Hong Kong. Management did
not take any action to address my complaints. Also, after I complained,

** Text is Continued on Attached Sheet(s) **

| | NOTARY - _(When necessary for state and Local Requirements)_ |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | |
| X 4/17/03        X _Michelle Ramos_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE _(Month, day and year)_ |
| Date        Charging Party _(Signature)_ | |
| EEOC FORM 5 (Rev. 07/99) | RECEIVED |
| | APR 17 2003 |

Apr 16 09:50 2003   OP Initials ⨯ 𝓜𝓡𝓕   Chg # , Attachment Page 1

-----------------------------------------------------------------------
Equal Employment Opportunity Commission
Form 5 - Charge of Discrimination, Additional Text
-----------------------------------------------------------------------

Mr. Pandalitschka escalated his discriminatory treatment of me.

Due to the discriminatory treatment to which I was continually
subjected, I was forced to resign on March 31, 2003.

I believe that I have been discriminated against because of my sex
(female) and national origin (Asian/Pacific Islander). I also believe
that I was retaliated against for complaining about discrimination.

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Michelle D. Ramos<br>177 B Mall St., #A-604<br>Tamuning, GU 96913 | From: | Honolulu Local Office<br>300 Ala Moana Blvd<br>Room 7-127<br>Honolulu, HI 96850 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 378-2003-00240 | Todd Chavez, Investigator | (808) 541-3120 |

(See also the additional information enclosed with this form.)

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[X]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Timothy A. Riera*                    4/30/03

Timothy A. Riera, Director          (Date Mailed)

Enclosure(s)

cc:  Friedrich Pandalitschka
LUFTHANSA SERVICE GUAM IN
P.O. Box 8712
Tamuning, GU 96931

# Exhibit 9

EEOC FORM 131 (5/01)

# U. S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|

Mr. Max Fisher, ESQ
**Attorney At Law**
**SIDLEY AUSTIN BROWN& WOOD**
**555 West Fifth St.**
**Los Angeles, CA 90013**

PERSON FILING CHARGE

**Nona Perez**

THIS PERSON *(check one or both)*

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.

**378-2003-00489**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act

[ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act

[ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or an inquiry you may have should be directed to:

Emily Mauga,
**Administrative Clerk**
*EEOC Representative*
Telephone: **(808) 541-3120**

**Honolulu Local Office
300 Ala Moana Blvd
Room 7-127
Honolulu, HI 96850**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Sep 29, 2003 | **Timothy A. Riera,** Local Office Director | |

EEOC Form 5 (5/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 378-2003-00459 |
| | and EEOC |

| | State or local Agency, if any |
|---|---|

| Name (indicate Mr., Ms., Mrs.) | Home Phone No. (incl Area Code) | Date of Birth |
|---|---|---|
| **Ms. Nona Perez** | (671) 472-6848 | 07-28-1971 |

Street Address      City, State and ZIP Code

C/O Sandra Lynch, Esq., 251 Martyr St., Suite 101, Hagatna, GU 96910

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (include Area Code) |
|---|---|---|
| **LUFTHANSA SERVICE GUAM** | 500 or More | (671) 646-5890 |

Street Address      City, State and ZIP Code

P.O. Box 8172, Tamuning, GU 96931

| Name | No. Employees, Members | Phone No. (include Area Code) |
|---|---|---|
| | | |

Street Address      City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 12-01-2002 | 07-29-2003 |
| ☒ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent on November 5, 1998. Currently, I work in the Customer Service Department as an Outside Catering Representative and Administrative Clerk.

From December, 2000 to July 29, 2003, I was subjected to different terms and conditions of employment and denied wages and benefits due to the sexual favoritism shown to Rosemarie Abat, Female, by the male General Manager, Fritz Pandalitschka.

Employees, excluding Ms. Abat, had their work hours and holiday pay reduced. We were also denied overtime, not allowed to use the company vehicle and only given 30 minutes for lunch unlike Ms. Abat who was given preferential treatment.

I believe that I was discriminated against because of my sex, female.

RECEIVED
SEP 29 2003
EEOC HLO

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X 9/29/03      X Nona Perez | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Nona Perez
C/O Sandra Lynch, Esq.
251 Martyr St., Suite 101
Hagatna, GU 96910

From: Honolulu Local Office
300 Ala Moana Blvd
Room 7-127
Honolulu, HI 96850

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 378-2003-00489 | Emily M auga, Administrative Clerk | (808) 541-3120 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Timothy A. Riera,
Honolulu Local Office Director

9/29/03
(Date Mailed)

Enclosure(s)

cc: Lufthansa Service Guam
C/O Mr. Max Fisher, Esq.
Sidley Austin Brown & Wood
555 West Fifth St.
Los Angeles, CA 90013