TORRES LIMTIACO CRUZ & SISON, PLLC
173 Aspinall Ave., Suite 206A
Hagåtña, Guam 96910
Telephone: 671-477-0000
Facsimile: 671-477-0001
Email: mail@torreslaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

MICHELLE D. RAMOS, RICARDO G. ) Civil Case No. 03-00028
"GINO" PEREZ and NONA A. PEREZ, )
 )
 Plaintiffs, )
 )
 vs. )
 )
LSG LUFTHANSA SERVICE HOLDING )
AG; LSG LUFTHANSA SERVICE (LSG) )
GUAM, INC.; LSG CATERING GUAM, ) **REPLY TO OPPOSITION**
INC.; LSG LUFTHANSA SERVICE USA )
CORPORATION; LSG LUFTHANSA )
SERVICE (LSG) ASIA, LTD.; LSG )
LUFTHANSA SERVICE (LSG) SAIPAN, )
INC.; LSG CATERING SAIPAN, INC.; )
LSG SKY CHEFS; HYUNG K. CHEUNG; )
FRITZ PANDALITSCHKA; KELVIN )
CHAN; and DOES 1 through 20, )
 )
 Defendants. )
_____ )

Defendants LSG Lufthsansa Services Holding, AG, LSG Lufthsana Service USA, LSG Lufthansa Service Asia, Inc., LSG Lufthansa Service Saipan, Inc., LSG Catering Saipan, Inc., LSG Lufthansa Service Guam, Inc., LSG Catering Guam Inc., Hing Kai Cheung, Friedrich Pandalitschka, and Kelvin Chan (collectively "Defendants") by and through their attorneys, submit the following Reply Memorandum of Law in Further Support of their Motion to Dismiss.

1

# INTRODUCTION

In response to the straight-forward, dispositive principles Moving Defendants identified that require dismissal of Plaintiffs' Complaint, Plaintiffs' response offers little more than a complete disregard or mis-citation of binding precedent and a misunderstanding of the applicable legal principles and standards that resolve the issues at hand. For the reasons stated in their original memorandum as well as those that follow, Defendants respectfully submit their Motion to Dismiss Should be Granted as follows:

| Defendant | Basis for Dismissal |
|---|---|
| Hing Kai Cheung<br>Friedrich Pandalitschka<br>Kelvin Chan  [*See* Section I] | Plaintiffs' failure to state a claim upon which relief may be granted, as individual liability does not exist under Title VII |
| LSG Lufthsansa Services Holding, AG<br>LSG Lufthsana Service USA<br>LSG Lufthansa Service Asia, Inc.<br>LSG Lufthansa Service Saipan, Inc.<br>LSG Catering Saipan, Inc.<br>Hing Kai Cheung [*See* Section II] | Lack of personal jurisdiction |
| All defendants [*See* Section III.A] | Nona Perez's failure to exhaust administrative remedies by failing to identify claims in EEOC Charge now raised in federal court complaint |
| LSG Lufthsansa Services Holding, AG<br>LSG Lufthsana Service USA<br>LSG Lufthansa Service Asia, Inc.<br>LSG Lufthansa Service Saipan, Inc.<br>LSG Catering Saipan, Inc.<br>Hing Kai Cheung [*See* Section III.B] | Plaintiffs' failure to exhaust administrative remedies by failing to name defendant in EEOC Charge, thereby failing to state a claim |

## DISCUSSION

### I. THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED BECAUSE THERE IS NO INDIVIDUAL LIABILITY FOR SUPERVISORS OR CO-WORKERS UNDER TITLE VII.

In their opening memorandum, Defendants cited *Miller v. Maxwell's International* for the proposition that individuals cannot be personally liable under Title VII. *See* Def's Memorandum in Support of Motion to Dismiss ("Def's Mem.") at 9 (citing 991 F.2d 583 (9th Cir. 1993), *cert. denied sub nom. Miller v. La Rosa*, 510 U.S. 1109 (1994)).

