FILED
DISTRICT COURT OF GUAM
NOV 18 2003
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ, and NONA A. PEREZ,

   Plaintiffs,

vs.

LSG LUFTHANSA SERVICE HOLDING AG, et al.,

   Defendants.

Civil Case No. 03-00028

**ORDER**

  This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), and (6) for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, and Failure to State a Claim Upon Which Relief Can Be Granted. Upon consideration of the relevant case law, this motion, the opposition, and the reply thereto, the Court GRANTS IN PART and DENIES IN PART Defendants' motion, as discussed and ordered below.

**I. BACKGROUND.**

  In this case, Plaintiffs allege that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended. The complaint charges Defendants with three counts. Count I alleges that Plaintiff Ricardo G. "Gino" Perez ("Gino") suffered from race discrimination, a hostile work environment, retaliation, and unlawful employment practices, all

1

from Defendants. (See Compl. ¶¶ 35-59.) Count II alleges that Plaintiff Michelle D. Ramos ("Ramos") suffered from sex and race discrimination, a hostile work environment, retaliation, and unlawful employment practices, all from Defendants. (See id. ¶¶ 60-86.) Count III alleges that Plaintiff Nona A. Perez ("Nona") suffered from sex and race discrimination, a hostile work environment, retaliation, and unlawful employment practices, all from Defendants. (See id. ¶¶ 87-106.) Prior to this action, the Plaintiffs had individually filed charges with the Equal Employment Opportunity Commission ("EEOC"), which later issued to them Right to Sue Notifications. (See Answer ¶ 3.)

At all relevant times, Plaintiff Gino worked as Production Manager for Defendant LSG Lufthansa Service Guam, Inc. ("LSG Service Guam"), (Answer ¶ 26), Plaintiff Ramos worked as the manager of finance and administration for Defendants LSG Service Guam and LSG Lufthansa Service Saipan, Inc. ("LSG Service Saipan"), (Id. ¶ 22), and Plaintiff Nona worked (and still works) as an hourly employee in the Customer Service department of Defendant LSG Service Guam, (Id. ¶ 27). During the course of their employment, Plaintiffs Gino and Ramos came under the supervision of Defendant Fritz Pandalitschka ("Pandalitschka") and Plaintiff Nona came under the supervision of Defendants Pandalitschka and Kelvin Chan ("Chan"). (Id. ¶ 28.) Defendant LSG Lufthansa Service Holding AG ("LSG Service Holding") is a foreign company which has its principal place of business in Germany, (Id. ¶ 7), and which owns, directly or indirectly, each of the other corporate entities named as defendants in the complaint, (Id. ¶ 14).[1] Defendant LSG Service Guam is a corporation incorporated under the laws of Guam. (Id. ¶ 8.)[2] Defendant LSG Catering Guam, Inc. ("LSG Catering Guam") is a corporation licensed to do business in and incorporated under the laws of Guam. (Id. ¶ 9.)[3] Defendant LSG Lufthansa Service USA ("LSG Service USA") is a corporation licensed to do business in and incorporated under the laws of the United States, and which owns Defendant

---

[1] Plaintiffs further allege that all of the corporate Defendants are alter-egos of Defendant LSG Service Holding, (Compl. ¶ 14), which Defendants deny, (Answer ¶ 14).

[2] Plaintiffs further allege that LSG Service Guam is licensed to do business on Guam, (Compl. ¶ 8), which Defendants deny, (Answer ¶ 8).

[3] Plaintiffs further allege that LSG Catering Guam owns and operates LSG Service Guam, (Compl. ¶ 9), which Defendants deny, (Answer ¶ 9).

