



DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ, and NONA A. PEREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LSG LUFTHANSA SERVICE HOLDING, AG, et al.,<br><br>Defendants. | Civil Case No. 03-00028<br><br>**ORDER** |

Defendants LSG Lufthansa Service Holding, AG, LSG Lufthansa Service USA Corporation, LSG Lufthansa Service Asia, Ltd., LSG Lufthansa Service Saipan, Inc., LSG Catering Saipan, Inc., and Hyung K. Cheung filed a motion for reconsideration on November 20, 2003. The defendants ask this Court to reconsider its decision of November 18, 2003, in which the Court denied their motion to dismiss for lack of personal jurisdiction. Having reviewed the entire record and applicable law, the Court orders as follows:

1

# I. BACKGROUND.

Plaintiffs commenced this action on July 29, 2003. In the complaint, Plaintiffs allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended. Claims against the defendants include race discrimination, sex discrimination, hostile work environment, retaliation, and unlawful employment practices.

Plaintiffs allege the following: At all relevant times, Plaintiffs Ricardo G. "Gino" Perez ("Gino"), Michelle D. Ramos ("Ramos"), and Nona A. Perez ("Nona") were employed by Defendant LSG Lufthansa Service Guam, Inc. ("LSG Service Guam"). (Compl. ¶¶ 22, 26, & 27.) Gino and Ramos also worked for Defendant LSG Lufthansa Service Saipan, Inc. ("LSG Service Saipan"). (Id. ¶¶ 22 & 26.) Defendant LSG Lufthansa Service Holding, AG ("LSG Service Holding") is a foreign holding company with its principal place of business in Germany, (id. ¶ 7), which owns, operates, and controls each of the other corporate entities named as defendants in the complaint, (id. ¶ 14). All other corporate defendants are "alter-egos" of LSG Service Holding. (Id. ¶ 14.) Defendant LSG Lufthansa Service USA Corporation ("LSG Service USA") is a corporation licensed to do business in and incorporated under the laws of the United States, and which owns and operates Defendant LSG Catering Guam, Inc. ("LSG Catering Guam"). (Id. ¶ 10.) Defendant LSG Lufthansa Service Asia, Ltd. ("LSG Service Asia") has its principal place of business in Hong Kong, and is the regional headquarters for LSG Service Guam, LSG Catering Guam, LSG Service Saipan, and LSG Catering Saipan, Inc. ("LSG Catering Saipan"). (Id. ¶ 11.) LSG Service Asia also operates and/or owns and controls Defendants LSG Catering Saipan and LSG Service Saipan. (Id. ¶ 12.) Further, LSG Service Guam and LSG Catering Guam report to LSG Service Asia. (Id. ¶ 13.) Defendant LSG Service Saipan is a corporation licensed to do business in the Commonwealth of the Northern Mariana Islands. (Id.) LSG Service Guam, LSG Catering Guam, and LSG Service Asia are also known as "LSG Sky Chefs," a wholly owned subsidiary or affiliate of LSG Service Holding, (id. ¶ 15), with its primary offices in Texas, (id. ¶ 16). The operational headquarters for all corporate Defendants is in Dallas, Texas, with management headquarters in Germany. (Id. ¶ 17.)

Defendant Hyung K. Cheung[1] ("Cheung") is or was the Executive Vice President of Administration and Finance, which includes the Human Resources departments for the defendants' Pacific Asia region. (Compl. ¶ 18.) Defendant Fritz Pandalitschka ("Pandalitschka") is or was the General Manager and/or Director of Operations for Defendants LSG Service Guam and LSG Service Saipan. (Id. ¶ 19.) Defendant Kelvin Chan ("Chan") is or was employed by Defendants LSG Service Guam and LSG Service Saipan as manager of the Customer Service department, directly reporting to Pandalitschka. (Id. ¶ 20.)

Plaintiffs further allege that Defendants Cheung, Pandalitschka, and Chan subjected Plaintiffs to harassment, disparate treatment, (Compl. ¶ 30), and discrimination based on their race or national origin, (id. ¶ 29), and retaliated against Plaintiffs for complaining about the discrimination, (id. ¶ 32). Each of the corporate LSG defendants condoned, accepted, or otherwise authorized these acts of discrimination, retaliation, disparate treatment, harassment, and other unlawful employment practices, (id. ¶ 33), Plaintiffs claim.

As noted, on July 29, 2003, Plaintiffs filed a complaint. On October 1, 2003, Defendants LSG Service Guam and LSG Catering Guam filed an Answer, and all other defendants filed a motion to dismiss for lack of personal jurisdiction Defendants LSG Service Holding, LSG Service USA, LSG Service Asia, LSG Service Saipan, LSG Catering Saipan, and Cheung (collectively "Movants"). Plaintiffs filed an opposition to the motion on October 17, 2003, to which Movants filed a reply herein on October 24, 2003. Oral arguments on the motion were heard on October 31, 2003. The Court issued its Order on November 18, 2003. Movants filed the present motion on November 20, 2003.

