LIMTIACO CRUZ & SISON, PLLC
Alicia A. Limtiaco
Donna M. Cruz
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

SIDLEY AUSTIN BROWN & WOOD, LLP
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

# UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>LSG LUFTHANSA SERVICE GUAM, INC., et al.<br><br>Defendants. | CIVIL CASE NO. 03-00028<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER REQUIRING IMMEDIATE RETURN OF MISAPPROPRIATED PROPERTY |

Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively "LSG Guam" or "the Company") respectfully submit this Memorandum of Points and Authorities in support of its application for an order compelling the immediate return of all Company-owned documents and other property misappropriated by plaintiffs, Michelle D. Ramos (hereinafter "Ramos") and Ricardo G. "Gino" Perez (hereinafter "Perez") (collectively "Plaintiffs"). The evidentiary support for this application is contained in the Affidavits of Gregory Neil Davy and Alicia A. Limtiaco, filed concurrently herewith. Immediate relief is necessary because, as LSG Guam only recently learned during discovery, Plaintiffs are wrongfully in possession of the Company's confidential and proprietary documents, and have failed to return them despite the Company's demand that they do so.

## I. STATEMENT OF FACTS

### A. Plaintiffs Were Prohibited From Taking the Company's Property, Including its Confidential and Proprietary Documents

This action arises out of Plaintiffs' employment with LSG Guam. (Compl. ¶¶ 22, 26-27.) Plaintiff Ramos occupied managerial and executive positions throughout her employment at the Company, including Corporate Vice President, Treasurer and member of the Company's Board of Directors. (Affidavit of Gregory Neil Davy ("Davy Affidavit") at ¶ 6.) The Company reposed considerable trust and confidence in Ramos in those capacities. (Davy Affidavit at ¶ 6.) Plaintiff Perez worked as a Production Manager for LSG Guam for approximately one year. (Davy Affidavit at ¶ 6.)

As an officer and director, as well as in her earlier positions as Finance and Administration Manager and Chief Accountant, Ramos was entrusted with access to LSG Guam's most sensitive confidential information. (Davy Affidavit at ¶ 7.) Among other things, Ramos supervised accounting, management information systems, banking and human resources functions for the Company, negotiated contracts with insurance companies and vendors, and had regular access to employee personnel files and the Company's financial information. (Compl. ¶ 61; Davy Affidavit at ¶ 7.)

Ramos, along with Perez, was subject to the Company's personnel policies as set forth in the Employee Handbook and the Employee Conduct Policy. (Davy Affidavit at ¶ 8 and Exs. "1" and "2" thereto.) These policies explicitly provide that:

- Employees must refrain from disclosing the Company's "confidential information," which is broadly defined to include "employee names, addresses, phone numbers, customer information, compensation or hourly wages/salaries, any and all operating/sales reports, profit margins or any accounting matters whatsoever." (Employee Handbook at p.4);

- "All employee records are the sole property of LSG and are held in strict confidence," and that "[n]o Employee Records will be allowed to be removed from the Human Resources Department." (Employee Handbook at p. 17);

- "Theft of, or the unauthorized removal of, LSG's or customer property and/or property of other employees" is prohibited and is grounds for immediate suspension and termination. (Employee Handbook at pp. 28-29; Employee Conduct Policy at p.6 ¶ 1, p. 8 ¶ 11); and

-2-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION

- Employees must return all Company property on their last day of employment. (Employee Handbook at p. 16);

Ramos and Perez ended their employment in early 2003, and filed this suit on or about July 29, 2003. Pursuant to the Company's policies, none of the Plaintiffs should be in possession of any of LSG Guam's property without its consent.

**B.  Plaintiffs Have Large Volumes of Company Documents Containing Proprietary and Confidential Information**

On or about February 23, 2004, LSG Guam received Plaintiffs' initial disclosures pursuant to Federal Rule of Civil Procedure 26 and Local Rule of Practice for the District Court of Guam 26.1. (Affidavit of Alicia A. Limtiaco ("Affidavit") at ¶ 4.) To the Company's surprise, the initial disclosures included a large volume of documents belonging to the Company, many of which contain highly confidential information as defined in the Employee Handbook and Conduct Policy. (Affidavit at ¶ 4; Affidavit of Gregory Neil Davy ("Davy Affidavit") at ¶ 10. Specifically, these documents include the Company's financial data, pricing and costing data, customer contract information including volume discount information, corporate board minutes, audit summaries, profit margin data for individual customers, insurance information, inter-office memos and e-mails, private information about the Company's employees, and lock combination for the dispatcher safe.[1] (Id.)

