1  LIMTIACO CRUZ & SISON PLLC
   MVP Business Center
2  777 Route 4, Suite 11B
   Sinajana, Guam 96910
3  Telephone: (671) 477-0000
   Facsimile: (671) 477-0001
4
   SIDLEY AUSTIN BROWN & WOOD LLP
5  Peter I. Ostroff (SBN 045718)
   Max C. Fischer (SBN 226003)
6  555 West Fifth Street, Suite 4000
   Los Angeles, California 90013-1010
7  Telephone: (213) 896-6000
   Facsimile: (213) 896-6600

# UNITED STATES DISTRICT COURT
# OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, et al. | CIVIL CASE NO. 03-00028 |
| Plaintiffs, | |
| vs. | **AFFIDAVIT OF GREGORY NEIL DAVY** |
| LSG LUFTHANSA SERVICE GUAM, INC., et al. | |
| Defendants. | |

I, GREGORY NEIL DAVY, being duly sworn, under penalty of perjury, deposes and says:

1. I make this Affidavit, having personal knowledge of all the facts stated herein.

2. I am competent to testify to matters stated herein and would testify in any trial or hearing concerning this matter.

3. I am the General Manager of LSG Lufthansa Service Guam, Inc. LSG Catering Guam, Inc. is the holding company for LSG Lufthansa Service Guam, Inc. (collectively "LSG Guam").

4. I submit this Affidavit in support of LSG Guam's application for an order compelling the immediate return of all Company-owned documents and other property misappropriated by plaintiffs, Michelle D. Ramos ("Ramos") and Ricardo G. "Gino" Perez ("Perez") (collectively "Plaintiffs").

5. Immediate relief is necessary because, as LSG Guam only recently learned during discovery, Plaintiffs are wrongfully in possession of the Company's confidential and proprietary documents, and have failed to return them despite the Company's demand that they do so.

6. Plaintiff Ramos occupied managerial and executive positions throughout her employment at the Company, including Corporate Vice President, Treasurer and member of the Company's Board of Directors. The Company reposed considerable trust and confidence in Ramos in those capacities. Plaintiff Perez worked as a Production Manager for LSG Guam for approximately one year.

7. As an officer and director, as well as in her earlier positions as Finance and Administration Manager and Chief Accountant, Ramos was entrusted with access to LSG Guam's most sensitive confidential information. Among other things, Ramos supervised accounting, management information systems, banking and human resources functions for the Company, negotiated contracts with insurance companies and vendors, and had regular access to employee personnel files and the Company's financial information. (Compl. ¶ 61.)

8. Ramos, along with Perez, was subject to the Company's personnel policies as set forth in the Employee Handbook and the Employee Conduct Policy. (Exs. "1" and "2".) These policies explicitly provide that:

- Employees must refrain from disclosing the Company's "confidential information," which is broadly defined to include "employee names, addresses, phone numbers, customer information, compensation or hourly wages/salaries, any and all operating/sales reports, profit margins or any accounting matters whatsoever." (Employee Handbook at p.4);

- "All employee records are the sole property of LSG and are held in strict confidence," and that "[n]o Employee Records will be allowed to be removed from the Human Resources Department." (Employee Handbook at p. 17);

- "Theft of, or the unauthorized removal of, LSG's or customer property and/or property of other employees" is prohibited and is grounds for immediate termination. (Employee Handbook at pp. 28-29; Employee Conduct Policy at p.6 ¶ 1, p. 8 ¶11); and

- Employees must return all Company property on their last day of employment. (Employee Handbook at p. 16);

9. Ramos and Perez ended their employment in early 2003, and filed this suit on or about July 29, 2003. Pursuant to the Company's policies, none of the Plaintiffs should be in possession of any of LSG Guam's property without its consent.

10. On or about February 23, 2004, LSG Guam received Plaintiffs' initial disclosures pursuant to Federal Rule of Civil Procedure 26 and Local Rule of Practice for the District Court of Guam 26.1. I reviewed the initial disclosures and to my surprise, the initial disclosures included a large volume of documents belonging to the Company, many of which contain highly confidential information as defined in the Employee Handbook and Conduct Policy. Specifically, these documents include the Company's financial data, pricing and costing data, customer contract information including volume discount information, corporate board minutes, audit summaries, profit margin data for individual customers, insurance information, inter-office memos and e-mails, private information about the Company's employees, and lock combination for the dispatcher safe.

