LIMTIACO CRUZ & SISON, PLLC
777 Route 4
MVP Business Center, Suite 11B
Sinajana, Guam 96910
Telephone: 671-477-0000
Facsimile: 671-477-0001
Email: guamlaw@ite.net

*Attorneys for Defendants*

FILED
DISTRICT COURT OF GUAM
MAR 2 4 2004
MARY L. M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ and NONA A. PEREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LSG LUFTHANSA SERVICE HOLDING AG; LSG LUFTHANSA SERVICE (LSG) GUAM, INC.; LSG CATERING GUAM, INC.; LSG LUFTHANSA SERVICE USA CORPORATION; LSG LUFTHANSA SERVICE (LSG) ASIA, LTD.; LSG LUFTHANSA SERVICE (LSG) SAIPAN, INC.; LSG CATERING SAIPAN, INC.; LSG SKY CHEFS; and DOES 1 through 20,<br><br>Defendants. | Civil Case No. 03-00028<br><br><br><br>**DEFENDANTS NOTICE OF MOTION; MOTION FOR ATTORNEYS' FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULES 30(b) AND 30(g) FOR FAILURE TO APPEAR AT DEPOSITION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on _____ at the hour of _____ __.m., Defendants LSG Catering Guam, Inc., LSG Lufthansa Service Guam, Inc., LSG Lufthansa Service (LSG) Saipan, Inc, and LSG Catering Saipan, Inc. (collectively "Defendants"), by and through their counsel, the Law Offices of Limtiaco Cruz & Sison, PLLC (hereinafter "LCS"), shall move the court,

pursuant to Federal Rules of Civil Procedure Rules 30(b) and 30(g), for an order awarding their counsel of record monetary sanctions, for reasonable attorneys' fees in the amount of $8,456.25, and such other relief as the court deems proper, as a result of the Plaintiffs failure to appear and attend a duly noticed deposition by Plaintiffs that had been scheduled for February 23, 2004, and to which Plaintiffs and their attorney of record failed to attend.

Dated this 22nd day of March, 2004.

LIMTIACO CRUZ & SISON, PLLC

By: /s/ Donna Cruz
DONNA M. CRUZ, Esq.
a duly licensed employee.

**MOTION FOR ATTORNEYS' FEES AND COSTS UNDER FRCP 30(b) and 30(g)**

**COME NOW** Defendants by and through their counsel, the Law Offices of LCS, and move this Court, pursuant to Rules 30(b) and 30(g) of the Federal Rules of Civil Procedure, for an order requiring Plaintiffs to pay Defendants the sum of $8,456.25 for expenses and attorneys fees, on the grounds that:

1. On February 20, 2004, Plaintiffs served Defendants with notice of the taking of the deposition on oral examination of a designated representative of LSG Lufthansa Service (LSG) Guam, Inc. and a designated representative of LSG Lufthansa Service (LSG) Saipan, Inc. on February 23, 2004 at 1:00 p.m. to be conducted at the Law Offices of Sandra D. Lynch, Esq., 207 Martyr Street, Suite 3, Hagatna, Guam 96910. A copy of this notice is attached as Exhibit "A".

2. In reliance on that notice, counsel for Guam Defendants and the designated representative of Defendants attended at the date, time and place specified, but none of the Plaintiffs nor their counsel,

2

Attorney Sandra D. Lynch ("Lynch"), appeared for the deposition.

3. The designated representative of Defendants, Inc. Mr. Neil Davy ("Davy"), was attending to business in Saipan, CNMI when he received an urgent voice message from Attorney Donna M. Cruz (hereinafter "Cruz") to contact the Law Office of Limtiaco Cruz & Sison, PLLC for a meeting scheduled on February 21, 2004 at 9:00 a.m..

4. Attorneys Alicia A. Limtiaco (hereinafter "Limtiaco") and Ms. Cruz, counsels for Defendants, spent the sum of $8,456.25 to prepare and attend the deposition, and $8,456.25 are reasonable attorneys fees for such services given the lack of reasonable notice for such deposition and the short time to prepare for such deposition. See Exhibit "B".

