**LIMTIACO CRUZ & SISON, PLLC**
777 Route 4
MVP Business Center, Suite 11B
Sinajana, Guam 96910
Telephone: 671-477-0000
Facsimile: 671-477-0001
Email: guamlaw@ite.net

*Attorneys for Defendants*

**FILED**
DISTRICT COURT OF GUAM

MAR 2 4 2004

MARY L. M. MORAN
CLERK OF COURT

(47)

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

MICHELLE D. RAMOS, RICARDO G. )
"GINO" PEREZ and NONA A. PEREZ, )
)
        Plaintiffs, )
)
        vs. )
)
LSG LUFTHANSA SERVICE HOLDING )
AG; LSG LUFTHANSA SERVICE (LSG) )
GUAM, INC.; LSG CATERING GUAM, )
INC.; LSG LUFTHANSA SERVICE USA )
CORPORATION; LSG LUFTHANSA )
SERVICE (LSG) ASIA, LTD.; LSG )
LUFTHANSA SERVICE (LSG) SAIPAN, )
INC.; LSG CATERING SAIPAN, INC.; )
LSG SKY CHEFS; and DOES 1 through 20, )
)
        Defendants. )
_____ )

Civil Case No. 03-00028

**AFFIDAVIT OF COUNSEL
DONNA M. CRUZ**

     I, DONNA M. CRUZ, being duly sworn, under penalty of perjury, deposes and

says:

     1.     I am an attorney admitted to practice before the United States District Court of Guam

and a Partner with Limtiaco Cruz & Sison, PLLC (hereinafter "LCS"), which maintains an office at 777

Route 4, MVP Business Center, Suite 11B, Sinajana, Guam 96910. That I have been a practicing

attorney for approximately fourteen (14) years and my customary billing rate is currently set at $200.00

per hour.

**ORIGINAL**

2.　　LCS represents the LSG Lufthansa Catering Guam, Inc., LSG Lufthansa Service Guam, Inc., LSG Lufthansa Catering Saipan, Inc. and LSG Lufthansa Service Guam, Inc. (hereinafter collectively "LSG Guam") in the above-captioned action.

3.　　That I first became aware of LCS being served with a Notice of Deposition on this case by plaintiffs' counsel, Ms. Sandra D. Lynch ("Lynch"), shortly after it had been served upon one of our staff members at approximately 5:21 p.m. on Friday evening, February 20, 2004.

4.　　That the Notice of Deposition was prepared by Ms. Lynch.

5.　　That upon learning that the deposition was scheduled to be held the following Monday afternoon, February 23, 2004, at 1:00 p.m., I immediately consulted with co-counsel, Attorney Alicia A.G. Limtiaco (hereinafter "Limtiaco") and it was agreed that we would make every reasonable effort to prepare for the deposition in order to comply with the court's December 24, 2003 Order granting plaintiffs sixty (60) days to conduct discovery on the non-Guam based defendants' motion to dismiss for lack of personal jurisdiction issue.

6.　　That I placed a telephone call to the corporate office of LSG Lufthansa Service Guam, Inc., requesting to speak to the General Manager, Mr. Neil Davy (hereinafter "Davy"), and subsequently learned that he was attending to business off-island in Saipan, CNMI. I left a message on Mr. Davy's telephone voice mail informing him to meet with me and Ms. Limtiaco on Saturday, February 21, 2004 at 9:00 a.m. to review documents and prepare for the deposition.

7.　　That Mr. Davy appeared at our office on the morning of Saturday, February 21, 2004 and met with Ms. Limtiaco and me to prepare for the upcoming deposition to be held on Monday, February 23, 2004.

8.　　That prior to the February 21, 2004 meeting with Mr. Davy, that I worked approximately three (3) hours and 45 minutes from 5:30 p.m. until 9:15 p.m. on Friday, February 20, 2004 reviewing the case file, documents and preparing for the meeting the next day.

2

9.      That I worked approximately six (6) hours from 9:00 a.m. until 3:00 p.m. on Saturday, February 21, 2004; approximately ten (10) hours from 10:00 a.m. until 8:00 p.m. on Sunday, February 22, 2004 preparing for the deposition; and approximately five (5) hours from 8:00 a.m. to 1:00 p.m. preparing for the deposition. That I worked a total of twenty-four (24) hours and 45 minutes in preparation for the taking of deposition of the corporate representative. That because we received the notice at the last minute we had to zealously prepare to defend the deposition.

10.      That on the morning of February 23, 2004, Ms. Limtiaco and I met Mr. Davy at Ms. Lynch's law office at the scheduled time and learned that Ms. Lynch was not available and physically not present. That none of the plaintiffs were in attendance and that a court reporter had not been contacted to record the deposition.

11.      That Kathy Littlepage, Ms. Lynch's secretary, told us that Ms. Lynch was not available because she was attending a CLE and that the date on the notice of deposition was incorrect and that it should have read March 24, 2004.

12.      That Ms. Littlepage then contacted Ms. Lynch via telephone and spoke to Ms. Lynch. That Ms. Littlepage then handed the telephone to Ms. Limtiaco who had a telephone conversation with Ms. Lynch.

13.      That after the telephone conversation was over, Mr. Limtiaco informed me that Ms. Lynch claimed she had the stomach flu and waived the taking of the deposition of the corporate representative and had more than enough information to proceed without taking the deposition of the corporate representative.

14.      That after waiting a reasonable amount of time, Mr. Davy, Ms. Limtiaco and I left Ms. Lynch's law office.

15.      That I did not receive any notification that the deposition was cancelled, postponed or rescheduled.

3

16.     That to the best of my knowledge and belief, my law firm did not receive any notification that the deposition was cancelled, postponed or rescheduled.

17.     That my law firm expended approximately $8,456.25 in attorneys fees. That these fees are reasonable in light of the fact that we were not given reasonable notice to prepare for the deposition. That Ms. Lynch waited until the eve of the sixty (60) day deadline to serve notice on my firm for the taking of the corporate representative's deposition. That because the notice was received at the eleventh hour, Ms. Limtiaco and I spent long hours reviewing the documents and preparing for the deposition. That Ms. Lynch admitted that she did not need to take the corporate representative's deposition because she had more than enough information to proceed with the pending motion to dismiss for lack of personal jurisdiction filed by non-Guam defendants.

18.     That this was Ms. Lynch's own deposition that she failed to appear for and attend. That Ms. Lynch could have easily notified us by calling to cancel, postpone or reschedule the deposition.

Further your affiant sayeth naught.

Dated this 22nd day of March 2004.

_____
DONNA M. CRUZ

SUBSCRIBED and SWORN to before me this 22nd day of March, 2004.

_____
NOTARY PUBLIC

ROSA L. RESENDEZ
NOTARY PUBLIC
In and For Guam, U.S.A.
My Commission Expires: Nov. 5, 2005
180 Oceanview Drive Piti, Guam 96915

4