LIMTIACO CRUZ & SISON, PLLC
777 Route 4
MVP Business Center, Suite 11B
Sinajana, Guam 96910
Telephone: 671-477-0000
Facsimile: 671-477-0001
Email: guamlaw@ite.net

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ and NONA A. PEREZ, <br><br> Plaintiffs, <br><br> vs. <br><br> LSG LUFTHANSA SERVICE HOLDING AG; LSG LUFTHANSA SERVICE (LSG) GUAM, INC.; LSG CATERING GUAM, INC.; LSG LUFTHANSA SERVICE USA CORPORATION; LSG LUFTHANSA SERVICE (LSG) ASIA, LTD.; LSG LUFTHANSA SERVICE (LSG) SAIPAN, INC.; LSG CATERING SAIPAN, INC.; LSG SKY CHEFS; and DOES 1 through 20, <br><br> Defendants. | Civil Case No. 03-00028 <br><br><br><br><br><br> **AFFIDAVIT OF COUNSEL** <br> **ALICIA A.G. LIMTIACO** |

I, ALICIA A. LIMTIACO, being duly sworn, under penalty of perjury, deposes and says:

1. I am an attorney admitted to practice before the United States District Court of Guam and a Partner with Limtiaco Cruz & Sison, PLLC (hereinafter "LCS"), which maintains an office at 777 Route 4, MVP Business Center, Suite 11B, Sinajana, Guam 96910. That I have been

a practicing attorney for approximately fourteen (14) years and my customary billing rate is currently set at $200.00 per hour.

2. That on February 17, 2004, my office received a letter from Attorney Sandra D. Lynch ("Ms. Lynch"), counsel for the plaintiffs, explaining that she had been unavailable for three weeks and requesting to depose a corporate representative either on Monday, February 23, or on Tuesday or Wednesday. See Exhibit "A".

4. That on February 18, 2004, we sent a letter to Ms. Lynch relaying our disappointment with not having received any response to our inquiries relating to discovery on the jurisdictional issue until such a late juncture in time given the discovery deadline of February 23, 2004, and requested that she serve us with a proper notice in accordance with the Federal Rules of Civil Procedure. That her February 17, 2004 letter regarding her informal deposition request was vague in nature and content, and lacked specificity. See Exhibit "B".

5. That I first became aware of the notice to take the deposition on Friday, February 20, 2004, after 5:00 p.m., after co-counsel, Donna M. Cruz ("Ms. Cruz"), informed me of the deposition.

6. That the Notice of Deposition was prepared by counsel for the plaintiffs, Ms. Lynch.

7. That upon learning that the deposition was scheduled to be held the following Monday afternoon, February 23, 2004, at 1:00 p.m., I immediately consulted Ms. Cruz and we agreed that every reasonable effort would be made to comply with the December 24, 2003 Order granting plaintiffs sixty (60) days to conduct discovery relating to the non-Guam corporations' personal jurisdiction issue.

2

8. That I met with Ms. Cruz and the representative of LSG, Neil Davy ("Mr. Davy"), at our law office on the morning of February 21, 2004 at approximately 9:00 a.m. to begin the process of preparing Mr. Davy for the upcoming deposition to be held on Monday, February 23, 2004.

9. That Mr. Davy appeared at our office on the morning of Saturday, February 21, 2004 and met with Ms. Cruz and I to prepare him for the upcoming deposition to be held on Monday, February 23, 2004. That I worked approximately one (1) hour and 45 minutes on Friday, February 20, 2004; approximately four (4) hours on Saturday, February 21, 2004 from 9:00 a.m. until 1:00 p.m.; approximately six (6) hours and 45 minutes on Sunday, February 22, 2004 from 10:00 a.m. until 4:45 p.m., and approximately five (5) hours on Monday, February 23, 2004 from 8:00 a.m. to 1:00 p.m.

10. That on the afternoon of February 23, 2004, Ms. Cruz, Mr. Davy and I appeared at the law office of Sandra D. Lynch at the scheduled time for the deposition, only to learn that Ms. Lynch was not in her office and that a court reporter had not been contacted.

11. That we were informed by Ms. Lynch's secretary, Kathy Littlepage, that Ms. Lynch was unavailable and attending a CLE seminar, and that the deposition date was wrong and the correct date should have reflected the following day, February 24, 2004.

12. That Ms. Littlepage was able to contact and I was able to speak with Ms. Lynch. During our telephone conversation, Ms. Lynch stated that she was not able to attend the deposition because she had come down with the stomach flu, that she had emailed her office to inform us of

//

//

3

the cancellation, and that she did not have a court reporter available. Ms. Lynch further stated that she was waiving the taking of the designated corporate representative's deposition, and that she had enough information to proceed in court on the jurisdictional issue without taking the deposition. I confirmed with Ms. Lynch that the Plaintiffs would have no further jurisdictional discovery requests as the discovery deadline expired that day, February 23, 2004.

