LIMTIACO CRUZ & SISON, PLLC
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

SIDLEY AUSTIN BROWN & WOOD LLP
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, et al. | CIVIL CASE NO. 03-00028 |
| Plaintiffs, | |
| vs. | **SUPPLEMENTAL BRIEF REGARDING JURISDICTION** |
| LSG LUFTHANSA SERVICE GUAM, INC., et al. | |
| Defendants. | |

Defendants LSG Lufthsansa Services Holding, AG, LSG Lufthsana Service USA, LSG Lufthansa Service Asia, Inc., LSG Lufthansa Service Saipan, Inc., and LSG Catering Saipan, Inc., (collectively "Defendants") by and through their attorneys, hereby submit the following Supplemental Memorandum of Law in Support of Motion to Dismiss for Lack of Personal Jurisdiction.

**ORIGINAL**

1

## INTRODUCTION

On October 1, 2003, Defendants filed a Motion to Dismiss on several bases, including a lack of personal jurisdiction over them ("Motion to Dismiss"). On October 17, 2003, Plaintiffs responded by filing over 100 pages of unauthenticated documents and requesting that this Court grant them discovery in order to explore personal jurisdictional issues.

In its December 24, 2003 Memorandum Opinion and Order, ("Dec. 24 Mem. Op.), the Court acknowledged that Plaintiffs bore the burden of proof to demonstrate personal jurisdiction (Mem. Op. at 4), and further determined "the evidence submitted thus far submitted to be insufficient in determining whether personal jurisdiction over Movants is appropriate." Dec. 24 Mem. Op. at 7. The Court granted Plaintiffs 60 days in which to take additional discovery on the issue of personal jurisdiction.[1] *Id.* In those 60 days, however, <u>Plaintiffs took no discovery whatsoever</u>.

Far from take the opportunity that the Court presented them to develop the "insufficient" record they previously submitted, Plaintiffs issued no written discovery and took no depositions. In fact, on Friday, February 20, 2004, two days before the 60-day period expired, Plaintiffs noticed the 30(b)(6) deposition of a corporate representative for Monday, February 23, 2004 at 1:00 p.m. – the very last day of the 60-day period. Notwithstanding two days' notice, Defendants – at great time and expense over the intervening weekend – prepared LSG Guam Inc.'s General Manager, Neal Davy, for deposition. On the appointed day, February 23, 2005, Plaintiffs failed to appear. Instead, their counsel cancelled the deposition, claiming she had "all the information" she needed.[2]

---

[1] The Court clearly anticipated that Plaintiffs – not Defendants – would supplement the record, consistent with their burden of proof, as the December 24 Memorandum Opinion "grant[ed] <u>Plaintiffs</u> sixty days to conduct discovery...." *Id.* at 7 (emphasis supplied).

[2] Plaintiffs' enormous waste of Defendants' time and money is the subject of the pending Motion for Sanctions.

Abandoning their only opportunity to take any discovery, Plaintiffs instead tendered to Defendants' counsel a stack of 1,184 pages of unsorted, unauthenticated, and irrelevant documents. They provided no declarations, no affidavits, or other support for the relevance, authenticity or foundation of any of the almost 1,200 loose pages.

Plaintiffs clearly possessed these documents at the time they filed their response, as they issued no document requests and did not otherwise obtain them from Defendants. The fact that they were not produced as part of Plaintiffs' initial underscores their unavailing and irrelevant nature. In any event, it is clear that Plaintiffs have adduced no additional evidence – notwithstanding the Court's generous grant of discovery – to remedy their "insufficient" previous showing on the issue of personal jurisdiction.

As discussed below, Plaintiffs' complete failure to take any additional discovery necessarily requires the Court to reach the same conclusion it reached in its December 24, 2003 Memorandum Opinion: Plaintiffs have offered "insufficient" evidence to meet their burden of establishing personal jurisdiction over Defendants.

## ARGUMENT

**I. I. PLAINTIFFS IGNORED THE OPPORTUNITY TO CONDUCT DISCOVERY, AND, AS A RESULT, OFFER NO COMPETENT EVIDENCE TO MEET THEIR BURDEN OF ESTABLISHING PERSONAL JURISDICTION.**

As noted above, Plaintiffs completely disregarded the opportunity provided by the Court to conduct discovery on the issue of personal jurisdiction, notwithstanding the Court's finding that the prior record was "insufficient." Dec. 24 Mem. Op. at 7. One must ask why Plaintiffs so fervently requested discovery in their Response and delayed these proceedings for four months if they simply were going to abandon the opportunity for discovery. Their counsel – though she allowed Defendants to waste an entire weekend preparing for a deposition she did not intend to take – claims

-3-

she has "all the information" Plaintiffs need. It defies reason, however, to think such information could aid Plaintiffs in meeting their burden – as none of it came from Defendants. Plaintiffs otherwise produced no affidavits, declarations, or other sworn evidence in support of the jurisdictional issues.

Plaintiffs' burden here is not simply to offer *any* evidence suggesting personal jurisdition. Rather, "Once the [personal jurisdiction] defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts <u>through sworn affidavits or other competent evidence</u>." *Time Share Vacation Club, Inc. v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) (rejecting Plaintiff's unsupported and inadmissible allegations of personal jurisdiction) (emphasis supplied).

