SANDRA D. LYNCH, ESQ., P.C.
Travel Pacificana Building, Suite 3
207 MARTYR STREET
HAGÅTÑA, GUAM 96910
Telephone: (671) 472-8889
Fax: (671) 472-8890
E-Mail: sdlynch@ite.net

*Attorney for Michelle D. Ramos,
Ricardo G. "Gino" Perez, and Nona Perez*

FILED
DISTRICT COURT OF GUAM
APR - 2 2004
MARY L. M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ, and NONA A. PEREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LSG Lufthansa Service Holding AG, LSG Lufthansa Service [LSG] Guam, Inc., LSG Catering Guam, Inc., LSG Lufthansa Service USA Corporation, LSG Lufthansa Service [LSG] Asia, Ltd., LSG Lufthansa Service [LSG]Saipan, Inc., LSG Catering Saipan, Inc. LSG Sky Chefs, and DOES 1 through 20,<br><br>Defendants. | CIVIL CASE NO. 03-00028<br><br>**OPPOSITION TO MOTION FOR RETURN OF PROPERTY** |

Come now Plaintiffs and herein Oppose the return of documents held in the ordinary course and obtained through appropriate means. Defendants claim that the documents which Plaintiffs possess were obtained illegally and are misappropriated. Plaintiffs deny the same.

MEMORANDUM OF POINTS AND AUTHORITIES

Defendants claim that documents they received in the course of initial disclosure by Plaintiffs

are misappropriated property and require that they be returned. Strangely enough, despite that Defendants submitted an Ex Parte application, claiming that the return of the documents would cause irreparable injury, many of the documents they complain of were provided to this Court in Plaintiffs' October 17, 2003 Opposition to Motion to Dismiss. Clearly, there is no evidence that Plaintiffs have sought to exploit the documents they possess, Absent any showing of such intent, and given the fact that much of the information contained in the documents, such as pricing of meals sold, are available from public and other sources, there is no reason for the Court to grant the relief requested by Defendants. See, e.g., ***International Paper Co. v. Suwyn***, 966 F.Supp. 246 (S.D.N.Y. 1997); ***Bijan Designer for Men, Inc., v. Katzman***, 1997 WL 65717 (S.D.N.Y. 1997).

In the cases cited by Defendants, there were extenuating circumstances, including a confidentiality agreement not to disclose documents in ***In re: IBF Confidential Business Documents Litigation***, 754 F.2d 787 (8th Cir. 1985). The documents in this case have not been proved to have been taken or appropriated "in the pursuit of litigation," but instead were part of Plaintiffs' daily activities. Many of the documents provided in discovery thus far were generated by Plaintiff Ramos herself. Despite that Defendants provided a claim of privilege based on an Employee Handbook, that handbook was not proved to be in place when Ms. Ramos was hired. And, despite being given the opportunity to execute a Confidentiality Agreement with Ms. Ramos when she left, LSG refused to do so, and there was no demand or request or agreement that she return any documents to LSG upon her resignation.

The cases are simply not cited appropriately to demand the return of these documents. Plaintiffs, in an effort to cooperate with Defendants, agreed to enter into a Confidentiality Agreement for any documents that Defendants designate sensitive, proprietary, or privileged. Defendants, instead of replying to the offer by Plaintiffs, filed a Motion with the Court. Certainly, there is no effort on the part of the Defendants to work with Plaintiffs in any way.

LSG is quite well aware that Ms. Ramos worked at home, on the road, and in numerous locations, and that documents she produced were initiated on her home computer, in Saipan, in Hong Kong, and even in Germany. When a party fails to take adequate steps to insure confidentiality of

its documents, the corporation itself may impliedly waive the privilege with respect to documents retained by former employees. ***O'Leary v. Purcell Co.***, 108 F.R.D. 641 (M.D.N.C. 1985). And, documents which have fallen into the hands of third parties inadvertently may also waive any privilege or confidentiality. ***State v. Meyers***, 230 Kan. 697, 640 P.2d 1245 (1982). The Court may look at factors to determine whether inadvertent or intentional disclosure results in waiver of privilege and confidentiality. Such factors include (1) whether the party claiming privilege has taken precautions to prevent disclosure and the reasonableness of those precautions; (2) the lapse of time before the party attempted to rectify the disclosure or erroneous production; (3) scope of discovery; (4) the extent of disclosure and (5) overriding issues of fairness. ***Wallace v. Beech Aircraft Corp.***, 179 F.R.D. 313, 314 (D.Kan. 1998).

With regard to the issue of retention of documents by Ms. Ramos, the corporate director and Finance manager held some of these documents for several years without any requirement that she return them. This is not how one protects corporate documents. See, ***Apex Mun. Funds v. N-Group Sec.*** 841 F.Supp. 1423, 1433 (S.D. Tex. 1993).

There is no claim of immediate threat of harm from disclosure of the documents from Plaintiffs to Defendants in this case. There is no claim of release of trade or proprietary secrets, or that Plaintiffs in some way are using the documents in any other manner other than in this case. This is a case where discharged employees have filed suit against international employers. The instant motion seeks to impose further hardship on Plaintiffs by requiring them to return documents they have received or prepared in many instances, and then to demand they be provided in discovery. No doubt that many of the documents already argued over by Defendants will then be refused on the basis of privilege of some kind, not readily discernible from the Defense motion. Courts have become reluctant to impose secrecy arrangements where matters of substantial concern are involved. There are no trade secrets being provided nor asked to be protected here. ***McGrane v. The Reader's Digest*** Ass'n, 822 F.Supp. 1044, 1052 (S.D.N.Y. 1993). Rather, the Plaintiffs have brought forward their complaints of discrimination against defendants who have been sued in this Court before on the same and similar issues, for protection of federal rights under the employment opportunity Act.

The Court may certainly take judicial notice of the cases filed herein in the year 2000 by the Equal Employment Opportunity Commission, and those pending against this employer currently. To allow the Defendant to now reclaim all documents in the possession of a former employee for the past five to seven years is not necessary for defendant's protection, when lesser avenues, including the profferred Agreement is available.

For these reasons, Defendant's motion should be denied.

Respectfully submitted this 1st day of April, 2004.

By: _____
Sandra D. Lynch, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the instant Opposition was faxed to the office of Defense Counsel, Limtiaco, Cruz & Sison at 477-0001, on the 2nd day of April, 2004, and a copy delivered to their offices by hand delivery.

_____
Sandra D. Lynch