LIMTIACO CRUZ & SISON, PLLC
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

SIDLEY AUSTIN BROWN & WOOD LLP
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

FILED
DISTRICT COURT OF GUAM
APR 09 2004
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, et al. | CIVIL CASE NO. 03-00028 |
| Plaintiffs, | |
| vs. | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF APPLICATION FOR ORDER REQUIRING RETURN OF MISAPPROPRIATED PROPERTY** |
| LSG LUFTHANSA SERVICE GUAM, INC., et al. | |
| Defendants. | |

Defendants LSG Service Guam, Inc. and LSG Catering Guam, Inc. (collectively "LSG Guam" or the "Company") submit the following Reply Memorandum of Points and Authorities in Further Support of its Application for an Order Requiring the Return of Misappropriated Property

("Application") against Plaintiffs Michelle D. Ramos and Ricardo G. "Gino" Perez (collectively "Plaintiffs").

**INTRODUCTION**

After receiving Plaintiffs' voluminous initial disclosures in late February 2004, LSG Guam discovered that Plaintiffs – without any authorization – were unlawfully in possession of numerous of its confidential and proprietary documents ("documents"). Notwithstanding LSG Guam's two attempts to retrieve its documents, Plaintiffs and their counsel balked at any obligation to return LSG Guam's property. *See* Decl. of A. Limtiaco & exhibits, filed concurrently with the Application. Plaintiffs' and their counsel's bald refusal is what prompted the present Application. *Id.*

In their Response, Plaintiffs do not deny that they possess the documents in question. Their only excuse appears to be that such possession was implicitly "authorized" because Ramos obtained the documents during her employment and that LSG Guam did not take sufficient steps to stop Ramos from retaining such documents. Neither argument has any merit.

As discussed below, it is indisputable that the documents in question belong to LSG Guam. The mere fact that Plaintiff – a former executive and member of LSG Guam's board of directors – had access to such documents <u>during her employment and service on the board of directors</u> does not convert them into her personal property. Secondly, the notion that LSG Guam should have taken additional steps to prevent Plaintiffs from pilfering the documents is preposterous and simply attempts to blame LSG Guam for Plaintiffs' devious activities. Therefore, LSG Guam's Application should be granted and Plaintiffs should be ordered to return all documents and copies of such documents to LSG Guam at once.

## ARGUMENT

The Federal Rules of Civil Procedure do not permit parties to engage in "self-help." *Alicia Ocean Transport, SA v. Equities Steamship Agencies, Ltd.*, 1985 WL 405, at *2 (S.D.N.Y. Mar. 21, 1985), *Howard v. Sweetheart Cup. Co.*, 2001 WL 721765, at *3 (N.D. Ill. June 27, 2001). As discussed in its opening memorandum, federal courts are empowered to order the return of property where one party has stolen it from another in an attempt to aid its case. *See* LSG Guam's Mem. at 4-6 (citing, *inter alia, Conn v. Superior Ct.*, 196 Cal. App. 3d 774 (1987), *Pillsbury Madison & Sutro v. Schectman*, 55 Cal. App. 4th 1279 (1997), *In re IBP Confidential Business Documents Litig.*, 754 F.2d 787 (8th Cir. 1985).

This is precisely what Plaintiffs have done here. Plaintiffs acquired documents during their employment, they separated employment, and they retained the documents so as to use them in their present lawsuit against LSG Guam. Such conduct cannot be permitted. *See O'Day v. McDonnel Douglas Helicopter Co.*, 79 F.3d 756 (9th Cir. 1996) ("[W]e are loathe to provide employees an incentive to rifle through confidential files looking for evidence that might come in handy in later litigation.").

Their response offers no explanation for why they were in possession of the documents <u>after</u> Ramos resigned her employment – particularly documents that are completely unrelated to her own employee personnel file; rather, Plaintiffs only bother to explain how she came to possess them <u>while</u> she was employed. The import of this admission is that Ramos acquired the documents in connection with her duties as an executive and director of LSG Guam and that she retained them –

3

and has not given them back – after those duties ceased.1 Her possession is simply unjustified and unlawful. She provides no basis for her continued possession as a <u>former</u> employee or director.

Plaintiffs also attempt to paint LSG Guam's Application as one asserting privilege. While there is little doubt that some of the documents Plaintiffs have unlawfully retained contained privileged matters such as litigation reports and correspondence from in-house and outside counsel, their argument completely misses the point. It is not the fact that some of the documents may be privileged that justifies their return; rather, <u>it is the fact that those documents are LSG Guam's property – privileged or not</u>. Merely because documents are not privileged or otherwise discoverable does not allow Plaintiffs to engage in conversation and resort to self-help.

