LAW OFFICE OF SANDRA D. LYNCH, P.C.
207 Martyr Street, Suite 3
Travel Pacificana Building
Hagatna, Guam 96910
Telephone: (671) 472-8889
Fax: (671) 472-8890

*Attorney for Plaintiffs*



FILED
DISTRICT COURT OF GUAM
APR 12 2004
MARY L. M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, et al., | Civil Case No. 03-00028 |
| Plaintiffs, | |
| vs. | |
| LSG LUFTHANSA SERVICE HOLDING AG, et al., | PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS FEES |
| Defendants. | |

    Defendants move the Court for an Order granting them attorneys fees in the amount of over $8,400 for "preparation" of a witness for a deposition that had to be canceled due to the illness of Plaintiffs' counsel, and due to the incorrect date inadvertently typed on the Notice. Their Motion should be denied for all the following reasons.

    First, on the one hand defendants demand that the court enforce cooperation in discovery, and on the other hand, they refuse to entertain discussions regarding scheduling of discovery or of hearings on motions. Defendants do not come to this Court with clean hands in connection with the Rules of Civil Procedure. [1]

    Second, Defendants complain about not receiving documents in discovery until February 23 [despite that Plaintiffs provided some initial disclosure in December], yet Defendants did not

---

[1] The Defendants filed two Motions, both in March, 2004, and both times, defense counsel failed to contact Plaintiffs' counsel to discuss scheduling of a hearing on such motions. When contacted by former defense counsel Robert Torres for his Motion to Dismiss in November, 2003, Plaintiff and he coordinated a mutually agreeable hearing date pursuant to the Rules.

provide *any documents* to Plaintiffs until February 23, 2004. The documents from defendants consist of the personnel files, including background checks and applications for employment, on the three Plaintiffs. If that is all the defense has been able to obtain for the issues it raised in its Motion to Dismiss, and to defend against the numerous claims of the Plaintiffs, and all defendants intend to rely on at the trial in this matter, then this case will shortly be over in response to a Summary Judgment Motion by Plaintiffs. If there is more, then the defense is avoiding discovery and violating the rules of procedure while complaining about Plaintiffs.

Third, there is no requirement that a party wait for documents from the other party before providing documents in initial discovery, as the defense has done. As for Plaintiffs, one moved from Guam, and a key witness is away for medical treatment. As more documents are received from Plaintiffs or other sources, or found to be relevant to the issues, they have been and will continue to be provided to defense. Defendants have not yet commenced discovery. However, defendants have the same obligation regarding discovery as Plaintiffs.

Defendants also complain that (1) they were not given sufficient time to designate a corporate representative, (2) the deposition notice was vague, and (3) the requested deposition was untimely. Despite these objections, defense made no effort to cooperate in scheduling the depositions, as requested by Plaintiff's counsel. As for the "untimeliness" and "insufficient time," defense complains that they were notified after business hours on Friday for a deposition on Monday. This is not accurate. As is apparent from the letter dated February 17 from the undersigned, defendants were first asked to cooperate in setting up the deposition of a corporate representative for the following week, at least 6 days in advance. Defendants then complain that they had to prepare for the deposition "at the last minute," including over the weekend. Why was Mr. Davy not informed that he would be the corporate representative when the letter of February 17 was received? There was clearly sufficient time.

Plaintiff's counsel had previously worked with attorney, now Guam Supreme Court Justice, Robert Torres, and pursuant to the Federal Civil Rules, the two had worked out a schedule for

-2-

1 depositions and other discovery, as it should be. Plaintiffs' counsel had a busy schedule in January,
2 but made efforts to contact defense counsel. For example, Plaintiffs' counsel called defense counsel
3 on January 5 and on January 8. Neither Ms. Limtiaco nor Ms. Cruz were available, according to the
4 person who answered the phone. Mr. Torres spoke with the undersigned, however, and depositions
5 scheduled for the end of January were continued so that the attorneys could work on the scheduling
6 order and exchange documents. They discussed when to take Ms. Ramos's deposition, since she
7 lives in Hawaii. To the undersigned's knowledge, the only phone call to her office was on January
8 5. The call was returned, but none of the three attorneys on the case were available. Mr. Torres and
9 the undersigned spoke just a few days before he took his oath of office for the Guam Supreme Court.
10 A few days later, another call to defense counsel went unreturned. In late January, Plaintiffs' counsel
11 again attempted to contact defense counsel, after Mr. Torres had taken the bench. [2]

