LIMTIACO CRUZ & SISON, PLLC
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

SIDLEY AUSTIN BROWN & WOOD LLP
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

FILED
DISTRICT COURT OF GUAM
APR 19 2004
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, et al. | CIVIL CASE NO. 03-00028 |
| Plaintiffs, | |
| vs. | **AFFIDAVIT OF COUNSEL ALICIA A. LIMTIACO** |
| LSG LUFTHANSA SERVICE GUAM, INC., et al. | |
| Defendants. | |

I, Alicia A. Limtiaco, being duly sworn, under penalty of perjury, deposes and says:

1. I am an attorney admitted to practice before the United States District Court of Guam and a Partner with Limtiaco Cruz & Sison, PLLC ("LCS"), which maintains an office at 777 Route 4, MVP Business Center, Suite 11B, Sinajana, Guam 96910. That I have been a practicing attorney for approximately fourteen (14) years and my customary billing rate is currently set at $200.00 per hour.

2. Plaintiffs counsel claims that on February 23, 2004, she e-mailed "Mr. Torres' office", and called for defense counsel, however, defense counsel's office has no record whatsoever of any e-

mail, telephone call, letter, or otherwise, indicating any message from Plaintiffs counsel about the cancellation of the February 23, 2004 deposition. Any message sent to former defense counsel Robert J. Torres, Jr.'s e-mail address on or about February 23, 2004, would not have been logical or appropriate as Mr. Torres was no longer a partner of Torres Limtiaco Cruz & Sison, PLLC, as of January 16, 2004, the day on which he was sworn in as Supreme Court Justice. If any message was sent to LCS' firm e-mail address, or left with defense counsel's staff, indicating that the deposition was cancelled, the staff would have immediately informed Defendants and defense counsel so as to avoid incurring unnecessary cost and expense to the client.

3. Plaintiffs counsel's contention that her failure to appear on February 23, 2004, the day of the noticed deposition, could "easily have been resolved by a simple phone call or letter from defense counsel," again misstates the facts as defense counsel did send a letter dated February 23, 2004, to Plaintiffs counsel addressing the issue of her failure to attend, the substantial amount of time expended by defense counsel and client in preparing for the deposition, and payment of defense counsel's fees and expenses pursuant to the Federal Rules of Civil Procedure. *See* Defendants' Motion for Attorneys Fees and Affidavit of Alicia A.G. Limtiaco filed March 24, 2004 at 4, and Exhibit C attached thereto. Defense counsel never received any response from Plaintiffs' counsel since February 23, 2004 up and through the filing of the motion for attorney's fees on March 24, 2004, approximately one month later.

4. Despite Plaintiffs counsel's overly dramatic and inaccurate characterization of defense counsel Limtiaco's objection to an extension of Defendants corporate representative's deposition, such objection by defense counsel was certainly reasonable and expected in light of the fact that the Court ordered sixty (60) day jurisdictional discovery period granted Plaintiffs had expired on February 23, 2004, and that no benefit would be served Defendants in having the deposition extended beyond the expiration date of the jurisdictional discovery deadline. Defense counsel were duty bound to represent the best interests of their client, and although such objection was not well received by Plaintiffs

2

counsel, defense counsel were nonetheless within their right and entitled to make such an objection.

