LIMTIACO CRUZ & SISON, PLLC
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

SIDLEY AUSTIN BROWN & WOOD LLP
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

FILED
DISTRICT COURT OF GUAM
APR 19 2004
MARY L. M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, et al. | CIVIL CASE NO. 03-00028 |
| Plaintiffs, | |
| vs. | **AFFIDAVIT OF COUNSEL DONNA M. CRUZ** |
| LSG LUFTHANSA SERVICE GUAM, INC., et al. | |
| Defendants. | |

I, Donna M. Cruz, being duly sworn, under penalty of perjury, deposes and says:

1. I am an attorney admitted to practice before the United States District Court of Guam and a Partner with Limtiaco Cruz & Sison, PLLC ("LCS"), which maintains an office at 777 Route 4, MVP Business Center, Suite 11B, Sinajana, Guam 96910. I have been a practicing attorney for approximately fourteen (14) years.

2. Plaintiffs' counsel, Ms. Sandra Lynch ("Lynch"), claims that on February 23, 2004, she e-mailed "Mr. Torres' office", and called for defense counsel, however, my office has no record

1

ORIGINAL

whatsoever of any e-mail, telephone call, letter, or otherwise, indicating any message from Plaintiffs counsel about the cancellation of the February 23, 2004 deposition. Any message sent to former defense counsel Robert J. Torres, Jr.'s e-mail address on or about February 23, 2004, would not have been logical or appropriate as Mr. Torres was no longer a partner of Torres Limtiaco Cruz & Sison, PLLC, as of January 16, 2004, the day on which he was sworn in as Supreme Court Justice. If any message was sent to LCS' firm e-mail address, or left with defense counsel's staff, indicating that the deposition was cancelled, the staff would have immediately informed me or Alicia A.G. Limtiaco ("Limtiaco") and the Defendants so as to avoid incurring unnecessary costs and expense to the client.

3. Plaintiffs counsel's contention that her failure to appear on February 23, 2004, the day of the noticed deposition, could "easily have been resolved by a simple phone call or letter from defense counsel," again misstates the facts as defense counsel Limtiaco did send a letter dated February 23, 2004, to Plaintiffs counsel addressing the issue of her failure to attend, the substantial amount of time expended by defense counsel and client in preparing for the deposition, and payment of defense counsel's fees and expenses pursuant to the Federal Rules of Civil Procedure. *See* Defendants' Motion for Attorneys Fees and Affidavit of Alicia A.G. Limtiaco filed March 24, 2004 at 4, and Exhibit C attached thereto. Neither I nor defense counsel Limtiaco received any response from Plaintiffs' counsel since February 23, 2004 up and through the filing of the motion for attorney's fees on March 24, 2004, approximately one month later.

4. Despite Plaintiffs counsel's characterization of defense counsel Limtiaco's objection to an extension of Defendants corporate representative's deposition, such objection by defense counsel was certainly reasonable and expected in light of the fact that the sixty (60) day jurisdictional discovery period granted Plaintiffs had expired on February 23, 2004, and that no benefit would be gained by Defendants in having the deposition extended beyond the expiration date of the jurisdictional discovery deadline. We were duty bound to represent the best interests of our client, and although such objection

2

was not well received by Plaintiffs' counsel, we were nonetheless within our right and entitled to make such an objection.

5. Plaintiffs counsel's allegations that defense counsel did not contact her or her office regarding the exchange of discovery, filing of motions, and setting of motion hearings dates are without merit. On December 12, 2003 and December 30, 2003, I called and spoke with Plaintiffs' counsel regarding the scheduling of Plaintiffs' depositions. On January 2, 2004, defense counsel Limtiaco called and left a message for Plaintiffs' counsel. On January 2, 2004, I called and spoke with Plaintiffs' counsel about an interim scheduling order. On January 6, 2004, defense counsel Limtiaco called and left a message for Plaintiffs' counsel. Since we did not receive any returned calls to our knowledge, we sent to Plaintiffs' counsel a letter dated January 8, 2004, indicating our previous attempts to contact her about the scheduling of Plaintiffs' depositions and request for discovery. It was not until we sent our January 8, 2004 letter to Plaintiffs' counsel, that Plaintiffs' counsel contacted and spoke with defense counsel Robert J. Torres, Jr. on January 8, 2004. Plaintiffs' counsel did not speak with me or defense counsel Limtiaco. After January 8, 2004, defense counsel called Plaintiffs' counsel at least once or twice, including January 13, 2004, whereon defense counsel Limtiaco called and left a message for Plaintiffs' counsel to return her call regarding an interim scheduling order. Neither I nor defense counsel Limtiaco received any returned calls to our knowledge. It was not until February 17, 2004, that to our knowledge, we received any response from Plaintiffs' counsel. In Plaintiffs counsel's letter, she admits to not speaking with defense counsel's office during the three weeks prior to February 17, 2004. *See* Defendants' Motion for Attorneys Fees filed March 24, 2004, Exhibit C.

