**LIMTIACO CRUZ & SISON, PLLC**
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

**SIDLEY AUSTIN BROWN & WOOD LLP**
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

FILED
DISTRICT COURT OF GUAM
APR 19 2004
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, et al. ) | CIVIL CASE NO. 03-00028 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | **REPLY TO PLAINTIFFS' OPPOSITION** |
| ) | **TO DEFENDANTS' MOTION FOR** |
| LSG LUFTHANSA SERVICE GUAM, INC., ) | **ATTORNEYS FEES** |
| et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

COME NOW Defendants LSG Lufthansa Service Guam, Inc., LSG Catering Guam, Inc., LSG

Lufthansa Service (LSG) Saipan, Inc., and LSG Catering Saipan, Inc. (collectively "Defendants") and

hereby submit their Reply to Plaintiffs' Opposition to Defendants' Motion for Attorneys Fees.[1]

_____

1 Plaintiffs erroneously allege that Limtiaco Cruz & Sison, PLLC, has yet to
file a substitution of counsel in the above-captioned case. *See* Plaintiffs'
Opposition to Defendants' Motion for Attorneys Fees filed April 12, 2004 at 3,
ftnt. 2. On January 16, 2004, LCS filed its substitution of counsel with the
Court. *See* Defendants' Exhibit A. Also, a "Notice of Change of Firm Address,
Address and Announcement of Associates" dated January 15, 2004 was provided to
all Guam Bar Members, and published in the Pacific Daily News on January 15,
2004. *See* Defendants' Exhibit B and Exhibit C, respectively.

ORIGINAL

# MEMORANDUM

In Plaintiffs' opposition to Defendants' motion for attorneys fees, Plaintiffs counsel makes inaccurate and misleading statements about defense counsel's position and conduct, and the chronology of events in this case. Plaintiffs counsel's claim that defense counsel "refuse" to cooperate in discovery and come to this Court with unclean hands, is completely without merit.

In the Court's December 24, 2003 Order on defendants' motion for reconsideration of the Court's November 18, 2003 decision on defendants' motion to dismiss for lack of personal jurisdiction, the Court granted Plaintiffs sixty (60) days from the date of entry of the Order to conduct discovery on the relationship between the non-Guam based defendants and the Guam-based defendants. *See* Order filed December 24, 2003 at 7. Such discovery was to be limited to the issue of whether personal jurisdiction over the non-Guam based defendants was appropriate. *Id.*; Errata filed March 9, 2004 ("On December 24, 2003, the Court issued an Order which granted Plaintiffs additional time to conduct limited discovery on jurisdictional issues."). The Court's December 24, 2003 Order was entered on the docket on December 24, 2003. Thus, the sixty (60) day limited discovery period on the jurisdictional issue expired on February 22, 2004. Since February 22, 2004 was a Sunday, the following Monday, February 23, 2004, was Plaintiffs' last business day to conduct discovery.

Plaintiffs counsel, through her own admission, intended to schedule the deposition of the Defendants' designated corporate representative on February 24, 2004, *after* the expiration of the sixty (60) day jurisdictional discovery deadline set forth in the Court's December 24, 2003 Order. *See* Plaintiffs' Opposition filed April 12, 2004 at 1, 4, and 5; and Declaration of Counsel filed April 12, 2004 at 2 and 18. Plaintiffs counsel refers to her office's error in typing the wrong deposition date of February 23, 2004, rather than the correct date of February 24, 2004, as counsel had plans to attend a GBA sponsored CLE on February 23, 2004. *Id.* Certainly, this "typographical error" would have been caught when Plaintiffs counsel or her office called to confirm the availability and attendance of a court

2

reporter for Plaintiffs' intended deposition on February 24, 2004. More importantly, it was Plaintiffs counsel's responsibility to ensure that the deposition date on the notice was correct, and not that of Defendants and their counsel, as Plaintiffs counsel seems to suggest.

