LIMTIACO CRUZ & SISON, PLLC
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

SIDLEY AUSTIN BROWN & WOOD LLP
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for LSG Lufthansa Service Guam, Inc.
and LSG Catering Guam, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, et al. | CIVIL CASE NO. 03-00028 |
| Plaintiffs, | |
| vs. | EVIDENTIARY OBJECTIONS TO PLAINTIFFS' DECLARATION IN SUPPORT OF JURISDICTION OVER INTERNATIONAL DEFENDANTS |
| LSG LUFTHANSA SERVICE GUAM, INC., et al. | |
| Defendants. | |

LSG LUFTHANSA SERVICE HOLDING AG; LSG LUFTHANSA SERVICE USA; LSG LUFTHANSA SERVICE ASIA, LTD.; LSG LUFTHANSA SERVICE SAIPAN, INC; and LSG CATERING SAIPAN, INC. ("Defendants"), by and through their counsel, raise and preserve the following Evidentiary Objections ("Objections") to Plaintiffs' Declaration in Support of Jurisdiction Over International Defendants ("Declaration").

| Decl. ¶[1] | Substance | Objection |
|---|---|---|
| 3 | Alleges corporate structure, ownership | Foundation, legal argument. Ramos provides no basis for her knowledge of corporate structure; nor is she an attorney who could opine on the "control via ownership question." |
| 4 | Alleges corporate reporting structure of "kitchens" | Foundation. Ramos provides no basis for her knowledge of the reporting structure of entities other than LSG Guam or LSG Saipan – the only two entities for whom she worked. |
| 6-9 | Alleges restructuring of parent company's reporting functions | Foundation, relevance. Same as paragraph 4. In addition, the fact of the restructuring (or the reporting structure before and after any restructuring) is completely irrelevant and does not bear on any matter at issue. |
| 10-13 | Alleges existence of management agreement | Foundation. Ramos provides no basis for her knowledge concerning the terms, structure, or operation of any such management agreement. |
| 13-14 | Alleges insufficient payments under management agreement | Foundation, hearsay, relevance, unfair prejudice. Same as 10-13. In addition, the substance of Ramos' allegation is clearly hearsay based upon alleged statements from outside auditors. Moreover, such allegations are irrelevant and, in any event, unfairly prejudicial to Defendants, as the substantiation of the management fee does not relate in any way to the central focus of the jurisdictional question: whether the parent corporations control the "day-to-day" operations of the Guam-based subsidiaries. *See generally Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001). |
| "9" | Description of the contact various of the subsidiary's departments had with the parent | Foundation, hearsay, improper opinion, relevance. Ramos claims to have managed the accounting and HR functions. She has provided no basis upon which to opine on the functionality of any other departments. In addition, Ramos fails to provide any basis for her allegations as to various relationships between the subsidiary's general manager and various officers with the parent, let alone what took place between such people or in other corporate entities. Moreover, her entire testimony is irrelevant, as the salient inquiry in whether the parent exercised control over the "day-to-day" operations of the subsidiary so as to warrant the exercise of personal jurisdiction. *See Doe, supra.* None of her allegations address that issue, but rather speak in broad and vague terms. |

---

[1] For the Court's ease, these Objections will use the same numbering as the Declaration, notwithstanding its misnumbering of paragraphs.

| | | | |
|---|---|---|---|
| | 9H | Allegations concerning "GRT" | Foundation, hearsay, improper opinion, relevance, unfair prejudice. Same as 9 above, but also flatly irrelevant and unfairly prejudicial. Ramos' baseless allegations are merely an attempt to smear Defendants. Any issue concerning the GRT has no relevance whatsoever to the issue of personal jurisdiction. |
| | 9H | Allegations concerning affairs and favoritism | Foundation, hearsay, improper opinion, relevance, unfair prejudice. Ramos' unbridled attempt to smear Defendants is again manifested in her baseless allegation that "it was well known" that an affair existed between two employees or that another employee showed favoritism towards his fiancée. Her naked speculation is clearly impermissible, as is the allegation as a whole. Any "affairs" or favoritism (well-known or otherwise) have absolutely nothing to do with personal jurisdiction. |
| | 17 | Allegations concerning dismissal for conflicts of interest. | Foundation, hearsay, improper opinion, relevance, unfair prejudice. Same as 9H (affairs/favoritism). |
| | 18 | Allegations concerning "reporting lines" | Same as 4, 9, *supra*. |
| | 19 | Ramos' "value" to company and jealousy of other employees | Foundation, hearsay, unfair opinion, relevance, unfair prejudice. Ramos' self-serving statements concerning her worth to the company, as well as her speculation as to how jealous it made others simply has no place in a discussion of personal jurisdiction. |
| | 20 | Chronology of budget process, corporate hiring and replacement at subsidiary of subsidiary employees | Foundation, improper opinion, relevance. Ramos' speculation as to aspects of the budget process in which she did not participate, motivation for hiring or replacing employees are nothing more than naked speculation and have no relevance to the matters at issue. |
| | 21 | Allegations of prior complaints | Foundation, improper opinion, hearsay, relevance, unfair prejudice. Ramos' contentions that one of her prior general managers was subject to numerous complaints of unlawful treatment is baseless and completely irrelevant to a discussion about personal jurisdiction. |
| | 22-23 | Benefits to foreign subsidiary officers | Foundation, improper opinion, hearsay, relevance, unfair prejudice. Same as 20. |

3

Case 1:03-cv-00028   Document 81   Filed 05/20/2004   Page 3 of 4

| 24 | Blanket conclusion on relationship between parent and subsidiary | Foundation, improper opinion, hearsay, relevance. Ramos simply has no basis to offer the broad, vague conclusion, which smacks more of legal argument. In addition, her conclusion once again misses the point. The issue is not whether the parent plays any role in the subsidiary's business – or even provides input on "major decisions," but rather whether the parent controls the "day-to-day" operations of the subsidiary. Nothing in Ramos' vague conclusion or in her declaration as a whole address that single, salient issue. |

Dated: May 20, 2004

LIMTIACO CRUZ & SISON, PLLC

By: *[signature]*
ALICIA A. LIMTIACO,
Counsel For Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc.

By: *[signature]*
DONNA M. CRUZ,
Counsel For Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc.

U:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Supplemental Memoranda for Motion to Dismiss Lack of Personal Jurisdiction 5-19-04\Evidentiary Objections - Final2.DOC

4

Case 1:03-cv-00028   Document 81   Filed 05/20/2004   Page 4 of 4