LIMTIACO CRUZ & SISON, PLLC
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

SIDLEY AUSTIN BROWN & WOOD LLP
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, et al. | CIVIL CASE NO. 03-00028 |
| Plaintiffs, | |
| vs. | DEFENDANTS' REPLY TO PLAINTIFFS' SECOND SUPPLEMENTAL FILING IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |
| LSG LUFTHANSA SERVICE GUAM, INC., et al. | |
| Defendants. | |

LSG LUFTHANSA SERVICE HOLDING AG; LSG LUFTHANSA SERVICE USA; LSG LUFTHANSA SERVICE ASIA, LTD.; LSG LUFTHANSA SERVICE SAIPAN, INC; and LSG CATERING SAIPAN, INC. ("Defendants"), by and through their counsel, submit the following Reply to Plaintiffs' Second Supplemental Filing in Opposition ("Supplemental Filing") to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss"). In further support of their Motion to Dismiss, Defendants state as follows:

## INTRODUCTION

Impervious to the constraints of the Local Rules or this Court's established deadlines, Plaintiffs have filed yet another pleading in opposition to Defendants' Motion to Dismiss. This Supplemental Filing, their third, is similar to their prior pleadings in many respects: (1) it is untimely; (2) it attaches volumes of unauthenticated, unintelligible documents; and (3) it provides no basis or rationale to ignore the well-established and binding precedents of the Ninth Circuit, which require dismissal of Defendants for lack of personal jurisdiction. For this reason, Defendants respectfully request that the Court disregard Plaintiffs' Supplemental Filing (as, even if properly considered, it is unavailing) and grant their Motion to Dismiss.

## ARGUMENT

### I. PLAINTIFFS' SUPPLEMENTAL FILING IS UNTIMELY AND WITHOUT LEAVE OF COURT.

Once again ignoring the Local Rules and this Court's own deadlines, Plaintiffs have submitted their second consecutive filing in violation of court dictates.

As explained in Defendants' Supplemental Memorandum of Law in Further Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, the Court permitted Plaintiffs to file a single, supplemental brief by (ultimately after they requested an extension) May 3, 2004. Plaintiffs filed – not a brief, but – a Declaration on May 10, 2004, or approximately one week late.

The present Supplemental filing is similarly untimely and without leave of Court. Any briefing was required to be filed by May 3, 2004. The most recent Supplemental Filing is no more timely than its predecessor, and it should receive the same disregard. *See* LR 7.1(f). Moreover, pursuant to the Court's December 24, 2003 Order, Plaintiffs were given <u>one</u> chance to supplement the record with evidence that met Plaintiffs' burden of establishing personal jurisdiction over Defendants. *See* Order

(12/24/03). Having used their sole chance (albeit untimely) to file the Declaration – but not a legal memorandum – the present Supplemental Filing is clearly without leave or otherwise proper. For this additional reason, it should be disregarded, and Defendants' Motion to Dismiss should be granted.

## II. PLAINTIFFS ONCE AGAIN RELY ON UNAUTHENTICATED DOCUMENTS AND FOUNDATIONLESS ASSERTIONS THAT SHOULD BE DISREGARDED.

As with their original Response (filed October 17, 2003) and the present Supplemental Filing, Plaintiffs rely exclusively on documents that are not authenticated and for which any interpretation or explanation based on foundation is wholly lacking. Though Plaintiffs filed a declaration for Ramos (in lieu of a brief) on May 10, 2004 that addressed only factual issues and did not authenticate any documents, it is significant that Plaintiffs <u>chose not to submit</u> a declaration of Ramos, or any other person, to authenticate and substantiate the documents that they now attach to the Supplemental Filing. All that supports or interprets these documents are the words and signature of Plaintiffs' counsel – a far cry from the showing of authenticity and foundation required by Federal Rules of Evidence 104(b), 401, 601, and 901(a).

Plaintiffs had the opportunity to conduct discovery for sixty days during which they could have asked witnesses of Defendants to authenticate documents, explain their meaning, and address any follow-up, if necessary. Plaintiffs suspiciously chose to forego all discovery and the opportunity to hear from live witnesses, and instead to provide unauthenticated documents to which they have attached their own untested, foundationless interpretation. Such tactics only underscore the basic fault in Plaintiffs' entire position, namely that they have no evidence that meets their burden to prove personal jurisdiction over Defendants, and that all available evidence weighs heavily against them. Thus, the entirety of Plaintiffs' Supplemental Filing should be disregarded.

