1  LIMTIACO CRUZ & SISON, PLLC
   Alicia A. Limtiaco, Esq.
2  Donna M. Cruz, Esq.
   MVP Business Center
3  777 Route 4, Suite 11B
   Sinajana, Guam 96910
4  Telephone: (671) 477-0000
   Facsimile: (671) 477-0001
5
   SIDLEY AUSTIN BROWN & WOOD LLP
6  Peter I. Ostroff (SBN 045718)
   Max C. Fischer (SBN 226003)
7  555 West Fifth Street, Suite 4000
   Los Angeles, California 90013-1010
8  Telephone: (213) 896-6000
   Facsimile: (213) 896-6600
9

FILED
DISTRICT COURT OF GUAM

JUN - 2 2004

MARY L. M. MORAN
CLERK OF COURT

85

10 Attorneys for Defendants

11              UNITED STATES DISTRICT COURT

12                   DISTRICT OF GUAM

13 MICHELLE D. RAMOS, et al.          )   CIVIL CASE NO. 03-00028
14                                    )
              Plaintiffs,             )
15                                    )
16     vs.                            )
                                      )
17                                    )   **DEFENDANTS' NOTICE OF MOTION
   LSG LUFTHANSA SERVICE GUAM, INC.,  )   AND MOTION TO SEVER**
18 et al.                             )
                                      )
19            Defendants.             )
20 _____  )

21

22     PLEASE TAKE NOTICE that on _____ at ____.m., Defendants LSG Lufthansa

23 Service Guam, Inc., LSG Catering Guam, Inc., LSG Lufthansa Service Holding AG; LSG Lufthansa

24 Service USA; LSG Lufthansa Service Asia, Ltd.; LSG Lufthansa Service Saipan, Inc.; and LSG
25
   Catering Saipan, Inc., ("Defendants"), by and through their counsel, shall bring the following Motion to
26
   Sever pursuant to Federal Rule of Civil Procedure 20. In support of their Motion, Defendants state as
27
28 follows:

**ORIGINAL**

## INTRODUCTION

Three individual Plaintiffs, Ricardo Perez ("R. Perez"), Michelle Ramos ("Ramos"), and Nona Perez ("N. Perez") brought three separate claims against Defendants alleging a variety of distinct claims under Title VII of the Civil Rights Act ("Title VII"). As none of these claims arises out of the same transaction or series of event, or is factually or legally related in any way, each claim should be severed under Rule 20 of the Federal Rules of Civil Procedure ("Rule 20").

R. Perez brought a claim arising out of allegedly breached promises to be a production manager and receive certain training at Defendant LSG Lufthansa Service Guam, Inc.'s ("LSG Guam") airline catering facilities in Guam, as well as his termination from employment in January 2003. In particular, R. Perez claims that he was lured from a different employer in San Francisco to come to LSG Guam (Comp. ¶ 38) based on promises that he would have the title of Production Manager, that he would have certain responsibilities in the Operations and Production departments, that he would receive certain training, but that Defendants reneged on those promises. Compl. ¶¶ 36, 51-54. He also alleged that he complained about various operational problems with the facilities and suffered retaliation and the withholding of compensation as a result of those complaints. Compl. ¶¶ 43, 47-48. He labels his alleged treatment as "discrimination," "retaliation" and "harassment" based on his national origin, as a Pacific Islander. Compl. ¶ 52.

Ramos, on the other hand, brings claims, not only for national origin discrimination, but also sex discrimination. Unlike R. Perez, she was not terminated. Rather, she claims "constructive discharge" in late March 2003, almost two months after R. Perez was terminated. Compl. ¶ 79. Her claim is premised on the treatment of Kelvin Chan, a Chinese national, whom Ramos believes received higher compensation and more favorable treatment because of his gender (male) and his national origin, non-Pacific Islander. Compl. ¶¶ 63-66. She also alleges she was disparaged in front of public entities

by her former manager, Fritz Pandalitschka. Compl. ¶ 67. Unlike R. Perez, Ramos claims that she made complaints "several times during 2002." Compl. ¶ 68. Notwithstanding these differences, she, like R. Perez, labels her claims "discrimination," "harassment," and "retaliation."

