LIMTIACO CRUZ & SISON, PLLC
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

SIDLEY AUSTIN BROWN & WOOD LLP
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, et al. | CIVIL CASE NO. 03-00028 |
| Plaintiffs, | |
| vs. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE** |
| LSG LUFTHANSA SERVICE GUAM, INC., et al. | |
| Defendants. | |

Defendants LSG Lufthansa Service Guam, Inc., LSG Catering Guam, Inc., LSG Lufthansa Service Holding AG; LSG Lufthansa Service USA; LSG Lufthansa Service Asia, Ltd.; LSG Lufthansa Service Saipan, Inc.; and LSG Catering Saipan, Inc. (collectively "Defendants"), by and through their counsel, submit the following Opposition to Plaintiffs' Motion to Consolidate ("Motion").

## INTRODUCTION

Based solely on the fact that six plaintiffs assert the same nominal claims against the same Defendants – though premised on six unique and insular sets of allegations – Plaintiffs now move to consolidate the present action with a matter encaptioned *Datuin et al. v. LSG Lufthansa Service Holding, AG* ("*Datuin*" matter"), also brought by Plaintiffs' attorney. In fact, the only similarities between the actions are Plaintiffs' counsel, the statutes upon which each Plaintiff bases his or her claim, and the Defendants listed on the caption. The Motion, whose text is barely one-and-one-half pages, is completely devoid of any detailed showing of commonality, and offers instead a single, opaque assertion:

> The issues in the two cases are identical, that is, whether or not the LSG defendants discriminated and retaliated against persons of Pacific Island descent, whether they created a hostile work environment, and whether the Plaintiffs were denied any constitutionally protected rights of employment.

Mot. at 2. As discussed below, Federal Rule of Civil Procedure 42(a) requires a more substantial showing of commonality than the superficialities contained in that single paragraph.[1]

Far from meeting the requisite commonality, the present action and the *Datuin* action have few, if any, aspects in common. First, the claims of each of the six plaintiffs seeking consolidation are unique and dissimilar. For example, each plaintiff held a different position with Defendant LSG Lufthansa Service Guam, Inc. ("LSG Guam"). In addition, certain plaintiffs were terminated; another quit; still another is a current employee. Thus, as discussed in more depth below, the six claims that plaintiffs attempt to consolidate share almost nothing in common other than their statutory reliance on Title VII.

---

[1] It would be patently unfair for Plaintiffs to attempt to make a more detailed showing for the first time in their reply brief, as Defendants would have had no opportunity to respond. Defendants urge the Court to reject any such attempt. *See Crowe v. County of San Diego*, 303 F. Supp. 2d 1050, 1114 (S.D. Cal. 2004) (rejecting factual argument raised for

2

Lastly, Defendants would be greatly prejudiced by consolidating the two, already confusing, trios of claims. As discussed below, the jury would be greatly confused, and the unfair prejudice to Defendants would be substantial.

For these reasons, as well as the fact that Plaintiffs' one-paragraph showing in their Motion is insufficient on its face, Defendants respectfully submit that the Motion should be denied.

## ARGUMENT

### I. PLAINTIFFS FAIL TO MEET THEIR BURDEN OF DEMONSTRATING REQUISITE COMMONALITY BETWEEN THEIR ACTION AND THE DATUIN ACTION.

Federal Rule of Civil Procedure 42(a) ("Rule 42(a)") governs this motion, and requires a far greater showing than Plaintiffs make here. Rule 42(a) places the burden squarely on Plaintiffs to demonstrate that both actions "involv[e] a common question of law or fact. . . ." *See Sidari v. Orleans County*, 174 F.R.D. 275, 281 (W.D.N.Y. 1996). Moreover, the Court, itself, "must examine the 'special underlying facts' with 'close attention' before ordering consolidation." *Id.*

Here, Plaintiffs offer little more than similarity in nominal "issues" between the two cases, in that both trios of Plaintiffs allege national origin discrimination and harassment –ignoring the patchwork of other claims various plaintiffs bring and others do not.2 *See* Mot. at 2. "Consolidation is not warranted merely because two separate plaintiffs allege distinct claims under the same general theory of law or statute." *Sidari*, 174 F.R.D. at 281. As Plaintiffs have offered nothing other than commonality of nominal legal theories, the Motion should be denied on this basis alone.

---

first time in reply brief).

2 Plaintiffs ignore the fact that Nona Perez's national origin claim was dismissed by the Court in its November 18, 2003 Order. Moreover, pending before the Court is a Motion to Dismiss the Claims of Datuin as untimely and the retaliation claim of Gumataotao for his failure to exhaust his administrative remedies. Defendants believe the *Datuin* Motion to Dismiss is well founded. Should the Court agree, the remaining claims between the two lawsuits would lose even more superficial commonality.

