FILED
DISTRICT COURT OF GUAM
JUN 14 2004
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM



| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ, and NONA A. PEREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LSG LUFTHANSA SERVICE HOLDING AG, et al.,<br><br>Defendants. | Civil Case No. 03-00028<br><br>**ORDER** |

This matter comes before the Court on Defendants LSG Lufthansa Service Guam, Inc.'s and LSG Catering Guam, Inc.'s Motion for the Immediate Return of Misappropriated Property. After considering the record, oral arguments, and relevant law, the Court GRANTS Defendants' motion, as discussed and ordered below.

**I. BACKGROUND**

Plaintiffs Michelle D. Ramos ("Ramos"), Ricardo G. "Gino" Perez ("Gino"), and Nona A. Perez (collectively "Plaintiffs") initiated this action on July 29, 2003, alleging that the defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., as amended, by engaging in race and sex discrimination, retaliation, and unlawful employment practices, and by creating a hostile work environment. Plaintiffs are former employees of the defendants.

Around February 23, 2004, while reviewing initial disclosures from Plaintiffs,

1

Defendants LSG Lufthansa Service Guam, Inc. ("LSG Service Guam") and LSG Catering Guam, Inc. ("LSG Catering Guam") (collectively "Defendants") discovered documents they believe belong to them. (Davy Aff. ¶¶ 10-11.) Defendants claim that they never authorized Plaintiffs to remove these documents from Defendants' premises or to retain them at the conclusion of their employment. (Id. ¶ 11.) Around March 14, 2004, defense counsel demanded that Plaintiffs immediately return the documents, as well as any other property of Defendants in Plaintiffs' wrongful possession. (Id. ¶ 12.) Plaintiffs failed to return any such documents. (Id. ¶ 13.) Instead, Plaintiffs proposed entering into a confidentiality agreement with Defendants, whereby Plaintiffs would produce any documents that Defendants deemed "sensitive, proprietary, or privileged." (Opp'n at 2.) However, Defendants refused Plaintiffs' offer. (Id.)

On March 19, 2004, Defendants filed an Ex Parte Application for an Order Requiring Immediate Return of Misappropriated Property. Finding no immediate harm, the Court converted the application into the present motion. On April 2, 2004, Plaintiffs filed an opposition, to which Defendants filed a reply on April 9, 2004. The Court heard oral arguments on the motion on June 7, 2004.

## II. ANALYSIS

Defendants move the Court for an order compelling the immediate return of all of Defendants' property in Plaintiffs' possession. Defendants claim that Plaintiffs wrongfully possess a large volume of documents, many of which contain highly confidential information. These documents include Defendants' financial data, pricing and costing data, customer contract information, including volume discount information, corporate board minutes, audit summaries, profit margin data for individual customers, insurance information, inter-office memos and emails, private information about Defendants' employees, and a lock combination for the dispatcher safe. (Mot. at 3; Limtiaco Aff. ¶ 4; Davy Aff. ¶ 10.)

Defendants assert that Plaintiffs should not possess these documents because they are owned by Defendants pursuant to Guam law and Defendants' Employee Handbook and Conduct Policy, and Defendants never permitted Plaintiffs to retain the documents past the

2

termination of their employment. (Mot. at 3; Davy Aff. ¶ 11 & Ex. 1 at 4, 16-17, 28-29.) According to Guam law, "[e]verything which an employee acquires by virtue of his employment, except the compensation, if any, which is due to him from his employer, belongs to the latter whether acquired lawfully or unlawfully, or during or after the expiration of the term of his employment." 18 GUAM CODE ANN. § 55311. Additionally, the Employee Handbook and Conduct Policy clearly specify what information is confidential, clearly forbid releasing such confidential information, and clearly direct employees to return all company property on the last day of employment. (Davy Aff. ¶ 10 & Ex. 1 at 4, 16-17, 28-29.)

However, Plaintiffs argue that Ramos was not bound by the Employee Handbook and Conduct Policy because they did not exist when she was hired, thus Ramos never agreed to return any documents to Defendants upon her resignation. (Opp'n at 2.) Additionally, Plaintiffs claim that they should be allowed to retain the documents, since Ramos generated most of them during her employment and much of the information contained in the documents, such as pricing of meals sold, are available from public and other sources. (Id.) Furthermore, Plaintiffs claim that Defendants impliedly waived their right to challenge Ramos' possession of the documents since she held some of these documents for several years without any requirement that she return them. (Id. at 3.) Despite Plaintiffs' proffered reasons supporting retention, the Court finds that the contested documents clearly belong to Defendants under Guam law, as stated above. Also, although Ramos may not have been subject to the Employee Handbook and Conduct Policy, she did sign an Employee Acknowledgment Form, whereby she agreed to "return all company tools and equipment ... prior to [her] last day of work ...." (Reply Ex. A.) Thus, the Court finds that Defendants never consented to Plaintiffs' retention of Defendants' documents and that Plaintiffs agreed to return Defendants' property at the conclusion of their employment.

