```
 1  SANDRA D. LYNCH, ESQ., P.C.
    Travel Pacificana Building, Suite 3
 2  207 MARTYR STREET
    HAGÅTÑA, GUAM 96910
 3  Telephone: (671) 472-8889
    Fax: (671) 472-8890
 4  E-Mail: sdlynch@ite.net

 5  Attorney for Michelle D. Ramos,
    Ricardo G. "Gino" Perez, and Nona Perez
```



```
IN THE UNITED STATES DISTRICT COURT
         DISTRICT OF GUAM

MICHELLE D. RAMOS, et al.,          )    CIVIL CASE NO. 03-00028
                                    )
         Plaintiffs,                )
                                    )    OPPOSITION TO MOTION
    vs.                             )    TO SEVER PLAINTIFFS
                                    )
LSG Lufthansa Service Holding AG, et al.,)
                                    )
         Defendants.                )
```

Defendants have filed a Motion to Sever the individual Plaintiffs from the case, thereby seeking to require each to proceed in separate litigation before this Court. The Court has before it Plaintiffs' Motion to Consolidate this case with the case of three other former LSG employees, in Case No. 04-00010. For purposes of disposing of Defendants's Motion to Sever, and for consolidation purposes, the Court is hereby requested to deny the Defense Motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

The plaintiffs herein all allege actions taken against them by LSG, in the guise of the General Manager, Fritz Pandalitschka. Each of them allege actions which are based in part on Pandalitschka's favoritism of Kelvin Chan, a Chinese national, whom Pandalitschka allowed to assume many of the duties and responsibilities of each Plaintiff, or to act on behalf of Pandalitschka in some manner.

Defendants argue that the "parade of witnesses that each of the three Plaintiffs will require at a joint trial will severely prejudice defendant." [Motion, at page 6]. In fact, Defendants fail to recognize that the Plaintiffs themselves will be witnesses for each other as will the Plaintiffs in the companion case of *Datuin v. LSG*. Each of the Plaintiffs herein claim that they were denied equal opportunity in employment based on their race as Pacific Islanders. They claim a pattern of discrimination in which a Chinese national was permitted to remove anyone from their employment for any arbitrary reason, so long as they were of Pacific Island origin. [See Complaint and Charging Statements of Plaintiffs.] Though their claims manifested in slightly different ways, each was discriminated based on their position within the class of persons known as Pacific Islanders. In fact, had the Plaintiffs herein and in *Datuin*, along with several others who have complained to the EEOC, requested a class action, it is likely that class status might have been granted. None of the cases cited by Defendants would favor severance in this case. To the contrary, the claims of these Plaintiffs are so closely situated that the case should be consolidated with the companion case.

To proceed as a representative action under the ADEA, for example, plaintiffs need only show that they are "similarly situated," not that their claims arose out of the same transaction or occurrence or that they met the class action prerequisites. Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b); Age Discrimination in Employment Act of 1967, § 7(b), 29 U.S.C.A. § 626(b); Fed.Rules Civ.Proc.Rules 20(a), 23, 23(a), 28 U.S.C.A. The "similarly situated" requirement, in turn, "is considerably less stringent than the requirement of [Rule 23(b)(3) ] that common questions 'predominate,' " *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 n. 2 (E.D.N.Y.1988), or, presumably, the Rule 20(a) requirement that claims "arise out of the same action or occurrence."

Plaintiffs have also alleged a pattern and practice claim of discrimination. In the Seventh Circuit, "[p]laintiffs who raise a pattern or practice class claim have as their initial burden the task of demonstrating that unlawful discrimination has been the regular policy of the employer, *i.e.*, that

*Michelle Ramos, et al. v. LSG Lufthansa Service Guam, et al.*
*Case CIV No. 03-00028*
*Plaintiffs' Opposition to Motion to Sever*

-2-

'discrimination was the company's standard operating procedure--the regular rather than the unusual practice.' " *Coates v. Johnson & Johnson,* 756 F.2d 524, 532 (7th Cir.1985) (quoting *International Bhd. of Teamsters v. United States,* 431 U.S. 324, 336, 97 S.Ct. 1843, 1855, 52 L.Ed.2d 396 (1977)). In such circumstances, "[t]he focus 'often will not be on individual [employment] decisions, but on a pattern of discriminatory decision-making.' *Teamsters* at 360 n. 46, 97 S.Ct. at 1867 n. 46.] The plaintiff's prima facie case will thus usually consist of statistical evidence demonstrating substantial disparities in the application of employment actions as to minorities and the unprotected group, buttressed by evidence of general policies or specific instances of discrimination ... The focus in a class action is 'on a pattern of discriminatory decision- making,' [*Teamsters* at 360 n. 46, 97 S.Ct. at 1867 n. 46], of which specific allegations of alleged discrimination may be a part, although not always controlling if the number of such instances is not significant. The class action 'may fail even though discrimination against one or two individuals has been proved.' *Cooper v. Federal Reserve Bank of Richmond,* 467 U.S. 867, 878, 104 S.Ct. 2794, 2801, 81 L.Ed.2d 718 (1984).

The Defendants will suffer no prejudice. Conversely, it appears from the many Motions filed by Defendants that they seek to cause the Plaintiffs to incur extensive attorneys fees in order to discourage them from seeking relief. The severance of Plaintiffs in this case will cause a significant duplication of effort, both for the Court and for the Plaintiffs. All of the Plaintiffs' witnesses are the same, all of the defendants are the same. There is simply nothing to be gained by severance.

Under Rule 42, "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

The corporate entities are the same, with little exception, the witnesses for both parties are the same, most of the documents which will be used for both Plaintiffs and Defendants in both cases are the same. The issue of remedies will depend on the extent of discrimination and harassment and

*Michelle Ramos, et al. v. LSG Lufthansa Service Guam, et al.*
*Case CIV No. 03-00028*
*Plaintiffs' Opposition to Motion to Sever*

-3-

other unlawful conduct proved as to each Plaintiff.

Judicial economy dictates that these two cases be consolidated, not severed.

### CONCLUSION

Plaintiffs request that the Court deny the Motion to Sever, and grant their Motion to consolidate the two related cases against the same employer.

Respectfully submitted this 16th day of June 2004.

LAW OFFICE OF SANDRA D. LYNCH, Esq.

By: _____
Sandra D. Lynch, Esq.
Attorney for Plaintiffs

### Certificate of Service

I hereby certify that a copy of the foregoing Opposition to Motion to Sever was sent by fax and by hand delivery to counsel for the Defendants at Limtiaco Cruz & Sison PLLC, 777 Route 4, MVP Business Center, Sinajana, Guam 96910 on this 16th day of June, 2004.

_____
Sandra D. Lynch, Esq.

*Michelle Ramos, et al. v. LSG Lufthansa Service Guam, et al.*
*Case CIV No. 03-00028*
*Plaintiffs' Opposition to Motion to Sever*

-4-