FILED
DISTRICT COURT OF GUAM

JUN 22 2004

MARY L. M. MORAN
CLERK OF COURT

| 00

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ, and NONA A. PEREZ,

Plaintiffs,

vs.

LSG LUFTHANSA SERVICE HOLDING, AG, et al.,

Defendants.

Civil Case No. 03-00028

**ORDER**

This matter comes before the Court on Defendants LSG Lufthansa Service Guam, Inc.'s and LSG Catering Guam, Inc.'s Motion for Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 30(b) & (g) for Failure to Appear at Deposition. After considering the record, oral arguments, and relevant law, the Court GRANTS Defendants' motion, as discussed and ordered below.

**I. BACKGROUND**

Plaintiffs Michelle D. Ramos, Ricardo G. "Gino" Perez, and Nona A. Perez (collectively "Plaintiffs") initiated this action on July 29, 2003, alleging that the defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-3, as amended, by engaging in race and sex discrimination, retaliation, and unlawful employment practices, and by creating a hostile work environment. Plaintiffs are former employees of the defendants.

1

1    On October 1, 2003, defendants LSG Lufthansa Service Holding, AG ("LSG Service
2    Holding"), LSG Lufthansa Service USA Corporation, LSG Lufthansa Service Asia, Ltd., LSG
3    Lufthansa Service Saipan, Inc., and LSG Catering Saipan, Inc. (collectively "the non-Guam
4    defendants") filed a motion to dismiss based on, e.g., lack of personal jurisdiction. This Court
5    denied in part the motion to dismiss, finding that these defendants had waived the defense of
6    lack of personal jurisdiction. The non-Guam defendants then moved the Court to reconsider its
7    decision regarding personal jurisdiction. On December 24, 2003, the Court granted the motion
8    for reconsideration, deferred the non-Guam defendants' motion to dismiss, and ordered that the
9    parties shall have sixty (60) days from the date of entry of the Order to conduct limited
10   discovery regarding the relationship between Guam-based defendants LSG Lufthansa Service
11   Guam, Inc. ("LSG Service Guam") and LSG Catering Guam, Inc. ("LSG Catering Guam") and
12   the non-Guam defendants.

13       During the period between December 24, 2003, and February 18, 2004, Plaintiffs'
14   counsel, Sandra D. Lynch ("Lynch"), and Defendants' attorneys, Alicia A. Limtiaco
15   ("Limtiaco") and Donna M. Cruz ("Cruz"), claim to have contacted the other, via telephone,
16   email, or letter, in attempts to schedule the limited discovery and deposition-taking. (Lynch
17   Decl. ¶¶ 3-6; Limtiaco Aff. Ex. B; Limtiaco Aff.2 ¶¶ 6-7; Cruz Aff. 2 ¶¶ 5-6.)[1] According to
18   the parties, many of the attempts went unanswered. (Lynch Decl. ¶¶ 3-6; Limtiaco Aff. Ex. B;
19   Limtiaco Aff.2 ¶¶ 6-7; Cruz Aff.2 ¶¶ 5-6.)

20       On February 17, 2004, Lynch sent a letter to defense counsel, informing them that she
21   wished to depose a corporate representative on either the 23rd, 24th, or 25th of February, 2004.
22   (Mot. Ex. C; Lynch Decl. ¶ 6.) Lynch stated that the representative would need to be prepared
23   to discuss the relationships between the Asia offices, the USA offices, Hong Kong, and
24   Germany, with regard to finances, advertising, directives, hiring, contracts with airlines,
25   personnel, and service. (Mot. Ex. C.) Defense counsel responded in a letter, dated February
26
27
28       [1]"Limtiaco Aff.2" and "Cruz Aff.2" refer to the second of two affidavits filed individually by Limtiaco
     and Cruz regarding the motion for attorney fees.

2

1   18, 2004, wherein she acknowledged receipt of Lynch's February 17, 2004, letter and stated
2   that Defendants would respond to Lynch's deposition request upon receipt of a notice of
3   deposition that complied with Federal Rule of Civil Procedure 30(b)(6). (Limtiaco Aff. Ex. B.)
4   Defense counsel asserted that the deposition "should be limited to the jurisdictional issues."
5   (Id.)

