1  **LIMTIACO CRUZ & SISON, PLLC**
   Alicia A. Limtiaco, Esq.
2  Donna M. Cruz, Esq.
   **MVP Business Center**
3  777 Route 4, Suite 11B
   Sinajana, Guam 96910
4  Telephone: (671) 477-0000
   Facsimile: (671) 477-0001
5
6  **SIDLEY AUSTIN BROWN & WOOD LLP**
   Peter I. Ostroff (SBN 045718)
7  Max C. Fischer (SBN 226003)
   555 West Fifth Street, Suite 4000
8  Los Angeles, California 90013-1010
   Telephone: (213) 896-6000
9  Facsimile: (213) 896-6600

10 Attorneys for Defendants

11

12                    UNITED STATES DISTRICT COURT

13                         DISTRICT OF GUAM

   MICHELLE D. RAMOS, et al.              )   CIVIL CASE NO. 03-00028
14                                        )
15                 Plaintiffs,            )
                                          )
16        vs.                             )
                                          )
17                                        )   **DEFENDANTS' REPLY IN SUPPORT OF**
                                          )        **MOTION TO SEVER**
18 LSG LUFTHANSA SERVICE GUAM, INC.,      )
   et al.                                 )
19                                        )
                   Defendants.            )
20 _____       )

21

22        Defendants LSG Lufthansa Service Guam, Inc., LSG Catering Guam, Inc., LSG Lufthansa

23 Service Holding AG; LSG Lufthansa Service USA; LSG Lufthansa Service Asia, Ltd.; LSG Lufthansa

24 Service Saipan, Inc.; and LSG Catering Saipan, Inc., ("Defendants"), by and through their counsel,

25 submit the following Reply Memorandum of Law in further support of their Motion to Sever.

26

27

28                                                    **ORIGINAL**

                                   1

**INTRODUCTION**

As explained in Defendants' Opening Memorandum, Plaintiffs bring claims that simply have nothing in common – other than their counsel and the names of the statutes on which such claims are premised. This is far shy of the commonality that Rule 20 of the Federal Rules of Civil Procedure requires.

Plaintiffs Michelle Ramos ("Ramos"), Ricardo Perez ("R. Perez"), and Nona Perez ("N. Perez") (collectively "Plaintiffs") filed a complaint against Defendants, asserting a wide variety of factually distinct claims and legal theories. Unlike her two co-plaintiffs, Ramos alleged, among other things: (1) sexual and national origin discrimination based on a comparison to a male, Chinese employee, Kelvin Chan (Compl. ¶ 63); disparagement based on comments made about her to public entities (Compl. ¶ 67); retaliation based on her complaints over R. Perez's treatment (Compl. ¶ 70); and exclusion from certain responsibilities (Compl. ¶ 77). Unlike Ramos, however, R. Perez alleged: (1) a failure to train (Compl. ¶ 47); a "hostile environment" based on not allowing him to participate in certain daily meetings (Compl. ¶ 53); retaliation (Compl. ¶ 55); and unlawful termination (Compl. ¶ 57).

N. Perez – in stark contrast to Ramos and R. Perez – did not allege that she separated employment at all, as she is a current employee. Moreover, N. Perez alleged that she was treated worse than another woman, Rosemary Abat. Compl. ¶ 90. Her other allegations relate to alleged public reprimands for using the office freezer (Compl. ¶ 92) and an alleged failure to provide her additional compensation for performing additional duties. Compl. ¶ 98. These allegations are unique to her and appear nowhere in the allegations concerning her two co-plaintiffs.

Plaintiffs' response to the well-established principles of Rule 20 Defendants highlighted falls far short of meeting Plaintiffs' burden of demonstrating a basis to try their distinct and dissimilar

2

claims in one action. In essence, they claim that, since all are Pacific Islanders alleging discrimination, all should be permitted to proceed together. *See* Pls' Resp. at 2 ("Though their claims manifested in slightly different ways, each was discriminated against based on their position within the class of persons known as Pacific Islanders.").

This is precisely the logic that courts have rejected in granting motions to sever nominally similar – but factually distinct – claims such as Plaintiffs'. These same authorities require granting the relief that Defendants request here.

## ARGUMENT

I.  PLAINTIFFS CLAIMS ARISE FROM DIFFERENT TRANSACTIONS OR OCCURRENCES AND ASSERT DIFFERENT QUESTIONS OF LAW AND FACT.

As explained in Defendants' opening memorandum, Plaintiffs make insular and distinct allegations arising from different transactions or occurrences, none of which shares any common questions of law or fact. *See* Defs' Mot. to Sever at 3-5 (and the cases cited therein).

First and foremost, what Plaintiffs do not say in their response underscores the merit in Defendants' Motion far more emphatically than what Plaintiffs do say. They do not point to any common occurrence or transaction that links their stories. Nor do they identify any common question of law or fact that permeates each of their claims.[1]  In fact, Plaintiffs fail to address any of the arguments that Defendants raised in their opening memorandum, or even attempt to distinguish (or address in any way) the numerous, pointed citations all of which lead to the inescapable conclusion that the Motion to Sever was well-taken.

