LIMTIACO CRUZ & SISON, PLLC
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

SIDLEY AUSTIN BROWN & WOOD LLP
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

FILED
DISTRICT COURT OF GUAM
DEC 16 2004
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, et al. | CIVIL CASE NO. 03-00028 |
| Plaintiffs, | |
| vs. | |
| | **STATUS REPORT** |
| LSG LUFTHANSA SERVICE GUAM, INC., et al. | |
| Defendants. | |

COME NOW LSG Lufthansa Service Guam, Inc., LSG Catering Guam, Inc., LSG Lufthansa Service Holding AG, LSG Lufthansa Service USA, LSG Lufthansa Service Asia, Ltd., LSG Lufthansa Service Saipan, Inc., and LSG Catering Saipan, Inc., ("Defendants"), by and through their counsel of record, Limtiaco Cruz & Sison, PLLC, by Alicia A. Limtiaco, Esq., and hereby submit to the Court the Defendants' Status Report. Pursuant to the Court's Order filed on November 12, 2004, a Status Conference is scheduled for December 16, 2004, at 10:00 a.m.

ORIGINAL

# BACKGROUND

Plaintiffs Michelle Ramos, Ricardo "Gino" Perez and Nona Perez ("Plaintiffs") filed a multi-count complaint against Defendants arising under 42 U.S.C. § 2000e-5 ("Title VII"). Defendants deny Plaintiffs' allegations and causes of action, and have set forth affirmative defenses thereto in their Answer to Plaintiffs' Complaint. All parties have consented to the jurisdiction of the Magistrate Judge. As discussed below, Plaintiffs have manifested a lack of desire to prosecute this action. Consequently, as explained below, Defendants respectfully request that the Court issue an order to show cause why this matter should not be dismissed for a failure to prosecute.

## A. Pending Motions

The following highlights pending motions that have been filed by the parties and that await disposition:

1. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction;
2. Defendants' Motion to Sever; and
3. Plaintiffs' Motion for Consolidation.

These motions are fully briefed and await the Court's disposition.

## B. Case Status

The parties have stipulated to continuing all discovery until after the Court has rendered its decision on whether LSG Lufthansa Service Holding AG, LSG Lufthansa Service USA, LSG Lufthansa Service Asia, Ltd., LSG Lufthansa Saipan, Inc. and LSG Catering Saipan, Inc. should be dismissed from this case. Notwithstanding this stipulation, Plaintiffs' and Plaintiffs' counsel's conduct has raised significant concern that Plaintiffs do not intend to prosecute their claims in any reasonably responsive fashion.

First, Defendants received notice on May 17, 2004 that Plaintiffs' counsel would be closing her law office effective June 1, 2004, and would be withdrawing from her active cases either

2

Case 1:03-cv-00028 Document 110 Filed 12/16/2004 Page 2 of 6

through Court permission or by way of substitution of counsel. At that time, Defendants indicated that they were disadvantaged because this would affect the scheduling of dates in the scheduling order and discovery plan. Since the closing of Plaintiffs counsel's law office, Defendants have only been provided with an e-mail address and a forwarding physical address in care of the U.S. Navy Legal Office in Honolulu, Hawaii.

Second, as the Court is aware, Plaintiffs have a history of dilatory conduct in this case, including Plaintiffs' repeated failure to timely comply with court imposed deadlines, and inability or unwillingness to move this matter towards resolution.

A review of the record indicates that on October 1, 2003, Defendants filed a Motion to Dismiss on several bases to include lack of personal jurisdiction. On October 17, 2003, Plaintiffs responded by filing multiple pages of unauthenticated documents and requesting that this Court grant them discovery to explore the personal jurisdictional issues. In its December 24, 2003 Memorandum Opinion and Order, the Court granted Plaintiffs 60-days in which to take additional discovery on the issue of personal jurisdiction, and further ordered that the parties had until April 1, 2004 to file supplemental briefs on the jurisdictional issue. Rather than take the opportunity to avail themselves of the additional time to conduct discovery, Plaintiffs issued no written discovery and took no depositions. On the eve of the 60-day period and merely two (2) days before the 60-day period was to expire, Plaintiffs noticed the FRCP 30(b)(6) deposition of a corporate representative for the very last day of the 60-day period. Defendants received the FRCP 30(b)(6) deposition of corporate representative notice on Friday, February 20, 2004, at 5:21 p.m. The FRCP 30(b)(6) deposition of corporate representative was set for Monday, February 23, 2004 at 1:00 p.m. At great expense and time, Defendants prepared for the deposition. On the day of the deposition, Plaintiffs' counsel and Plaintiffs failed to appear. On February 23, 2004, Defendants were prepared

to exchange discovery with Plaintiffs but Plaintiffs were not ready to exchange discovery until the close of business.

