ALICIA A. LIMTIACO, ESQ.
DONNA M. CRUZ, ESQ.
**LIMTIACO CRUZ & SISON, PLLC**
Suite 11B, MVP Business Center
777 Route 4
Sinajana, Guam 96910
Telephone: 671-477-0000
Facsimile: 671-477-0001
Email: guamlaw@ite.net

PETER I. OSTROFF, ESQ.
MAX C. FISCHER, ESQ.
**SIDLEY AUSTIN BROWN & WOOD**
555 West Fifth Street, 40th Floor
Los Angeles, California 90013-1010
Telephone: 213-896-6000
Facsimile: 213-896-6600

Attorneys for Defendants LSG Lufthansa Service Guam, Inc.
and LSG Catering Guam, Inc.

FILED
DISTRICT COURT OF GUAM
MAR 29 2005
MARY L.M. MORAN
CLERK OF COURT
119

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ and NONA A. PEREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LSG LUFTHANSA SERVICE GUAM, INC., et al.,<br><br>Defendants. | Civil Case No. 03-00028 |
| FELIPE DATUIN, JEFF GUMATAOTAO and JAMES CRUZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LSG LUFTHANSA SERVICE GUAM, INC., et al.,<br><br>Defendants. | Civil Case No. 04-00010<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR PROTECTIVE ORDER AND TO SEAL DOCUMENTS; EX PARTE APPLICATION FOR ORDER TO COMPEL PLAINTIFFS' WRITTEN CERTIFICATION AND FOR ATTORNEYS FEES FOR FAILURE TO COMPLY WITH COURT'S JUNE 14, 2004 ORDER** |

Ex Parte Application for Protective Order and to Seal Documents; Ex Parte Application for Order to Compel Plaintiffs' Written Certification and for Attorneys Fees
Civil Case No. 03-00028/Civil Case No. 04-00010

ORIGINAL

Case 1:03-cv-00028   Document 125   Filed 03/29/2005   Page 1 of 9

**TO:** Sandra D. Lynch, Esq. and William Gavras, Esq.,
and the Law Offices of Gorman & Gavras,
Attorneys for Plaintiffs

PLEASE TAKE NOTICE that on _____, 2005 at the hour of ____ __.m., or as soon thereafter as this Court permits, Defendants, LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively "LSG Guam"), by and through their counsel, Limtiaco Cruz & Sison, PLLC, will bring before the Court this Ex Parte Application for Protective Order and to Seal Documents, and Ex Parte Application for Order to Compel Plaintiffs' Written Certification and for Attorneys Fees for Failure to Comply with Court's June 14, 2004 Order. Said ex parte applications are supported by the Memorandum of Points and Authorities contained herein and the Declaration of Alicia A. Limtiaco, Esq. filed contemporaneously herewith.

Dated this 29th day of March, 2005.

LIMTIACO CRUZ & SISON, PLLC

By: _____
ALICIA A. LIMTIACO, Esq.
Counsel For Defendants LSG Lufthansa Service
Guam, Inc. and LSG Catering Guam, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

LSG Guam respectfully submits this Memorandum of Points and Authorities in support of its Ex Parte Application for Protective Order and to Seal Documents, and Ex Parte Application for Order to Compel Plaintiffs' Written Certification and for Attorneys Fees and Costs for Failure to Comply with Court's June 14, 2004 Order.

Ex Parte Application for Protective Order and to Seal Documents; Ex Parte Application for Order to Compel Plaintiffs'
Written Certification and for Attorneys Fees
Civil Case No. 03-00028/Civil Case No. 04-00010
Page 2 of 8

Case 1:03-cv-00028   Document 125   Filed 03/29/2005   Page 2 of 9

One of the inherent powers of the federal courts extends to the management of judicial business, including control over the access of its judicial records to the public. *See United States v. Janik*, 10 F.3d 470, 472 (7th Cir.1993); *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978). It is within the sole discretion of the court, as custodian of the judicial record, to issue a protective order to limit the public's access. *See Gambale v. Deutsche Bank AG*, 2003 WL 21511851 (S.D.N.Y. 2003); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The public's right to access of judicial records, while presumed, is not unlimited.

