**ALICIA A. LIMTIACO, ESQ.**
**DONNA M. CRUZ, ESQ.**
**LIMTIACO CRUZ & SISON, PLLC**
Suite 11B, MVP Business Center
777 Route 4
Sinajana, Guam 96910
Telephone: 671-477-0000
Facsimile: 671-477-0001
Email: guamlaw@ite.net

**PETER I. OSTROFF, ESQ.**
**MAX C. FISCHER, ESQ.**
**SIDLEY AUSTIN BROWN & WOOD**
555 West Fifth Street, 40th Floor
Los Angeles, California 90013-1010
Telephone: 213-896-6000
Facsimile: 213-896-6600

Attorneys for Defendants LSG Lufthansa Service Guam, Inc.
LSG Catering Guam, Inc.

**FILED**
DISTRICT COURT OF GUAM
APR - 6 2005
MARY L.M. MORAN
CLERK OF COURT
130

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

MICHELLE D. RAMOS, RICARDO G.
"GINO" PEREZ and NONA A. PEREZ,

                    Plaintiffs,

      vs.

LSG LUFTHANSA SERVICE GUAM, INC.,
et al.,

                    Defendants.

FELIPE DATUIN, JEFF GUMATAOTAO
and JAMES CRUZ,

                    Plaintiffs,

      vs.

LSG LUFTHANSA SERVICE GUAM,
INC., et al.,

                    Defendants.

Civil Case No. 03-00028

**DEFENDANTS' NOTICE OF MOTION; MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR ATTORNEYS' FEES PURSUANT TO FRCP 16(f) and GR 2.1 FOR FAILURE TO FULLY SUBMIT INITIAL DISCLOSURES, FAILURE TO ATTEND FEBRUARY 7, 2005 COURT HEARING, FAILURE TO COMPLY WITH MARCH 2, 2005 COURT ORDER FOR FAILURE TO FILE SCHEDULING ORDER; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Civil Case No. 04-00010

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on *To be Determined by the court* at the hour of _____ __.m., Defendants LSG Catering Guam, Inc. and LSG Lufthansa Service Guam, Inc. (collectively "Defendants"), by and through their counsel, the Law Offices of Limtiaco Cruz & Sison, PLLC (hereinafter "LCS"), shall move the court, pursuant to Federal Rules of Civil Procedure (FRCP) 16(f) and District Court of Guam General Rule GR 2.1 dismissing the above-entitled case, or in the alternative, for an order awarding their counsel of record monetary sanctions, for reasonable attorneys' fees and costs, and such other relief as the court deems proper, as a result of the Plaintiffs' failure to fully comply with FRCP Rule 26, failure to appear and attend a duly noticed court hearing scheduled for February 7, 2005, and for noncompliance with the Court's March 2, 2005 Order requiring Plaintiffs to file the Scheduling Order by March 31, 2005 with the dates issued by the December 17, 2004 Scheduling Conference.

Dated this 5th day of April, 2005.

LIMTIACO CRUZ & SISON, PLLC,

By: _____

DONNA M. CRUZ,
A duly licensed employee.

///

///

## MOTION FOR ATTORNEYS' FEES AND COSTS UNDER FEDERAL RULES OF CIVIL PROCEDURE (FRCP) 16(f), and DISTRICT COURT OF GUAM GENERAL RULE GR 2.1

**COME NOW** Defendants by and through their counsel, the Law Offices of LCS, and move this Court, pursuant to FRCP 16(f) and District Court of Guam GR 2.1, for an order dismissing the above-entitled case, or in the alternative, for an order for monetary sanctions requiring Plaintiffs to pay Defendants the sum of $12,325.00 for attorneys' fees and costs, on the grounds that:

1. Initial Disclosures in *Felipe Datuin, Jeff Gumataotao, and James Cruz v. LSG Lufthansa Service Guam, Inc., et al.*, District Court of Guam Civil Case No. 04-00010, were to be exchanged between the parties as agreed on October 15, 2004.

2. Defendants' provided their Initial Disclosures to Plaintiffs' counsel on October 15, 2004. See Exhibit "A".

3. Plaintiffs have not fully complied with the requirements of FRCP 26 by providing Defendants with their Initial Disclosures as agreed. Defendants have only received loose pages of purported discovery which were given to Defendants in connection with Plaintiffs' Opposition to Defendants' Motion to Dismiss for Lack of Jurisdiction in the *Michelle Ramos, et.al* v. *LSG Lufthansa Service Guam, Inc., et al.*, District Court of Guam Civil Case No. 03-00028 case. To date, the Defendants have not received Plaintiffs' Initial Disclosures that fully comply with FRCP 26.

4. On January 25, 2005 the Court served on both parties a notice of hearing on Defendants' Motion to Dismiss for Lack of Jurisdiction, set for February 7, 2005. See Exhibit "B".

5. In reliance on that notice, attorneys for Defendants, Alicia A. Limtiaco ("Limtiaco") and Donna M. Cruz ("Cruz") attended the court hearing, but none of the Plaintiffs nor their counsel, Attorneys Sandra D. Lynch ("Lynch") and William L. Gavras ("Gavras") appeared for the February 7, 2005 court hearing. See Exhibit "C".

6.     Counsel for Defendants, expended the sum of $12,325.00 to prepare and attend the hearing, and these amounts are reasonable attorneys' fees for such services. See Exhibit "D".