Plaintiffs' errant response is twofold. First, they claim "The 1993 case [presumably *Miller*] does not comport with current employment situations." *See* Pls' Mem. at 12. If a 1993 Ninth Circuit decision is too dated to be acceptable to Plaintiffs, perhaps the Ninth Circuit's 2003 decision in *Holly D. v. California Institute of Technology* provides them greater comfort. There, relying on *Miller*, the Ninth Circuit affirmed the dismissal of an individual defendant from a Title VII case, stating "We have consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees." 339 F.3d 11598, 1179 (9th Cir. 2003) (citing *Miller, supra*). Even *Ortez v. Washington County*, a case cited by Plaintiffs in their memorandum of law, affirmed the dismissal of Title VII claims against individuals, again relying on *Miller*, "because employees cannot be held liable in their individual capacities under Title VII." 88 F.3d 804, 808 (9th Cir. 1996) (citing *Miller, supra*). There can be no doubt that the individual defendants must be dismissed from this Title VII lawsuit.

Second, Plaintiffs' extraordinary citations to a Fifth Circuit and Southern District of New York case miss the mark completely. *See* Pls' Mem. at 12. *Hamilton v. Rogers*, 791 F.2d 439 (5th Cir. 1986), for example, was subsequently clarified by the Fifth Circuit in *Harvey v. Blake*, 913 F.2d 226, 228 n.2 (5th Cir. 1990). *Harvey* held that, to the extent *Hamilton* could be read to allow personal liability under

3

Title VII, it was "nonauthoritative." *Id.* In any event, it is clear that current Fifth Circuit precedent, like the Ninth's, prohibits Title VII claims against individuals. *See, e.g., Smith v. Amedisys, Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII.") (relying on, among other citations, *Miller, supra*). *O'Gorman v. Holland*, 2000 WL 134514 (S.D.N.Y. 2000) stands for the complete opposite proposition for which Plaintiffs cite it. There, the court dismissed a Title VII claim against an individual, stating "It is also well-settled in this Circuit that an individual, even one who acts in a supervisory capacity, cannot be held personally liable for violations of Title VII." *Id.* at *4. Instead, the court noted that an individual could be personally liable only under New York's Human Rights Law – a critical distinction that Plaintiffs omit entirely. *Id.* at *6. Plaintiffs have not (and could not) assert claims under New York's Human Rights Law.

Accordingly, the binding precedent of this Circuit (and others) requires that the individual defendants, Cheung, Pandalitschka, and Chan, be dismissed with prejudice from this Title VII lawsuit and that their Motion to Dismiss must be granted.

## II. PLAINTIFFS FAIL TO MAKE OUT A PRIMA FACIE CASE OF PERSONAL JURISDICTION OVER THE NON-GUAM DEFENDANTS.

It would be improper for the Court to exercise personal jurisdiction over Defendants LSG Lufthsansa Services Holding, AG, LSG Lufthsana Service USA, LSG Lufthansa Service Asia, Inc., LSG Lufthansa Service Saipan, Inc., LSG Catering Saipan, Inc., and Cheung ("Non-Guam Defendants") because none has the requisite "minimum contacts" with Guam to establish personal jurisdiction.

4

### A. Plaintiffs fail to demonstrate that the Guam-based Defendants are mere "alter egos" of the non-Guam Defendants.

Another basis for dismissal that the Non-Guam Defendants raised was the lack of any personal jurisdiction over them. *See* Defs' Mem. at 4-8. As German, Texas, and Hong Kong companies, and a Hong Kong individual, they explained that they did not do any business in Guam, did not have any physical presence in Guam, and simply had no connection to Guam. Moreover, any alleged contact that the non-Guam Defendants had with Guam did not relate to the specific allegations of the Complaint.

Plaintiffs' response does not challenge these basic facts, but rather seeks to impute LSG Service Guam's connection to the forum to the non-Guam Defendants as the sole basis for personal jurisdiction. As Plaintiffs, themselves, explain, the only basis for such imputation recognized in the Ninth Circuit is to demonstrate that LSG Service Guam's status as a separate company should be disregarded under an "alter ego" theory as articulated by the Ninth Circuit in *American Telephone and Telegraph v. Compagnie Bruxelles Lambert*, 94 F.3d 586 (9th Cir. 1996). There, the Ninth Circuit held that a plaintiff who contends that one company is the alter ego of another must demonstrate that (1) there is such unity of interest and ownership that the separate personalities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." 94 F.3d at 591.