2

LSG Catering Guam. (Answer ¶ 10.)[4] Defendant LSG Lufthansa Service Asia, Inc. ("LSG Service Asia") has its principal place of business in Hong Kong, (Id. ¶ 11), and owns Defendant LSG Catering Saipan, Inc. ("LSG Catering Saipan"), (Id. ¶ 12).[5] Defendant LSG Service Saipan is a corporation licensed to do business in the Commonwealth of the Northern Mariana Islands. (Id.)[6] Defendants LSG Service Guam, LSG Catering Guam, and LSG Service Asia sometimes employ the trade name "LSG Sky Chefs." (Id. ¶ 15.)[7] Defendant Hyung K. Cheung[8] ("Cheung") is the Executive Vice President of Administration and Finance for Defendant LSG Service Asia. (Id. ¶ 18.)[9] Defendant Pandalitschka has been the Director of Operations for Defendants LSG Service Guam and LSG Service Saipan since approximately 2002. (Id. ¶ 19.) Defendant Chan has been the manager of Customer Service for Defendant LSG Catering Guam since approximately 2002, and reports to Defendant Pandalitschka. (Id. ¶ 20.) According to Plaintiffs, Defendants "Does 1 through 20 are unidentified directors, manager, administrators, agents or assigns of Defendants LSG collectively, who participated in, condoned, authorized, agreed, directed, or had notice of and failed to take action to stop the unlawful employment practices alleged by Plaintiffs," who will be added to the complaint once Plaintiffs uncover their identities. (Compl. ¶ 21.)[10]

On July 29, 2003, Plaintiffs filed their complaint against Defendants. Defendants filed

---

[4]Plaintiffs further allege that LSG Service USA operates LSG Catering Guam, (Compl. ¶ 10), which Defendants deny, (Answer ¶ 10).

[5]Plaintiffs further allege that LSG Service Asia is the regional headquarters for LSG Service Guam, LSG Catering Guam, LSG Service Saipan, and LSG Catering Saipan, (Compl. ¶ 11), and that LSG Service Guam and LSG Catering Guam report to LSG Service Asia, (Id. ¶ 13), both of which Defendants deny, (Answer ¶¶ 11 & 13).

[6]Plaintiffs further allege that LSG Asia operates and or owns and controls LSG Service Saipan, (Compl. ¶ 12), which Defendants deny, (Answer ¶ 12).

[7]Plaintiffs further allege that LSG Sky Chefs is a wholly owned subsidiary or affiliate of LSG Service Holding, (Compl. ¶ 15), with its primary offices in Texas, (Id. ¶ 16), which Defendants deny, (Answer ¶¶ 15 & 16). Also, Plaintiffs allege that the operational headquarters for all the corporate Defendants is in Dallas, Texas, with management headquarters in Germany, (Compl. ¶ 17), which Defendants also deny, (Answer ¶ 17).

[8]Defendants refer to this particular Defendant as "Hing Kai Cheung." (See, e.g., Answer ¶ 18.)

[9]Plaintiffs further allege that Cheung was Executive Vice President of Administration and Finance, which includes the Human Resources departments for the Pacific region for the corporate Defendants, (Compl. ¶ 18), which Defendants deny, (Answer ¶ 18).

[10]Defendants deny the existence of these Does. (Answer ¶ 21.)

3

their Answer and the present Motion to Dismiss on October 1, 2003. Plaintiffs filed an Opposition on October 17, 2003, to which Defendants filed a Reply herein on October 24, 2003. Oral arguments were heard on Defendants' motion on October 31, 2003.