## II. ANALYSIS.

### A. Motion for Reconsideration.

The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider

---

[1] Movants refer to this particular defendant as "Hing Kai Cheung." (See, e.g., Mot. Dismiss at 3.)

> would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare.

Flake v. United States, No. CIV-93-0306-PHX-SMM, 1995 U.S. Dist. LEXIS 19811, at *2 (D. Ariz. Dec. 7, 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Id. (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d. Cir. 1985), cert. denied, 476 U.S. 1171 (1986)).

Movants ask the Court to reconsider the denial of their motion to dismiss for lack of personal jurisdiction. Movants argue that the Court based its denial on the mistaken assumption that Movants filed an answer on the same day the motion to dismiss was filed, when Movants never actually filed an answer. (See Mot. Recons. at 3.) After reviewing the record, the Court concurs with the assertion that Movants have not filed an answer to Plaintiffs' complaint. Therefore, the Court's earlier conclusion that Movants waived the defense of lack of personal jurisdiction, due to the Court's then-understanding that Movants failed to raise the defense in a pre-Answer motion, is incorrect. Accordingly, the Court GRANTS the present motion and reconsiders Movants' defense of lack of personal jurisdiction.

**B. Personal Jurisdiction over Movants.**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Movants petition the Court to dismiss them from this lawsuit, due to lack of personal jurisdiction. Because Cheung has already been dismissed with prejudice from the action, (see Order Nov. 18, 2003, at 11), the Court determines whether it has jurisdiction only over the remaining Movants.

When the defense of lack of personal jurisdiction is raised, the plaintiff carries the burden of proving that jurisdiction over the defendant is proper. Modesto City Schs. v. Riso Kagaku Corp., 157 F. Supp. 2d 1128, 1131 (E.D. Cal. 2001) (citing Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990)). If a court does not hold an evidentiary hearing, but looks to the pleadings, affidavits, and discovery materials in deciding a motion to dismiss for lack of personal jurisdiction, then the plaintiff may meet his burden of proof by making only a prima facie showing of jurisdictional facts. Id. (citing Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir.

4

1995)). "In determining whether [the plaintiff] has met this burden, uncontroverted allegations in [the] complaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1995) (citing WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989) (internal quotation omitted)).

If subject matter jurisdiction arises out of a federal question, then jurisdiction over a person or party must meet statutory and constitutional due process requirements. Federal courts must look at the forum's long-arm statute to determine whether personal jurisdiction may be obtained. FED. R. CIV. P. 4(k)(1)(A). Because Guam's long-arm statute permits the exercise of personal jurisdiction to the full extent allowed under the Constitution, see 7 GUAM CODE ANN. § 14109 (2003), the Court need only decide whether personal jurisdiction over Movants passes constitutional muster.

Constitutional due process requirements are met when a nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted)). A federal court may have either specific or general jurisdiction over a foreign defendant. Id. Specific jurisdiction attaches "where the cause of action arises out of or has a substantial connection to the defendant's contacts with the forum." Id. (citing Hanson v. Denckla, 357 U.S. 235, 251 (1958)). On the other hand, a court obtains general jurisdiction when the defendant has substantial, continuous, and systematic contacts with the forum, regardless of whether the suit arises out of his contacts with the forum. Id. (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 n.9 (1984)).

Plaintiffs do not argue that Movants' direct contacts with the Territory of Guam justify the Court's exercise of either general or specific jurisdiction over Movants. (See Opp'n at 9-10.) Instead, Plaintiffs contend that the contacts of the Guam-based Defendants should be

imputed to Movants for purposes of establishing personal jurisdiction. (See id. at 10-11.) For support, Plaintiffs assert alter-ego[2] and agency[3] theories, (see Opp'n; see also Compl. ¶ 14 (stating that all corporate LSG Defendants are "alter-egos" of parent LSG Service Holding)), and submit as proof over one hundred pages of documentation offering glimpses into the relationships between all corporate LSG Defendants.[4]

Movants, on the other hand, argue that personal jurisdiction under any theory should not attach because none of Movants provide any services directly to the public in Guam, own any property in Guam, rent any buildings, vehicles, or other assets in Guam, have any bank

---

[2] An alter ego relationship between different corporations will be found if the plaintiff makes a prima facie showing "'(1) that there is such unity of interest and ownership that the separate personalities of [the corporations] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice.'" Am. Tel. & Tel., 94 F.3d at 591 (quoting Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1393 (9th Cir. 1984) (internal citation omitted)).