The documents are owned by LSG Guam, not Plaintiffs. (Davy Affidavit at ¶ 11; Ex. "1"- Employee Handbook at pp. 4, 16-17, 28-29.) LSG Guam never authorized Plaintiffs to remove the documents from Company premises or to retain them at the conclusion of their employment. (Davy Affidavit ¶ 11.) In fact, the Company had no knowledge that Plaintiffs had misappropriated its property until it received Plaintiffs' initial disclosures. (Id.)

Shortly after receiving the initial disclosures, defense counsel demanded that Plaintiffs immediately return the documents, as well as any other Company property wrongfully in

---

[1] LSG Guam has not filed copies of the documents due to their confidential and sensitive nature. However, if requested by the Court, the Company will submit the documents for *in camera* review.

-3-

their possession. (Affidavit at ¶ 7 and Ex. "A".) Plaintiffs failed to respond to Defendants' demand, necessitating this ex parte application.

Because Plaintiffs refuse to return misappropriated Company property, LSG Guam requests that the Court issue an order requiring them to surrender all Company property obtained unlawfully and in violation of Company policies, including all of the Company's proprietary and confidential documents. Immediate relief is necessary because the misappropriated property includes highly sensitive information, disclosure of which will result in irreparable harm to LSG Guam and its employees. (Davy Affidavit at ¶ 13.)

## II. AN ORDER COMPELLING IMMEDIATE RETURN OF THE COMPANY'S DOCUMENTS IS WARRANTED

Plaintiffs' possession of LSG Guam's documents is a violation of Company policy and, under well-settled legal principles, constitutes common law conversion. As numerous courts have recognized, the only appropriate remedy in this circumstance is an order compelling Plaintiffs to immediately return the Company's property.

### A. Plaintiffs Have No Right to Retain LSG Guam's Misappropriated Property

Under Guam law, "[e]verything which an employee acquires by virtue of his employment, except the compensation, if any, which is due to him from his employer, belongs to the latter whether acquired lawfully or unlawfully, or during or after the expiration of the term of his employment." 18 G.C.A. § 55311. An employee's wrongful exercise of dominion over property owned by the employer constitutes common law conversion. See e.g. Oakdale Village Group v. Fong 43 Cal.App.4th 539, 543-544 (1996).[2] Conversion is a strict liability tort, and questions of the employee's good faith, lack of knowledge, and motive are ordinarily immaterial. See Burlesci v. Petersen, 68 Cal.App.4th 1062, 1066 (1998).

Thus, under Guam law, and as underscored by the Employee Handbook and Conduct Policy, LSG Guam's documents belong to the Company, not to Plaintiffs. (Davy Affidavit at ¶ 11; Ex. "1"- Employee Handbook, pp. 4, 16-17, 28-29; Ex. "2" - Conduct Policy, p. 6, ¶1, p. 8 ¶ 11.)

---

[2] Guam courts look to California law in defining the tort of conversion. See e.g. Guzman v. Tower Development, Inc., 1994 WL 549860 (D.Guam 1994).

LSG Guam entrusted Ramos with access to its proprietary and confidential documents solely in connection with her exercise of executive duties at the Company. (Davy Affidavit at ¶ 14.) The Company never authorized Ramos or the other Plaintiffs to remove these documents from its premises, to disclose them to others, or to retain them after the termination of their employment. (Davy Affidavit at ¶ 14.) By taking and refusing to return these documents, Plaintiffs have converted the documents to their own use in violation of well-settled common law, and in violation of Company policy. See Davy Affidavit; Ex. "1" – Employee Handbook; Ex. "2"- Conduct Policy; see also Pillsbury Madison & Sutro v. Schectman, 55 Cal.App.4th 1279 (1997).

### B. The Court Should Issue an Order Requiring Immediate Return of the Company's Property

This Court has the "inherent power to control the proceedings before it and to make orders which prevent the frustration, abuse, or disregard of the Court's processes." Conn v. Superior Court, 196 Cal. App. 3d 774, 785 (1987); Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Subsumed within this power is the authority to order employees to return property wrongfully taken from their former employers in connection with pending litigation. Id.; Pillsbury, Madison & Sutro v. Schectman, 55 Cal. App. 4th 1279 (1997); In re IBP Confidential Business Documents Litig., 754 F.2d 787 (8th Cir. 1985); Furnish v. Merlo, 128 Labor Cas. (CCH) 57,755 (D. Or. Aug. 29, 1994).[3]

Here, Plaintiffs wrongfully possess the Company's documents, disclosed them as part of the discovery process, and seek to use them for their own purposes. In similar circumstances, courts have repeatedly ordered employees to return the documents to their rightful owner.