11. The documents are owned by LSG Guam, not Plaintiffs. (Ex. "1"-Employee Handbook at pp. 4, 16-17, 28-29.) LSG Guam never authorized Plaintiffs to remove the documents from Company premises or to retain them at the conclusion of their employment. In fact, the

-3-

1 Company had no knowledge that Plaintiffs had misappropriated its property until it received and
2 reviewed Plaintiffs' initial disclosures.

3     12.    Shortly after receiving the initial disclosures, on or about March 14, 2004, defense
4 counsel demanded that Plaintiffs immediately return the documents, as well as any other Company
5 property wrongfully in their possession. (Affidavit at ¶ 7 and Ex. "A".) Plaintiffs failed to respond
6 to Defendants' demand, necessitating this ex parte application.

7     13.    Because Plaintiffs refuse to return misappropriated Company property, LSG Guam
8 requests that the Court issue an order requiring them to surrender all Company property obtained
9 unlawfully and in violation of Company policies, including all of the Company's proprietary and
10 confidential documents. Immediate relief is necessary because the stolen property includes highly
11 sensitive information, disclosure of which will result in irreparable harm to LSG Guam and its
12 employees.

14     14.    As underscored by the Employee Handbook and Conduct Policy, LSG Guam's
15 documents belong to the Company, not to Plaintiffs. (Ex. "1" - Employee Handbook, pp. 4, 16-17,
16 28-29; Ex. "2" - Conduct Policy, p. 6 ¶1, p. 8. ¶11) LSG Guam entrusted Ramos with access to its
17 proprietary and confidential documents solely in connection with her exercise of executive duties at
18 the Company. The Company never authorized Ramos or the other Plaintiffs to remove these
19 documents from its premises, to disclose them to others, or to retain them after the termination of
20 their employment.

21     15.    If the Court fails to order the immediate surrender of documents, irreparable injury
22 will result not only to the business interests of LSG Guam, but also to the privacy interests of its
23 employees, whose confidential personnel records are among the documents in Plaintiffs' control.
24 As explained above, the documents include financial data about the Company, corporate board
25 minutes, audit summaries, profit margin data for individual customers, insurance information, and
26 private information about the Company's employees. Disclosure of such commercially sensitive
27 information to third parties could significantly damage the Company's competitive position.
28

-4-

Case 1:03-cv-00028   Document 47   Filed 03/19/2004   Page 4 of 13

Further, Plaintiffs' continued possession of employee data, including compensation information, compromises these employees' privacy rights.

Further your affiant sayeth naught.

Dated this 19th day of March 2004.



GREGORY NEIL DAVY

SUBSCRIBED AND SWORN to before me this 19th day of March 2004.



NOTARY

ROSA L. RESENDEZ
NOTARY PUBLIC
In and For Guam, U.S.A.
My Commission Expires: Nov. 5, 2005
180 Oceanview Drive Piti, Guam 96915





# Employee Handbook

## Guam and Saipan

Revised
October 1998

**Exhibit 1**

## CONFIDENTIAL INFORMATION

LSG's confidential information must not be disclosed with any unauthorized individuals. If you are not sure how to answer questions regarding LSG's business matters, you must inquire with your Department Manager for further instructions. Confidential information that may not be released to people outside LSG including, but is not limited to: employee names, addresses, phone numbers, customer information, compensation or hourly wages/salaries, any and all operating/sales reports, profit margins or any accounting matters whatsoever.

Anyone who discloses confidential information will be subject to disciplinary action up to and including termination.

## DRUG FREE WORKPLACE

We operate and maintain a "drug free" workplace in voluntary compliance with the Drug Free Workplace Act (Public Law 100-690). We operate under the US Department of Transportation's - Drug Free Workplace regulations that cover LSG employees who drive or maintain our motor vehicles.



We will make every effort to transfer qualified employees to other departments, based on: 1) position, 2) work performance, 3) ability, and 4) seniority. When work becomes available, employees who were laid off will be called back to work based on: 1) position 2) work performance, 3) ability, and 4) seniority.

If your layoff constitutes a qualifying event under COBRA, you may be entitled to continuation of your medical and dental insurance coverage. The Human Resource Department will advise you of your options.

## REHIRE

Employees who are laid off and rehired within three (3) months, will retain their previous seniority. The rate of pay will be determined by the new job position and not necessarily at their previous compensation/wage rate. If employees are rehired after being laid off for more than three (3) months, their status will be that of a <u>newly hired person</u>, with seniority starting from the date of rehire. The rate of pay will be determined by the job for which they are newly employed not at their previous compensation/wage rate. All rehired employees will be required to complete an introductory period of three (3) months.