The motion will be based on this notice, the attached Memorandum of Points and Authorities, the attached affidavits of Ms. Limtiaco, Ms. Cruz, and Mr. Davy, the papers and records on file in this action, the exhibits attached, and such oral and/or documentary evidence to be presented at the hearing at the United States District Court for the District of Guam, 520 W. Soledad Avenue, Hagåtña, Guam.

## MEMORANDUM OF POINTS AND AUTHORITIES

### PROCEDURAL BACKGROUND

On December 24, 2003, Chief Judge, John S. Unpingco issued a Decision and Order on the non-Guam Defendants, namely, LSG Lufthansa Service Holding, AG, LSG Lufthansa Service USA Corporation, LSG Lufthansa Service Asia, Ltd., LSG Lufthansa Service Saipan, Inc. and LSG Catering Saipan, Inc.'s (hereinafter "non-Guam Defendants") Motion for Reconsideration. The Court granted the Motion for Reconsideration but deferred ruling on the non-Guam Defendants Motion to Dismiss stating that the evidence thus far submitted was insufficient in determining whether personal jurisdiction over the non-Guam Defendants was appropriate. The Court then granted Plaintiffs request

to conduct limited discovery on the relationship between the non-Guam based Defendants and the Guam based Defendants.

Counsel for Defendants made several attempts in December 2003 and January 2004 to contact Plaintiffs' counsel regarding discovery on the jurisdictional issues as referenced in the Court's December 24, 2003 Order, and to meet and confer over the exchange of documents pursuant to the Local Rules. None of the telephone calls to Plaintiffs' counsel were returned and no attempts to contact the Law Offices of LCS were made. See Exhibit "C". On February 17, 2004, the Law Offices of LCS received a letter from Plaintiffs' counsel requesting to schedule a deposition on a designated representative of LSG Lufthansa Service (LSG) Guam, Inc. and a designated representative of LSG Lufthansa Service (LSG) Saipan, Inc. The request was vague and informal and did not comply with the requirements of Federal Rule 30(b)(6) which specified that the deponent entity be named and the matters on which the examination is requested be described with reasonable particularity. In addition, the request did not appear to be limited to the relationship between the non-Guam based Defendants and the Guam based Defendants. See Exhibit "A". On February 20, 2004 at approximately 5:21 p.m., on the eve of the expiration of sixty (60) day deadline imposed by the Court, the Plaintiffs served the Guam Defendants, through counsel of record, a notice to take the deposition of a designated representative of LSG Lufthansa Service Guam, Inc. and LSG Lufthansa Service Saipan, Inc.

The notice was extremely vague as to whom was to be deposed, requiring only that the Complainant will take the deposition of LSG Lufthansa Service Holding AG and that such designated representative be present and that this representative be prepared to discuss the relationships between the Asia offices, USA offices, Hong Kong offices and German offices involving finances, advertising, directives, hiring, contracts with airlines, personnel and service. See Exhibit "A". In addition, the notice was served without giving the Defendants a reasonable amount of time to determine who the

4

designated representative would be and was so overly broad thereby requiring Defendants and their counsel to spend many long hours over the weekend in preparation for the deposition.

On Monday, February 23, 2004, Mr. Davy, the designated representative of the Defendants, along with counsels, appeared at the Law Offices of Ms. Lynch. Upon arrival at the designated time, place and date, Mr. Davy and counsels were informed by Plaintiffs' attorney's staff members that she was not available and that she was attending a Continuing Legal Education (CLE) course, and that the notice of deposition stated the wrong date, i.e., that the deposition should have been set for February 24, 2004, and not for February 23, 2004. Ms. Limtiaco spoke with Plaintiffs' counsel on the telephone and indicated that neither the Defendants nor her office were notified of any cancellation of the scheduled deposition, and reiterated the Defendants objection to the untimely scheduling of the deposition at such a late juncture in light of the court ordered jurisdictional discovery deadline of February 23, 2004, and that the notice of deposition was vague. Plaintiffs' counsel then indicated that she was waiving the taking of the designated corporate representative's deposition and that she had enough information to proceed in court on the jurisdictional issue without the deposition of the designated representative. See the Affidavits of Ms. Limtiaco, Ms. Cruz and Mr. Davy, respectively. After waiting a reasonable amount of time, Ms. Limtiaco, Ms. Cruz and Mr. Davy left because counsel for the Plaintiffs and Plaintiffs failed to appear.