13. Shortly after having this telephone conversation with Ms. Lynch, Mr. Davy, Ms. Cruz and I left.

14. That as soon as I reached our office, I checked with our staff and was told that no email, telephone call, or any other method of correspondence had been received by our office canceling, postponing, or rescheduling the deposition.

15. That I prepared a letter to Ms. Lynch dated February 23, 2004 memorializing our conversation relating to the deposition matter, lack of discovery being produced, and requesting to discuss the payment of attorneys' fees and costs regarding the notice of deposition and her lack of attendance thereof. See Exhibit "C".

16. That my law firm expended approximately $8,456.25 in attorneys fees. That these fees are reasonable in light of the fact that we were not given reasonable notice to prepare for the deposition. That Ms. Lynch waited until the eve of the sixty (60) day deadline to serve notice on our firm for the taking of the corporate representative's deposition. That because the notice was received at the eleventh hour, Ms. Cruz and I spent long hours reviewing the documents and preparing for the deposition. That Ms. Lynch admitted that she did not need to take the corporate representative's deposition because she had enough information to proceed with the pending motion to dismiss for lack of personal jurisdiction filed by the non-Guam defendants.

17. That this was a deposition noticed by Plaintiffs' counsel, Ms. Lynch, for which she failed to appear and attend. That Ms. Lynch and/or her office could have easily notified us by calling to cancel, postpone, or reschedule the deposition.

Further your affiant sayeth naught.

Dated this _23rd_ day of March 2004.

_____
ALICIA A.G. LIMTIACO


SUBSCRIBED and SWORN to before me this 23rd day of March, 2004.

_____
NOTARY PUBLIC

ROSA L. RESENDEZ
NOTARY PUBLIC
In and For Guam, U.S.A.
My Commission Expires: Nov. 5, 2005
180 Oceanview Drive Piti, Guam 96915

5

**THE LAW OFFICES OF
SANDRA D. LYNCH, ESQ., P.C.**
207 Martyr Street, Suite 3
Hagatna, Guam 96910
(671) 472-8889
Fax: (671) 472-8890

February 17, 2004

Alicia A. Limtiaco, Esq.
Torres Limtiaco Cruz & Sison PLLC
777 Route 4, MVP Business Center
Sinajana, Guam 96910

    Re:    Michelle D. Ramos et al. vs. LSG Lufthansa Service Holding AG, et al.
            District Court of Guam Case No. 03-00028

Dear Ms. Limtiaco:

    I have not had occasion to speak with your office over the past three weeks as I have been in trial and depositions in two federal cases. However, given the directive from the District Court, I would like to depose a corporate representative either Monday, February 23, in the afternoon, or Tuesday or Wednesday, anytime. Please let me know who your designated representative will be and I will prepare the appropriate 30(b)(6) Notice.

    The corporate representative should be prepared to discuss the relationships between the Asia offices, the USA offices, and Hong Kong as well as Germany. The relationships involve finances, advertising, directives, hiring, contracts with airlines, personnel, and service. If these issues require more than one representative, or representatives from Guam and Saipan, we can work out the details of the dates and times for each.

    Finally, I expect to exchange documents with your office by Friday, February 20. If they are ready at the copy center, they will be delivered earlier. Feel free to contact my office should you have any questions regarding the above.

                                              Sincerely,

                                            Sandra D. Lynch

SDL/eeo/lsg/Limtiaco ltr 2-17-04

**Exhibit "A"**



Law Offices
**LIMTIACO CRUZ & SISON PLLC**
A Professional Limited Liability Company
777 Route 4, Ste 11B • M.V.P. Business Center
Sinajana, Guam 96910

**CONFIRMATION**

Tel: 671-477-0000  Fax: 671-477-0001  Email: guamlaw@ite.net

Donna M. Cruz, Esq.
Alicia A. Limtiaco, Esq.
Ray C. Haddock, Esq.
Benjamin C. Sison, Jr., Esq.
Raymond L. Souza, Jr., Esq.