None of the 1,200 loose pages of unsorted, unauthenticated, and foundationless documents approaches the sworn or competent evidence required to support the exercise of personal jurisdiction. Thus, as a matter of law, Plaintiffs have not met their burden. While this alone is reason enough to grant Defendants' Motion to Dismiss, the fact that Plaintiffs noisily pleaded for the opportunity to take discovery – then abandoned it without seeking a single document or taking a single deposition – speaks volumes about the lack of merit in their position. Accordingly, Defendants' Motion to Dismiss should be granted for this reason as well.

## II. II. EVEN IF THE COURT CONSIDERED PLAINTIFFS' DOCUMENTS, THEY STILL FAIL TO MEET THEIR BURDEN TO DEMONSTRATE AN "ALTER EGO" RELATIONSHIP SUFFICIENT TO EXERCISE PERSONAL JURISDICTION OVER DEFENDANTS.

Even if the Court considered Plaintiffs woefully inadequate documents, Plaintiffs still have failed to provide sufficient evidence of an "alter ego" relationship warranting the exercise of personal jurisdiction over Defendants.

-4-

Plaintiffs would have this Court believe that the mere existence of a parent-subsidiary relationship as well as typical parent-subsidiary oversight is sufficient to impute the subsidiary's contacts to the parent for purposes of personal jurisdiction. This is flatly wrong. As the Ninth Circuit has explained: "A parent corporation may be directly involved in financing and macro-management of its subsidiaries, however, without exposing itself to a charge that each subsidiary is merely its alter ego." *Doe v. Unocal Corp.*, 248 F.3d 915, 927 (9th Cir. 2001). In *Doe*, the Ninth Circuit reviewed various activities that would not lead to a finding of "alter ego" for purposes of personal jurisdiction including: (1) parental approval required for leases, major capital expenditures, and the sale of the subsidiaries assets; (2) approval of subsidiary's capital budget; (3) blurring of separateness in annual report; (4) overlap in board of directors; (5) provision of all financing to subsidiary; and (6) closely supervising a subsidiary's pricing decisions. *See Doe*, 248 F.3d at 927-28 (citing with approval *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1459-60 (2d Cir. 1995); (*Joiner v. Ryder Sys.*, 966 F. Supp. 1478, 1485 (C.D. Ill. 1996); *Akzona, Inc. v. E.I. Du Pont De Numours & Co.*, 607 F. Supp. 227, 238 (D. Del. 1984); *In Re Hillsborough Holdings Corp.*, 166 B.R. 461, 473-74 (Bankr. M.D. Fla 1994); *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.3d 1175 (9th Cir. 1980)). Plaintiffs' unauthenticated, unsorted, and foundationless documents (even assuming they were admissible) simply do not indicate any activities beyond those that the Ninth Circuit has deemed to be insufficient to impute a subsidiary's minimum contacts to its parent for purposes of personal jurisdiction.

Plaintiffs supply no evidence whatsoever to meet their burden of establishing another critical aspect of the "alter ego" analysis, namely the parent's control of the subsidiary's day-to-day activities. *Accord Doe*, 248 F.3d at 930 ("the record does not support plaintiffs' contention that Total directly controls the day-to-day activities of the California operating or holding companies. The fact that Total may control or supervise its subsidiaries, does not lead the Court to a different

-5-

Case 1:03-cv-00028   Document 53   Filed 04/01/2004   Page 5 of 7

conclusion."). This is unsurprising, as Plaintiffs allege in the Complaint that Ricardo Perez and Ramos managed significant portions of the business in Guam. *See, e.g.,* Compl. ¶ 41 ("As part of the scope of Plaintiff Gino Perez's duties and responsibilities, he was to supervise and oversee the production and operations departments); ¶ 60 ("Plaintiff Michelle D. Ramos was hired in 1996 as Chief Accountant for LSG Guam and promoted in 1998 to Manager of Finance and Administration and to Deputy General Manager for LSG Guam and Saipan in 1999."); ¶ 61 ("Inherent in Plaintiff Ramos's responsibilities were the supervision of finance, accounting, MIS, purchasing, inventory, legal matters, banking and Human Resources, negotiating and monitoring insurance contracts and vendors, facilitating Human Resources issues, customer service and all areas managed and supervised by the General Manager."). Thus, the documents offered by Plaintiffs fall far short of demonstrating that the Guam-based Defendants are mere "alter egos" of the non-Guam Moving Defendants.

Nor do Plaintiffs offer any evidence to meet their burden to demonstrate that maintaining the corporate separateness among Defendants would result in an injustice. Accordingly, Plaintiffs have failed to meet their burden of demonstrating the existence of personal jurisdiction over the non-Guam defendants.

///

///

## CONCLUSION

As Plaintiffs completely disregarded the opportunity that the Court provided them to take discovery in order to bolster the "insufficient" record previously before the Court, there can be no doubt that the current record is equally insufficient for Plaintiffs to meet their burden of demonstrating personal jurisdiction over Defendants. Accordingly, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction should be granted.

Dated: April 1, 2004                                       LIMTIACO CRUZ & SISON, PLLC

By: *[signature]*
ALICIA A. LIMTIACO,
Counsel For Defendants LSG Lufthansa
Service Guam, Inc. and LSG Lufthansa
Catering Guam, Inc.

By: *[signature]*
DONNA M. CRUZ,
Counsel For Defendants LSG Lufthansa
Service Guam, Inc. and LSG Lufthansa
Catering, Guam, Inc.

U:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Motion for Return of Docs\Supplemental Brief re Jurisdiction (4-4-04).DOC

-7-

Case 1:03-cv-00028   Document 53   Filed 04/01/2004   Page 7 of 7