This is true particularly here, where Plaintiffs, themselves, requested – and were granted – the opportunity to conduct discovery. It was Plaintiffs who "required" discovery to flesh out issues relating to personal jurisdiction. *See* Plaintiffs' Mem. in Opp. to Mot. to Dismiss at 2-3 (filed Oct. 17, 2003). The Court granted them that opportunity. *See* Mem. Op. (Dec. 24, 2003) at 7. Far from avail themselves of the opportunity the Court provided, they did absolutely nothing. *See generally,* Mot. for Attorneys Fees (filed March 24, 2004). They should not be permitted to circumvent their own request for discovery and their own failure to take any discovery by helping themselves with their unauthorized and unlawful possession of LSG Guam's documents.

Finally, Plaintiffs attempt to blame LSG Guam for not preventing Ramos from retaining the documents after she resigned. This argument is simply preposterous. Even if LSG Guam had

---

1 Notably, in the cases cited by Plaintiffs, the employees in question <u>did not take, or had already returned,</u> the documents in question. *See International Paper Co. v. Suwyn*, 966 F. Supp. 246, 258 (S.D.N.Y. 1997) (noting, "Suwyn took neither of these [proprietary] documents, nor did he take any other confidential documents, with him when he left International Paper."); *Bijan Designer for Men, Inc. v. Katzman*, 1997 WL 65717, at *3 (S.D.N.Y. 1997) (noting, "[T]here is no evidence that Katzman has retained copies of those documents he returned.). Far from deal with the actual return

4

delayed in demanding the return of documents (which it did not), such delay would not somehow convert Plaintiffs' unlawful conversion into lawful possession. The length of time required for adverse possession is far longer than the eleven months since Ramos resigned from LSG Guam on March 28, 2003. Her possession is just as unlawful today as it was on the day she resigned.

Moreover, LSG Guam had ample policies and practices in place to make perfectly clear to Ramos that she was required to return all property belonging to LSG Guam when she resigned. Ramos, herself, signed an Employee Acknowledgement Form that stated:

> I understand in the case of my resignation or termination, I will be required to . . . return all company tools and equipment (including keys, badges, uniforms) prior to my last day of work. <u>If any or all company property is not returned, reasonable value of all items shall be deducted from my final paycheck</u>.

Employee Acknowledgement Form, attached hereto as Exhibit A. She further acknowledged "that I have read and understood its contents." *Id.* Similarly, as discussed in its opening memorandum, LSG Guam's handbook expressly prohibited employees from retaining any company property, disclosing any confidential information, and required them to return all company property on their last day of employment. Application at 2-3. Ramos and the other Plaintiffs can hardly claim surprise that LSG Guam expected them to return its property.

## CONCLUSION

In sum, there is no dispute that Plaintiffs have retained LSG Guam's property. There is no dispute that their possession of such property is unlawful. There is no dispute that this Court is empowered to order Plaintiffs to return such property. Consequently, the Application should be

---

of property, both cases merely focused on the enforceability of covenants not-to-compete. *Id.*

5

granted, and an order should issue requiring Plaintiffs and their counsel to return all documents and any copies thereof to LSG Guam at once.

Dated: April 9, 2004

LIMTIACO CRUZ & SISON, PLLC

By: _____
For ALICIA A. LIMTIACO,
Counsel For Defendants LSG Lufthansa
Service Guam, Inc. and LSG Lufthansa
Catering Guam, Inc.

U:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Motion for Return of Docs\Reply Brief - Motion to Return Property (AAL-Final 4.9.04).doc

6

Case 1:03-cv-00028   Document 61   Filed 04/09/2004   Page 6 of 7

# EMPLOYMENT ACKNOWLEDGMENT FORM

I agree to conform to the rules and regulations of LSG and to protect the interests of this company.

I understand that in the case of my resignation or termination, I will be required to settle all of my accounts in full, return all company tools and equipment (including keys, badges, uniforms) prior to my last day of work. If any or all company property is not returned, reasonable value of all items shall be deducted from my final paycheck.

I acknowledge receipt of the LSG Employee Handbook (Revised 2-23-96) and that I have read and understand its contents.

_____
Signature of Employee

MICHELLE D. RAMOS
(Print Employee Name)

8/28/96
Date

# Exhibit "A"