12 Fourth, Plaintiffs' counsel called defense counsel in February, but it went unanswered as
13 well. Hence, the February 17 letter. The undersigned expected the same cooperation from Ms.
14 Limtiaco and Ms. Cruz as had been received from Mr. Torres. The undersigned wrote on February
15 17, "...I would like to depose a corporate representative *either Monday, February 23, in the*
16 *afternoon, or Tuesday or Wednesday, anytime.* Please let me know who your designated
17 representative will be..." Counsel then wrote, "If these issues require more than one representative
18 or representatives from Guam and Saipan, *we can work out the details of the dates and times* for
19 each." This invitation to discuss the dates and times for a deposition was rebuffed by defense
20 counsel's letter of February 18, wherein Ms. Limtiaco states, "*We have been prepared to exchange*
21 *documents for several weeks...With respect to a deposition, we cannot respond to the vague*
22 *informal request that you have made...The matters should be limited to the jurisdictional issues.*

---

[2] The firm of Torres, Limtiaco Cruz & Sison formerly represented the Defendants in this case. The newly formed firm of Limtiaco Cruz & Sison has yet to provide a Substitution of Counsel, but apparently continues to represent all Defendants herein, based on their Motions filed in March, 2004. Conversely, in the companion case of Datuin v. LSG, et al., Civil Case No. 04-00010, the firm of Limtiaco Cruz & Sison purport to represent only LSG Guam and LSG Saipan entities, and not LSG Holding AG, LSG Asia, LSG USA, or LSG Sky Chefs. Plaintiffs will continue to serve Limtiaco Cruz & Sison with copies of all pleadings in this case despite the lack of a Substitution of firms.

28                                                                  -3-

*Once we have received the notice, we shall promptly provide an appropriate response."*

Fifth, despite having been "prepared to exchange documents for several weeks," defense did not provide documents until February 23. Despite that there was no limit on the type of deposition that could be taken by Plaintiff, as there is not yet a scheduling Order limiting discovery, defense sought to preclude discovery except as to jurisdictional issues. And, despite that defense counsel indicated that she would "respond," she did not do so. Instead of attempting to cooperate in discovery, defense counsel attacked Plaintiffs' counsel and her attempt to afford courtesy to defense counsel in selecting a mutually convenient date for corporate defendants' deposition. The deposition notice on February 20 should have read February 24, for several reasons, the most important of which was that the Guam bar was holding a CLE seminar on February 23, and both Plaintiff and defense counsel planned to attend. Plaintiffs' counsel did not attend after all, due to the onset of an unexpected illness. But, had defense sought to quash the notice, she certainly could have done so instead of complaining about her objections after the fact. It would certainly have been easier to simply call and discuss an alternative schedule or complain that the deposition was untimely, or send a letter! Regardless, defense counsel could have moved to prohibit or limit the deposition under Fed.R.Civ.P. 26.

Sixth, defense counsel mis-states the conversation between she and the undersigned in a further effort to cast the undersigned in an unreasonable light.[3] Whether the office staff with whom Ms. Limtiaco spoke believed that the undersigned was attending the CLE is not pertinent, since the legal secretary for the undersigned made it clear that such was not the case, and the conversation between the undersigned and Ms. Limtiaco should have precluded that notion. Counsel was home sick. While the events were unfortunate, they could easily have been resolved by a simple phone call or letter from defense counsel. Plaintiffs' counsel was not expecting defense counsel, and was instead expecting further objections like the ones mentioned in the February 18 letter. The mistake was inadvertent, but it was clear from defense counsel's posturing that she would not return for the

---

[3] See, Declaration of Plaintiffs' Counsel.

-4-

next day's deposition. Plaintiffs therefore waived the taking of the corporate representative's deposition on February 24 after Ms. Limtiaco refused to discuss an alternative schedule, declaring that the "discovery period" had ended.

Defense counsel would have this Court believe that Plaintiffs mislead the Court because they waived the taking of the Guam and Saipan corporate representative's deposition on February 23 [or 24, given the typographical error]. Plaintiffs' counsel merely agreed with defense counsel who objected to rescheduling the deposition, given that defense counsel refused to entertain any such discussions. The involvement of the "non-Guam" LSG entities contained in Plaintiffs' claims is supported by current and former employees who have since January provided information regarding the corporate structure which involves all LSG entities worldwide. Moreover, a former contractor who actually worked with LSG Germany and LSG USA, has provided valuable information and will be a key witness as to the ties that connect the Guam and so-called "non-Guam" LSG entities. Discovery of other issues, including the reasons for the terminations of Plaintiffs and others, has only just begun.