5. Plaintiffs counsel's allegations that defense counsel did not contact her or her office regarding the exchange of discovery, filing of motions, and setting of motion hearings dates are without merit. On December 12, 2003 and December 30, 2003, defense counsel Donna M. Cruz ("Cruz") called and spoke with Plaintiffs counsel regarding the scheduling of Plaintiffs' depositions. On January 2, 2004, defense counsel Alicia A. Limtiaco ("Limtiaco") called and left a message for Plaintiffs counsel. On January 2, 2004, defense counsel Cruz called and spoke with Plaintiffs counsel about an interim scheduling order. On January 6, 2004, defense counsel Limtiaco called and left a message for Plaintiffs counsel. Since defense counsel did not receive any returned calls to their knowledge, defense counsel sent to Plaintiffs counsel a letter dated January 8, 2004, indicating their previous attempts to contact her about the scheduling of Plaintiffs' depositions and request for discovery. It was not until defense counsel sent their January 8, 2004 letter to Plaintiffs counsel, that Plaintiffs counsel contacted and spoke with defense counsel Robert J. Torres, Jr. on January 8, 2004. Plaintiffs counsel did not speak with defense counsel Cruz or Limtiaco. After January 8, 2004, defense counsel called Plaintiffs counsel at least once or twice, including January 13, 2004, whereon defense counsel Limtiaco called and left a message for Plaintiffs counsel to return her call regarding an interim scheduling order. Defense counsel Cruz and Limtiaco did not receive any returned calls to their knowledge. It was not until February 17, 2004, that defense counsel, to their knowledge, received any response from Plaintiffs counsel. In Plaintiffs counsel's letter, she admits to not speaking with defense counsel's office during the three weeks prior to February 17, 2004. *See* Defendants' Motion for Attorneys Fees filed March 24, 2004, Exhibit C.

6. Plaintiffs counsel's claim that defense counsel "refuse" to entertain discussions regarding motion hearings is again completely without merit. The affidavits and exhibits of defense counsel and Plaintiffs counsel's own admissions clearly evidence defense counsel's multiple attempts

3

to communicate with Plaintiffs counsel regarding the scheduling of discovery, filing of motions, and setting of hearing dates. Plaintiffs counsel's contention that she or her office were not contacted regarding a hearing date for Defendants' motion for an order for return of misappropriated documents, is inaccurate. In a letter dated March 19, 2004, defense counsel reiterated Defendants' earlier position that should Plaintiffs fail to respond to their request for return of confidential, proprietary, and privileged information belonging to LSG Lufthansa Catering Guam, Inc. and LSG Lufthansa Service Guam, Inc., that Defendants will pursue all available legal and equitable remedies against Plaintiffs. Since Plaintiffs' failed to comply with Defendants' initial demand of March 14, 2004, defense counsel informed Plaintiffs counsel of their intention to file an ex parte application for an order for return of misappropriated documents on March 19, 2004, and of their request for a hearing date of March 22, 2004. Further, on March 22, 2004, defense counsel's office called Plaintiffs counsel's office and informed a staff member, Janet, that the Court had indicated that the pleadings would first be reviewed by the law clerks and then a hearing date would be scheduled by the Court depending on the Judge's calendar. The Court would then either prepare its own notice or inform the parties telephonically of the hearing date. Similarly, regarding Defendants' motion for attorneys fees, it was defense counsel's understanding that the Court would set a hearing date upon review of the motion, and at that time, it would contact the parties regarding a scheduled date. Any other references in Plaintiffs counsel's opposition and declaration not pertaining to Defendants' motion for attorneys fees are inappropriate and should be stricken. *See e.g.*, Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion for Attorneys Fees, Declaration of Counsel filed on April 12, 2004 at 4, paragraph 17.

7. Defendants are entitled to reasonable attorneys fees and expenses for Plaintiffs counsel's failure to attend and proceed with the scheduled noticed deposition of Defendants corporate representative on February 23, 2004. Plaintiffs counsel's failure to attend and conduct the scheduled noticed deposition of Defendants corporate representative was in no way attributable to Defendants or

4

defense counsel.

Further your affiant sayeth naught.

Dated: April 19, 2004                    LIMTIACO CRUZ & SISON, PLLC


By: *Alicia A. Limtiaco*
    ALICIA A. LIMTIACO


SUBSCRIBED AND SWORN to before me this 19th day of April 2004.

*Rosa L. Resendez*
Notary Public

ROSA L. RESENDEZ
NOTARY PUBLIC
In and For Guam, U.S.A.
My Commission Expires: Nov. 5, 2005
180 Oceanview Drive Piti, Guam 96915

U:\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Affidavit of AALimtiaco re Reply to Plaintiffs' Opp to Motion for Attys Fees (04.19.04).doc

5