6. Plaintiffs counsel's claim that we "refuse" to entertain discussions regarding motion hearings is again completely without merit. The affidavits, declarations, and exhibits of defense counsel clearly evidence the multiple attempts by us to communicate with Plaintiffs' counsel regarding the scheduling of discovery, filing of motions, and setting of hearing dates. Plaintiffs counsel's

3

contention that neither she nor her office was contacted regarding a hearing date for Defendants' motion for an order for return of misappropriated documents, is inaccurate. In a letter dated March 19, 2004, defense counsel Limtiaco reiterated Defendants' earlier position that should Plaintiffs fail to respond to their request for return of confidential, proprietary, and privileged information and communications belonging to LSG Lufthansa Catering Guam, Inc. and LSG Lufthansa Service Guam, Inc., that Defendants will pursue all available legal and equitable remedies against Plaintiffs. Since Plaintiffs' failed to comply with Defendants' initial demand of March 14, 2004, defense counsel Limtiaco informed Plaintiffs counsel of our intention to file an ex parte application for an order for return of misappropriated documents on March 19, 2004, and of their request for a hearing date of March 22, 2004. See Letter dated March 19, 2004, attached hereto as Exhibit 1. Further, on March 22, 2004, our office called Plaintiffs counsel's office and informed a staff member, Janet, that the Court had indicated that the pleadings would first be reviewed by the law clerks and then a hearing date would be scheduled by the Court depending on the Judge's calendar. The Court would then either prepare its own notice or inform the parties telephonically of the hearing date. Similarly, regarding Defendants' motion for attorneys fees, it was our understanding that the Court would set a hearing date upon review of the motion, and at that time, it would contact the parties regarding a scheduled date. Any other references in Plaintiffs counsel's opposition and declaration not pertaining to Defendants' motion for attorneys fees are inappropriate and should be stricken. *See e.g.*, Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion for Attorneys Fees, Declaration of Counsel filed on April 12, 2004 at 4, paragraph 17.

7.   Plaintiffs' Counsel states that on March 30, 2004 she was able to speak to me and that I informed her that I "had no authority to enter into any Stipulation without the approval of Ms. Limtiaco, but she indicated she knew of my impending medical leave" is a misstatement of our conversation. When Plaintiffs' counsel spoke with me and asked me to stipulate to a continuance of

4

Defendants Motion for Return of Misappropriated Documents, I informed her that Ms. Limtiaco was handling that particular motion and that I would not be able to agree to any continuances without speaking to Ms. Limtiaco first. At no time did I mention that Ms. Limtiaco was lead counsel and that I would need her approval before I would agree to any stipulation. I also did not understand Ms. Lynch to mean that she was asking for a stipulation for all of the pending motions. She only mentioned the Defendants Motion for Return of Misappropriated Documents. In addition, I did not know of Ms. Lynch's impending medical leave. I had only heard that her daughter was ill and Ms. Lynch needed to go off island to accompany her daughter. It was only after my conversation with Ms. Lynch that I learned that she was seeking medical attention off island for herself.

8. Defendants are entitled to reasonable attorneys fees and expenses for Plaintiffs counsel's failure to attend and proceed with the scheduled noticed deposition of Defendants' corporate representative on February 23, 2004. Such failure to attend and conduct the scheduled noticed deposition of Defendants corporate representative on the part of Plaintiffs' counsel, was attributable in no way to Defendants or defense counsel.

Further your affiant sayeth naught.

Dated: April 19, 2004                    LIMTIACO CRUZ & SISON, PLLC


By: _____
DONNA M. CRUZ

5

1  SUBSCRIBED AND SWORN to before me this 19th day of April 2004.
2
3
                                           _____
                                                        Notary Public



ROSA L. RESENDEZ
NOTARY PUBLIC
In and For Guam, U.S.A.
My Commission Expires: Nov. 5, 2005
180 Oceanview Drive Piti, Guam 96915

27  U:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Affidavit of DMC re Reply to Plaintiffs' Opp to Motion for Attys Fees version 2 4-19-04.doc
28

6



**Law Offices**
**LIMTIACO CRUZ & SISON PLLC**
A Professional Limited Liability Company
777 Route 4, Ste 118 • M.V.P. Business Center
Sinajana, Guam 96910

# CONFIRMATION

Tel: 671-477-0000  Fax: 671-477-0001  Email: guamlaw@ite.net

---

Donna M. Cruz, Esq.
Alicia A. Limtiaco, Esq.
Ray C. Haddock, Esq.
Benjamin C. Sison, Jr., Esq.
Raymond L. Souza, Jr., Esq.

March 19, 2004

**VIA FACSIMILE**
472-8890

Sandra D. Lynch, Esq.
207 Martyr Street, Suite #3
Travel Pacificana Bldg.
Hagatna, Guam 96910

    Re:    <u>Michelle D. Ramos, et. al v. LSG Lufthansa Service Holding AG, et. al.</u>
            U.S. District Court of Guam Civil Case No. 03-00028

Dear Sandy:

    We received your letter dated March 16, 2004, regarding our demand for the return of corporate confidential, proprietary, and privileged information and communications wrongfully in the possession of your clients. We disagree with your clients' position and reiterate that at no time did LSG Lufthansa Service Guam, Inc. and LSG Lufthansa Catering Guam, Inc. (collectively "LSG Guam") authorize plaintiffs to remove the documents from company premises or to retain them at the conclusion of their employment. As stated in our March 14, 2004 letter, given that your clients have not complied with our demand, we intend to pursue all available legal and equitable remedies and will be filing today our ex parte application for an order requiring the immediate return of misappropriated property. We will request that the court hear our application on Monday, March 22, 2004. Please inform us of your clients' position regarding our application.

    Should you have any questions, please contact Donna Cruz or myself.

                            Sincerely,

                            LIMTIACO CRUZ & SISON, PLLC,

                            Alicia A. Limtiaco

AAL:cc

Cc: Neil Davy

**Exhibit 1**

U:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs LSG CV 03-00028\Letters\Ltr to Sandra Lynch (cac 3-19-04) doc