Plaintiffs counsel claims that on February 23, 2004, she e-mailed "Mr. Torres' office", and called defense counsel, however, defense counsel's office has no record whatsoever of any e-mail, telephone call, letter, or otherwise, indicating any message from Plaintiffs counsel about the cancellation of the February 23, 2004 deposition. *See* Plaintiffs' Opposition to Defendants' Motion for Attorneys Fees, Declaration of Counsel filed April 12, 2004 at 2-3; and Defendants' Reply to Plaintiffs' Opposition, Affidavit of Donna M. Cruz and Affidavit of Alicia A. Limtiaco. Any message sent to former defense counsel Robert J. Torres, Jr.'s e-mail address on or about February 23, 2004, would not have been logical or appropriate as Mr. Torres was no longer a partner of Torres Limtiaco Cruz & Sison, PLLC, as of January 16, 2004, the day on which he was sworn in as a Supreme Court of Guam Justice. *Id.* If a message were left with defense counsel's staff indicating that the deposition was cancelled, the staff would have immediately informed Defendants and defense counsel so as to avoid incurring unnecessary cost and expense to the client. *Id.*

Also, in Plaintiffs counsel's letter dated February 17, 2004, she admits that "*given the directive from the District Court,*" she would like to depose a corporate representative on Monday, February 23, or Tuesday, February 24, or Wednesday, February 25 – *after* the expiration of the jurisdictional discovery deadline. *See* Defendants' Motion for Attorneys Fees filed March 24, 2004, Exhibit C. Plaintiffs counsel's contention that there was no limit on the type of deposition that could be taken by Plaintiffs as there is not yet a scheduling order limiting discovery, and that defense counsel sought to "preclude" discovery except to jurisdictional issues, is a complete misstatement of fact. Plaintiffs counsel, in her own letter dated February 17, 2004, refers to the "directive from the District Court" and her wish to depose a corporate representative. *See* Defendants' Motion for Attorneys Fees filed March

3

24, 2004, Exhibit C. Read in context, one can only comprehend her letter as referring to the Court's December 24, 2003 Order limiting discovery to the jurisdictional issue, and expiring within sixty (60) days from the date of entry of the Court's Order. Defense counsel immediately responded in a letter dated February 18, 2004, to Plaintiffs counsel's February 17, 2004 letter, indicating defense counsel's previous attempts to contact Plaintiffs counsel about discovery on the jurisdictional issue, reminding Plaintiffs' counsel of the jurisdictional discovery deadline of February 23, 2004, requesting that Plaintiffs provide a notice of deposition which complies with the Federal Rules of Civil Procedure, and that *upon receipt of the notice*, defense counsel would provide an appropriate response. *See* Defendants' Motion for Attorneys Fees filed March 24, 2004, Exhibit B. Plaintiffs counsel's claim that "despite that defense counsel indicated that she would 'respond,' she did not do so," is illogical, as defense counsel had not received a notice of deposition until Friday, February 20, 2004, after 5:00 p.m., and was thus not afforded the opportunity to respond given Plaintiffs counsel's service of the notice on the eve of the sixty (60) day jurisdictional discovery deadline. Defense counsel cooperated with Plaintiffs counsel's notice of deposition despite the last minute service, and in a good faith effort to comply with the Court's December 24, 2003 Order. Plaintiffs counsel appears to suggest that the fault lies with Defendants and defense counsel for appearing on February 23, 2004, the erroneous date indicated on Plaintiffs' notice of deposition, rather than on February 24, 2004 which was "inadvertently" omitted from Plaintiffs' notice. Plaintiffs counsel also seems to suggest that it was Defendants' burden to ensure by calling or writing to Plaintiffs counsel, that the scheduled deposition of Defendants' corporate representative was to occur on the day that Plaintiffs noticed, despite any indication to the contrary by Plaintiffs. *See* Plaintiffs' Opposition to Defendants' Motion for Attorneys Fees filed April 12, 2004 at 4. Plaintiffs counsel further appears to suggest that defense counsel cannot or should not object to her letter dated February 17, 2004, and that defense counsel was to construe her letter as Plaintiffs' formal notice of deposition. Plaintiffs counsel's claims are wholly without merit.