3
Case 1:03-cv-00028   Document 87   Filed 05/27/2004   Page 3 of 8

### III. ASSUMING *ARGUENDO* THAT PLAINTIFFS' SUPPLEMENTAL FILING IS TIMELY AND ADMISSIBLE, IT IS NONETHELESS UNAVAILING TO MEET THEIR BURDEN OF PROVING PERSONAL JURISDICTION OVER DEFENDANTS.

In any event, even if the Court were to indulge Plaintiffs in their attempt to circumvent their failure to take any discovery and instead rely on unauthenticated documents and interpretations without any foundation, the Supplemental Filing is still unavailing, as they still fail to address the "day-to-day" control that the Ninth Circuit requires before it will allow personal jurisdiction over a parent company. *See Doe, Kramer, supra.*

Plaintiffs first assert without any basis on page one of the Supplemental Filing that the Guam-based entities are "often constrained by corporate requirements to obtain approval for expenditures and training from the parent company." Supp. Filing at 1. As discussed at length in Defendants' prior memoranda, this is wholly insufficient to establish "day-to-day" control or personal jurisdiction over a parent company that has no connection to Guam, does no business in Guam, and owns no assets in Guam. *See Doe v. Unocal Corp.*, 248 F.3d 915, 927 (9th Cir. 2001) (holding, *inter alia*, requirement that subsidiary seek approval of large capital expenditures from parent insufficient to establish personal jurisdiction over parent); *In Re Hillsborough Holdings Corp.*, 166 B.R. 461, 471-73 (M.D. Fla. 1994) (same).

Next, Plaintiffs point to Exhibit A, an organizational chart from 1996. This chart – which is dated <u>seven years prior</u> to the events surrounding Plaintiffs' complaint – is, on its face irrelevant, as it proves nothing. Moreover, even if it indicated a "reporting relationship" between the Guam and Non-Guam-based entities, such a reporting relationship alone does not establish "day-to-day" control or personal jurisdiction over the parent. *See Hillsborough, supra* (holding that "line-of business" reporting structure was insufficient to establish personal jurisdiction over parent).

4

Exhibit B, a purported letter regarding union negotiations is equally unavailing. On its face, the exhibit indicates that the authors normally "will only take part in the negotiations if the situation itself requires their respective participation." This fact indicates a standard policy of allowing local control of such negotiations. In fact, the exhibit further indicates that there was a concern about the effect of local negotiations in Guam on international negotiations of a "Master Agreement" in Washington D.C. between the president of the International Union and one of the parent companies. Thus, the exhibit explains, the involvement of other affected entities was required in "this <u>very specific</u> political circumstance." Therefore, if the exhibit indicates anything, it is that the standard operating procedure vested authority in the Guam-based entities to negotiate their own collective bargaining agreements, a fact that is confirmed by the Declaration of Neil Davy ¶ 6 (filed with Defendants' Supplemental Memorandum of Law on May 20, 2004).1 Thus, Exhibit B, if it has any meaning, indicates a lack of "day-to-day" control by the parent and weighs against personal jurisdiction.

Next, Exhibit C – purported audit letters – is wholly irrelevant to the issue at hand. The exhibit simply suggests that a management fee agreement should be reduced to writing. It does not – contrary to Plaintiffs' suggestion -- indicate that such an agreement doesn't exist. Moreover, even if the exhibit suggested the type of control over a subsidiary's finances that Plaintiffs allege, such control could not form the basis of personal jurisdiction over the parent. *See Dalton v. R&W Marine*, 897 F.2d 1359, 1363 (5th Cir. 1990) (holding that mere fact that subsidiaries "funnel their revenues into centralized bank accounts and file a consolidated tax return" was outweighed by the fact that subsidiaries controlled daily operation of local businesses, and that personal jurisdiction over parent was improper).

---

1 Furthermore, one must wonder why this document is surfacing now – particularly in light of the fact that none of Plaintiffs appear on the distribution list. This is precisely the reason for the pending Motion for an Order Requiring Immediate Return of Misappropriated Property filed on March 19, 2004: to prevent further dissemination of confidential and proprietary information from being flung recklessly into the public domain.