Finally, N. Perez, unlike either R. Perez or Ramos, was not terminated, and did not resign. She is a current employee. Unlike R. Perez or Ramos, she does not have a claim for national origin discrimination.[1] In fact, her claim centers on her treatment relative to another woman, Rosemary Abat, whom N. Perez claims was treated more favorably than her because of Abat's relationship to Chan. Compl. ¶ 90. N. Perez also claims "harassment" because Pandalitschka and Chan criticized her for using an office freezer and because Pandalitschka criticized her once in front of an Army National Guard Commander. Compl. ¶¶ 92, 96. Like R. Perez and Ramos, she labels her claims "harassment" and "retaliation."

As discussed below, these three claims are factually distinct – none arises out of the same occurrence or series of transactions. To the complete contrary, each claim is wholly insular and bears no commonality with the others, except for the superficial labels Plaintiffs' counsel assigned all of them. For these reasons, Defendants' Motion to Sever should be granted.

## ARGUMENT

**I.     PLAINTIFFS' CLAIMS DO NOT ARISE OUT OF THE SAME TRANSACTION OR OCCURRENCE, NOR SHARE ANY COMMON QUESTIONS OF FACT OR LAW.**

Rule 20 permits joinder of claims by multiple plaintiffs where the party seeking joinder demonstrates (1) a right to relief based on the same transaction or occurrence, and (2) a common question of law or fact with respect to all parties. *Wynn v. National Broadcasting Co.*, 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002). Both requirements must be satisfied before joinder is allowed, although

---

1 The Court dismissed N. Perez's claim for national origin (or race discrimination) in its November 18, 2003 Order.

joinder is not required even where both requirements are met. *Id.* Here Plaintiffs cannot demonstrate that either is satisfied.

In the context of employment discrimination cases, federal courts routinely refuse to allow joinder of multiple plaintiffs where their claims are factually distinct and, in particular, relate to the individual work histories or circumstances of each plaintiff. For example, in *Wynn*, the court granted a motion to sever the age discrimination claims of multiple television writers over the age of 40, noting "it is undisputed that the individual Plaintiffs are all alleging a different factual basis for how that alleged discrimination affected each of them." 234 F. Supp. 2d at 1085. Likewise, in *Grayson v. K-Mart Corp.*, the plaintiffs were store managers alleging age discrimination in their demotion. The court granted defendant's motion to sever holding:

> Plaintiffs reliance on defendant's alleged general bias toward store managers over forty to support joinder of their case is misplaced, as litigation of even any purported general policy of defendant, as it might affect each plaintiff here, would inevitably focus in detail on the separate work histories of each plaintiff.

849 F. Supp. 785, 788 (N.D. Ga. 1994), *quoted with approval in Wynn*, 234 F. Supp. 2d at 1086-87; *accord Sheets v. CTS Wireless Components, Inc.*, 213 F. Supp. 2d 1279, 1286 (D.N.M. 2002) (granting motion to sever ADA claims where "Employees were each discharged at different times for allegedly different reasons and under different circumstances. Accordingly there is no logical relationship binding together Employees' individual claims."); *cf. Graziose v. American Home Prods.*, 202 F.R.D. 638, 640 (D. Nev. 2001) ("Commmon issues of law does not mean common issues of an area of law. For example, while two or more persons could sue a common defendant for Title VII discrimination, based upon the same policies or conduct, all plaintiffs could not join together in one large lawsuit, to sue all defendants for Title VII discrimination, just because all their claims involve Title VII discrimination.").