3

Even if Plaintiffs had come forward with a more specific articulation of what factual issues both actions shared, the Motion would still lack any merit. "Indeed, because such claims [of discrimination or harassment] are so dependent upon the specific factual circumstances alleged in each case, consolidation would often be unwarranted even had both plaintiffs alleged the same general type (i.e. sex, race, etc.) of discrimination." *Sidari*, 174 F.R.D. at 282. This is true "even if some evidence may be relevant in both cases" or "the fact that [a plaintiff in one action] may be a witness to support [the other plaintiffs'] claims." *Id.*

These principles are particularly applicable to the present Motion. For example, each plaintiff held a different position in a wide variety of departments within LSG Guam. *See* Ramos Compl. ¶¶ 22, 26-27; Datuin Compl. ¶¶ 5-8 (Ramos – Finance Manager, R. Perez, Production Manager, N. Perez, hourly customer service employee, Datuin – Assistant Operations Manager, Gumataotao – Dispatcher, Cruz – Flight Coordinator). Each alleges a distinct adverse employment action, as none was terminated by the same personnel action, such as a reduction-in-force, or layoff. *See* Compl. ¶¶ 57 (R. Perez terminated alleged for complaining), 79 (Ramos "constructively terminated") 99 (N. Perez treated differently than other women – no allegation of being terminated); *Datuin Compl.* ¶¶ 48, 51 (Datuin terminated for allegedly pretextual disciplinary reasons), 58, 64 (Gumataotao terminated for poor performance), 72, 78 (Cruz terminated for poor performance and alleged complaints about Defendant Chan). Indeed, Ramos and Nona Perez were not terminated at all. Such disparity weighs heavily against consolidation. *Accord Henderson v. National RR Passenger Corp.*, 118 F.R.D. 440 (N.D. Ill. 1987) (denying consolidation of civil rights lawsuits where challenged "disciplinary actions in question arose from completely unrelated incidents, concerned different types of misconduct, involved individuals with disparate disciplinary records and resulted from the imposition of different punishment").

In sum, Plaintiffs offer nothing more than the fact that they have alleged claims under the same statute against the same Defendants to meet their burden of demonstrating the propriety of consolidation. This is simply insufficient under Rule 42(a). Moreover, even if the Court were to look at the substance of the two complaints in question, it is clear that they share none of the relevant commonalities to justify consolidation.

## II. ASSUMING ARGUENDO THAT PLAINTIFFS HAD MET THEIR BURDEN OF DEMONSTRATING REQUISITE COMMONALITY, DEFENDANTS WOULD SUFFER UNDUE PREJUDICE FROM CONSOLIDATION.

Even if Plaintiffs had demonstrated sufficient commonality, Defendants would suffer undue prejudice from consolidation.

Under Plaintiffs' proposed consolidation, six distinct claims would be tried before a single jury. Plaintiffs' allegations of harassment and discrimination, however, vary from plaintiff to plaintiff. While Ricardo Perez and Ramos allege national origin discrimination, harassment, and retaliation, Ramos additionally alleges sex discrimination. While Nona Perez also alleges sex discrimination and retaliation, she has no claim for national origin discrimination. *See* Order 11/18/03. Datuin, however, also alleges age discrimination in addition to national origin discrimination. Gumataotao and Cruz, however, do not allege age discrimination. In sum, the claims of the various plaintiffs are far from identical. The jury will be required to decide different elements for varying claims among different plaintiffs. Continuity is wholly lacking, and the possibility of jury confusion is significant.

It is also clear that Plaintiffs intend to create an amalgam of their claims in support of a generalized "harassment claim." *See, e.g.,* Compl. ¶¶ 54 (describing harassment generally against R. Perez) 79 (same for Ramos even though she also alleges sex harassment). If the *Datuin* plaintiffs were added to the mix, age discrimination becomes yet another aspect to Plaintiffs' generalized complaint of

"harassment." *See Datuin* Compl. ¶¶ 35, 37 (disparate treatment based on age contributed to Datuin's harassment claim).

Defendants, thus, suffer from the profound possibility that the jury could use evidence offered in support of one claim, such as national origin discrimination, in reaching a verdict on a completely different claim, such as Nona Perez's retaliation claim (who does not have a national origin claim). This is precisely the result that the court intended to prevent in *Sidari, supra*, when it noted:

> Indeed, under the theory set forth in the instant case, plaintiff Sidari would be entitled to be compensated if racial discrimination were proven, even if no discrimination against [him] on the basis of his religion or national origin were found. A lumping together of such claims, which amounts to guilt by association, would unfairly prejudice the defendants. Although it is clear that the plaintiffs in each case . . . would like to use each others claims to bolster their own, each lawsuit must stand on its own.

*Sidari*, 174 F.R.D. at 282. Therefore, consolidation should be denied on this basis as well.

///

///

///

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Consolidate.

Dated: June 2, 2004

LIMTIACO CRUZ & SISON, PLLC

By: *[signature]*
ALICIA A. LIMTIACO,
Counsel For Defendants

By: *[signature]*
DONNA M. CRUZ,
Counsel For Defendants

U:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Opposition to Motion to Consolidate (6-2-04).DOC

7