Since Defendants own the documents, Defendants claim that Plaintiffs' retention and use of these materials in the instant litigation constitutes unlawful conversion. An employee's wrongful exercise of dominion over property owned by the employer constitutes common law conversion. Oakdale Village Group v. Fong, 43 Cal.App.4th 539, 543-44 (1996). The

3

elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of conversion, the defendant's conversion by a wrongful act or disposition of property rights, and damages. Id. A party alleging conversion must only show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use. Id. at 544. Conversion is a strict liability tort, thus questions of the employee's good faith, lack of knowledge, and motive are ordinarily immaterial. Id. Therefore, regardless of intent, Plaintiffs' control and use of Defendants' property constitutes conversion. Besides Plaintiffs' unlawful conversion, Defendants claim that Plaintiffs' continued retention of the documents will irreparably injure the business interests of Defendants in maintaining a competitive position, and the privacy interests of Defendants' employees, whose confidential personnel records are among the documents in Plaintiffs' control. (Mot. at 7; Davy Aff. ¶ 15.) Since Ramos and Gino served executive or managerial positions[1], Defendants fear that they have access to highly confidential documents. For these reasons, Defendants petition the Court to order Plaintiffs to immediately surrender the documents to Defendants.

However, Plaintiffs argue that they should keep the documents because returning them to Defendants would only require Plaintiffs to request their production in discovery, thereby making any return futile. Plaintiffs also fear that once Defendants regain control of the documents, they will attempt to deny production of many of the documents on the basis of privilege. Rather than order Plaintiffs to return the documents, Plaintiffs contend that it would be simpler and more efficient for the parties to enter into a confidentiality agreement.[2] Regardless of whether the documents are discoverable or whether a confidentiality agreement would be more feasible to Plaintiffs, Defendants have the right to keep their own documents until Plaintiffs submit discovery requests or the Court orders disclosure. Pillsbury, Madison &

---

[1] Ramos previously served as Corporate Vice President, Treasurer, a member of Defendants' Board of Directors, Finance and Administration Manager, and Chief Accountant of Defendants. (Davy Aff. ¶¶ 6-7.) Gino served as a Production Manager for Defendants. (Id. ¶ 6.)

[2] Plaintiffs also argue that the documents should not be returned to Defendants since "[t]here is no claim of release of trade or proprietary secrets ...." (Opp'n at 3.) Regardless of whether the documents contain secrets of any nature, the plain fact is that Plaintiffs wrongfully continue to possess documents that belong to Defendants.

4

Sutro v. Schectman, 55 Cal. App. 4th 1279, 1285 (1997). Parties are not permitted to engage in "self-help" discovery which is violative of ownership or privacy rights. Id. at 1289. Since a court has an "'inherent power to control the proceedings before it and to make orders which prevent the frustration, abuse, or disregard of the court's processes,'" id. at 1285 (quoting Conn. v. Superior Court, 196 Cal. App. 3d 774, 785 (1987)), the Court GRANTS Defendants' motion and ORDERS Plaintiffs to return to Defendants all of their property, which is everything, except compensation, that Plaintiffs acquired by virtue of their employment by Defendants, 18 GUAM CODE ANN. § 55311.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion is ORDERED GRANTED.

It is FURTHER ORDERED that Plaintiffs, together with their respective agents, servants, employees, attorneys, and those in active concert or participation with them, shall:

(1) Relinquish and turn over to LSG Service Guam or LSG Catering Guam all copies of documents and records belonging to LSG Service Guam or LSG Catering Guam and/or their parent, subsidiary, or affiliated corporations, including, but not limited to, all copies of Defendants' documents delivered by Plaintiffs to Defendants in initial disclosures pursuant to Federal Rule of Civil Procedure 26 and Local Rule of Practice for the District Court of Guam 26.1, by delivering the foregoing property to the offices of defense counsel, Limtiaco Cruz & Sison, PLLC, located at 777 Route 4, Suite 11B, MVP Business Center, Sinajana, Guam, no later than twenty-one (21) days from the date of entry of this Order;

(2) Return any other property belonging to LSG Service Guam or LSG Catering Guam and/or their parent, subsidiary, or affiliated corporations, including, but not limited to, all copies of Defendants' books, records, forms, rolodexes, office calendars, files, and printouts, by delivering the foregoing property to the offices of defense counsel, Limtiaco Cruz & Sison, PLLC, located at 777 Route 4, Suite 11B, MVP Business Center, Sinajana, Guam, no later than twenty-one (21) days

from the date of entry of this Order;

(3) Purge from their files all of Defendants' records and information, as described in paragraphs (1) and (2) above, as well as any notes, records, summaries, or descriptions made by Plaintiffs of such records and information, provided, however, that any records or information so purged shall be printed prior to purging and delivered to counsel for Defendants; and

(4) Submit to the Court and defense counsel, no later than twenty-five (25) days from the date of entry of this Order, a writing signed by Plaintiffs and their counsel certifying that each has complied with paragraphs (1) through (3) above.

SO ORDERED this 14th day of June, 2004.

**JOAQUIN V.E. MANIBUSAN**
**Magistrate Judge**

Notice is hereby given that this document was entered on the docket on 06/15/04. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 06/15/04
Deputy Clerk    Date

6