6       On Friday, February 20, 2004, at 5:21 P.M., defense counsel received Plaintiffs' Notice
7   of Deposition, which stated that on Monday, February 23, 2004, at 1:00 P.M., Plaintiffs would
8   take the oral deposition of LSG Service Holding. (Mot. Ex. A at 1; Cruz Aff. ¶ 3; Limtiaco
9   Aff. ¶ 5.) The Notice stated that a corporate representative should be prepared to discuss the
10  relationships between the Asia offices, the USA offices, Hong Kong, and Germany, regarding
11  finances, advertising, directives, hiring, contracts with airlines, personnel, and service. (Mot.
12  Ex. A. at 2.) Gregory Neil Davy ("Davy"), the General Manager of LSG Service Guam, was
13  chosen to represent LSG Service Guam at the deposition. (Davy Aff. ¶ 1.) Limtiaco and Cruz
14  claim to have spent much of the entire weekend and Monday morning preparing themselves
15  and Davy for the Monday afternoon deposition. (Limtiaco Aff. ¶ 9; Cruz Aff. ¶¶ 8-9.)

16      Lynch claims that, on the morning of February 23, 2004, the day of the scheduled
17  deposition, she realized that the Notice of Deposition provided the incorrect date and should
18  have stated February 24, 2004. (Lynch Decl. ¶ 8.) However, Lynch was too ill to leave home
19  and attend the deposition. (Id.) Lynch asserts that she emailed defense counsel's office and
20  informed them that the deposition would have to be cancelled due to her illness. (Id.) Lynch
21  also claims that she telephoned defense counsel and left a message since Cruz and Limtiaco
22  were unavailable. (Id. ¶ 9.) She further states that her secretary was to try to contact defense
23  counsel, too. (Id.) However, Limtiaco and Cruz contend that they never received any such
24  email or telephone messages from Lynch or her secretary. (Limtiaco Aff. ¶ 14; Cruz Aff. ¶¶
25  15-16.)

26      Unaware of the cancellation, Limtiaco, Cruz, and Davy arrived at Lynch's law office for
27  the scheduled 1:00 P.M. deposition. (Limtiaco Aff. ¶ 10.) However, Lynch was not present at
28  her office. (Id.) Lynch's secretary informed defense counsel and Davy that Lynch was out of

3

1    the office attending a CLE conference[2] and that the Notice of Deposition provided an incorrect

2    date for the deposition. (Limtiaco Aff. ¶ 11.) The secretary then telephoned Lynch, who spoke

3    to Limtiaco. (Id. ¶ 12.) Lynch requested that the deposition be continued to the following day,

4    but Limtiaco refused. (Lynch Decl. ¶ 9.) Lynch then waived the scheduled deposition and

5    indicated that Plaintiffs would rely on information received from sources since late December

6    2003, for purposes of proving the propriety of the Court's exercise of personal jurisdiction over

7    the non-Guam defendants. (Id. ¶¶ 9 & 17; Limtiaco Aff. ¶ 12.)

8         On March 24, 2004, Defendants LSG Catering Guam and LSG Service Guam

9    (collectively "Defendants") filed a Motion for Attorneys' Fees Pursuant to Federal Rule of

10   Civil Procedure 30(b) and (g) for Failure to Appear at Deposition. In the motion, Defendants

11   claim that a total of 44 hours was spent preparing for the scheduled deposition and conducting

12   research for the motion for attorney fees. (Mot. Ex. B.) On April 12, 2004, Plaintiffs filed an

13   opposition to the motion, to which Defendants filed a reply on April 19, 2004. The Court

14   heard oral arguments on the motion on June 7, 2004.

15   **II. ANALYSIS**

16        Pursuant to Federal Rule of Civil Procedure 30(g)(1), Defendants move the Court to

17   award them $8,456.25 for attorney fees and expenses incurred as a result of Plaintiffs' noticed

18   deposition, which Plaintiffs failed to attend. Rule 30(g)(1) provides:

19        If the party giving the notice of the taking of a deposition fails to attend and
         proceed therewith and another party attends in person or by attorney pursuant to
20       the notice, the court may order the party giving the notice to pay to such other
         party the reasonable expenses incurred by that party and that party's attorney in
21       attending, including reasonable attorney's fees.

22   FED. R. CIV. P. 30(g)(1). The decision to award expenses under Rule 30(g)(1) is committed to

23   the district court's sound discretion. Id.; see also Slevin v. Safeguard Bus. Sys., Inc., No. 81 C

24   7226, 1986 U.S. Dist. LEXIS 30525, at *1-2 (N.D. Ill. Jan. 13, 1986).