---

[1] Plaintiffs curiously rely on a "pattern of discrimination in which a Chinese national [presumably Kelvin Chan] was permitted to remove anyone from their employment for any arbitrary reason, so long as they were of Pacific Island origin." Pls' Resp. at 2. In fact, nowhere does Ramos or R. Perez – the only two plaintiffs who actually left employment blame Chan for "removing" them from their jobs. Only N. Perez alleges Chan "harassed" her, and she remains employed with LSG Guam today.

Instead, Plaintiffs' only response completely misses the mark. They argue that they "could have" filed a *class action* and sought class certification that "likely . . . might have been granted" – a route they clearly chose not to take. Pls' Resp. at 2. It is entirely unclear what point Plaintiffs are attempting to make.2 The notion that they could have – but did not – file their claims as a class action and "likely" obtained certification has no bearing whatsoever on the question of whether they belong in the same individual-plaintiff lawsuit.

In fact, it is well established that merely filing a putative class action and alleging a "pattern and practice of discrimination" is no guarantee of either class status or proper joinder of all parties in a single lawsuit. *Wynn v. National Broadcasting Company*, completely ignored by Plaintiffs, is directly on point. In *Wynn*, plaintiff television writers filed an age discrimination class action against television networks under the ADEA. Because it was "undisputed that the individual plaintiffs [were] all alleging a different factual basis for how that alleged discrimination affected each of them," the Court found that neither class certification, nor joinder, was not proper. 234 F. Supp. 2d 1067, 1085 (C.D. Cal. 2002). The same is equally true in the present action, where each Plaintiff tells a vastly different story about how he or she suffered discrimination and termination (in R. Perez's case), constructive discharge (in Ramos' case), or simply remained employed (in N. Perez's case). The mere fact that Plaintiffs all allege "discrimination" generically under Title VII is wholly insufficient to warrant joinder. *See Graziose v. American Home Prods.*, 202 F.R.D. 638, 640 (D. Nev. 2001) (severing claims where plaintiffs merely alleged that they suffered "discrimination" under Title VII).

Because Plaintiffs have failed to demonstrate any common occurrence or transaction linking their claims, or any common question of law or fact, Defendants' Motion to Sever should be granted.

---

2 Plaintiffs mention the possibility of an age discrimination class action under the ADEA, a peculiar suggestion given that none of them alleged any claim for age discrimination.

4

## II. DEFENDANTS WILL SUFFER PREJUDICE IF PLAINTIFFS' CLAIMS ARE TRIED IN ONE ACTION.

Plaintiffs' response falls equally flat in hastily dismissing the prejudice that Defendants will suffer should Plaintiffs be allowed to try their claims in one action. Once again, Plaintiffs completely ignore the pointed citations in Defendants' Opening Memorandum, in particular, the Ninth Circuit's decision in *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). In *Coleman*, the Ninth Circuit affirmed a district court's decision to sever the claims of multiple age discrimination plaintiffs even though such claims were transactionally related. The court based its holding on the fact that each individual claim (as the case was not a class action) would require the jury to "examine individually [each plaintiff's] employment history as well as the explanations given by Quaker for not retaining him or her, explanations that would require the testimony of each employee's supervisors and raters" as well as the potential confusion caused by the "parade of terminated employees" as the jury attempted to link each claim with individual evidence of discrimination. *Id.* at 1297.

*Coleman* compels the same result in the present case. The parade of witnesses trying to explain the link (or lack thereof) of each plaintiff to the evidence of discrimination (or the lack thereof) would be hopelessly confusing given the completely disparate factual nature of each Plaintiff's claims. Plaintiffs' bald assertions that "The severance of Plaintiffs in this case will cause significant duplication of effort" and that "All of the Plaintiffs' witnesses are the same, all of the defendants are the same" are simply untrue. Because each Plaintiff tells a completely different story, there would be little, if any, overlap in the dispositive testimony. Moreover, the witnesses involved in each Plaintiff's case would be markedly different. For example, Rosemary Abat, the allegedly better-treated woman at the heart of N. Perez's sex discrimination claim, has no known relevance at this time to either of the other two Plaintiffs. Likewise, N. Perez, herself, makes no allegations that, in any way, overlap with the allegations of Ramos or R. Perez. As Ramos alleges constructive discharge (not termination) two

5

Plaintiffs. Likewise, N. Perez, herself, makes no allegations that, in any way, overlap with the allegations of Ramos or R. Perez. As Ramos alleges constructive discharge (not termination) two months after R. Perez was terminated, it is completely unclear how he could testify to the "intolerable working conditions" or "last straw"[3] that existed or broke in the two months after his departure Ramos must prove to sustain her claim. Instead, each Plaintiff will tell his or her story relying primarily on testimony unique to his or her case.

In sum, Defendants will suffer great prejudice if Plaintiffs are allowed to prosecute their distinct, insular claims in one action. Plaintiffs offer no evidence or reasoned argument to the contrary. Accordingly, Defendants' Motion to Sever should be granted.

Respectfully submitted,

Dated: June 23, 2004                              LIMTIACO CRUZ & SISON, PLLC

By: _Alicia A. Limtiaco_ _____
ALICIA A. LIMTIACO,
Counsel For Defendants

---

[3] See Pennsylvania State Police v. Suders, ___ U.S. ___, No. 03-95 (Slip Op.) at 15-18 (June 14, 2004) (holding that Title VII plaintiff must prove "intolerable working conditions" and that the "last straw" was an official act by the employer in order to prevail on constructive discharge claim.

6