Plaintiffs' complete disregard to abide by the rules of court and discovery procedures was the subject of Defendants' two subsequent motions - a Motion for Return of Misappropriated Documents and a Motion for Attorneys Fees, both of which were granted by the Court on June 14, 2004 and June 22, 2004, respectively. Plaintiffs were sanctioned for their conduct in failing to notify Defendants of the withdrawal of deposition notice, and ordered by the Court to return corporate documents misappropriated by Plaintiffs. Both Orders also set forth specific deadlines as to filing requirements. All misappropriated documents were to be returned *immediately* with an affidavit stating that the documents had been returned no later than 21 days after the June 14, 2004 Order. Plaintiffs did not provide the Defendants with any documents pursuant to the Court's June 14, 2004 Order until July 2, 2004, and filed a declaration with the Court on July 7, 2004, 23 days after the Court's June 14, 2004 Order, and without providing Defendants with a copy of such declaration. In addition, Defendants did not receive the $400.00 check for attorneys fees until July 8, 2004, again, two days later than the deadline set in the Court's June 22, 2004 Order. Plaintiffs have blatantly ignored the deadlines set by this Court all without cause.

Regarding Plaintiffs' original April 1, 2004 deadline for filing a supplemental brief on the issue of personal jurisdiction, Plaintiffs failed to timely file a brief. On April 2, 2004, Plaintiffs filed not a substantive response to the Court's December 24, 2003 Order, but rather a motion for a 30-day extension of time to submit a supplemental brief on the jurisdictional issue, which the Court granted on April 9, 2004. Thirty days from the April 1, 2004 supplemental brief filing deadline as per the Court's December 24, 2003 Order, would have been on or about Monday, May 3, 2004. May 3, 2004 came and went. Finally, on May 10, 2004, approximately 39 days after the April 1, 2004 deadline or one week

after May 3, 2004, Plaintiffs filed – not a memorandum of law – but a declaration, contrary to the Court's April 9, 2004 Order.

Again, on May 24, 2004, Plaintiffs, impervious to the constraints of the Court's established deadlines or Local Rules, filed yet another pleading in opposition to Defendants' Motion to Dismiss. This Supplemental Filing, Plaintiffs' third, was similarly untimely and without leave of Court. Any briefing was required to be filed by May 3, 2004. The most recent Supplemental Filing was no more timely than its predecessor, and should receive the same disregard. *See* LR 7.1(f). Moreover, pursuant to the Court's December 24, 2003 Order, Plaintiffs were given <u>one</u> chance to supplement the record with evidence that met Plaintiffs' burden of establishing personal jurisdiction over Defendants. Having used their sole chance (albeit untimely) to file the declaration – but not a legal memorandum – the Supplemental Filing is clearly without leave or otherwise proper.

Plaintiffs' failure to timely comply with court imposed deadlines or Local Rules, dilatory behavior, and/or inactivity constitutes a failure to prosecute, warranting dismissal of the instant case. Defendants should not have to incur additional costs and expense in defending an action which Plaintiffs themselves have failed to prosecute, and thus, respectfully request that the Court issue an order to show cause requiring Plaintiffs to explain their conduct and intentions regarding the prosecution of this case.

## **CONCLUSION**

There are several motions pending resolution by the Court. Defendants have made significant and meaningful progress to comply, and have complied in good faith, with all the Court's orders. Plaintiffs, on the other hand, have failed to timely comply with the Court's orders or Local Rules, and their dilatory conduct and/or inactivity constitute a failure to prosecute,

5

warranting dismissal of the instant case. Defendants respectfully request that the Court issue an order to Plaintiffs to show cause why the Court should not dismiss this case for lack of prosecution.

Respectfully submitted this 16th day of December 2004.

LIMTIACO CRUZ & SISON, PLLC
Attorneys for Defendants

By: *Alicia A. Limtiaco* (signature)
Alicia A. Limtiaco, Esq.

H:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Status Report (tab) Ramos 12.16.04 final.doc

6

Case 1:03-cv-00028   Document 110   Filed 12/16/2004   Page 6 of 6