In the instant case, on June 14, 2004, the District Court of Guam ordered plaintiffs Michelle Ramos and Ricardo Perez, former employees of LSG Guam, to relinquish and turn over to LSG Guam all property in their possession belonging to LSG Guam and/or their parent, subsidiary, or affiliated corporations, within the timeframe specified by the Court. *See* Order filed June 14, 2004, *Michelle Ramos, et al. v. LSG Lufthansa Service Guam, Inc., et al.*, District Court of Guam Civil Case No. 03-00028. The Court's decision came after a hearing on LSG Guam's motion for an order for return of misappropriated property on June 7, 2004. The Court found that LSG Guam never consented to plaintiffs' retention of the company's documents, and that plaintiffs agreed to return the company's property at the conclusion of their employment. *Id.* at 3. The Court further found that regardless of whether documents are discoverable or whether a confidentiality agreement would be more feasible to plaintiffs, LSG Guam has the right to keep their own documents until plaintiffs submit discovery requests or the Court orders disclosure. *Id.* at 4. The Court stated that parties are not permitted to engage in "self help" discovery, which is violative of ownership or privacy rights. *Id.* at 5. Since the Court has an "inherent power to control the proceedings before it and to make orders which prevent the frustration, abuse, or disregard of the court's processes," the Court granted LSG Guam's motion and ordered plaintiffs to return to LSG Guam all of the company's property, which is everything, except

Ex Parte Application for Protective Order and to Seal Documents; Ex Parte Application for Order to Compel Plaintiffs' Written Certification and for Attorneys Fees
Civil Case No. 03-00028/Civil Case No. 04-00010
Case 1:03-cv-00028   Document 125   Page 3 of   Filed 03/29/2005   Page 3 of 9

compensation, that plaintiffs acquired by virtue of their employment by the company. *Id.* Plaintiffs, along with their agents, servants, employees, attorneys, and those in active participation with them, were given 21 days from the date of entry of the Court's order to return to LSG Guam all of the company's property, and 25 days from the date of entry of the Court's order to submit to the Court and to LSG Guam's counsel, a certification that they complied with the Court's order. *Id.* at 5-6. On July 7, 2004, Counsel for the Plaintiffs, Sandra D. Lynch, filed a declaration with the Court stating that she provided the Defendants with all of the documents she received from her clients that were in her possession, including copies of the documents which were in her files, and any duplicates thereof. *See* Defendants' Exhibit A, Counsel's Declaration Re: Documents, a true and correct copy of which is attached hereto. Although Plaintiffs' counsel filed her declaration, Plaintiffs themselves have yet to file their written certification stating that each Plaintiff has complied with paragraphs (1), (2) and (3) of the Court's June 14, 2004 Order[1]. Defendants move this Court for an order compelling Plaintiffs to file their written certification pursuant to the Court's June 14, 2004 Order, and for an order awarding attorneys fees to Defendants for fees incurred in preparing this motion and resolving the matter pursuant to GR 2.1 of the Local Rules of Practice for the District Court of Guam. *See* Declaration of Alicia A. Limtiaco, Esq.

In addition, as Defendants previously argued at the hearing on Defendants' motion for an order to return misappropriated property, upon taking inventory of the documents filed as exhibits or provided by Plaintiffs and their counsel, Defendants discovered that Plaintiffs had taken large volumes

---

[1] Paragraph 4 of the Court's June 14, 2004 Order explicitly states: "Submit to the Court and defense counsel, no later than twenty-five (25) days from the date of entry of this Order, *a writing signed by Plaintiffs and their counsel certifying that each has complied with paragraphs (1) through (3) above.* [Emphasis added].

It should also be noted that Plaintiffs' counsel's declaration itself is not in full compliance with the Court's June 14, 2004 Order, as it does not explicitly state that Plaintiffs' counsel has complied with the specific provisions/requirements set forth in paragraphs (1), (2) and (3) of the Court's June 14, 2004 Order.

Ex Parte Application for Protective Order and to Seal Documents; Ex Parte Application for Order to Compel Plaintiffs' Written Certification and for Attorneys Fees
Civil Case No. 03-00028/Civil Case No. 04-00010
Case 1:03-cv-00028    Document 125    Filed 03/29/2005    Page 4 of 9

of documents which contained proprietary and confidential information. Examples of such proprietary information are as follows, but not limited to:

a. Personnel records of employees who are not a party to this suit which include information relating to immigration status, social security information, payroll, salary and wages, individual income tax returns, employees' names, addresses, social security numbers, telephone numbers, insurance premium benefits, and evaluations;

b. Information relating to customer based listings, consumer purchasing habits, pricing information, premium discounts, concession agreements, stock purchasing and shareholder agreements, and sales techniques unique to the company and considered confidential; and

c. Information relating to union negotiations, including strategies and analysis of pending or past litigation matters.