7.     On March 2, 2005, the Court ordered the Plaintiffs to submit a proposed Scheduling Order containing the dates set forth during the Scheduling Conference held on December 17, 2004, no later than March 31, 2004. See Exhibit "E".

8.     As of the date of this filing, the Plaintiffs have failed to submit a proposed Scheduling Order in direct contravention to the Court's March 2, 2005 Order.

9.     The Defendants now move the Court for an order dismissing the above-entitled case, or it the alternative, for order granting Defendants monetary sanctions in the form of attorneys fees and costs. The motion is based on the attached Memorandum of Points and Authorities, the affidavits of Defendants' counsel, the pleadings and exhibits attached, and any other oral and/or documentary evidence to be presented at the hearing therein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     PROCEDURAL BACKGROUND

On December 24, 2003, Chief Judge, John S. Unpingco issued a Decision and Order on the Motion for Reconsideration brought by the non-Guam Defendants, namely, LSG Lufthansa Service Holding, AG, LSG Lufthansa Service USA Corporation, LSG Lufthansa Service Asia, Ltd., LSG Lufthansa Service Saipan, Inc. and LSG Catering Saipan, Inc.'s (hereinafter "non-Guam Defendants"). The Court granted the Motion for Reconsideration but deferred ruling on the non-Guam Defendants' Motion to Dismiss for Lack of Jurisdiction stating that the evidence thus far submitted by Plaintiffs was insufficient to determine whether personal jurisdiction over the non-Guam Defendants was appropriate. The Plaintiffs subsequently requested to conduct limited discovery on the relationship

LAW OFFICES CAVO & SUDA, P.C.
777 Route 4, Suite 11B, MVP Business Center
Sinajana, Guam 96910
(671) 477-0000 Fax (671) 477-0001
guamlaw@ite.net

between the non-Guam based Defendants and the Guam based Defendants. In its December 24, 2003 Decision and Order, the Court granted Plaintiffs 60-days to take additional discovery on the issue of personal jurisdiction, and directed the parties to file supplemental briefs on the issue no later than April 1, 2004.

On April 1, 2004, the Defendants timely filed a supplemental brief. The Plaintiffs, on the other hand, engaged in a series of acts that defied every deadline set by the Court. Instead of filing a supplemental brief on April 1, 2004, Plaintiffs filed a non-substantive response to the Court's December 24, 2003 Decision and Order the next day, on April 2, 2004. In this case, the Plaintiffs filed a belated motion requesting the Court for a 30-day extension of time to submit a supplemental brief on the jurisdictional issue. The Court granted the Plaintiffs' delayed motion for an extension and re-set the deadline in an order issued on April 9, 2004.

A review of the record shows that thirty days from the April 1, 2004 supplemental brief filing deadline, per the Court's December 24, 2003 Order, would have been on or about Monday, May 3, 2004. The May 3, 2004 deadline came and went without a single filing from the Plaintiffs. Finally, on May 10, 2004, approximately 39 days after the April 1, 2004 deadline or one week after May 3, 2004, Plaintiffs filed – not a memorandum of law – but a lone Declaration, which was contrary to the Court's April 9, 2004 Order which specified that supplemental briefs be submitted. Because the Plaintiffs Declaration was in filed in contravention to the Court's order, on May 20, 2004, the Defendants were forced to file Evidentiary Objections to Plaintiffs Declaration and a Supplemental Memorandum of Law in further support of Defendants Motion to Dismiss for Lack of Personal Jurisdiction.

Impervious to the constraints of the Court's established deadlines or Local Rules, three weeks later, on May 24, 2004, Plaintiffs filed yet another overdue pleading in opposition to Defendants' Motion to Dismiss. This was Plaintiffs' third attempt to file a pleading that complied with the Court's

December 24, 2003 Order. This third filing was similarly untimely and without leave of Court. Once again, Defendants were forced to file a response to this third filing on May 27, 2004.

On January 25, 2005, the Court then served on both parties a notice of hearing to be held on February 7, 2005 at 1:30 p.m. before the Honorable David W. Hagen, Judge, United States District Court. On February 7, 2005, Defendants' counsel, Limtiaco and Cruz, attended the hearing and expended valuable time and resources to prepare for the hearing. The Court heard the case at the designated time, but neither Lynch nor co-counsel Gavras appeared for the hearing.

On March 2, 2005, the Court ordered the Plaintiffs to submit a proposed Scheduling Order containing the dates set forth during the Scheduling Conference held on December 17, 2004, no later than March 31, 2005, but the Plaintiffs have failed to timely submit a Scheduling Order in violation of the Court's March 2, 2005 Order.

In this matter, it is apparent from the record that the Plaintiffs have acted in blatant disregard for each order issued by the Court.

Defendants now respectfully move the Court, pursuant to FRCP 16(f) and District Court of Guam General Rule GR 2.1, for an order dismissing the above-entitled cases, or in the alternative for an order for monetary sanctions requiring that the Plaintiffs pay for all attorneys fees and costs incurred by the Defendants and their counsel in connection with the Plaintiffs failure to submit Initial Disclosures pursuant to FRCP Rule 26, failure to attend the duly noticed court hearing on February 7, 2005, and failure to submit the Scheduling Order as ordered by the Court on March 2, 2005.