Plaintiffs attach over 100 pages of unauthenticated – and therefore inadmissble –documents of questionable relevance for the proposition that they have met their burden on the unity of interests. It would be inappropriate for the Court to consider these documents for any purpose. Moreover, nothing in these documents in any way undermines the separate identies of the corporate defendants. In this

5

vein, Plaintiffs claim that LSG Service AG's alleged approval of collective bargaining agreements, certain contracts, new investments and budget items, preparation of a general managers' contract, use of corporate logo, pricing structures, and LSG Service USA's use of a consolidated balance sheet demonstrate that the Non-Guam corporate Defendants "dictates every facet of the subsidiary's business – from broad policy decisions to routine matters of day-to-day operations."

These "facts," set forth to demonstrate alter ego, even assuming their accuracy, are simply insufficient as a legal matter. Plaintiffs make no suggestion that the second part of the test has been satisfied. As to the first part, Plaintiffs' arguments are completely off point. "A parent corporation may be directly involved in financing and macro-management of its subsidiaries, however, without exposing itself to a charge that each subsidiary is merely its alter ego." *Doe v. Unocal Corp.*, 248 F.3d 915, 927 (9th Cir. 2001). In *Doe*, the Ninth Circuit reviewed various activities that would not lead to a finding of "alter ego" for purposes of personal jurisdiction including: (1) parental approval required for leases, major capital expenditures, and the sale of the subsidiaries assets; (2) approval of subsidiary's capital budget; (3) blurring of separateness in annual report; (4) overlap in board of directors; (5) provision of all financing to subsidiary; and (6) closely supervising a subsidiary's pricing decisions. *See Doe*, 248 F.3d at 927-28 (citing with approval *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1459-60 (2d Cir. 1995); (*Joiner v. Ryder Sys.*, 966 F. Supp. 1478, 1485 (C.D. Ill. 1996); *Akzona, Inc. v. E.I. Du Pont De Numours & Co.*, 607 F. Supp. 227, 238 (D. Del. 1984); *In Re Hillsborough Holdings Corp.*, 166 B.R. 461, 473-74 (Bankr. M.D. Fla 1994); *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.3d 1175 (9th Cir. 1980)). These are precisely the types of activities Plaintiffs seek to imply from their stack of exhibits, none of which allow corporate separateness to be disregarded.

Plaintiffs also fail to address one of the critical aspects of the "alter ego" analysis, namely the parent's control of the subsidiary's day-to-day activities. *Accord Doe*, 248 F.3d at 930 ("the record does not support plaintiffs' contention that Total directly controls the day-to-day activities of the California operating or holding companies. The fact that Total may control or supervise its subsidiaries, does not lead the Court to a different conclusion."). This is unsurprising, as Plainitiffs allege in the Complaint that Ricardo Perez and Ramos managed significant portions of the business in Guam. *See, e.g.,* Compl. ¶ 41 ("As part of the scope of Plaintiff Gino Perez's duties and responsibilities, he was to supervise and oversee the production and operations departments); ¶ 60 ("Plaintiff Michelle D. Ramos was hired in 1996 as Chief Accountant for LSG Guam and promoted in 1998 to Manager of Finance and Administration and to Deputy General Manager for LSG Guam and Saipan in 1999."); ¶ 61 ("Inherent in Plaintiff Ramos's responsibilities were the supervision of finance, accounting, MIS, purchasing, inventory, legal matters, banking and Human Resources, negotiating and monitoring insurance contracts and vendors, facilitating Human Resources issues, customer service and all areas managed and supervised by the General Manager."). Thus, the documents cited by Plaintiffs fall far short of demonstrating that the Guam-based Defendants are mere "alter egos" of the non-Guam Moving Defendants.