## II. ANALYSIS.

### A. Subject Matter Jurisdiction over Nona A. Perez's Claims.

Before any other defenses, courts must first consider a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Brittain v. Provost, No. CV 97-2089 ABC, 1997 U.S. Dist. LEXIS 16078, at *7 (C.D. Cal. June 16, 1997).[11] In order for a district court to have subject matter jurisdiction over a Title VII action, a plaintiff must first exhaust administrative remedies by timely filing a charge with the EEOC and then receiving from the EEOC a right to sue letter regarding claims brought in the plaintiff's Title VII complaint. See 42 U.S.C. § 2000e-5(f)(1) (2003); see also Devereaux v. East Bay Conservation Corp., No. C 97-3065 SI, 1998 U.S. Dist. LEXIS 20435, at *4-5 (N.D. Cal. Dec. 30, 1998) (citing United Airlines, Inc. v. Evans, 431 U.S. 553-54 (1997)). If the plaintiff fails to so exhaust administrative remedies then the court must dismiss the action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Devereaux, 1998 U.S. Dist. LEXIS 20435, at *4-5. However, the court may still entertain claims that were omitted from the EEOC charge if they are "like or reasonably related" to the contents of the plaintiff's underlying EEOC charge. Id. at *5 (quoting Ong v. Cleland, 642 F.2d 316, 318 (9th Cir. 1981)). But, if, based on the EEOC charge, it would be unreasonable to expect the EEOC to investigate the plaintiff's new claims, then these new claims must be dismissed for lack of subject matter jurisdiction. Id. (citing Shah v. Mt. Zion Hosp. and Med. Ctr., 642 F.2d 268, 271 (9th Cir. 1981)).

In this case, Defendants move to dismiss Plaintiff Nona's national origin discrimination and retaliation claims against Defendants. Count III of the complaint charges Defendants with

---

[11]"When considering a Rule 12(b)(1) motion ... the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction." Brittain, 1997 U.S. Dist. LEXIS 16078, at *8 (citing McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988), cert denied, 489 U.S. 1052 (1989)).

4

committing sex, race, and national origin[12] discrimination and retaliation against Plaintiff Nona. (See Compl. at 12.) However, when indicating the theory of discrimination on the EEOC Charge, Nona checked only the box for "sex," leaving blank the boxes for "national origin," "retaliation," and "race." (See Defs.' Mot. Dismiss Ex. 9 at 2.) Plaintiffs defend Nona's national origin discrimination claim by arguing that, in order for her charge of national origin discrimination to be viable here, she did not need to check the box for national origin because "her written statement to EEOC goes into detail about a Filipina who was treated better than she, and that once she complained, she was retaliated against." (Pls.' Opp'n at 13.) However, Nona's proffered statement, written on an EEOC Questionnaire form, only incidentally identifies her Pacific Islander national origin and the Filipina national origin of the favored employee because the form specifically asks that such information be supplied. (See id. Nona Perez EEOC ¶¶ 1 & 6.) When describing and contrasting at length the special treatment received by her Filipina co-worker to the unfavorable treatment experienced by Nona, she nowhere mentions her co-worker's national origin nor her own national origin, but rather focuses on the rumored romantic relationship between the co-worker and Defendant Pandalitschka. (See id. ¶¶ 3, 5, 10, & 12.) Thus, Nona's statement to the EEOC fails to state that Nona was discriminated against due to her Pacific Islander national origin. Also, Nona's statements in the EEOC Charge fail to allege national origin discrimination because her statements therein focused almost entirely on a discrimination theory based on sex. (See Defs.' Mot. Dismiss Ex. 9 at 1-2.) Therefore, based on the information supplied by Nona in the EEOC Charge and Questionnaire, the EEOC cannot reasonably be expected to look into whether Defendants discriminated against Nona due to her national origin as a Pacific Islander. Accordingly, the Court GRANTS Defendants' motion to dismiss Nona's national origin discrimination claim against Defendants for lack of subject matter discrimination, pursuant to

---

[12] Count III does not specifically allege a claim of "national origin discrimination." (See Compl. at 12.) However, the complaint does charge that "[t]he actions by Defendants and each of them against Plaintiff Nona Perez exhibit a continuing pattern and practice of discrimination against particular persons of Pacific Islander origin." (Compl. ¶ 104.) By stating "Pacific Islander," the complaint refers to Nona's national origin, not race, because Nona has claimed that her national origin is Pacific Islander and her race is Filipina. (Pls.' Opp'n Nona Perez EEOC at 1.) Since the complaint must be construed liberally, see Romer v. 1001 California Street Homeowners Ass'n, No. C94-0366 THE, 1994 U.S. Dist. LEXIS 15536, at *7 (N.D. Cal. Oct. 21, 1994) (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (1990)), the Court reads the complaint as properly raising a national origin discrimination claim.