[3] "The agency test is satisfied by a showing that the subsidiary functions as the parent corporation's representative in that it performs services that are 'sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services.'" Doe, I v. Unocal Corp., 248 F.3d 915, 928 (9th Cir. 2001) (quoting Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1405 (9th Cir. 1994) (internal quotation omitted)).

[4] Through the submitted documents, Plaintiffs purport to establish the following:

[T]he "non-Guam Defendants" [sic] negotiations and control over collective bargaining agreements is controlled by LSG Holding AG in Germany ... ; LSG Holding AG in Germany controls the LSG advertising logo for Guam and the Asia offices ... ; LSG Holding AG must approve any new investments for Guam and the Asia offices, and Hong Kong controls much of the budget items otherwise for Guam ... ; the Guam/Saipan General Manager's contract was prepared and negotiated in Germany ... ; pricing for all airline customers for LSG worldwide is required to be consistent, therefore controlled by the parent corporation ... ; LSG's resident GM in Guam and Saipan reviews and approves correspondence to Hong Kong and Germany from local department managers ... ; Germany directs the manner in which "special reports to the board" were styled according to the foreign memo of April 14, 1999 ... ; LSG USA, which owns LSG Catering Guam, Inc. controls the audits and approves payments to affiliates per the consolidated balance sheet ... ; capital expenditures and budgets are reviewed and approved by LSG Holding AG, in Texas ... ; the title given to the Guam manager was directed by Germany ... [;] contract negotiations between Northwest airlines and the LSG subsidiaries, including Guam, are consistent throughout the corporations and subsidiaries .... The other Exhibits contain references to meetings for Germany, Asia/Pacific, USA, consistent hardware for communications of budgetary and financial information between Guam, Germany, and other offices, marketing directives controlled by LSG Holding AG and USA, and other indicia that show forum related contacts and activities by Defendants.

(Opp'n at 9.)

accounts in Guam, have any employees in Guam or an appointed agent in Guam to receive service of process, nor are they licensed to do business in Guam or required to, or actually do, pay any income taxes in Guam. (Mot. Dismiss at 3-4; see also Cheung LSG Asia Decl. ¶¶ 2-5; Engelen Decl. ¶¶ 2-5; Wainman LSG Service Saipan Decl. ¶¶ 2-5; Wainman LSG Catering Saipan Decl. ¶¶ 2-5; Miller Decl. ¶¶ 2-5.)

The Court finds the evidence thus far submitted to be insufficient in determining whether personal jurisdiction over Movants is appropriate. However, Plaintiffs have called to the Court's attention sufficient factual disputes and evidence regarding Movants' relations to the Guam-based Defendants to justify further discovery on the jurisdictional issue. Accordingly, the Court DEFERS ruling on the motion to dismiss and GRANTS Plaintiffs sixty days to conduct discovery on the relationship between Guam-based Defendants LSG Service Guam and LSG Catering Guam and Movants.[5]

### III. CONCLUSION.

IT IS THEREFORE ORDERED that Defendants' motion for reconsideration is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion to dismiss for lack of personal jurisdiction is DEFERRED. The Court GRANTS Plaintiffs sixty (60) days from the date of entry of this Order to conduct discovery on the relationship between "non-Guam" Defendants LSG Lufthansa Service Holding, AG, LSG Lufthansa Service USA Corporation, LSG Lufthansa Service Asia, Ltd., LSG Lufthansa Service Saipan, Inc., and LSG Catering Saipan, Inc. and Guam-based Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. The parties have until April 1, 2003 to file any supplemental briefs. Thereafter, the matter will be set for a hearing, should the Court deem one necessary.

---

[5] In Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., the Ninth Circuit similarly found that "[t]he record is simply not sufficiently developed to enable us to determine whether the alter ego or agency tests are met.... Further discovery on this issue might well demonstrate facts sufficient to constitute a basis for jurisdiction, and in the past we have remanded in just such a situation." 328 F.3d 1122, 1135 (9th Cir. 2003) (internal citation omitted).

7

Case 1:03-cv-00028   Document 41   Filed 12/24/2003   Page 7 of 8

IT IS FURTHER ORDERED that the provision in the Court's Order of November 18, 2003, dismissing Defendants' motion to dismiss for lack of personal jurisdiction is vacated.

Dated this 23rd day of December, 2003, in Hagatna, Guam.

JOHN S. UNPINGCO
District Judge

Notice is hereby given that this document was entered on the docket on 12/24/03. No separate notice of entry on the docket will be issued by this Court.

Mary L. M. Moran
Clerk, District Court of Guam

By: _____ 12/24/03
Deputy Clerk    Date

8