For example, in Pillsbury Madison & Sutro v. Schectman, 55 Cal.App.4th 1279 (1997), former employees surreptitiously removed originals and copies of documents from their

---

[3] Likewise, under Federal Rule Civil Procedure 26(c), upon good cause shown, the Court is authorized to make any order which justice requires to protect a party from annoyance, embarrassment, oppression, undue burden or expense. See also United States v. CBS, Inc., 666 F.2d 364, 369 (9th Cir. 1982) ("a court may be as inventive as the necessity of a particular case requires in order to achieve the purposes of the discovery rules.") This power authorizes the court to compel the return of documents pursuant to a protective order. KL Group v. Case, Kay & Lynch, 829 F.2d 909, 817-19 (9th Cir. 1987) (affirming district court's order requiring return of inadvertently disclosed privileged letter); McCafferty's v. Bank of Glen Burne, 179 F.R.D. 163, 170 (D. Md. 1998) (order compelling party to return privileged memo pilfered from company trash.)

former employer's office for use in litigation against the employer. Affirming a preliminary injunction ordering the employees to return the documents, the Court noted that the defendant-employers "have, and have always had, the right to keep their own documents until met with proper discovery requests or ordered to disclose them by the Court." Id. at 1285.

Similarly, in Conn, a former employee of Farmers Group took three boxes of Farmers' documents with him after he was terminated, claiming they were his "personal files." Those documents included in-house notes, reports, memoranda, and original communications to and from outside counsel. Farmers sought an order compelling Conn and his counsel to surrender the documents, which Conn resisted, claiming he needed the documents to prepare his lawsuit against Farmers.

The trial court ordered Conn and his attorney to return the documents, concluding that "whether some of the documents may be ultimately discoverable, defendants have, and have always had, the right to keep their own documents until met with proper discovery requests or ordered to disclose them by the court." 196 Cal. App. 3d at 781. The Court of Appeal affirmed a contempt order against Conn for failing to return the documents, ruling the trial court had the "inherent power to control the proceedings before it and to make orders which prevent the frustration, abuse, or disregard of the Court's processes." Id. at 785. See also In re IBP Confidential Business Documents Litig., 754 F.2d 787 (8th Cir. 1985) (former employee must return documents to employer he improperly took with him when he terminated employment); Furnish v. Merlo, 128 Labor Cas. (CCH) 57,755 (D. Or. Aug. 29, 1994) (terminated employee not privileged to copy and retain employer's confidential documents).

These cases are dispositive. Plaintiffs' conversion and retention of Company documents violates LSG Guam's ownership right to the documents, and runs contrary to the policy supporting the Court's administration of an orderly resolution of disputes. See Pillsbury, 55 Cal. App.4th 1279; cf. O'Day v. McDonnel Douglas Helicopter Co., 79 F.3d 756 (9th Cir. 1996) (Applying after-acquired evidence doctrine, the Court stated "we are loathe to provide employees an incentive to rifle through confidential files looking for evidence that might come in handy in later litigation.")

If the Court fails to order the immediate surrender of documents, irreparable injury will result not only to the business interests of LSG Guam, but also to the privacy interests of its employees, whose confidential personnel records are among the documents in Plaintiffs' control. (Davy Affidavit at ¶ 15.) As explained above, the documents include financial data about the Company, corporate board minutes, audit summaries, profit margin data for individual customers, insurance information, and private information about the Company's employees. Disclosure of such commercially sensitive information to third parties could significantly damage the Company's competitive position. (Davy Affidavit at ¶ 15.) Further, Plaintiffs' continued possession of employee data, including compensation information, compromises these employees' privacy rights. (Id. at ¶ 15.)

Thus, under Conn, Pillsbury and other cases cited above, the Court should issue an order requiring the prompt return of all Company property wrongfully possessed by Plaintiffs, including all copies of the Company's documents included with Plaintiffs' initial disclosures.

## III. CONCLUSION

For the foregoing reasons, defendants LSG Guam respectfully request that the Court grant its ex parte application and enter an order compelling Plaintiffs to return its property forthwith.

Dated: March 19, 2004

LIMTIACO CRUZ & SISON, PLLC

By: _____
ALICIA A. LIMTIACO,
Counsel For Defendants LSG Lufthansa
Service Guam, Inc. and LSG Lufthansa
Catering Guam, Inc.

By: _____
DONNA M. CRUZ,
Counsel For Defendants LSG Lufthansa
Service Guam, Inc. and LSG Lufthansa
Catering, Guam, Inc.