## RESIGNATION

All employees are asked to give two (2) weeks notice when resigning. Employees who resign without notice will not be considered for rehire. Any outstanding charges must be settled in full before the last work day. All resigning employees must turn in keys, ID cards, uniforms or any other company owned property on the last day of employment. Paychecks of resigning employees will be issued on the next regular payday following resignation. Final paychecks will not be dispensed until the employee has verified compliance with the Human Resource Department.

Department Heads/Managers are required to give three (3) months notice for resignation. Resignation notices for a shorter period of time will be considered and granted subject to the Managing Director's approval.

## TERMINATION OF EMPLOYMENT

LSG tries very hard to employ people we feel reasonably sure are qualified to perform the required work, who are conscientious in the performance of that work, and who will be compatible with other LSG employees. However, if it is determined that any employee cannot work satisfactorily, or is not compatible, it will be necessary to terminate the employment agreement in order to keep LSG's business in a strong competitive position.

## EMPLOYMENT OF RELATIVES

Employment decisions are always made on the basis of merit. Employment of relatives is acceptable but we do not permit any direct Supervisory Relationship to exist between relatives.

For this purpose, relatives are considered to be an employee's spouse, children, mother, father, brother, sister, immediate in-laws, and immediate aunts, uncles, 1st cousins, nephews, nieces and grandparents.

## SUPERVISORS

Your Supervisor has the authority to assign work, direct employees, evaluate work and consult with the Department Manager and other management, on production problems and needs. These individuals have the authority to exercise independent judgment.

Supervisors are paid at a different rate than non-supervisory employees and regularly attend management meetings. Supervisors are part of management and therefore ineligible to participate in any union activities. Any supervisor who becomes involved in any attempt to unionize our company will be terminated immediately.

## EMPLOYEE RECORDS

All employee records are the sole property of LSG and are held in strict confidence. Whenever, any employee action is taken, such as a raise, letter of commendation, reprimand or other disciplinary action, a copy will be filed in the employees file and a copy will be given to the employee.

In order to keep the personnel records up-to-date, and so that you can be contacted in case of an emergency, you must ensure that we have your correct address, phone number and the number of dependents, at all times.

Review of Employee Records needs to be scheduled with the Human Resource Department. No Employee Records will be allowed to be removed from the Human Resource Department.

## 3. COMPENSATION

## COMPENSATION PHILOSOPHY

LSG's philosophy is to pay wages and provide benefits (consistent to our level of business and profitability) competitive to those paid for similar work done at other companies within our

## Progressive Disciplinary Procedures:

1. **Verbal Warnings and Counseling:** Minor breaches in LSG policy, unsatisfactory performance, improper conduct, poor attendance, etc. will result in a verbal warning and counseling by your immediate Supervisor/Department Manager.

2. **Written Warnings and Counseling:** More serious violations of the rules or the continuous infractions of previous verbal warnings will be given as a documented written warning and counseling. Written warnings will consist of the details of the infraction, misconduct, poor performance, etc., that caused the disciplinary action. It will outline the necessary actions to be taken to remedy the situation, any period of review, etc.

3. **Suspension Without Pay:** If verbal warnings, counseling and written warnings do not result in a change in behavior. LSG has the right to suspend you without pay for an indefinite period of time, depending on the seriousness of the offense. This action can only be authorized by Senior Management.

4. **Termination of Employment:** Continued infractions of LSG's rules and regulations will result in termination of employment. The final decision of termination can only be taken by the Managing Director after all records and information have been reviewed.

5. **Termination Without Warning:** LSG may, at its discretion, immediately terminated from service any employee who commits an act of serious misconduct, or a major breach of duty or conduct that brings LSG into disrepute.

6. Any employee who receives three (3) disciplinary actions, for any reason, within a twelve (12) month period will be terminated.

EXAMPLES inappropriate behavior or misconduct that will result in disciplinary action:

1. The taking of drugs or alcoholic beverages or any other intoxicating substance, prior to reporting to work, that impairs your ability to conduct your duties.

2. Failure to complete reasonable instructions from personnel authorized to issue such instructions, or when it is likely that you may endanger your own safety or that of others, LSG's or its customers property or the reputation of LSG.