Moving Defendants now submit this Motion pursuant to Federal Rules of Civil Procedure 30(b) and 30(g), requesting that Plaintiffs pay for all costs and fees incurred by the Defendants and their counsel in connection with the notice of deposition to take place on February 23, 2004 at 1:00 p.m. at the Law Offices of Sandra Lynch which was received by the Defendants on February 20, 2004 at 5:21 p.m.

5

**ARGUMENT**

The district court has great latitude when determining whether or not to impose sanctions against a party or the party's attorney for failing to follow the mandated deposition and discovery rules set forth in Federal Rules of Civil Practice. See *U.S. for Use and Benefit of Wiltec Guam, Inc. v. Kahaluu Construction Co., Inc.*, 857 F.2d 600 (9th Cir. 1988) citing *Halaco Engineering Co. v. Costle*, 843 F.2d 376, 379 (9th Cir. 1988).

Parties engaged in a civil action have a duty to each other to abide by the rules set forth in the Federal Rules of Civil Practice to ensure that any delays or expenses relating to discovery are kept to a reasonable standard. Any violation of these rules allows the court to impose monetary sanctions or otherwise against any party failing to comply. See FRCP 11.

Rule 30(b)(1) of the Federal Rules of Civil Procedure provides that "a party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action". Although the rules do not require any specific number of days because reasonableness could depend upon the circumstances, it has been noted in other jurisdictions that two days was unreasonable and that six days could be deemed unreasonable absent some reason counsel could not attend. See *Vardon Golf Sales, Inc. d/b/a and Under Assumed Name of: Golf Mart, Inc.*, 1989 WL 153335 citing *Hart v. United States*, 772 F.2d 285, 286 (6th Cir. 1985), *Lloyd v. Cessna Aircraft Co.*, 430 F.Supp.25 (E.D.Tenn.1976), and *Pearl v Keystone Consolidated Industries, Inc.*, Nos. 882488, slip op. at 9 (7th Cir. Sept.25, 1989).

In accordance with the court's Local Rule 6.1, computation of time in any civil proceeding is governed by Rule 6 of the Federal Rules of Civil Procedure. Rule 6 provides that when the period of time is less than eleven days, intermediate Saturdays, Sundays and legal holidays are excluded in the

6

computation. Under these rules, it is clear that the Defendants did not receive reasonable notice of the deposition and had less than five (5) hours to prepare for such deposition. In fact, when using the computation guidelines found in Rule 6, defendants were given no reasonable notice at all. The Notice of Deposition was served on Defendants' counsel after business hours at 5:21 p.m. on Friday evening, February 20, 2004, with the scheduled deposition to take place the following Monday afternoon at 1:00 p.m., February 23, 2004.

February 23, 2004 also represented the final day for plaintiffs to conduct any discovery in accordance with the Court's December 24, 2003, Order issued pertaining to the relationship between the non-Guam based Defendants and the Guam based Defendants.

Rule 30(b)(6) of the Federal Rules of Procedures states:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

0The deposition notice failed to give notice under F.R.C.P. 30(b)(6) in that it requested for corporate representatives for LGS Lufthansa Service (LSG) Guam, Inc. and LSG Lufthansa Service (LSG) Saipan, Inc. while stating in the body of the pleading that a deposition of LSG Lufthansa Service Holding AG would take place. The mention of all three entities made it undeterminable as to which entity was to be deposed and was interpreted as being vague and overly burdensome. Because it was vague and overly burdensome, it was unreasonable and defective.

7

Rule 30(g)(1) of the Federal Rules of Civil Procedure also provides:

> (1) If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

Courts have consistently interpreted Rule 30(g) to allow an award of expenses and attorneys fees where the party noticing the deposition not only fails to attend but also fails to deliver sufficient notice of cancellation to the other party. See *Pine Lakes International Country Club v. Polo Ralph Lauren Corporation*, 127 F.R.D. 471 (August 25, 1989). See *Delozier v. First National Bank of Gatlinburg*, 109 F.R.D. 161, 165 (E.D.Tenn.1986); *Fino v. McCollum Mining Company*, 93 F.R.D. 455 (N.D.Tex. 1982); Wright & Miller, *Federal Practice and Procedure*, § 2120 (1970 Ed., 1988 Supp.).