February 18, 2004

### VIA FACSIMILE & HAND DELIVERY
472-8890

Sandra D. Lynch, Esq.
Law Office of Sandra D. Lynch, P.C.
192 Archbishop Flores St.
2nd Floor Perez Bldg.
Hagåtña, Guam 96910

    Re:    Michelle D. Ramos, et. al v. LSG Lufthansa Service Holding AG, et. al.
              U.S. District Court of Guam Civil Case No. 03-00028

Dear Sandra:

    We are in receipt of your letter dated February 17, 2004. As you are aware, we made several attempts in late December 2003 and in January 2004 to contact you regarding discovery on the jurisdictional issues as referenced in the Court's December 24, 2003 Order, and the exchange of documents pursuant to the Local Rules. We have not received any returned phone calls nor are we aware of any other attempts by you to contact us since early January 2004. In light of our previous attempts to discuss the matter with you, and that the discovery deadline for the jurisdictional issue is February 23, 2004, we are disappointed and troubled by your request to schedule a deposition at this very late juncture.

    We have been prepared to exchange documents for several weeks and have so notified your office. Until now we have received no response. We propose that the documents be exchanged today. Please advise us as soon as you are prepared to do so.

    With respect to a deposition, we cannot respond to the vague informal request that you have made. Please provide a notice which complies with the requirements of the Federal Rules including the requirements of Rule 30(b)(6) that the deponent entity be named and the matters on which the examination is requested be described with reasonable particularity. The matters should be limited to the jurisdictional issues. Once we have received the notice we shall promptly provide an appropriate response.

    Thank you for your attention to the above.

                            Sincerely,

                            LIMTIACO CRUZ & SISON, PLLC,

Exhibit "B"



Law Offices
**LIMTIACO CRUZ & SISON PLLC**
A Professional Limited Liability Company
777 Route 4, Ste 11B • M.V.P. Business Center
Sinajana, Guam 96910



Tel: 671-477-0000  Fax: 671-477-0001  Email: guamlaw@ite.net

Donna M. Cruz, Esq.
Alicia A. Limtiaco, Esq.
Ray C. Haddock, Esq.
Benjamin C. Sison, Jr., Esq.
Raymond L. Souza, Jr., Esq.

February 23, 2004

## VIA FACSIMILE & HAND DELIVERY
472-8890

Sandra D. Lynch, Esq.
Law Office of Sandra D. Lynch, P.C.
192 Archbishop Flores St.
2nd Floor Perez Bldg.
Hagåtña, Guam 96910

Re: <u>Michelle D. Ramos, et. al v. LSG Lufthansa Service Holding AG, et. al.</u>
U.S. District Court of Guam Civil Case No. 03-00028

Dear Sandra:

As you are aware, Donna Cruz, Esq., LSG Lufthansa Service (LSG) Guam, Inc.'s and LSG Lufthansa Service (LSG) Saipan, Inc.'s designated corporate representative, and I appeared at your office today pursuant to your notice of deposition served on our office on Friday, February 20, 2004, at 5:21 p.m. Upon our arrival at your office, your staff informed us that you were not available today, that you were attending a CLE, and that the notice of deposition stated the wrong date, i.e., that the deposition should have been set for tomorrow, February 24, 2004, and not for today, February 23, 2004. Upon speaking with you on the telephone, you indicated that you were not available for today's deposition because you had the stomach flu, that you had e-mailed your office to inform us that the deposition was cancelled, and that you did not have a court reporter available for the deposition. I indicated that our office was not notified of any cancellation of today's deposition, and reiterated our objection to the untimely scheduling of the deposition at this very late juncture in light of the court ordered jurisdictional discovery deadline of today, and that the notice of deposition was vague. You indicated that you were waiving the taking of the designated corporate representative's deposition and that you have enough information to proceed in court on the jurisdictional issue without the deposition. We understand that the Plaintiffs will have no further jurisdictional discovery requests as the discovery deadline expires today.

We also informed your office that we were ready to exchange documents pursuant to the Local Rules, and in light of your February 17, 2004 letter wherein you indicated that you would be ready to exchange documents by last Friday, February 20, 2004. Your staff informed us that the documents were not ready or available for exchange, that they were still at the copy center, and that your office would deliver them to us when they were ready. We did not receive your documents until later this afternoon.

Exhibit "C"

Sandra D. Lynch, Esq.
February 23, 2004
Page 2

      Please be informed that our office and client expended a substantial amount of time and effort in preparing for today's deposition notwithstanding the very late notice of deposition we received on Friday, February 20, 2004, including working Friday evening, Saturday, Sunday, and today. We also did not attend the full day of today's GBA CLE although we previously paid the non-refundable registration fee of $75.00, given your notice of deposition. In light of the above, we wish to discuss with you the payment of our attorneys fees and expenses pursuant to the Federal Rules of Civil Procedure.

      Sincerely,

      LIMTIACO CRUZ & SISON, PLLC,

      *Alicia A. Limtiaco*
      Alicia A. Limtiaco

AAL:cc

U:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Letters\Ltr to Sandra Lynch (cac 2-23-04).doc