Finally, if the Court decides that defendants are entitled to any fees for the cancellation of the deposition, only those fees incurred for the half hour or less to attend the canceled deposition should be awarded, for a single attorney. See Rule 30(g). There has been no showing that it was necessary for two attorneys to review documents, interview the witness, prepare for the deposition, or attend the deposition. Moreover, a half hour is reasonable, whereas 44 hours is not. A review of the Affidavits and fees allegedly charged show that it is not reasonable to believe that defense attorneys spent a total of ten hours in their office on Saturday, almost 15 hours on Sunday, and 11 hours on the *what was to be the day of the deposition* to prepare their single witness for his deposition. [Note that Mr. Davy does not mention preparing for the deposition for 5 hours on Monday, February 23, yet his counsel does.] Defense counsel claims numerous hours for "reviewing the documents," but also claims that they did not receive documents until February 23. Which documents then did they review? Mr. Davy is a recent addition to the LSG Guam office, and likely knows little about the

-5-

relationship between the Guam and "non-Guam" LSG entities, other than what he was told by his attorneys. The role of defense counsel is to make sure that the corporate representative being selected has corporate knowledge. It would appear that Mr. Davy did not have sufficient knowledge to be named the designated representative, no matter when the deposition was to take place. Mr. Davy is the witness selected by the defendants as their designated representative. As such, the cost of preparing him to testify should be borne by Defendants as a cost of their litigation. No actual expenses were incurred by Mr. Davy as he is a real party in interest with the Guam and Saipan LSG defendants named in the complaint. Are defense counsel actually so poorly prepared that they needed 44 hours to decide how to defend a deposition? Or were they trying to impart information to the witness? Either way, their preparation time, review of documents [whose?], emails, discussions with associated counsel, and research for a deposition that they are not initiating, is wholly unrealistic, unreasonable, and questionable.

Mr. Davy is the General Manager of LSG Guam and Saipan. He is the person most likely to be a key witness for the defense. It is simply not reasonable or logical to believe that he was not told until February 21 that he would be involved in the case as a witness. Counsel knew from the outset that the corporate identities of the Guam and Saipan LSG entities would be an issue in the case, and filed a Motion based on just that issue. The General Manager of both the local LSG entities is Mr. Davy. Time spent for preparing him to testify should not be taxed to Plaintiffs since he will in all likelihood be a key witness regardless, and he should have already been knowledgeable about corporate business such that his deposition could have been or could be taken with minimal preparation. There is no claim that he is not fluent in the English language, nor that he endured any particular hardship in order to meet with his attorneys. There is simply no basis for claiming 44 hours for preparation, review, etc. for a deposition!

The Motion should be denied. Defendants should be reminded that discovery is mutual and that the Rules require cooperation in scheduling depositions, as well as cooperation in discussing hearing dates for motions filed by either party.

Case 1:03-cv-00028 Document 70 Filed 04/12/2004 Page 6 of 8

## CONCLUSION

Once defense attorney Limtiaco took the lead for defendants in this case, she systematically avoided cooperation in discovery, refusing to disclose any documents until February 23. Defense counsel refused to cooperate in setting a deposition schedule on February 17, then complained when Plaintiffs' counsel provided notice of a deposition on February 20 for a few days later, albeit the wrong date due to a typographical error. On the date set erroneously by the Notice, Plaintiff's counsel became ill, and realized that the notice was wrong and that regardless, she could not attend the deposition, and she sent a message to defense counsel.

Despite a request for a corporate representative on February 17, allegedly no corporate representative was made aware of the possibility of his deposition begin taken until February 21, at which time defense counsel claim to have expended over $8,400 and a total of 44 hours to prepare a single witness, who should have the corporate knowledge to be the designated representative. It is unreasonable to believe that his own attorneys had to spend so much time "interviewing" him and "preparing" for his deposition, and reviewing documents they claim not to have had!

Because defendants did not cooperate in discovery, and come to the Court with unclean hands, their motion should be denied. In the alternative, should the Court consider that the error in the date of the proposed deposition caused defendants to incur attorneys fees, the Court should only award to defense counsel a half hour for one attorney to attend the canceled deposition. Preparation of one's own witness is a cost of doing business in litigation and should not be taxed to the opposing party. Moreover, the problems with this particular deposition were partly due to the lack of cooperation on the part of defense counsel's refusal to discuss scheduling.

For all these reasons, Defendants' Motion for Attorneys fees should be denied.

Respectfully submitted this 10th day of April, 2004.

LAW OFFICE OF SANDRA D. LYNCH, P.C.

By: _____
Sandra D. Lynch, Esq.
Attorney for Plaintiffs

-7-

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was provided to defendants at the office of their attorneys of record, at Limtiaco Cruz & Sison, PLLC at 777 Route 4, MVP Business Center, Suite 11B, Sinajana, Guam 96910, via fax and hand delivery on the same date shown.

Sandra D. Lynch, Esq.