4

Plaintiffs counsel's contention that defense counsel should have quashed the notice of deposition rather than "complaining" after the fact, is illogical as Plaintiffs' notice was received by defense counsel's office on Friday, February 20, 2004, after 5:00 p.m., and filing a motion to quash would have been impossible until the following Monday, February 23, 2004, as the Court was closed over the weekend. Plaintiffs counsel's claim that defense counsel "refuse" to cooperate in discovery is equally illogical as rather than move to quash the notice of deposition as she suggests, defense counsel agreed to make every reasonable effort to comply with the Court's December 24, 2003 Order granting Plaintiffs sixty (60) days to conduct the limited discovery. *See* Defendants' Motion for Attorneys Fees filed March 24, 2004 at 4, Affidavit of Counsel Donna M. Cruz filed March 24, 2004 at 2, and Affidavit of Counsel Alicia A.G. Limtiaco filed March 24, 2004 at 2. Plaintiffs counsel's further claim that defense counsel could have called to discuss an alternative schedule or complain that the deposition was untimely, or send a letter, does not make sense in light of the fact that defense counsel did attempt via telephone and in writing to address and coordinate the exchange of discovery and scheduling of depositions since late December 2003. *See* Defendants' Motion for Attorneys Fees filed March 24, 2004 at 4, and Affidavit of Alicia A.G. Limtiaco filed on March 24, 2004 at 2, and Exhibit B attached thereto. Further, given defense counsel's review of Plaintiffs' notice of deposition, it was certainly not unreasonable for defense counsel to believe that since the notice of deposition provided a February 23, 2004 date, that that was the day on which the deposition was to be held, absent any other indication from Plaintiffs counsel. Again, Plaintiffs counsel seems to suggest that the burden was on defense counsel to confirm that the deposition of Defendants' corporate representative was still being held, regardless of the fact that defense counsel never received any indication, either in writing or orally, to the contrary. *See* Defendants' Reply to Plaintiffs' Opposition, Affidavit of Donna M. Cruz and Affidavit of Alicia A. Limtiaco.

Plaintiffs counsel's contention that her failure to appear on February 23, 2004, the day of the

noticed deposition, could "easily have been resolved by a simple phone call or letter from defense counsel," again misstates the facts as defense counsel did send a letter dated February 23, 2004, to Plaintiffs counsel addressing the issue of her failure to attend, the substantial amount of time expended by defense counsel and their client in preparing for the deposition, and payment of defense counsel's fees and expenses pursuant to the Federal Rules of Civil Procedure. Since February 23, 2004, defense counsel never received any response from Plaintiffs' counsel up and through the filing of the motion for attorneys fees on March 24, 2004, approximately one month later. *See* Defendants' Motion for Attorneys Fees and Affidavit of Alicia A.G. Limtiaco filed March 24, 2004 at 4, and Exhibit C attached thereto.

Despite Plaintiffs counsel's overly dramatic and inaccurate characterization of defense counsel Limtiaco's objection to an extension of Defendants corporate representative's deposition, such objection by defense counsel was certainly reasonable and expected in light of the fact that the Court-ordered sixty (60) day jurisdictional discovery period granted Plaintiffs had expired on February 23, 2004, and that no benefit would be served Defendants in having the deposition extended beyond the expiration date of the jurisdictional discovery deadline. Defense counsel were duty bound to represent the best interests of their client, and although such objection was not well received by Plaintiffs counsel, defense counsel were nonetheless within their right and entitled to make such an objection. *See* Plaintiffs' Opposition to Defendants' Motion for Attorneys Fees filed April 12, 2004 at 4-5; Defendants' Reply to Plaintiffs' Opposition, Affidavit of Donna M. Cruz and Affidavit of Alicia A. Limtiaco.

Plaintiffs counsel's allegations that defense counsel did not contact her or her office regarding the exchange of discovery, filing of motions, and setting of motion hearings dates are without merit. On December 12, 2003 and December 30, 2003, defense counsel Donna M. Cruz ("Cruz") called and spoke with Plaintiffs counsel regarding the scheduling of Plaintiffs' depositions. On January 2, 2004,