5

Plaintiffs also attempt to use Exhibit C to intimate an undercapitalization of the Guam-based entities. The letters included in Exhibit C date back to early 1999 and address the calendar years 1998 through 2001. Notably, only the letters from 1999 and 2000 (addressing 1998 and 1999 respectively) mention this issue. The letters from 2001 and 2002 (addressing 2000 and 2001) <u>do not</u>. If these documents suggest anything, it is that, by 2000 – well before the events alleged in the Complaint occurred – the Guam-based entities were capitalized to the satisfaction of their accountants. As with the prior exhibits, Plaintiffs' inclusion of this exhibit underscores the importance of the relief sought in the Motion for an Order Requiring Immediate Return of Misappropriated Property filed on March 19, 2004, but also begs the question of why Plaintiffs offer it in May 2004, but did not include it in their original October 2003 response. The inclusion of the issue of under capitalization for the first time in their third submission is nothing short of sandbagging, should be disregarded by the Court, and in any event, Plaintiffs rely on Exhibit D for the misplaced assertion that the non-Guam-based entities controlled appointments to the Guam-based entities' boards of directors. Plaintiffs overlook the simple fact that the non-Guam based entities owned the capital stock in the Guam-based entities. Therefore, it was their right (if not duty) to appoint members to the board of directors. This simple act is carried out by virtually every parent for virtually all subsidiaries. Moreover, overlapping directorates, themselves, are insufficient to establish personal jurisdiction over the parent. *See Harris Rutsky & Co. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) (management of board of directors by same individuals did not warrant personal jurisdiction over parent).

Plaintiffs attach Exhibits E and F apparently to demonstrate that the Guam-based entities required approval of their budget and certain large expenditures from non-Guam-based entities. As established in *Doe* (and explained in prior memoranda without any subsequent response from Plaintiffs) these assertions, even if true, are insufficient to establish personal jurisdiction over a parent. *See Doe, supra* (approval of large capital expenditures and budget insufficient to warrant exercise of

6

personal jurisdiction over parent); *Kramer v. British Leyland, Ltd.*, 628 F.2d 1175, 1177-78 (9th Cir. 1980) (approval of "major policy decisions" by parent insufficient); *Hillsborough, supra* (review of capital expenditures insufficient); *Frito-Lay, Inc. v. Proctor & Gamble Co.*, 364 F. Supp. 243, 248-49 (N.D. Tex. 1973) (same).

The contention regarding Exhibit G, containing anonymous handwritten instructions to send an agenda to Hong Kong, also proves absolutely nothing. On its face, as discussed above, mere review of decisions by a parent is insufficient. *See Doe, Hillsborough, Frito-Lay, supra*. Moreover, the fact that someone was instructed to send a document to "Hong Kong" could just as easily been an instruction to send a document to HK Cheung, one of the directors of the Guam-based entities who resides in Hong Kong. *See* Davy Decl. ¶ 3; Decl. of HK Cheung ¶¶ 1-2, attached to Motion to Dismiss as Ex. 1 (filed Oct. 1, 2003).

Plaintiffs' reliance on Exhibits H and I is irrelevant. Exhibit H, a purported indication of the "trust" Defendants placed in Ramos is completely irrelevant to the issue at hand: personal jurisdiction based on an alter ego theory. Likewise, Plaintiffs' continued reliance on other alleged complaints of age discrimination – not the national origin and gender bases alleged here – that predate her own by three years are completely irrelevant and can only be intended to sully Defendants in the eyes of the Court. They simply have no relevance to the issue of personal jurisdiction.

Bluster and mud-slinging are simply no substitute for jurisdictional fact. The Court gave the Plaintiffs the opportunity (based upon their claimed need) to gather authenticated documents and depose Defendants' witnesses. They chose to forego that opportunity and instead rely on untested, unauthenticated documents and foundationless assertions. Their recent Declaration of Ramos was untimely and permeated with evidentiary deficiencies. The present Supplemental Filing is no more
7

timely, admissible, or availing. For these reasons, the Court should adopt the great weight of evidentiary support and binding legal precedent and grant Defendants' Motion to Dismiss.

Dated: May 27, 2004                     LIMTIACO CRUZ & SISON, PLLC


By: _____
ALICIA A. LIMTIACO,
Counsel For Defendants


By: _____
DONNA M. CRUZ,
Counsel For Defendants

U:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Supplemental Memoranda for Motion to Dismiss Lack of Personal Jurisdiction 5-19-04\Reply to Second Supplemental Opposition (cac 5-27-04)-Final.DOC