4

In the present case, as in the cases cited above, Plaintiffs' individual claims have no connection to each other, except the mere fact that they all allege violations of Title VII against the same defendants. Just as in the case cited above, each Plaintiff's claims will examine his or her work history, the particular circumstances of his or her adverse action, and the reasons supporting the company's explanations for any adverse actions. Just as the plaintiffs in the cases cited above, Plaintiffs here can point to no single transaction or occurrence upon which all of their claims is premised. Thus, for the same reason that the courts in the cases cited above concluded that severance was proper, so too should the Court hold in this case.

## II. EVEN ASSUMING ARGUENDO THAT PLAINTIFFS' CLAIMS AROSE OUT OF THE SAME TRANSACTION, SEVERANCE SHOULD BE GRANTED TO AVOID UNFAIR PREJUDICE TO DEFENDANTS.

Rule 20(b) allows a court to grant a motion to sever even where all claims may have arisen out of the same transaction or occurrence so as to (1) prevent jury confusion; or (2) unfair prejudice to the defendant. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). Even assuming Plaintiffs' claims were sufficiently related, severance is still warranted to prevent confusion and unfair prejudice.

In *Coleman*, the Ninth Circuit affirmed the severance of multiple age discrimination claims notwithstanding the fact that they were transactionally related where severance was required to prevent confusion at the jury stage and unfair prejudice to the employer. The *Coleman* plaintiffs all alleged that they were terminated as part of the same series of reductions-in-force on account of their age. Though the court found this satisfied the "same transaction or occurrence" prong, it nonetheless affirmed the district court's severance of those claims, noting, "For each plaintiff, the jury would have had to examine individually his or her employment history as well as the explanations given by Quaker for not retaining him or her, explanations that would require the testimony of each employee's supervisors and

5

raters." *Id.* It also affirmed the district court's consideration of "the potential prejudice to Quaker created by the parade of terminated employees and the possibility of factual and legal confusion on the part of the jury." *Id.* at 1297.

Likewise, in a very similar case, the court in *Watkins v. Hospitality Group Management* granted defendant's motion to sever the claims of two plaintiffs (Watkins and Fountain), one who brought a race discrimination claim, and another who brought both a race and age discrimination claim out of concern for potential prejudice to the defendant. The court first pointed out that "the only ties uniting the claims are the supervisor who allegedly made offensive comments to both plaintiffs, and Ms. Watkins' allegation that [the employer] retaliated against her, in part, for her complaint about [the employer's] age discrimination towards Ms. Fountain." 2003 WL 22937710, at *11 (M.D.N.C. Dec. 1, 2003). Nonetheless, the court granted the motion to sever, holding:

> [T]he risk of prejudice and confusion resulting from a joint trial is significant. A jury hearing allegations of a series of offensive comments toward both Plaintiffs may view the evidence in the aggregate, prejudicing them against [the employer,' or they may confuse the evidence in some other manner when looking for discriminatory intent towards one Plaintiff alone.

*Id.*

The principles and holdings articulated in both of these cases apply with equal force to the present case and require the same result. The parade of witnesses that each of the three Plaintiffs will require at a joint trial would severely prejudice Defendants, just as the court in *Coleman* found it would prejudice that defendant. In addition, the potential for jury confusion in the present three plaintiff case – each of whom brings a different array of claims – is just as strong or stronger than it was in *Watkins*, where the court severed the claims of two plaintiffs based upon the potential for the jury to aggregate

6

the evidence produced by all plaintiffs and confuse the actual evidence supporting each individual claim.

For these reasons, the potential for unfair prejudice and jury confusion is high in the present case. As in the cases cited above, the Court should grant Defendants' Motion to Sever to prevent the same prejudice and confusion from affecting the present case.

Dated: June 2, 2004

LIMTIACO CRUZ & SISON, PLLC


By: _Alicia A. Limtiaco_
ALICIA A. LIMTIACO,
Counsel For Defendants


By: _Donna Cruz_
DONNA M. CRUZ,
Counsel For Defendants

U:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Motion to Sever\Motion.DOC

7

Case 1:03-cv-00028    Document 89    Filed 06/02/2004    Page 7 of 7