25        In this case, Plaintiffs' attorney, Lynch, claims that she failed to attend the deposition

26

27   _____

28   [2]Lynch states that she was unable to go to work or attend the CLE conference due to illness. (Lynch Decl.
     ¶8.)

4

1 because she believed it was scheduled for the following day[3] and she could not leave home due
2 to illness. Although Plaintiffs' failure to attend was not willful, Plaintiffs nonetheless had a
3 duty to inform Defendants of the cancellation of the deposition. See Pine Lakes Int'l Country
4 Club v. Polo Ralph Lauren Corp., 127 F.R.D. 471, 472 (D.S.C. 1989). In fact, Lynch claims
5 that, on the morning of the deposition, she emailed and telephoned defense counsel's office,
6 notifying Defendants of the cancellation. However, Limtiaco and Cruz claim that neither they
7 nor their office received any such notice. Since Plaintiffs failed to attend a deposition they had
8 noticed and failed to effectively notify Defendants of cancellation of the deposition, an award
9 of attorney fees and expenses is appropriate.

10 Defendants claim that Rule 30(g)(1) permits an award of $8,456.25 in attorney and
11 paralegal fees based on 44 hours[4] of preparing for and attending the failed deposition and
12 preparing for the instant motion. However, Rule 30(g)(1) limits the award to expenses "in
13 attending" the failed deposition. Although the Rule fails to define the phrase "in attending,"
14 many courts have limited Rule 30(g)(1) awards to expenses, including attorney fees, incurred in
15 traveling to and being physically present at the site of the deposition. See, e.g., Detsch & Co.
16 v. Am. Prods. Co., 141 F.2d 662, 663 (9th Cir. 1944) (affirming an award for attorney fees and
17 expenses in traveling to and attending at the time and place specified in the notice of
18 deposition); Davis v. Bayer, No. C-93-1568-DLJ, 1993 U.S. Dist. LEXIS 12912, at *9-10
19 (N.D. Cal. Sept. 8, 1993); In re Fed. Bank & Trust Co., Sec. Litig., No. 537, 1984 U.S. Dist.
20 LEXIS 18075, at *3-5 (D. Or. Mar. 30, 1984) (finding that an award of both expenses and
21 attorney fees in traveling to and attending the failed deposition may be warranted in certain

23 [3]Lynch claims that the Notice incorrectly stated the date of the deposition as February 23, 2004, when it
24 should have stated February 24, 2004. However, Defendants contend that a deposition regarding jurisdictional issues could not have occurred on that date because the Court's deadline for limited discovery was 60 days from
25 the Court's December 24, 2003, Order, which was February 23, 2004. Plaintiffs do not challenge Defendants' calculation of the deadline. According to the Court's calculation, Defendants correctly state that the cut-off date
26 for limited discovery was February 23, 2004. Therefore, Plaintiffs could not have taken the deposition on February 24, 2004, as they claim to have intended.

27 [4]Of those 44 hours, 23.75 hours are attributable to Cruz, 17.5 hours to Limtiaco, 2 hours to "TAB," and
28 0.75 hour to "JCM." (See Mot. Ex. B.)

5

1  circumstances); Macrovision Corp. v. VSA Ltd., No. 88-315-FR, 1989 U.S. Dist. LEXIS 7032,

2  at *4-5 (D. Or. June 8, 1989); Baldwin-Lima-Hamilton Corp. v. Tatnall Measuring Sys. Co., 22

3  F.R.D. 12, 13 (E.D. Pa. 1958); Pine Lakes, 127 F.R.D. at 472. In contrast, a few courts have

4  applied Rule 30(g)(1) in awarding expenses beyond travel and attendance. See Delozier v.

5  First Nat'l Bank of Gatlinburg, 109 F.R.D. 161, 165-66 (E.D. Tenn. 1986) (awarding expenses

6  and attorney fees for "preparation and driving time"); P.F.C. Mgmt. Corp. v. Athlone

7  Intermediaries, Inc., No. 90 C 5693, 1993 U.S. Dist. LEXIS 5865, at *4-5 (N.D. Ill. May 4,

8  1993) (awarding travel and fax expenses and attorney fees, including fees incurred for "the half

9  hour of time put into the sanction affidavit" and "court costs involved in filing this motion").