Although Plaintiffs have not initiated discovery to date, district courts of other jurisdictions have found good cause and warranted the issuance of a protective order to seal similar records[2]. *See Flaherty v. Seroussi*, 209 F.R.D. 300 (D.C.N.Y. 2002) (protective order warranted to protect from disclosure medical, educational and other inherently private information concerning individual employees of city, particularly those not parties to the action); *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410 (D.C.Ind. 2001) (information relating to tobacco company's customer lists and consumer purchasing habits, pricing information, and sales techniques were protectible trade secrets since

---

[2] Although the cases cited herein refer to the court's issuance of a protective order pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c), the same or similar arguments by the prevailing party and the rationale serving as the basis for the court's holding in those cases, may be used to support this Court's granting of a protective order in the instant case. FRCP 26(c) authorizes district courts to issue an order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See also, Seattle Times Co.*, 467 U.S. at 26.

Ex Parte Application for Protective Order and to Seal Documents; Ex Parte Application for Order to Compel Plaintiffs' Written Certification and for Attorneys Fees
Civil Case No. 03-00028/Civil Case No. 04-00010
Case 1:03-cv-00028   Document 125   Filed 03/29/2005   Page 5 of 9

information not readily obtainable, possessed economic value, and company took steps to maintain secrecy of information); *Keyes v. Lenoir Rhyne College*, 552 F.2d 579 (4th Cir 1977), cert. denied, 434 U.S. 904 (1977) (in action by college faculty member for alleged employment discrimination, trial court did not abuse its discretion when it refused to require college to produce confidential evaluations of each faculty member on grounds that confidentiality of such evaluation records was necessary to enable college to receive honest and candid appraisals of abilities of faculty members by their peers); *Vollert v. Summa Corp.*, 389 F.Supp. 1348 (D.C. Hawaii 1975) (corporate defendant's legitimate interest in maintaining confidentiality of its financial records, as to which plaintiff in personal injury action sought discovery in connection with claim for punitive damages could be protected by limiting plaintiff's uses of discovered information and prohibiting disclosure of information beyond confines of case); *Bercow v. Kidder, Peabody & Co.*, 39 F.R.D. 357 (D.C.N.Y. 1965) (when brokerage firm's operating manual, production of portions of which for inspection and copying was required was confidential, plaintiffs and their attorney were directed to confine use of discovered items to present litigation and not to disclose in any manner contents of documents to anyone whose knowledge was not essential to preparation of case); *Turmenne v. White Consol. Indus., Inc.*, 266 F.Supp. 35 (D.C. Mass. 1967) (on defendant's motion to produce documents, in order to prevent damage to plaintiff's business by requiring plaintiff to divulge whereabouts of his customers, court ordered that documents be revealed only to defense counsel active in case and to persons elected by them to assist in handling case and that documents be used only for purposes of instant litigation).

Thus, in the instant case, given the confidential, proprietary and privileged nature of the documents described in LSG Guam's motion for an order to return misappropriated property, and the Court's June 14, 2004 Order, a protective order and sealing of the documents at issue are warranted, so as to prevent a violation of the ownership and/or privacy rights of LSG Guam, *see* Court's June 14,

Ex Parte Application for Protective Order and to Seal Documents; Ex Parte Application for Order to Compel Plaintiffs' Written Certification and for Attorneys Fees
Civil Case No. 03-00028/Civil Case No. 04-00010
Page 6 of 8

Case 1:03-cv-00028  Document 125  Filed 03/29/2005  Page 6 of 9

2004 Order at 5, and to protect LSG Guam from annoyance, embarrassment, oppression, undue burden or expense, and/or irreparable or serious damage or injury to its business interests and to the privacy interests of its employees, as a result of such information being made accessible to the public.

Further, some of the documents attached as exhibits to Plaintiffs' counsel's declaration filed on July 7, 2004 contained personal data identifiers, i.e. social security numbers, dates of birth, financial account numbers, employment history and proprietary or trade secret information, which should not have been included or should have been partially redacted where inclusion was deemed necessary by Plaintiffs, pursuant to the Court's General Order No. 03-0023 filed on November 26, 2003, as amended by General Order No. 05-0001 filed on February 8, 2005 ("General Order No. 05-0001"). Plaintiffs did not comply with the Court's General Order No. 05-0001, as such information was included and not redacted in anyway, in certain documents attached as exhibits to Plaintiffs' pleadings as referenced herein.