## II.    ARGUMENT

**Plaintiffs' Repeated Failure To Comply With Court's Orders And Failure To Attend Duly Noticed Court Hearing Warrants Dismissal Of Cases, Or In The Alternative, Attorneys Fees And Costs To Defendants**

District courts have inherent power and authority to impose sanctions when a party disobeys a court order. An award of sanctions under FRCP 16(f) is within the sound discretion of the district court. *See Ayers v. City of Richmond*, 895 F.2d 1267, 1269 (9th Cir. 1990) *citing Ford v. Alfaro*, 785 F.2d 835, 840 (9th Cir. 1986). Rule 16(f) of the Federal Rules of Civil Procedure provides that:

> if a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

FRCP 16(f). Hence, courts have consistently interpreted FRCP 16(f) as a means to impose sanctions upon parties or their counsel for failing to comply with a court's scheduling or pretrial order. *Pitman v. Brinker International, Inc.*, 216 F.R.D. 481, 483 (D. Ariz. 2003) (*amended on reconsideration in part*) (2003 WL 23353478); *see Official Guides, Inc. v. Goss*, 6 F.3d 1385, 1396-1397 (9th Cir.1993) (Ninth Circuit Court affirmed imposition of attorney's fees for failure to abide by court's orders regarding settlement conference.). Additionally, courts are allowed under FRCP 16(f) to make any orders which are just, including requiring a party's counsel to pay reasonable expenses incurred because of

noncompliance. *Ayers* 895 F.2d at 1271. In fact, district courts have the authority to impose harsher sanctions if appropriate under the circumstances. *Pitman* 216 F.R.D. at 484.

It is well settled that sanctions may be properly imposed upon a party for failing to adhere to a Rule 16 order despite the absence of bad faith. *Ayers* 895 F.2d 1270 (Ninth Circuit Court upheld the sanction of an attorney for his failure to attend a settlement conference "because the date slipped by him."). In addition, the Ninth Circuit Court of Appeals affirmed the sanction of an attorney for his failure to file a pre-trial statement and appear at a pre-trial hearing. *Ford v. Alfaro,* 785 F.2d 835, *supra*. Furthermore, the Tenth Circuit Court of Appeals explained that "[n]either contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions." *Ikerd v. Lacy,* 852 F.2d 1256, 1258-1259 (10th Cir.1988).

Moreover, FRCP 16(f) also allows courts to order any other sanctions pursuant to FRCP 37(b)(2)(C) as is deemed appropriate, to include dismissal. *See Malone v. United States Postal Service,* 833 F.2d 128 (9th Cir. 1987) *cert. denied* 488 U.S. 819 (1988). Furthermore, it does not matter if the party's actions are intentional or unintentional. According to the Ninth Circuit, "sanctions are not only appropriate when the disobedience is intentional, but may also be imposed when the disobedience is unintentional." *Pitman* 216 F.R.D. at 484 (*citing Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc.,* 275 F.3d 762 (9th Cir. 2001)). Thus, district courts have great authority and latitude in imposing sanctions.

The policy reasons behind such rules are the management of the court's docket and the expeditious litigation of cases. The Federal Rules of Civil Procedure were "designed not only to ensure expeditious and sound management of preparation of cases for trial, but to deter conduct that unnecessarily consumes court's time and resources that could have been more productively utilized by

Civil Case No. 03-00028/Civil Case No. 04-00010
Page 8 of 14

litigants willing to follow court's procedures." *Martin Family Trust v. Heco/Nostalgia Enterprises Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999). Under FRCP 16(f) courts have "very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under various other rules and statutes, but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Rice v. Barnes*, 201 F.R.D. 549 (M.D.Ala.2001) (*citing Martin Family Trust v. Heco/Nostalgia Enterprises Co. supra.*)

## Authority To Impose Sanctions Under The Local Rules

In addition to FRCP 16(f), the District Court of Guam General Rule 2.1 allows for sanctions for noncompliance of court rules. In accordance with General Rule GR 2.1 which states in pertinent part: "the violation of or failure to conform to any of these Local Rules, the Federal Rules of Civil Procedure, . . .shall subject the offending party or counsel to such penalties, including monetary sanctions and/or the imposition of costs and attorney's fees to opposing counsel, as the Court may deem appropriate under the circumstances." In the instant cases, the Defendants respectfully request the Court to impose monetary sanctions for the Plaintiffs chronic failure to abide by its local rules.

It is well settled that a district court has the power to sanction attorneys for violations of local court rules. *See e.g., United States v. Summet*, 862 F.2d 784, 786 (9th Cir.1988) (Ninth Circuit Court affirmed a district court's imposition of monetary sanction on an attorney's failure to comply with the local rules admitting practice *pro hac vice* instead of resorting to disciplinary proceedings.)

Plaintiffs and their legal counsels have blatantly ignored the rules and orders of the Court. First, Plaintiffs have failed to fully provide the Defendants with Initial Disclosures as required by FRCP 26. Plaintiffs only provided a set of loose pages that were intended as discovery for Plaintiffs' Opposition to Defendants Motion to Dismiss in the *Michelle Ramos, et.al* v. *LSG Lufthansa Service Guam, Inc., et*

777 Route 4, Suite 11B, MVP Business Center
Sinajana, Guam 96910
(671) 477-0000 Fax (671) 477-0001
guamlaw@ite.net

*al.*, District Court of Guam Civil Case No. 03-00028 case. These purported discovery materials in no way complied with the requirements of FRCP 26. FRCP 26 is imposed to eliminate the element of surprise and to assist the parties in meaningful preparation of the case. See *Keener v. United States*, 181 F.R.D. 639 (D. Montana 1998). Initial disclosures assist the parties in narrowing the scope of discovery requests, helping to focus on individuals or materials likely to have or contain discoverable information, or shed light on damages sought and the nature and extent of any injuries claimed. See generally FRCP 26.