Plaintiffs also offer no explanation, let alone evidence, as to why maintaining the corporate separateness among Defendants would result in an injustice. Accordingly, Plaintiffs have failed to meet their burden of demonstrating the existence of personal jurisdiction over the non-Guam defendants.[1]

---

[1] Plaintiffs also assert a "marketing conduit" theory, though they provide no analysis as to how such a theory applies to the present case, and as such, the argument should be deemed waived. *See* Pls' Mem. at 11. Even if such a theory had application to the present case, Defendants have demonstrated that LSG Services Guam is a legitimate, bona fide company with millions in revenues and assets. It is a far cry from a mere operating division that has caused other courts to evaluate whether to impute the contacts of the subsidiary to

7

Finally, Plaintiffs omit any response whatsoever to Defendant Cheung's arguments that personal jurisdiction is lacking over him. As such, Plaintiffs have conceded that such jurisdiction is lacking. In any event, as explained in Defendants' opening memorandum, Cheung lacks minimum contacts with Guam and, to the extent he has traveled to Guam, the fiduciary shield doctrine prohibits use of those contacts to establish personal jurisdiction over him. See Defs' Mem. at 6 n.3 (and the cases cited therein).

**B.      Plaintiffs' other jurisdictional arguments are meritless.**

Plaintiffs offer a host of other arguments concerning jurisdiction, each of which is meritless and may be easily dismissed.

**1.      Plaintiffs suggest the wrong standard of review.**

Plaintiffs argue that Defendants' Motion should be treated as a Motion for Summary Judgment. Pls' Mem. at 4. This is plainly wrong. First, the majority of Defendants' arguments are purely legal: whether individuals can be personally liable under Title VII; whether Plaintiffs' failure to name certain parties in their EEOC Charges preclude their present claims in federal court; whether Plaintiff Nona Perez's failure to identify any basis other than sexual discrimination in her EEOC Charge precludes her present claim for National Origin discrimination.[2]

---

the parent. In the present case, it is uncontested that LSG Services, AG is a holding company. Moreover, LSG Services USA and LSG Services Asia, Inc. provide no service in Guam. Nor could they as no foreign corporation or corporation formed, organized or existing under laws other than those of Guam is permitted to transact business in Guam until it has obtained a foreign corporation business license and a certificate of registration from the Director of Revenue & Taxation upon written order of the Governor of Guam. See 18 GCA § 7101. See Under Plaintiffs' theory, every parent would be amenable to jurisdiction in Guam by the mere presence of its subsidiary – a result the Ninth Circuit has clearly rejected. See Doe v. Unocal, 248 F.3d at 925-26 ("The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum.")

[2] As noted in their opening memorandum, the Court may take judicial notice of the contents of Plaintiffs' EEOC Charges on a Motion to Dismiss. See Defs' Mem. at 9 n.4 (citing Gallo v. Board of Regents, 916 F. Supp. 1005 (S.D. Cal. 1995) (treating motion attacking sufficiency of EEOC Charges as motion to

8

Moreover, it is entirely appropriate to resolve factual questions concerning personal jurisdiction on a Motion to Dismiss. As the cases Plaintiffs cite at page 3 of their memorandum indicate, the Court "may consider evidence presented in affidavits to assist in its determination [of jurisdictional issues]." See Pls' Mem. at 3 (citing, inter alia, Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). Plaintiffs appear to agree that they bear the burden to establish a prima facie case of personal jurisdiction, or face dismissal. Id. (citing American Tel. & Tel., 94 F.3d at 588). Consequently, the lenient standards of Rule 56 have no application to the present Motion.

2. **Plaintiffs improperly confuse "Alter Ego" status with "Joint Employer" Liability.**

Plaintiffs also confuse the test for determining whether a party is the "alter ego" of another for purposes of personal jurisdiction with the test to determine whether two parties are "joint employers" for purposes of Title VII liability. See Pls' Mem. at 5-6. All of the cases that Plaintiffs cite at pages 5 and 6 of their memorandum focus on whether an entity is closely enough aligned with a respondent employer to be considered a "joint employer" and jointly liable under Title VII.