Rule 12(b)(1).

As for Nona's retaliation claim, the Court recognizes that the box for "retaliation" on Nona's EEOC Charge lies unchecked. (Defs.' Mot. Dismiss Ex. 9 at 2.) However, on the EEOC Questionnaire form, Nona wrote:

> I believe Mr. Pandalitschka [sic] hostile attitude toward me for the past couple of months is due to being told that I was questioning these items. I reported it to the Manager of Finance and Human Resources, Ms. Michelle Ramos, who tried to get the issues resolved but ran into problem [sic] with Mr. Pandalitschka dismissing all of it.

(Pls.' Opp'n Nona Perez EEOC ¶ 12.) The Court finds that these statements sufficiently raise a retaliation claim, and that, as a result, it would be reasonable to expect the EEOC to investigate whether at least Defendant Pandalitschka retaliated against Nona. Therefore, Defendants' motion to dismiss Nona's retaliation claim is DENIED.

Defendants do not now move to dismiss Nona's race discrimination claim. However, in keeping with the Court's continuing duty to assess its subject matter jurisdiction over claims, see FED. R. CIV. P. 12(h)(3); see also Newton v. Poindexter, 578 F. Supp. 277, 280 (E.D. Cal. 1984) (citing Augustine v. United States, 704 F.2d 1074 (9th Cir. 1983)), the Court raises sua sponte its lack of subject matter jurisdiction over Nona's race discrimination claim, due to the fact that nowhere in the EEOC Charge or Questionnaire form does Nona claim Defendants discriminated against her due to her Filipina race, (see Pls.' Opp'n Nona Perez EEOC; see also Defs.' Mot. Dismiss Ex. 9). In fact, the race of the favored co-worker is also Filipina. (Pls.' Opp'n Nona Perez EEOC ¶ 6.) Therefore, the Court ORDERS DISMISSAL of Plaintiff Nona's race discrimination claim due to the Court's lack of subject matter jurisdiction, pursuant to Rule 12(h)(3).

**B. Personal Jurisdiction over the Non-Guam Defendants.**

A party to an action may raise the defense of lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). See FED. R. CIV. P. 12(b)(2). If a party wishes to raise a Rule 12(b) defense by motion, the "motion ... shall be made before pleading if a further pleading is permitted." FED. R. CIV. P. 12(b). However, a party waives a Rule 12(b)(2) defense if it was not raised in the party's first pre-Answer Rule 12 motion or in the party's first responsive pleading (i.e., the answer) or in an amendment allowed by Rule 15(a). See Baranoff Fisheries Ltd. Partnership v. Elsey, No. 95-1476-FR, 1996 U.S. Dist. LEXIS 11838, at *6-7 (D.

6

Or. Aug. 15, 1996); see also Elder v. Holloway, 975 F.2d 1388, 1395 n.4 (9th Cir. 1991)(citing FED. R. CIV. P. 12(h)(1) and stating that the "defense[] of lack of personal jurisdiction .... [is] waived if omitted from pre-answer motion, if any, or answer"); see also Phillips v. Rubin, 76 F. Supp. 2d 1079, 1081 (D. Nev. 1999) (citing FED. R. CIV. P. 12(b) and stating that a "Rule 12 motion must be made before answer").[13]

Defendants move the Court to dismiss for lack of personal jurisdiction all "non-Guam Defendants," namely LSG Service Holding, LSG Service USA, LSG Service Asia, LSG Service Saipan, LSG Catering Saipan, and Cheung. Defendants first asserted this defense in their Motion to Dismiss, filed on October 1, 2003. However, on the same day Defendants filed the Motion, Defendants also filed their Answer but failed to raise a Rule 12(b)(2) defense therein. Therefore, Defendants' sole, chosen method of raising a Rule 12(b)(2) defense was by a motion filed contemporaneously with an answer that failed to assert the defense. Thus, because Defendants did not raise the defense in either a pre-Answer motion or in the Answer, the Court finds that Defendants have waived the defense of lack of personal jurisdiction. See, e.g., Elder, 975 F.2d at 1395 n.4. As a result, Defendants' Motion to Dismiss for lack of personal jurisdiction over all non-Guam Defendants is DENIED.