3. Conduct likely to prejudice the interest of LSG.

4. Disregard for hygiene regulations, including smoking in prohibited areas.

5. Any act of violence while on LSG's premises or while on duty.

6. Theft of, or the unauthorized removal of, LSG's or customer property and/or property of other employees.

LSG Sky Chefs
handbook.doc

11/23/98

7. Negligent handling, vandalism and/or unlawful/unauthorized use of LSG's or customers goods and/or property.

8. Failure to maintain to satisfactory standards, any licenses required to carry out the duties for which you were employed.

9. Any irregularities involving time cards or the time clock, including intentionally clocking in/out another employees time card.

10. Failure to report an accident.

11. Discrimination and/or Sexual Harassment.

These are just a few examples of things that will bring about disciplinary action, the list is not all-inclusive. In cases involving theft, dishonesty, falsification of information, alcohol, controlled substances, weapons, fighting or harassment, a single offense can result in immediate suspension and later, termination.

## GRIEVANCE PROCEDURE

LSG treats all employees fairly, impartially and with dignity and respect. To provide prompt consideration of complaints and grievances that may arise concerning wages, hours and conditions of employment, we have a grievance procedure. It is important that problems be solved early, so you are encouraged to go to your supervisor or the Human Resource Department when you have a complaint or problem pertaining to your job.

LSG encourages individuals who believe they are being discriminated against and/or harassed to firmly and promptly notify the offender that his or her behavior is unwelcomed or unwanted. LSG also recognizes that power and status disparities between an alleged harasser and a target may make such a confrontation ineffective, impossible or very uncomfortable. In the event that such informal direct communication between individuals is ineffective, impossible or uncomfortable, the following steps should be followed in reporting a grievance and/or harassment (sexual or otherwise) complaint.

### Notification of Appropriate Staff

Individuals who believe they have been subjected to or are aware of incident(s) of discrimination and/or harassment, or who have a grievance, must report the incident(s) to the Human Resource Manager. In the event that the complaint involves the Human Resource Manager, then the complaint should be made to the Managing Director who will conduct the investigation.

Our three step grievance procedure has been designed to take care of problems at the lowest level possible and involve as few people as possible. Always go to step one first, then proceed if not satisfied with results.

# RULES OF CONDUCT

There are certain Rules of Conduct that are considered to be **"_SEVERE OR GROSS MISCONDUCT"_** and can result in immediate termination of employment regardless of the past work record and the Employee's length of service.

## THEFT

1. Every Employee has the responsibility to protect and safeguard the company's property and the property of the Customers and Employees. No Employee will be in unauthorized possession of any property of LSG, its Customers or Employees, or attempt to remove such property from LSG premises. Theft in any form is grounds for immediate discharge.

## DISCRIMINATION OR HARASSMENT

2. Discrimination or harassment for reasons related to Sex, Color, Race, Religion, National Origin, Age, Handicap, or Vietnam Veterans status is strictly prohibited. Harassment, sexual or otherwise, will be investigated and disciplinary action will be taken. Any Employee that creates an atmosphere of discrimination or harassment, whether intended or not, will be terminated.

## BEING UNTRUTHFUL

3. No Employee shall submit or allow someone else to submit inaccurate or untruthful statements or information for or on any LSG record, report or other document, or in any LSG proceeding or investigation. Employees are required to cooperate in all LSG investigations. False statements, information, or being untruthful with LSG's management is strictly prohibited.

Page 6

The following **GENERAL RULES OF CONDUCT** are considered serious but not included in the classification of "gross misconduct" .Any Employee that violates the following rules will receive disciplinary action from a verbal warning up to and including termination of employment depending upon the Employee's past work record, the Employee's length of service with LSG and, the gravity of the violation.

8. Employees are charged with insuring all work is performed in a professional and safe manner. Every Employee must comply with safety regulations and procedures, including the use of all required safety equipment. The negligent use, damage to, or abandonment of LSG or Customers property is prohibited. All accidents resulting in damage to persons or property must be promptly reported to LSG management.

9. All duties are to be performed in a courteous, helpful and businesslike manner both with regard work assignments and one's relationship with other Employees and Customers. Employees will maintain a presentable appearance at all times while on duty or when in uniform, and will wear clothing appropriate for their duties.

10. An Employee may not perform any act which is detrimental to the welfare or reflects unfavorably on LSG or its Employees. Public statements or displays by Employees which are adverse to the business interests of LSG/Sky Chefs are not permitted without the specific approval of the General Manager.

11. Employees will not remove from LSG premises, or disclose to others, information in LSG records or related to LSG affairs without prior authorization.

Page 8

Case 1:03-cv-00028    Document 47    Filed 03/19/2004    Page 13 of 13