Clearly, plaintiffs and their attorney of record have failed to conform with these mandated discovery rules. First, they gave little to no notice of the taking of a deposition as required by Local Rule 6.1 and Rule 30(b)(1) of the Federal Rules of Civil Procedure. The notice itself was defective under Rule 30(b)(6) because it was vague as to whom was to be deposed and overly burdensome in regards to the topics to be discussed. There was no notice, written or oral, that the deposition was to be cancelled and, finally, on the date of the scheduled deposition, plaintiffs and their counsel failed to attend the very deposition they, themselves, noticed. Moreover, after failing to appear at her own noticed deposition, Plaintiff's counsel waived the taking of the corporate representative's deposition and admitted that she did not need to take the corporate representative's deposition because she had more than enough information to proceed on the pending motion to dismiss filed by the non-Guam Defendants. If this is true, Plaintiffs' counsel has mislead the Court into believing that she needed additional time to conduct limited discovery on the relationship between the non-Guam based Defendants and the Guam Defendants and more importantly, she has wasted the time, effort and energy

of the Defendants in preparing for the deposition. Accordingly, the Defendants respectfully request that the Court apply Rule 30(g)(1) of the Civil Rules of Procedure and grant their Motion for Attorneys Fees and Costs, finding that the fees and costs sought by the Defendants to be reasonable, and grants these expenses for the sum of $8, 456.25.

Respectfully submitted,

LIMTIACO CRUZ & SISON, PLLC,

By: /s/ Donna Cruz
DONNA M. CRUZ,
A duly licensed employee.

U:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Motion to dismiss\Motion to Attorneys Fees dmc 3-21-04 (Final one).DOC

```
 1  SANDRA D. LYNCH, ESQ., P.C.
    C&A BUILDING, SUITE 101
 2  251 MARTYR STREET
    HAGÅTÑA, GUAM 96910
 3  Telephone: (671) 472-6848
    Fax: (671) 477-5790
 4  E-Mail: sdl@cbblaw.net

 5  Attorneys for Michelle D. Ramos,
    Ricardo G. "Gino" Perez, and Nona Perez
```

Limtiaco Cruz & Sison, PLLC

FEB 20 2004

Rec'd: _WL_  Time: 5:21 p.m.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ, and NONA A. PEREZ, <br><br>  Plaintiffs, <br><br> vs. <br><br> LSG Lufthansa Service Holding AG, <br> LSG Lufthansa Service [LSG] Guam, Inc., <br> LSG Catering Guam, Inc., <br> LSG Lufthansa Service USA Corporation, <br> LSG Lufthansa Service [LSG] Asia, Ltd., <br> LSG Lufthansa Service [LSG] Saipan, Inc., <br> LSG Catering Saipan, Inc. <br> LSG Sky Chefs, <br> and DOES 1 through 20, <br><br> Defendants. | CIVIL CASE NO. 03-00028 <br><br><br> NOTICE OF DEPOSITION |

TO: DESIGNATED REPRESENTATIVE OF LSG LUFTHANSA SERVICE [LSG] GUAM, INC
    DESIGNATED REPRESENTATIVE OF LSG LUFTHANSA SERVICE [LSG] SAIPAN, INC

PLEASE TAKE NOTICE that on February 23, 2004, at 1:00 p.m., Complainant will take the deposition of LSG Lufthansa Service Holding AG upon oral examination before an officer authorized by law to administer oaths, at the Law Offices of Sandra D. Lynch, Esq., 207 Martyr

# Exhibit "A"

1 | Street, Suite 3, Hagatna, Guam 96910.

2 | The corporate representative should be prepared to discuss the relationships between the Asia
3 | offices, the USA offices, and Hong Kong as well as Germany. The relationships involve finances,
4 | advertising, directives, hiring, contracts with airlines, personnel, and service.

5 | The oral examination will continue from day to day until completed. You are invited to
6 | attend and cross-examine.

7 | DATED this 20th day of February, 2004.