6

defense counsel Alicia A. Limtiaco ("Limtiaco") called and left a message for Plaintiffs counsel. On January 2, 2004, defense counsel Cruz called and spoke with Plaintiffs counsel about an interim scheduling order. On January 6, 2004, defense counsel Limtiaco called and left a message for Plaintiffs counsel. Since defense counsel did not receive any returned calls to their knowledge, defense counsel sent to Plaintiffs counsel a letter dated January 8, 2004, indicating their previous attempts to contact her about the scheduling of Plaintiffs' depositions and requests for discovery. *See* Letter dated January 8, 2004, attached hereto as Exhibit D. It was not until defense counsel sent their January 8, 2004 letter to Plaintiffs counsel, that Plaintiffs counsel contacted and spoke with defense counsel Robert J. Torres, Jr. on January 8, 2004. *See* Defendants' Reply to Plaintiffs' Opposition, Affidavit of Donna M. Cruz and Affidavit of Alicia A. Limtiaco. Plaintiffs counsel did not speak with defense counsel Cruz or Limtiaco. After January 8, 2004, defense counsel called Plaintiffs counsel at least once or twice, including January 13, 2004, whereon defense counsel Limtiaco called and left a message for Plaintiffs counsel to return her call regarding an interim scheduling order. Defense counsel Cruz and Limtiaco did not receive any returned calls to their knowledge. It was not until February 17, 2004, that defense counsel, to their knowledge, received any response from Plaintiffs counsel. In Plaintiffs counsel's letter, she admits to not speaking with defense counsel's office during the three weeks prior to February 17, 2004. *See* Defendants' Motion for Attorneys Fees filed March 24, 2004, Exhibit C.

Further, Plaintiffs counsel admits to her own unavailability attributed to her health issues and off-island travel. Thus, it is not unreasonable to comprehend defense counsel's position that it was difficult to contact Plaintiffs counsel, and although defense counsel made good faith efforts to do so via telephone, defense counsel believed it prudent given the difficulty in contacting Plaintiffs counsel, to communicate with Plaintiffs counsel in writing. *See* Plaintiffs' Opposition to Defendants' Motion for Attorneys Fees and Declaration of Counsel Sandra D. Lynch filed April 12, 2004; Defendants' Reply to Plaintiffs' Opposition, Affidavit of Donna M. Cruz and Affidavit of Alicia A. Limtiaco.

7

Plaintiffs counsel's claim that defense counsel "refuse" to entertain discussions regarding motion hearings is again completely without merit. The affidavits and exhibits of defense counsel and Plaintiffs counsel's own admissions clearly evidence defense counsel's multiple attempts to communicate with Plaintiffs counsel about the scheduling of discovery, filing of motions, and setting of hearing dates. Plaintiffs counsel's contention that she or her office were not contacted regarding a hearing date for Defendants' application for an order for return of misappropriated documents, is inaccurate. In a letter dated March 19, 2004, defense counsel reiterated Defendants' earlier position that should Plaintiffs fail to respond to their request for return of confidential, proprietary, and privileged information belonging to LSG Lufthansa Catering Guam, Inc. and LSG Lufthansa Service Guam, Inc., Defendants would pursue all available legal and equitable remedies against Plaintiffs. Since Plaintiffs failed to comply with Defendants' initial demand of March 14, 2004, defense counsel informed Plaintiffs counsel of their intention to file an ex parte application for an order for return of misappropriated documents on March 19, 2004, and of their request for a hearing date of March 22, 2004. *See* Letter dated March 19, 2004, attached hereto as Exhibit E. Further, on March 22, 2004, defense counsel's office called Plaintiffs counsel's office and informed a staff member, Janet, that the Court had indicated that the pleadings would first be reviewed by the law clerks and then a hearing date would be scheduled by the Court depending on the Judge's calendar. The Court would then either prepare its own notice or inform the parties telephonically of the hearing date. Similarly, regarding Defendants' motion for attorneys fees, it was defense counsel's understanding that the Court would set a hearing date upon review of the motion, and at that time, it would contact the parties regarding a scheduled date. Any other references in Plaintiffs counsel's opposition and declaration not pertaining to Defendants' motion for attorneys fees are inappropriate and should be stricken. *See e.g.*, Plaintiffs' Opposition to Defendants' Motion for Attorneys Fees, Declaration of Counsel filed on April 12, 2004 at 4, paragraph 17.