10  The Court agrees with the majority and construes the phrase "in attending" to refer only to

11  travel and attendance expenses or fees. Therefore, the Court will not award expenses or fees

12  incurred in preparing for the deposition or the instant motion.[5]

13      Plaintiffs do not contest an award of attorney fees for attending the deposition. In fact,

14  Plaintiffs claim that, if the Court finds an award appropriate, Defendants should only be

15  compensated for attorney fees incurred by one defense attorney's presence at Lynch's law

16  office, which Plaintiffs claim amounts to $100 for 30 minutes of attendance. However, the

17  Court disagrees with Plaintiffs, as they fail to include expenses for traveling to the noticed

18  deposition site and fail to cite any authority supporting the disallowance of Rule 30(g)(1) fees

19

20  [5]Assuming that the Court found preparation time for the deposition or motion for fees to be compensable pursuant to Rule 30(g)(1), the Court would still exercise its discretion against such an award. First of all, a Rule

21  30(g)(1) award must be for "reasonable" expenses or fees. However, the Court does not find Defendants' requested award for at least 40 hours of preparation to be reasonable. Defendants were not taking the deposition,

22  thus they only needed to be prepared to raise objections to questions posed by Plaintiffs. Also, Defendants' corporate representative should have been knowledgeable of jurisdictional issues, and so the 40-plus-hour

23  preparation of Davy was unreasonable.
     In contrast, Defendants assert that the claimed amount of expenses is reasonable in light of Plaintiffs'

24  unreasonable notice. Although Plaintiffs' notice may have lacked the requirements for proper notices, as outlined in Federal Rule of Civil Procedure 30(b), Defendants were put on notice as early as December 24, 2003, when the

25  Court granted limited discovery on the jurisdiction issue. Furthermore, Plaintiffs notified Defendants on February 17, 2004, that they intended to depose a corporate representative on the jurisdiction issue around February 23.

26  Therefore, the Court finds that, for purposes of Rule 30(g)(1), Defendants had been on notice of the deposition and the issues Plaintiffs sought to explore, at least by February 17, 2004.

27      The Court would also decline to tax the fees for Defendants' preparation for the deposition on Plaintiffs as it is not convinced that Defendants' preparation will be useless to them later in the litigation, especially since Davy

28  will likely be a key witness for Defendants, due to his position as General Manager of LSG Service Guam.

6

1 for more than one attorney. As stated above, Rule 30(g)(1) contemplates an award for
2 reasonable travel fees. See, e.g., Baldwin-Lima-Hamilton, 22 F.R.D. at 13; Detsch, 141 F.2d at
3 663. The Court also finds it reasonable that Defendants' two attorneys would attend the
4 deposition, as Plaintiffs hoped to gather evidence from the deponent that would aid in opposing
5 the non-Guam defendants' motion to dismiss. Therefore, the Court will award expenses and
6 fees incurred by two defense attorneys for traveling to and attending the deposition.

7 To ascertain Defendants' expenses in attending the deposition, the Court looks to
8 defense counsel's invoice for services, (see Mot. Ex. B), as well as the affidavits of Limtiaco
9 and Cruz. Although the invoice fails to adequately itemize expenses and the affidavits fail to
10 indicate travel and attendance fees, the Court infers from these documents that Limtiaco and
11 Cruz spent about one hour each traveling to and being present at Lynch's office for the
12 deposition, thus totaling two hours of services rendered. As Limtiaco and Cruz both charge
13 Defendants $200 for each hour spent on this case, (Limtiaco Aff. ¶ 1; Cruz Aff. ¶ 1), and two
14 hours were spent traveling to and attending the failed deposition, Defendants incurred an
15 expense of $400. Finding this amount reasonable, the Court GRANTS Defendants' motion for
16 attorney fees and ORDERS Plaintiffs to pay $400 to Defendants.

17 **III. CONCLUSION**

18 For the foregoing reasons, Defendants' Motion for Attorneys' Fees Pursuant to Federal
19 Rule of Civil Procedure 30(b) and (g) for Failure to Appear at Deposition is ORDERED
20 GRANTED. It is FURTHER ORDERED that Plaintiffs shall pay $400.00 to Defendants no
21 later than fourteen (14) days from the date of entry of this Order.

22 SO ORDERED this 22nd day of June, 2004.

23
24
25 **JOAQUIN V.E. MANIBUSAN**
**Magistrate Judge**

26
27 Notice is hereby given that this document was
entered on the docket on JUN 2 3 2004 .
28 No separate notice of entry on the docket will
be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
JUN 2 3 2004        7
By:
Deputy Clerk        Date