Thus, consistent with and pursuant to the Court's June 14, 2004 Order, the case law and authorities cited herein, and the Court's General Order No. 05-0001, the documents belonging to Defendants as described in the Court's June 14, 2004 Order, including those attached as exhibits to Plaintiffs' Opposition to Defendants' Motion to Dismiss for Lack of Jurisdiction and to Plaintiffs' Supplemental Opposition to Motion to Dismiss for Lack of Jurisdiction, filed on October 17, 2003 and May 24, 2004, respectively, in *Michelle D. Ramos, et al. v. LSG Lufthansa Service Guam, Inc., et al.*, District Court of Guam Civil Case No. 03-00028, and those provided by Plaintiffs to Defendants on February 23, 2004, and on July 2 and July 19, 2004 after the Court's June 14, 2004 Order, should be subject to a protective order and sealed by this Court. Further, pursuant to the Court's June 14, 2004 Order, Plaintiffs must submit a writing signed by each of them certifying that each Plaintiff has complied with paragraphs (1), (2) and (3) of the Court's June 14, 2004 Order. Given Plaintiffs' failure

Ex Parte Application for Protective Order and to Seal Documents; Ex Parte Application for Order to Compel Plaintiffs' Written Certification and for Attorneys Fees
Civil Case No. 03-00028/Civil Case No. 04-00010
Page 7 of 9

Case 1:03-cv-00028   Document 125   Filed 03/29/2005   Page 7 of 9

to comply with the court's June 14, 2004 Order, the Court should award attorneys fees to LSG Guam for fees incurred in bringing this motion pursuant to GR 2.1.

## CONCLUSION

Based on the foregoing, LSG Guam respectfully requests that the Court grant its Ex Parte Application for Protective Order and to Seal Documents pursuant to the Court's June 14, 2004 Order, the case law and authorities cited herein, and the Court's General Order No. 05-0001, as to the documents belonging to LSG Guam as described in the Court's June 14, 2004 Order, including those attached as exhibits to Plaintiffs' Opposition to Defendants' Motion to Dismiss for Lack of Jurisdiction and to Plaintiffs' Supplemental Opposition to Motion to Dismiss for Lack of Jurisdiction, filed on October 17, 2003 and May 24, 2004, respectively, in *Michelle D. Ramos, et al. v. LSG Lufthansa Service Guam, Inc., et al.*, District Court of Guam Civil Case No. 03-00028, and those provided by Plaintiffs to Defendants on February 23, 2004, and on July 2 and July 19, 2004 after the Court's June 14, 2004 Order. Further, LSG Guam respectfully requests that the Court grant its Ex Parte Application for Order to Compel Plaintiffs' Written Certification and for Attorneys Fees for Failure to Comply with the Court's June 14, 2004 Order.

Respectfully submitted this 29th day of March 2005.

LIMTIACO CRUZ & SISON, PLLC,

By: *Alicia A. Limtiaco*
ALICIA A. LIMTIACO, ESQ.,
a duly licensed employee.

H:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Motion for Protective Order to Seal Documents (AAL 03.28.05).doc

Ex Parte Application for Protective Order and to Seal Documents; Ex Parte Application for Order to Compel Plaintiffs' Written Certification and for Attorneys Fees
Civil Case No. 03-00028/Civil Case No. 04-00010
Page 8 of 9

Case 1:03-cv-00028   Document 125   Filed 03/29/2005   Page 8 of 9

1  SANDRA D. LYNCH, ESQ., P.C.
   Travel Pacificana Building, Suite 3
2  207 MARTYR STREET
   HAGÅTÑA, GUAM 96910
3  Telephone: (671) 472-8889
   Fax: (671) 472-8890
4  E-Mail: sellislynch@hotmail.com

5  *Attorney for Plaintiffs*

FILED
DISTRICT COURT OF GUAM
JUL 07 2004
MARY L. M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| MICHELLE RAMOS, et al., | ) Civil Case No. 03-00028 |
|---|---|
| Plaintiffs, | ) |
| vs. | ) |
| LSG Lufthansa Service Holding AG, et al., | ) **COUNSEL'S DECLARATION RE: DOCUMENTS** |
| Defendants. | ) |

I, Sandra D. Lynch, counsel for Plaintiffs herein, declare as follows:

1. I have provided all documents in my possession which I received from my clients, copies of the same which were in my files, and any duplicates, to counsel for LSG defendants.

Dated this 6th day of July, 2004.

_Sandra D. Lynch_
Sandra D. Lynch, Esq.

# Exhibit "A"