In the cases at hand, the Defendants have fully complied and have provided the Plaintiffs with their Initial Disclosures on October 15, 2004 as previously agreed upon by the parties. Plaintiffs, on the other hand, have failed to fully comply with the requirements of FRCP 26 and Defendants have been prejudiced by way of meaningful preparation in the defense of this matter. The federal rules were created to impose upon all parties an even playing field. When one party complies in good faith and the other does not, all notions of fairness have been eroded to the prejudice of the compliant party. Clearly, Plaintiffs and their attorneys' failure to fully provide the Defendants their Initial Disclosures have cost the Defendants valuable time and resources during the preparation of their case. More importantly, this is the type of conduct that the federal rules seek to prevent and to which sanctions are appropriate.

Secondly, Plaintiffs and their legal counsel failed to attend the February 7, 2005 *Michelle D. Ramos, et.al vs. LSG Lufthansa Service Guam, Inc., et.al.* District Court Civil Case No. 03-00028 Motion to Dismiss hearing as noticed by the Court. This is but another example of a series of dilatory and contumacious behavior by Plaintiffs counsel since the inception of the case.

A brief review of Plaintiffs' conduct reveals that pursuant to the Court's December 24, 2003 Decision and Order, the Plaintiffs were granted 60-days to take additional discovery on the issue of

777 Route 4, Suite 11B, MVP Business Center
Sinajana, Guam 96910
(671) 477-0000 Fax (671) 477-0001
guamlaw@ite.net

1  personal jurisdiction, and both parties were directed to file supplemental briefs on the jurisdictional

2  issue no later than April 1, 2004.

3  On April 1, 2004, the Defendants timely filed a supplemental brief. The Plaintiffs, on the other

4  hand, failed to comply with the Court's Order and instead filed on April 2, 2004 not a supplemental

5  brief but a motion requesting for additional time. Not only was Plaintiffs' filing one day beyond the

6  proscribed deadline it was a non-responsive filing. In spite of Plaintiffs' complete disregard for

7  established deadlines, the Court granted the Plaintiffs' belated motion for an extension and re-set the

8  deadline in a written order issued on April 9, 2004.

9

10  By a simple count of the calendar, the re-set deadline would have been on or about Monday,

11  May 3, 2004. The May 3, 2004 deadline came and went without a single filing from the Plaintiffs.

12  Finally, on May 10, 2004, approximately 39 days after the April 1, 2004 deadline or one week after

13  May 3, 2004, Plaintiffs filed – not a memorandum of law – but a lone Declaration. Because the

14  Declaration was not a supplemental brief on the jurisdictional issue, it was done in contravention to the

15  Court's April 9, 2004 Order. Consequently, the Defendants were forced to expend time, money and

16  resources to file Evidentiary Objections to Plaintiffs Declaration and a Supplemental Memorandum of

17  Law in further support of Defendants Motion to Dismiss for Lack of Personal Jurisdiction.

18  Three weeks later, on May 24, 2004, Plaintiffs, oblivious to the Court's established deadlines or

19  rules, filed yet another overdue pleading in opposition to Defendants' Motion to Dismiss. This third

20  supplemental filing was similarly untimely and done without leave of Court. The Defendants were

21  once again forced to expend time, money and resources to file a response to Plaintiffs' third filing and

22  in fact prepared and filed a response on May 27, 2004.

23

24

On January 25, 2005, the Court then served on both parties a notice of hearing for the Motion to Dismiss to be held on February 7, 2005 at 1:30 p.m. before the Honorable David W. Hagen, Judge, United States District Court. On February 7, 2005, Defendants counsel, Limtiaco and Cruz, attended the hearing and expended valuable time and resources to prepare for the hearing. The case was heard at the designated time, but neither Lynch nor co-counsel Gavras, appeared for the hearing. The Court then placed on the record that Plaintiffs' counsel were served with the Notice of Hearing and stated that it would give the Plaintiffs' counsel an additional fifteen (15) minutes before calling the case again. The courtroom staff then proceeded to call Plaintiffs' co-counsel, Gavras, at his law firm. The Court waited fifteen minutes for Plaintiffs' counsel to appear before calling the case a second time. After the fifteen minutes had past, neither the Plaintiffs nor their counsel appeared. The Court then called the case and rendered its decision. After the Court's ruling, Defense counsel Limtiaco moved for sanctions or attorneys fees or in the alternative for an Order to Show Cause for Plaintiffs and their counsels' failure to appear citing to the past dilatory conduct of Plaintiffs counsel, Lynch. Thereafter, Limtiaco placed on the record that she had personally spoken with Lynch about the court hearing to which Lynch responded that she was going to either follow up with Cynthia Ecube's Law office and/or the court.