Plaintiffs, however, "may not use liability as a substitute for personal jurisdiction." Amer. Tel. & Tel., 94 F.3d at 590-91 (9th Cir. 1996) (affirming dismissal for lack of personal jurisdiction over parent of CERCLA defendant where it was not the "alter ego" even though parent could be liable under CERCLA). The relevant inquiry is whether jurisdiction exists, not whether Plaintiffs can articulate a theory of liability for LSG Service Guam's parents and affiliates. Id. at 591 ("[L]iability is not to be conflated with amenability to suit in a particular forum.").

---

dismiss).

9

against." Pls' Mem. at 13. This statement is patently false for two reasons. First, Nona Perez's EEOC charge does not mention any female who was "Filipina." Rather, she claims only that "favoritism was shown to Rosemarie Abat, Female, by the male General Manager, Friedrich Pandalitschka." In addition, at the very bottom of the stack of documents that Plaintiffs attach to their Response, is Nona Perez's EEOC intake questionnaire. That document indicates on page 1 that Nona Perez's national origin is "Filipina;" it indicates on page 3 that Rosemarie Abat's national origin is also "Filipina." Thus, it is not surprising that her EEOC Charge omits a claim for national origin discrimination. Furthermore, her EEOC Charge is devoid of any reference to complaints she made about discrimination or retaliation.[3] Accordingly, any claims she now attempts to bring other than sexual discrimination must be dismissed.

**B.  Defendants not named in Plaintiffs' EEOC Charges must be Dismissed.**

With respect to Plaintiffs' failure to name Defendants LSG Lufthsansa Services Holding, AG, LSG Lufthansa Service USA, LSG Lufthansa Service Asia, Inc., LSG Lufthansa Service Saipan, Inc., LSG Catering Saipan, Inc., Cheung, Pandalitschka, and Chan in Plaintiffs' EEOC Charges, the general rule is that no action may be brought against such unnamed defendants. *See* 42 U.S.C. 2000e-5(f)(1) (authorizing civil actions only against "the respondent named in the charge"); *Stache v. International Union of Bricklayers*, 852 F.2d 1231, 1233 (9th Cir. 1988). The only exceptions to this rule are when an unnamed defendant (1) is the subject of specific allegations set forth in the Complaint of acts of discrimination described in the Charge; or (2) should have anticipated, based upon the allegations of the Charge, that it would be alleged that they were responsible for the discrimination. *See* Defs' Mem. at 9-10 (citing *Ortez v. Washington County*, 88 F.3d 804 (9th Cir. 1996)). As explained in its opening

---

3 Nona Perez does not even claim retaliation in the Complaint: "retaliation" does not appear in any allegation under Count III. Thus is it not surprising that it does not appear in her EEOC Charge.

11

memorandum, the EEOC Charges do not mention any conduct by any corporate Defendant or Cheung, let alone identify them. To the contrary, Plaintiffs' EEOC charges listed only "Lufthansa Service Guam, Inc." (Ramos), "LSG Sky Chef" (R. Perez), and "Lufthansa Service Guam" (N. Perez). All three list only the Guam address for Defendant LSG Service Guam, Inc. in Tamuning. Barren are any allegations that any corporate defendant (or its agent) committed any act of discrimination. Instead, each Charge is focused on Defendants Pandalitschka and Chan. As to Defendant Cheung, his only role was allegedly to remain silent when Ramos allegedly complained to him.[4] Consequently, Plaintiffs did not include any allegation in their EEOC Charges that any of the corporate Defendants or Cheung were "involved in an act of discrimination" as required to excuse Plaintiffs' failure to name them in their EEOC charges.[5] *Accord Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002) ("Further, nothing in Freeman's charge would have indicated that an investigation should focus on anything more than the allegations of discrimination by those particular individuals involved in the conduct of the FAC election.").