**C. Failure to State a Claim Upon Which Relief Can Be Granted against All Entities Not Named in EEOC Charges.**

"[I]t is axiomatic that the [Rule 12(b)(6)] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Mackey v. United States, No. CV 91-4761 JGD, 1991 U.S. Dist. LEXIS 18258, at *3 (C.D. Cal. Nov. 26, 1991) (quoting Hall v. City of Santa Barbara, 813 F.2d 198, 201, n.9 (9th Cir. 1986)). Courts must take as true all the non-moving party's allegations of material fact and must construe these allegations in the light most favorable to the non-movant. Id. Title VII states that "a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved." 42 U.S.C. 2000e-

---

[13] Admittedly, courts outside of the Ninth Circuit have found the defense of lack of personal jurisdiction not waived if it was raised in a motion filed before or contemporaneously with the answer. See, e.g., Roque v. United States, 857 F.2d 20, 21 (1st Cir. 1988); Tramonte v. Korean War Veteran's Ass'n, No. 01-11005-RWZ, 2002 U.S. Dist. LEXIS 7243, at *5 (D. Mass. Feb. 5, 2002) (citing Roque, 857 F.2d at 21). However, the plain language of Rule 12(b) states that a motion raising a Rule 12(b) defense such as lack of personal jurisdiction must be made prior to the pleading, which includes an answer. FED. R. CIV. P. 12(b). Therefore, the Court chooses to follow the rule as stated in the Ninth Circuit and in the district courts under the purview of the Ninth Circuit.

7

5(f)(1). Persons or entities not named in an EEOC charge cannot later be sued in a Title VII action, unless they were involved in the conduct complained about in the EEOC claims or the EEOC or defendants themselves "should have anticipated" that they would be sued by the claimant in a Title VII action. Sosa v. Hiraoka, 920 F.2d 1451, 1458-59 (9th Cir. 1990) (quoting Chung v. Pomona Valley Community Hosp., 667 F.2d 788, 792 (9th Cir. 1982)).[14] Because EEOC charges are drafted by individuals who have received no training on how to draft formal pleadings, courts should read the charges very liberally. Kaplan v. Int'l Alliance of Theatrical and Stage Employees, 525 F.2d 1354, 1359 (9th Cir. 1975) (citations omitted). Also, "[o]ne function of the administrative charge is to provide information to enable the EEOC to determine the scope of the alleged violation ...." Id. (citing Jenkins v. United Gas Corp., 400 F.2d 23, 30 n.3 (5th Cir. 1968)).

Defendant moves the Court to dismiss from this suit, pursuant to Rule 12(b)(6),[15] all Defendants who were nowhere named in the EEOC Charges[16]: LSG Service Holding, LSG Service USA, LSG Service Asia, LSG Service Saipan, LSG Catering Saipan, and Cheung. Defendant urges the Court to grant Defendants' motion to dismiss each of the aforesaid Defendants if none of the exceptions allowing unnamed parties to be sued under Title VII apply.

Plaintiff Gino's EEOC Charge states: "I complained to management about the

---

[14] Three other exceptions to this general rule exist. First, a Title VII action may proceed against a party not named in the EEOC charge if there is a principal-agent relationship between the unnamed party and the respondent named in the charge, or if the two are "substantially identical parties." Sosa, 920 F.2d at 1459 (quoting 2 A. LARSON, EMPLOYMENT DISCRIMINATION § 49.11(c)(2) (1990)). Second, if the EEOC could have inferred a Title VII violation by the unnamed party, then the party may be sued. Id. Third, the unnamed party may be sued if it had notice of the EEOC's conciliatory efforts and took part in EEOC proceedings. Id.