8 | LAW OFFICE OF SANDRA D. LYNCH, ESQ. PC

9 | By: *[signature]*
    SANDRA D. LYNCH, ESQ.
10 | Attorneys for Complainant

-2-

Case 1:03-cv-00028    Document 49    Filed 03/24/2004    Page 11 of 13

**Law Offices**
**LIMTIACO CRUZ & SISON PLLC**
A Professional Limited Liability Company
777 Route 4, Ste 118 - M.V.P. Business Center
Sinajana, Guam 96910

Tel: 671-477-0000  Fax: 671-477-0001  Email: guamlaw@ite.net

LSG LUFTHANSA SERVICE
166 Guerrero Street
Harmon Industrial Park
Harmon, Guam 96913

March 23, 2004

Invoice # 20959

Professional Service

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 02/20/04 | AAL | Michelle Ramos, Nona Perez, Gino Perez case - telephone calls attorneys re deposition from Sandra Lynch, analysis, strategy | 0.75 200.00/hr | 150.00 |
|  | DMC | Review docs, e-mail to attorneys; t/c attorneys, depo notice, analysis, t/c to Neil Davy, fax notice | 3.75 200.00/hr | 750.00 |
|  | AAL | Review documents, phone call attorneys, office conference re Michelle Ramos et sl. LSG et al | 1.00 200.00/hr | 200.00 |
| 02/21/04 | AAL | Michelle Ramos, Nona Perez, gino Perez case - meeting, telephone conference Neil Davy & attorneys; review documents; e-mail attorneys | 4.00 200.00/hr | 800.00 |
|  | DMC | Interview Neil Davy, teleconference Neil & attorneys, strategize | 6.00 200.00/hr | 1,200.00 |
| 02/22/04 | AAL | Michelle Ramos, Nona Perez, gino Perez case - review pleadings, documents | 0.50 200.00/hr | 100.00 |
|  | DMC | Preparation for deposition, review docs, conference with Neil Davy | 8.00 200.00/hr | 1,600.00 |
|  | AAL | Office conference with Neil Davy and attorneys re Michille Ramos et al. v. LSG | 6.25 200.00/hr | 1,250.00 |
| 02/23/04 | JCM | Research and follow up | 0.75 75.00/hr | 56.25 |
|  | TAB | Review e-mail conference with attorney, research and review District Court file | 1.00 75.00/hr | 75.00 |
|  | TAB | Research regarding to of attorneys fee | 1.00 75.00/hr | 75.00 |
|  | DMC | Preparation for deposition of Neil Davy, review docs, conference with Neil Davy and attorneys | 6.00 200.00/hr | 1,200.00 |
|  | AAL | Follow up, e-mails, telephone call Neil Davy and attorneys, office conference Neil Davy, letter to Sandra Lynch, research | 5.00 200.00/hr | 1,000.00 |
|  |  | **For professional services rendered** | **44.00** | **8,456.25** |

Exhibit "B"

THE LAW OFFICES OF
SANDRA D. LYNCH, ESQ., P.C.
207 Martyr Street, Suite 3
Hagatna, Guam 96910
(671) 472-8889
Fax: (671) 472-8890

February 17, 2004

Alicia A. Limtiaco, Esq.
Torres Limtiaco Cruz & Sison PLLC
777 Route 4, MVP Business Center
Sinajana, Guam 96910

    Re:  Michelle D. Ramos et al. vs. LSG Lufthansa Service Holding AG, et al.
           District Court of Guam Case No. 03-00028

Dear Ms. Limtiaco:

    I have not had occasion to speak with your office over the past three weeks as I have been in trial and depositions in two federal cases. However, given the directive from the District Court, I would like to depose a corporate representative either Monday, February 23, in the afternoon, or Tuesday or Wednesday, anytime. Please let me know who your designated representative will be and I will prepare the appropriate 30(b)(6) Notice.

    The corporate representative should be prepared to discuss the relationships between the Asia offices, the USA offices, and Hong Kong as well as Germany. The relationships involve finances, advertising, directives, hiring, contracts with airlines, personnel, and service. If these issues require more than one representative, or representatives from Guam and Saipan, we can work out the details of the dates and times for each.

    Finally, I expect to exchange documents with your office by Friday, February 20. If they are ready at the copy center, they will be delivered earlier. Feel free to contact my office should you have any questions regarding the above.

Sincerely,

*Sandra D. Lynch* (signature)

Sandra D. Lynch

SDL/eco/lsg/Limtiaco ltr 2-17-04

# Exhibit "C"