Plaintiffs counsel's claim that Federal Rule of Civil Procedure 30(g)(1) provides that Defendants are only entitled to those fees incurred for the one-half hour or less to attend the cancelled deposition and for those of only one attorney, is without merit. Federal Rule of Civil Procedure 30(g)(1) provides for costs, to include attorneys fees as long as they are reasonable.

Courts have consistently found that if a party giving the notice of a deposition fails to attend and proceed with the deposition, the court may order the party giving the notice to pay reasonable expenses incurred by the party and the party's attorney in attending, to include attorney's fees. *See Macrovision Corporation v. VSA Limited* (1989 WL 69961 (D.Or.)) (Macrovision sought and the court granted expenses including travel, paralegal time preparing attorney for depositions, hours spent preparing for deposition, appearance at deposition, and participation of out-of-state counsel.); *Maurice Davis v. Lance Bayer* (1993 WL 372258 (N.D.Cal.)) (Court awarded expenses for travel to and from deposition, time spent trying to determine if deposition would proceed, mileage, and parking expenses.); *Billy E. Delozier and Joe D. Ogle v. First National Bank of Gatlinburg* (109 F.R.D. 161 (Jan. 14, 1986) (Hours worked in preparation of deposition and time driving was deemed reasonable by court.); *P.F.C. Management Corp. v. Athlone Intermediaries, Inc.* (1993 WL 174526 (N.D.Ill.)) (Claims for expenses of airfare, hotel expenses, taxi expenses, and attorney time for travel were awarded to attorney attending noticed deposition that was subsequently cancelled.).

Plaintiffs counsel also attempts to impart upon this Court that a prerequisite to an award of sanctions, including one under Federal Rule of Civil Procedure 30(g), is a finding of bad faith or vexatious conduct. This assumption simply is not true. Plaintiffs counsel contends that only a short period of time should have been spent in preparation for the deposition, and assumes it is an expense that should be borne by Defendants and their counsel regardless of whether the deposition took place. The Ninth Circuit Court of Appeals addressed this very issue when it held that a noticing party's complaint that the same expense would have been incurred had there been no notice of taking a

9

deposition, was found to be unwarranted and awarded expenses to counsel for attendance at a deposition that was untimely cancelled by the noticing party. *See Detsch & Co. v. American Products Co.,* 141 F.2d 662 (9th Cir. 1944).

## CONCLUSION

In sum, Defendants are entitled to reasonable attorneys fees and expenses for Plaintiffs counsel's failure to attend and proceed with the scheduled noticed deposition of Defendants corporate representative on February 23, 2004. Plaintiffs counsel's failure to attend and conduct the scheduled noticed deposition of Defendants corporate representative was attributable in no way to Defendants or defense counsel. Defendants respectfully request that their motion for attorneys fees and expenses be granted.

Dated: April 19, 2004                    LIMTIACO CRUZ & SISON, PLLC

By: _____
    ALICIA A. LIMTIACO,
    Counsel For Defendants LSG Lufthansa
    Service Guam, Inc. and LSG Lufthansa
    Catering Guam, Inc.

By: _____
    DONNA M. CRUZ,
    Counsel For Defendants LSG Lufthansa
    Service Guam, Inc. and LSG Lufthansa
    Catering, Guam, Inc.

U:\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Reply to Plaintiffs' Opp to Motion for Attys Fees (04.19.04) FINAL REPLY.doc

**LIMTIACO CRUZ & SISON, PLLC**
Suite 11B, MVP Business Center
777 Route 4
Sinajana, Guam 96910
Telephone: 671-477-0000
Facsimile: 671-477-0001
Email: mail@torreslaw.com

Attorneys for Defendants LSG Lufthansa Service
Guam, Inc. and LSG Catering Guam, Inc.