In this matter, it is clear from the record that the Plaintiffs acted in complete disregard for each order issued by the Court. As the prosecuting party in this litigation, the Plaintiffs' pattern of late filings and non-appearance at court hearings have caused substantial delay in the progress of this case. Moreover, their tardiness has wasted judicial time and opposing party's resources. Their failure to timely comply with all the court's filing deadlines and attend duly noticed hearings have prejudiced the Defendants and their counsel by way of costs, expenses and unnecessary delays. Defendants, therefore, request that these cases be dismissed, or in the alternative, for an order for monetary

sanctions granting reasonable attorneys' fees for the preparation and attendance of the February 7, 2005 Motion to Dismiss hearing.

The last and perhaps best example of Plaintiffs' counsels' contumacious behavior is their failure to file a Scheduling Order as ordered by the Court. During the June 2004 scheduling conference in the *Felipe Datuin, Jeff Gumataotao, and James Cruz v. LSG Lufthansa Service Guam, Inc., et al.*, District Court of Guam Civil Case No. 04-00010 matter, the Plaintiffs were ordered by the court to submit a proposed Scheduling Order. Six months passed without a single submission or filing of the proposed Scheduling Order by the Plaintiffs. On December 17, 2004, at the second Scheduling Conference the Court again ordered Plaintiffs' counsel to file a proposed Scheduling Order. Again, for the next couple of months, the Plaintiffs failed to file a Scheduling Order in direct violation of the Court's order. Finally, the Court issued a written order directing the Plaintiffs "to submit a proposed Scheduling Order reflecting the dates set forth during the Scheduling Conference held on December 17, 2004, no later than March 31, 2005." See Exhibit "E". The March 31, 2005 deadline came and went without a single filing from Plaintiffs counsel, Lynch or co-counsel, Gavras.

Plaintiffs and their counsels' failure to comply with the Court's orders and rules are clearly subject to sanctions. Their repeated failure to comply with the Court's orders and rules are deliberate and intentionally done to thwart the natural progress of the cases which only services to prejudice the Defendants. The appropriate sanction to cure such blatant and defiant acts is an order granting dismissal of the cases.

Accordingly, the Defendants respectfully request that the Court apply FRCP 16(f) and General Rule GR 2.1 in granting their Motion for Dismissal or in the alternative for an order requiring Plaintiffs

777 Route 4, Suite 11B, MVP Business Center
Sinajana, Guam 96910
(671) 477-0000 Fax (671) 477-0001
guamlaw@ite.net

1  to pay for Defendants' attorneys fees and costs, finding that the fees and costs sought by the

2  Defendants to be reasonable.

## CONCLUSION

5  FRCP 16(f) and District Court of Guam General Rule GR 2.1 were designed to facilitate the

6  expeditious and sound management of preparation of cases for trial. The Federal Rules of Civil

7  Procedure and the Court's local rules deter conduct that unnecessarily consumes the court's time and

8  the valuable resources of parties to ensure litigants a natural progression of the case when willing to

9  follow the court's rules and procedures. In this case, Plaintiffs' actions on the record clearly

10  demonstrate an apparent disrespect for court protocol and procedure. Despite the leniency of the Court

11  in granting a 30-day extension to file supplemental briefs and additional time to file the Scheduling

12  Order, Plaintiffs have utterly and deliberately failed to comply with each order. They have shown

13  complete disregard for the court and its rules. They have unnecessarily delayed the case from its

14  natural progression, filed inappropriate pleadings, missed court imposed deadlines and ignored court

15  orders. All of which have caused Defendants to incur attorneys fees and costs during the preparation of

16  the case. Therefore, the Defendants respectfully move for dismissal of the cases or in the alternative

17  for an order for monetary sanctions requiring Plaintiffs to pay for Defendants' attorneys fees and costs

18  associated therein.

19  Respectfully submitted this 5th day of April 2005.

21  LIMTIACO CRUZ & SISON, PLLC,

22  By: _____

23  DONNA M. CRUZ,
   A duly licensed employee.

B:\Legal Files\Master Client Files\L30\Ramos, Perez & Perez vs. LSG CV 03-00028\Motion\Motion for Attorneys Fees 2nd filing  4-5-05 (DMC 6).DOC

777 Route 4, Suite 11B, MVP Business Center
Sinajana, Guam 96910
(671) 477-0000 Fax (671) 477-0001
guamlaw@ite.net

LIMTIACO CRUZ & SISON, PLLC
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

SIDLEY AUSTIN BROWN & WOOD LLP
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*I*

## UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| FELIPE DATUIN, JEFF GUMATAOTAO and JAMES CRUZ, <br><br> Plaintiffs, <br><br> vs. <br><br> LSG LUFTHANSA SERVICE GUAM, INC., et al. <br><br> Defendants. | CIVIL CASE NO. 04-00010 <br><br><br><br> **DEFENDANTS' INITIAL DISCLOSURES** |

## DEFENDANTS' INITIAL DISCLOSURES
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)

Defendants LSG Lufthansa Service Guam, Inc., and LSG Catering Guam, Inc.

("Defendants"), by and through its counsel, Limtiaco, Cruz & Sison, PLLC, and Sidley Austin

Brown & Wood, tenders the following Initial Disclosures pursuant to Federal Rule of Civil

Procedure 26(a)(1).