In addition, Plaintiffs fail to explain how any defendant other than Pandalitschka and LSG Service Guam, Inc., located at the address listed in the EEOC charge, "should have anticipated that they would have been named." In evaluating whether to excuse Plaintiffs' failure, the court may look at whether the allegations in the Complaint "fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Freeman*, 291 F.3d at 636. As discussed, none of the other defendants were alleged in the EEOC

---

[4] In any event, as explained above, Cheung must be dismissed because he cannot be personally liable for a violation of Title VII.

[5] Consistent with the Charges, the Complaint, itself, underscores how the corporate Defendants and Cheung played no role in whatever actions Plaintiffs now identify as the basis for their complaints. No corporate Defendant is charged with any misconduct (except conclusory "alter ego" and agency allegations). The Complaint only alleges that Cheung remained silent upon receiving Ramos's complaint. *See* Compl. ¶ 70. Plaintiffs R. Perez and N. Perez do not allege that they complained to Cheung or that he did anything to them

12

Charges to play any role in the alleged discrimination described in the Complaint. To the contrary, all of the acts complained of center on Mr. Pandalitschka and Mr. Chan. Thus, the allegations against all other Defendants should be dismissed. *Accord id.* at 637 (affirming dismissal of counts that alleged conduct by parties not named in EEOC Charge).

Plaintiffs' only response falls far short. In a mere two sentences, they assert: "Mr. Pandalitschka and Mr. Chan report directly to Mr. Cheung, who reports to Germany. Ms. Ramos complained directly to Mr. Cheung, as noted in her charging statement."[6] Pls' Mem. at 12-13. This argument is simply not responsive. Plaintiffs still fail to explain why parties who are not alleged to have injured them and whom they (not surprisingly) failed to name in their EEOC charges should nonetheless be proper defendants in a subsequent Title VII lawsuit.

Therefore, Defendants LSG Lufthsansa Services Holding, AG, LSG Lufthsana Service USA, LSG Lufthansa Service Asia, Inc., LSG Lufthansa Service Saipan, Inc., LSG Catering Saipan, Inc., and Cheung, must be dismissed from this lawsuit.

## CONCLUSION

For the foregoing reasons, as well as those raised in its opening memorandum, Defendants respectfully request that the Court grant their Motion to Dismiss and:

(1) Dismiss Hing Kai Cheung, Friedrich Pandalitschka, and Kelvin Chan for Plaintiffs' failure to state a claim against these defendants upon which relief

---

whatsoever; he is entirely absent from their allegations.

6 Ramos's charge actually states that she complained to "management in Hong Kong" and never names Mr. Cheung specifically.

13

may be granted because there is no liability against individuals under Title VII; and

(2) Additionally dismiss Defendants LSG Lufthsansa Services Holding, AG, LSG Lufthsana Service USA, LSG Lufthansa Service Asia, Inc., LSG Lufthansa Service Saipan, Inc., LSG Catering Saipan, Inc., and Hing Kai Cheung for lack of personal jurisdiction, as none has sufficient contact with Guam to comport with due process and Plaintiffs have failed to carry their burden to establish any is the "alter ego" of any Guam-based Defendant; and

(3) Additionally dismiss Plaintiff Nona Perez's Complaint against all Defendants to the extent that it alleges any claim other than sexual discrimination, as she failed to exhaust her administrative remedies with respect to any other claim, thereby failing to state any other claim upon which relief may be granted; and

(4) Additionally Dismiss Defendants LSG Lufthsansa Services Holding, AG, LSG Lufthsana Service USA, LSG Lufthansa Service Asia, Inc., LSG Lufthansa Service Saipan, Inc., LSG Catering Saipan, Inc., and Hing Kai Cheung for Plaintiffs' failure to exhaust their administrative remedies by omitting any reference or complaining about any discriminatory act by any of these Defendants in Plaintiffs' EEOC Charges, thereby failing to state a claim against such Defendants; and

14

(5) Award any other relief to Defendants the Court finds just and proper.

Respectfully submitted this 24th day of October, 2003.

TORRES LIMTIACO CRUZ & SISON, PLLC,

By: _____
ROBERT J. TORRES, JR.,
Hereunto duly authorized

U:\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Motion to dismiss\Reply to Opposition (cac 10-24-03).DOC

15