[15] In their Opposition, Plaintiffs argue that Defendants' motion to dismiss is a de facto motion for summary judgment because it requires the Court to look beyond the motion and complaint. However, in analyzing Defendants' Rule 12(b)(6) defenses, the Court necessarily limits review to the complaint, motion, and responses, and declines to consider the affidavits submitted by Defendants. Also, the Court looks to the EEOC Charges and other administrative records and notes that doing so does not convert Defendants' Rule 12(b)(6) defenses into a motion for summary judgment. See Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

[16] Plaintiff Gino, in his EEOC Charge, only named Defendant LSG Sky Chefs as the employer discriminating against him, (Defs.' Mot. Dismiss Ex. 7 at 2), and Plaintiffs Ramos and Nona named only Defendant LSG Service Guam as the discriminating employer, (Id. Ex. 8 at 2 & Ex. 9 at 2). Although Defendants Pandalitschka and Chan were not named as respondents on the Charges, all Plaintiffs discussed how Pandalitschka allegedly committed discriminatory acts against them, (see id. Exs. 7 at 2, Ex. 8 at 2, & Ex. 9 at 2), and Gino stated that Chan received favored treatment, (see id. Ex. 7 at 2).

8

discriminatory treatment to which I was subjected and the favoritism given to Kelvin Chan." (Defs.' Mot. Dismiss Ex. 7 at 2.) In the complaint, Plaintiffs claim that Gino reported the discrimination and retaliation to his Human Resources Liason, Ramos, who then reported the claim to Cheung in Hong Kong. (Compl. ¶ 55.) Cheung admits that he is the Executive Vice President for LSG Service Asia, which is headquartered in Hong Kong. (Defs.' Mot. Dismiss Ex. 1 at 1.) Therefore, from Gino's EEOC Charge, which the Court must construe liberally, the EEOC could infer that Defendants Cheung and LSG Service Asia violated Title VII. Also, taking the allegations of material fact made by Plaintiffs, the non-movants, to be true, the Court finds that Cheung and LSG Service Asia should have anticipated that they would be sued under Title VII. Accordingly, the Court DENIES dismissal of Defendants Cheung and LSG Service Asia on Count I of the complaint, which deals with Gino's Title VII claims.

Plaintiff Ramos' EEOC Charge states: "I complained to Management in Hong Kong. Management did not take any action to address my complaints. Also, after I complained, Mr. Pandalitschka escalated his discriminatory treatment of me." (Defs.' Mot. Dismiss Ex. 8 at 2-3.) In the complaint, Plaintiffs claim that Ramos reported the discrimination several times to Defendant Cheung, who took no action. (Compl. ¶ 68.) Therefore, from Ramos' EEOC Charge, which the Court must construe liberally, the EEOC could infer that Defendants Cheung and LSG Service Asia violated Title VII. Also, taking the allegations of the material facts made by Plaintiffs to be true, the Court finds that Cheung and LSG Service Asia should have anticipated that they would be sued under Title VII. Accordingly, the Court DENIES dismissal of Defendants Cheung and LSG Service Asia on Count II of the complaint, which deals with Ramos' Title VII claims.

Plaintiff Nona's EEOC Charge does not literally state that she complained to management about the discrimination she allegedly suffered. (See Defs.' Mot. Dismiss Ex. 9 at 2.) However, in the complaint, Plaintiffs claim that Nona "complained but Defendants LSG took no action and ignored her complaints." (Compl. ¶ 100.) During all relevant times, Nona, like Ricardo, was employed by LSG Service Guam. (See Compl. ¶¶ 26-27.) Therefore, the EEOC could infer that Nona complained to the management at her work, which would lead the EEOC to the Human Resources Liason, who would then report the discrimination to LSG Service Asia in Hong Kong and Cheung. Accordingly, the Court DENIES dismissal of

9

Defendants Cheung and LSG Service Asia from Count II of the complaint, which deals with Nona's Title VII claims.