FILED
DISTRICT COURT OF GUAM
JAN 1 6 2004
MARY L. M. MORAN
CLERK OF COURT
(38)

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ and NONA A. PEREZ, <br><br> Plaintiffs, <br><br> vs. <br><br> LSG LUFTHANSA SERVICE HOLDING AG; LSG LUFTHANSA SERVICE (LSG) GUAM, INC.; LSG CATERING GUAM, INC.; LSG LUFTHANSA SERVICE USA CORPORATION; LSG LUFTHANSA SERVICE (LSG) ASIA, LTD.; LSG LUFTHANSA SERVICE (LSG) SAIPAN, INC.; LSG CATERING SAIPAN, INC.; LSG SKY CHEFS; HYUNG K. CHEUNG; PANDALITSCHKA; KELVIN CHAN; and DOES 1 through 20, <br><br> Defendants. | Civil Case No. 03-00028 <br><br> CERTIFICATE RE: <br> SUBSTITUTION OF COUNSEL <br> AND CHANGE OF FIRM NAME |

The Law Offices of TORRES LIMTIACO CRUZ & SISON, a Professional Limited Liability

Corporation announce that Robert J. Torres, Jr. is no longer a member of the firm and the name of the

firm has changed to LIMTIACO CRUZ & SISON. LIMTIACO CRUZ & SISON is hereby substituted as

counsel of record in place and stead of TORRES LIMTIACO CRUZ & SISON, a Professional Limited Liability Corporation.

We respectfully request that Robert J. Torres, Jr., Esq. be substituted by Donna M. Cruz, Esq. and Alicia A. Limtiaco, Esq.

Dated this 15th of January, 2004.

LIMTIACO CRUZ & SISON, PLLC

By: _____
Donna M. Cruz, Esq.
a licensed employee.

Donna M. Cruz, Esq.
Alicia A. Limtiaco, Esq.
Ray C. Haddock, Esq.
Benjamin C. Sison, Jr., Esq.
Raymond L. Souza, Jr., Esq.

January 15, 2004

TO:  ALL GUAM BAR MEMBERS

Re:    NOTICE OF CHANGE OF FIRM ADDRESS, ADDRESS AND
        ANNOUNCEMENT OF ASSOCIATES

Dear Members:

The Law Offices of TORRES LIMTIACO CRUZ & SISON, PLLC announces that Robert J. Torres, Jr., Esq. has transferred his membership interest, and that the name of the firm has changed to LIMTIACO CRUZ & SISON, PLLC.

The Law Offices of LIMTIACO CRUZ & SISON, PLLC are now located at 777 Route 4, Suite 11B, MVP Business Center, Sinajana, Guam 96910.  Our contact numbers remain the same:  Telephone No. (671) 477-0000 and Facsimile No. (671) 477-0001.  The firm's email address has been changed to guamlaw@ite.net.

The firm also welcomes as Associates, Raymond L. Souza, Jr., Esq. and Ray Cruz Haddock, Esq.

LIMTIACO CRUZ & SISON, PLLC

By:    _Alicia A. Limtiaco_
        Alicia A. Limtiaco, Esq.
        a licensed employee.

# Exhibit "B"

**Law Offices**
**TORRES LIMTIACO CRUZ & SISON PLLC**
A Professional Limited Liability Company
777 Route 4, Ste 11B · M.V.P. Business Center
Sinajana, Guam 96910

**T O R R E S**

Tel: 671-477-0000  Fax: 671-477-0001  Email: mail@torreslaw.com  Homepage: www.torreslaw.com

January 13, 2004

**VIA HAND DELIVERY**

Faye Sablan-Vasapolli
PACIFIC DAILY NEWS
Advertising Department
P.O. Box DN
Hagåtña, Guam 96932

      **Re:**   Firm Announcement

Dear Ms. Vasapolli:

      Please publish the enclosed announcement in the Pacific Daily News on Thursday, January 15, 2004.

      If you should have any questions and/or comments, please do not hesitate to give me a call. Thank you for your assistance in this matter.