# Exhibit "A"

## Rule 26(a)(1)(A)
### (Persons with Knowledge)

1.   Felipe Datuin

2.   Jeff Gumataotao

3.   James Cruz

4.   Kelvin Chan (may be contacted through Defendants' counsel)

5.   Neil Davy (may be contacted through Defendants' counsel)

6.   Fritz Pandalitschka (may be contacted through Defendants' counsel)

7.   H.K. Cheung (may be contacted through Defendants' counsel)

8.   Luis Baza (may be contacted through Defendants' counsel)

## Rule 26(a)(1)(B)
### (Categories of Documents)

1.   Personnel files of each plaintiff
2.   Defendants' personnel policies and handbook

## Rule 26(a)(1)(C)
### Computation of Damages

Defendants disputes that Plaintiffs are entitled to any damages.

## Rule 26(a)(1)(D)
### Insurance Agreements

Defendants discloses that there are no insurance agreements that meet the definition of Rule 26(a)(1)(d).

Dated: October 15, 2004

LIMTIACO CRUZ & SISON, PLLC
COUNSEL FOR DEFENDANTS
LSG LUFTHANSA SERVICE GUAM, INC., et.al

By _____
DONNA M. CRUZ, ESQ

H:\Legal Files\Master Client Files\LSG EEOC - Defendant\Initial Disclosure.june 09-17-04.doc

LIMTIACO CRUZ & SISON, PLLC
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

SIDLEY AUSTIN BROWN & WOOD LLP
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

**FILED**
DISTRICT COURT OF GUAM

**OCT 25 2004**

MARY L. M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| FELIPE DATUIN, JEFF GUMATAOTAO and JAMES CRUZ, ) ) ) | CIVIL CASE NO. 04-00010 |
| Plaintiffs, ) ) ) | |
| vs. ) ) | **CERTIFICATE OF SERVICE** |
| ) LSG LUFTHANSA SERVICE GUAM, INC., et ) al. ) ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date a true and accurate copy of DEFENDANT LSG

LUFTHANSA SERVICE GUAM, INC. INITIAL DISCLOSURES was duly served via United

States Postal Service, certified mail return receipt request, and postage fully prepaid, and e-

mailed to the following address:

Law Offices of Sandra D. Lynch, Esq.

c/o Cdr. Edward Lynch

NAVLEGSERVOFS

PACDET Pearl Harbor Box 64

Pearl Harbor, HI 96860-5110


sdlynch@ite.net


DATED: October 15, 2004

JANUS C. MENDIOLA

# FILED
## UNITED STATES DISTRICT COURT DISTRICT COURT OF GUAM

JAN 2 5 2005

DISTRICT OF __GUAM__

MICHELLE D. RAMOS, et al.,

**MARY L.M. MORAN**
**CLERK OF COURT**

**NOTICE**

V.

LSG LUFTHANSA SERVICE
HOLDING AG, et al.

CASE NUMBER: CV-03-00028

TYPE OF CASE:

| | X CIVIL | ☐ CRIMINAL |
|---|---|---|

X   **TAKE NOTICE** that a proceeding in this case has been set for the place, date, and time set forth below:

| PLACE | ROOM NO. |
|---|---|
| 4ᵀᴴ FLOOR, U.S. COURTHOUSE | COURTROOM, U.S. DISTRICT COURT<br>JUDGE DAVID W. HAGEN PRESIDING |
| 520 W. SOLEDAD AVENUE | DATE AND TIME |
| HAGATNA, GU 96910 | MONDAY, FEBRUARY 7, 2005 AT 1:30 P.M. |

TYPE OF PROCEEDING

MOTION TO DISMISS

☐   **TAKE NOTICE** that a proceeding in this case has been continued as indicated below:

| PLACE | DATE AND TIME PREVIOUSLY<br>SCHEDULED | CONTINUED TO DATE<br>AND TIME |
|---|---|---|
| | | |

MARY L. M. MORAN, CLERK OF COURT
U.S. MAGISTRATE JUDGE OR CLERK OF COURT

__JANUARY 25, 2005__
DATE

(BY) DEPUTY CLERK

TO:   Sandra Lynch, Esq.
Alicia Limtiaco, Esq.

# Exhibit "B"

# DISTRICT COURT OF GUAM
## TERRITORY OF GUAM
### HONORABLE DAVID W. HAGEN, DESIGNATED JUDGE
### CIVIL MINUTES - GENERAL

**FILED**
DISTRICT COURT OF GUAM
FEB -7 2005
MARY L.M. MORAN
CLERK OF COURT

**CASE NO. CV-03-00028**   **DATE: 2/07/2005**   **TIME: 1:46 p.m.**

**CAPTION:**   MICHELLE D. RAMOS, et al  -vs-  LUFTHANSA SERVICE HOLDING AG, et al
***********************************************************************************************

Courtroom Deputy: Leilani Toves Hernandez                    Law Clerk: Mike Large
Court Reporter: Wanda Miles
Hearing Electronically Recorded: (Run Time: 1:46:03 - 1:51:29)    CSO: J. MCDONALD

*********************** A P P E A R A N C E S ***********************
**COUNSEL FOR PLAINTIFF(s):**                     **COUNSEL FOR DEFENDANT(s):**

NONE PRESENT                                       ALICIA LIMTIACO & DONNA CRUZ, LSG Lufthansa Service
                                                   Guam, Inc. & LSG Catering Guam

**PROCEEDINGS:**                   **MOTION TO DISMISS**

( ) MOTION (S) ARGUED BY   ( ) PLAINTIFF   ( ) DEFENDANT

(X) MOTION(s)  _X_ Granted  __ Denied  ____Settled  ____Withdrawn ___ Under Advisement

( ) ORDER SUBMITTED  ____ Approved  ____ Disapproved

( ) ORDER to be Prepared By: _____

( ) PROCEEDINGS CONTINUED TO: _____at _____

NOTES:

The Court Granted the Motion to Dismiss and stated its reasons.