The EEOC Charges do not specifically allege any action or inaction on behalf of the remaining Defendants unnamed in the EEOC Charges–LSG Services Holding, LSG Service USA, LSG Service Saipan, and LSG Catering Saipan. However, because courts must construe all allegations of material fact in the light most favorable to the non-moving party (Plaintiffs here) and because courts must give drafters of EEOC charges leeway as to what they write, the Court declines to take the drastic action of dismissing these remaining Defendants so early in the case. Accordingly, Defendants' motion to dismiss, pursuant to Rule 12(b)(6), Defendants LSG Services Holding, LSG Service USA, LSG Service Saipan, and LSG Catering Saipan is also DENIED.

**D. Failure to State a Claim Upon Which Relief Can Be Granted against Individual Defendants**.

The Ninth Circuit has consistently held that Title VII does not create individual or supervisor liability. See, e.g., Miller v. Maxwell Int'l, 991 F.2d 583, 587-88 (9th Cir. 1993) (stating that "the defendants argue they have no personal liability under Title VII and the ADA and [the plaintiff] received all the relief to which she was entitled when she settled with her employer. We agree."), cert. denied sub nom. Miller v. La Rosa, 510 U.S. 1109 (1994); see also Holly D. v. California Inst. of Tech., 339 F.3d 1159, 1179 (9th Cir. 2003) (stating "[w]e have consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees."). Although Title VII allows a person to be sued in his official capacity, the Ninth Circuit has only found such liability to exist in public officials working for the government, and not in employees of private entities. See Gauronski v. Busch Properties, Inc., No. CV 93-985-WMB, 1993 U.S. Dist. LEXIS 16254, at *11-12 (C.D. Cal. Oct. 12, 1993).

In the present case, Defendants move to dismiss individual Defendants Cheung, Pandalitschka, and Chan, pursuant to Rule 12(b)(6). Because these individual Defendants are merely employees of private entities, (see Compl. ¶¶ 18-20; see also Answer ¶¶ 18-20), and are not being sued as public officials employed by a governmental unit, the Court GRANTS Defendants' motion to dismiss for Plaintiffs' failure to state a claim upon which can be granted

10

against Defendants Cheung, Pandalitschka, and Chan.

**III. CONCLUSION.**

For the foregoing reasons, the Court decides as follows:

1. Pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction, Plaintiff Nona A. Perez's national origin discrimination claim is ORDERED DISMISSED WITHOUT PREJUDICE;

2. Defendants' motion to dismiss, pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction over Plaintiff Nona A. Perez's retaliation claim is DENIED;

3. Pursuant to Rule 12(h)(3), Plaintiff Nona A. Perez's race discrimination claim is ORDERED DISMISSED WITHOUT PREJUDICE;

4. Defendants' motion to dismiss, pursuant to Rule 12(b)(2), for lack of personal jurisdiction over non-Guam Defendants LSG Lufthansa Services Holding AG, LSG Lufthansa Service USA, LSG Lufthansa Service Asia, Inc., LSG Lufthansa Service Saipan, Inc., LSG Catering Saipan, Inc., and Hyung K. Cheung is DENIED;

5. Defendants' motion to dismiss, pursuant to Rule 12(b)(6), for Plaintiffs' failure to state a claim upon which relief can be granted against Defendants not named in Plaintiffs' EEOC Charges, namely LSG Lufthansa Service Asia, Inc., LSG Lufthansa Services Holding, AG, LSG Lufthansa Service USA, LSG Lufthansa Service Saipan, Inc., and LSG Catering Saipan, Inc., is DENIED;

6. Pursuant to Rule 12(b)(6), for Plaintiffs' failure to state a claim upon which relief can be granted, Defendants Hyung K. Cheung, Fritz Pandalitschka, and Kelvin Chan are ORDERED DISMISSED from the action WITH PREJUDICE.

IT IS SO ORDERED this 18th day of November, 2003.

JOHN S. UNPINGCO
District Judge

Notice is hereby given that this document was entered on the docket on 11/18/03.
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 11/18/03
Deputy Clerk       Date

11