      Cordially,

      TORRES LIMTIACO CRUZ & SISON, PLLC,

      Chris Chargualaf,
      Legal Secretary

Enclosure

U:\Legal Files\Master Client Files\Office Administration\Letter to PDN re Firm Ad.doc

# Exhibit "C"



**Law Offices**
**TORRES LIMTIACO CRUZ & SISON PLLC**
A Professional Limited Liability Company
777 Route 4, Ste 118 • M.V.P. Business Center
Sinajana, Guam 96910

**CONFIRMATION**

**T O R R E S**

Tel: 671-477-0000 Fax: 671-477-0001 Email: mail@torreslaw.com Homepage: www.torreslaw.com

January 8, 2004

**VIA FACSIMILE & HAND DELIVERY**
**472-8890**

Sandra D. Lynch, Esq.
Law Office of Sandra D. Lynch, P.C.
C&A Building, Suite 101
251 Martyr Street
Hagåtña, Guam 96910

     **Re:**    Michelle D. Ramos, et. al v. LSG Lufthansa Service Holding AG, et. al.
             <u>U.S. District Court of Guam Civil Case No. 03-00028</u>

Dear Sandra:

     We have made attempts to contact you regarding the depositions of Ricardo G. Perez and Nona A. Perez noticed for January 14, 2004 and January 15, 2004, respectively, and to request all discovery to which we are entitled supporting the allegations set forth in Plaintiffs' Complaint, pursuant to the Local Rules of Practice for the District Court of Guam and Federal Rules of Civil Procedure. We left messages with your office, however, we are unaware of any returned calls. Given the extremely short timeframe before the scheduled depositions of Ricardo G. Perez and Nona A. Perez, and that we have not received any statutorily required discovery to date, we will not have sufficient time to prepare for next week's depositions and thus, have no choice but to cancel the depositions. However, upon agreement between the parties and receipt of Plaintiffs' discovery, we will renotice Ricardo G. Perez's and Nona A. Perez's depositions.

     Please contact Donna Cruz or me so that we may further discuss this matter and an interim scheduling order regarding discovery on the jurisdictional issue as per the Court's order filed on December 24, 2003.

     Thank you for your attention to this matter.

                 Sincerely,

                 TORRES LIMTIACO CRUZ & SISON, PLLC,

                 Alicia A. Limtiaco

AAL:cc
U:\Legal Files\Master Client File\LSG\Ramos 176-2\20 Perez vs. LSG-CV-01-00028\Letters\Ltr to Sandra Lynch (01-8-04).dec

**EXHIBIT "D"**



**Law Offices**
**LIMTIACO CRUZ & SISON PLLC**
A Professional Limited Liability Company
777 Route 4, Ste N6 • M.V.P. Business Center
Sinajana, Guam 96910

# CONFIRMATION

Tel: 671-477-0000 Fax: 671-477-0001 Email: guamlaw@ite.net

Donna M. Cruz, Esq.
Alicia A. Limtiaco, Esq.
Ray C. Haddock, Esq.
Benjamin C. Sison, Jr., Esq.
Raymond L. Souza, Jr., Esq.

March 19, 2004

**VIA FACSIMILE**
472-8890

Sandra D. Lynch, Esq.
207 Martyr Street, Suite #3
Travel Pacificana Bldg.
Hagatna, Guam 96910

Re:    Michelle D. Ramos, et. al v. LSG Lufthansa Service Holding AG, et. al.
        U.S. District Court of Guam Civil Case No. 03-00028

Dear Sandy:

We received your letter dated March 16, 2004, regarding our demand for the return of corporate confidential, proprietary, and privileged information and communications wrongfully in the possession of your clients. We disagree with your clients' position and reiterate that at no time did LSG Lufthansa Service Guam, Inc. and LSG Lufthansa Catering Guam, Inc. (collectively "LSG Guam") authorize plaintiffs to remove the documents from company premises or to retain them at the conclusion of their employment. As stated in our March 14, 2004 letter, given that your clients have not complied with our demand, we intend to pursue all available legal and equitable remedies and will be filing today our ex parte application for an order requiring the immediate return of misappropriated property. We will request that the court hear our application on Monday, March 22, 2004. Please inform us of your clients' position regarding our application.

Should you have any questions, please contact Donna Cruz or myself.

Sincerely,

LIMTIACO CRUZ & SISON, PLLC,

*Alicia A. Limtiaco*
Alicia A. Limtiaco

AAL:cc

Cc: Neil Davy

U:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs  LSG CV 03-00028\Letters\Ltr to Sandra Lynch (cac 3-19-04) doc

Case 1:03-cv-00028    Document 76    Filed 04/19/2004    Page 16 of 16    **Exhibit "E"**