The Court also informed parties that the Stipulation submitted by parties referring the entire case to the Magistrate will be Granted.

The Court also recommended that parties set a conference with the Magistrate Judge as soon as possible to further discuss whether the case can be settled.

Ms. Limtiaco stated that defense was given notice of today's hearing and moved for either an order to show cause or sanctions to be issued to defense for failure to appear. The Court stated that it will ask the Magistrate Judge to take note and consider the motion made by counsel.

COURTROOM DEPUTY: _____                    **Exhibit "C"**

1  **LIMTIACO CRUZ & SISON, PLLC**
   Alicia A. Limtiaco, Esq.
2  Donna M. Cruz, Esq.
   **MVP Business Center**
3  777 Route 4, Suite 11B
   Sinajana, Guam 96910
4  Telephone: (671) 477-0000
   Facsimile:  (671) 477-0001
5
   **SIDLEY AUSTIN BROWN & WOOD LLP**
6  Peter I. Ostroff (SBN 045718)
   Max C. Fischer (SBN 226003)
7  555 West Fifth Street, Suite 4000
   Los Angeles, California 90013-1010
8  Telephone: (213) 896-6000
   Facsimile:  (213) 896-6600
9

10

11

12              **UNITED STATES DISTRICT COURT**

13                  **DISTRICT OF GUAM**

14  MICHELLE D. RAMOS, et al.              )    Civil Case No. 03-00028
                                           )
15              Plaintiffs,                )
                                           )
16                                         )    **DECLARATION OF**
                  vs.                      )    **ATTORNEY IN SUPPORT OF**
17                                         )    **REQUEST FOR ATTORNEYS'**
    LSG LUFTHANSA SERVICE GUAM, INC., et al. )  **FEES AND COSTS**
18                                         )
                Defendants.                )
19

20                                         )
    FELIPE DATUIN, JEFF GUMATAOTAO         )    Civil Case No. 04-00010
21  and JAMES CRUZ,                        )
                                           )
22              Plaintiffs,                )
                                           )
23                                         )
                  vs.                      )
24                                         )
    LSG LUFTHANSA SERVICE GUAM, INC., et al. )
25                                         )
                Defendants.                )
26

27

28        I, DONNA M. CRUZ, do declare as follows:

                            **Exhibit "D"**

                            1

1.  I am a partner with the law firm of Limtiaco Cruz & Sison, PLLC, the attorney of record for Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc., in the United States District Court of Guam Civil Case Nos. 03-00028 and 04-00010.

2.  I hereby declare that the sum of $12,325.00 has been expended and incurred by Defendants since January 25, 2005 through February 7, 2005 in the above captioned cases. These dates represent the time our office received the Court's notice of hearing in the *Michelle Ramos, et.al* v. *LSG Lufthansa Service Guam, Inc., et al.*, District Court of Guam Civil Case No. 03-00028 case up and through the actual hearing date of February 7, 2005. See itemized attorneys' fees and costs attached and incorporated as part of Exhibit "D".

3.  The hourly rates of counsel are as follows: Alicia A. Limtiaco (AAL) - $200.00; Donna M. Cruz (DMC) - $200.00; and Jocelyn M. Roden (JMR) - $175.00.

4.  I have also included a true and correct copy of Defendants' Initial Disclosures to Plaintiffs and the Certificate of Service attached as Exhibit "A" to Defendants' Motion to Dismiss, or in the alternative, a Motion for Attorneys' Fees pursuant to FRCP 16(f) and GR 2.1 For Failure to Fully Submit Initial Disclosures, Failure to Attend February 7, 2005 Court Hearing, and Failure to Comply with March 2, 2005 Court Order for Failure to File Scheduling Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 5th day of April, 2005.

LIMTIACO CRUZ & SISON, PLLC

DONNA M. CRUZ

H:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\CONSOLIDATED DATUIN & RAMOS\Declaration of Attorney in Support of Request for Attorneys Fees 4-5-05.doc

2



Law Offices
LIMTIACO CRUZ & SISON PLLC
A Professional Limited Liability Company
777 Route 4, Ste III • M.V.P. Business Center
Sinajana, Guam 96910

Tel: 671-477-0000 Fax: 671-477-0001 Email: guamlaw@ite.net

## LSG Lufthansa-Motion

| 20279 | TIME | | | AAL | 1.00 | 200.00 | 200.00 |
|---|---|---|---|---|---|---|---|
| 1/21/2005 | | | | Conference | 0.00 | | |
| Billed | G:10403 | 2/15/2005 | | LSG Lufthansa | 0.00 | | |

Office conference (DMC) re: Ramos, Datuin
cases, analysis, strategy; preparation re:
Motion to dismiss in Ramos

| 20474 | TIME | | | DMC | 3.00 | 200.00 | 600.00 |
|---|---|---|---|---|---|---|---|
| 1/21/2005 | | | | Conference | 0.00 | | |
| Billed | G:10403 | 2/15/2005 | | LSG Lufthansa | 0.00 | | |

Office conference with JMR and AAL, review file,
review cases, Preparation for Motion to dismiss in Ramos

| 20337 | TIME | | | AAL | 3.00 | 200.00 | 600.00 |
|---|---|---|---|---|---|---|---|
| 1/25/2005 | | | | Conference | 0.00 | | |
| Billed | G:10403 | 2/15/2005 | | LSG Lufthansa | 0.00 | | |

Office conference (DMC) and preparation re: LSG's
motion to dismiss in Ramos

| 20865 | TIME | | | DMC | 4.00 | 200.00 | 800.00 |
|---|---|---|---|---|---|---|---|
| 2/3/2005 | | | | Review | 0.00 | | |
| Billed | G:10420 | 3/10/2005 | | LSG Lufthansa | 0.00 | | |

Review docs, Preparation for motion to
Dismiss in Ramos case

| 20870 | TIME | | | DMC | 2.00 | 200.00 | 400.00 |
|---|---|---|---|---|---|---|---|
| 2/4/2005 | | | | Conference | 0.00 | | |
| Billed | G:10420 | 3/10/2005 | | LSG Lufthansa | 0.00 | | |

Preparation for motion to dismiss in Ramos case

| 20871 | TIME | | | DMC | 10.50 | 200.00 | 2100.00 |
|---|---|---|---|---|---|---|---|
| 2/5/2005 | | | | Conference | 0.00 | | |
| Billed | G:10420 | 3/10/2005 | | LSG Lufthansa | 0.00 | | |

Preparation for Motion to dismiss in Ramos case, review
docs and file, research, review cases.

| 20924 | TIME | | | JMR | 5.00 | 175.00 | 875.00 |
|---|---|---|---|---|---|---|---|
| 2/5/2005 | | | | Legal Research | 0.00 | | |
| Billed | G:10420 | 3/10/2005 | | LSG Lufthansa | 0.00 | | |

Legal Research for Motion to dismiss re: personal jurisdiction

| 21087 | TIME | | | AAL | 0.50 | 200.00 | 100.00 |
|---|---|---|---|---|---|---|---|
| 2/5/2005 | | | | Conference | 0.00 | | |
| Billed | G:10420 | 3/10/2005 | | LSG Lufthansa | 0.00 | | |

Conferences (JMR, DMC) re: preparation for
motion to dismiss in Ramos case

1

# Exhibit "D"

| | | | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| **20872**<br>2/6/2005<br>Billed | TIME<br><br>G:10420 | 3/10/2005 | DMC<br>Conference<br>LSG Lufthansa | 9.00<br>0.00<br>0.00<br>0.00 | 200.00 | 1800.00 |
| Office conference with JMR and AAL, research, review cases and preparation for motion to dismiss in Ramos case. | | | | | | |
| **20925**<br>2/6/2005<br>Billed | TIME<br><br>G:10420 | 3/10/2005 | JMR<br>Legal Research<br>LSG Lufthansa | 5.00<br>0.00<br>0.00 | 175.00 | 875.00 |
| Legal Research re personal jurisdiction for Motion to dismiss Ramos case | | | | | | |
| **20487**<br>2/6/2005<br>Billed | TIME<br><br>G:10420 | 3/10/2005 | AAL<br>Telephone Call<br>LSG Lufthansa | 5.00<br>0.00<br>0.00 | 200.00 | 1000.00 |
| Preparation re: LSG's motion to dismiss for lack of jurisdiction re: Ramos case, office conferences (DMC, JMR), review documents, research | | | | | | |
| **20614**<br>2/7/2005<br>Billed | TIME<br><br>G:10420 | 3/10/2005 | AAL<br>Preparation<br>LSG Lufthansa | 5.00<br>0.00<br>0.00<br>0.00 | 200.00 | 1000.00 |
| Preparation re: LSG's motion to dismiss for lack of jurisdiction in Ramos, office conferences (DMC,TAB | | | | | | |
| **20873**<br>2/7/2005<br>Billed | TIME<br><br>G:10420 | 3/10/2005 | DMC<br>Court<br>LSG Lufthansa | 9.00<br>0.00<br>0.00<br>0.00 | 200.00 | 1800.00 |
| Court Appearance for motion to dismiss in Ramos case, preparation for hearing, review of docs | | | | | | |
| **20927**<br>2/7/2005<br>Billed | TIME<br><br>G:10420 | 3/10/2005 | JMR<br>Follow Up<br>LSG Lufthansa | 1.00<br>0.00<br>0.00<br>0.00 | 175.00 | 175.00 |
| Follow up: Review cases; assist in the preparation of court hearing for Motion to dismiss in Ramos case | | | | | | |

| | Hours | Amount |
|---|---|---|
| **Total Hours and Professional Fees** | **63.00** | **$12,325.00** |

2

FILED
DISTRICT COURT OF GUAM

MAR - 2 2005

MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

DISTRICT OF GUAM

MICHELLE D. RAMOS, et al.,

        Plaintiffs,

vs.

LSG LUFTHANSA SERVICE
HOLDING AG, et al.,

        Defendants.

CIVIL CASE NO. 03-00028

**O R D E R**

Plaintiffs shall submit a proposed Scheduling Order containing the dates set forth during the Scheduling Conference held on December 17, 2004, no later than March 31, 2005.

IT IS SO ORDERED.

Dated: March 2, 2005

JOAQUIN V.E. MANIBUSAN, JR.
U.S. MAGISTRATE JUDGE

**Exhibit "E"**