ALICIA A. LIMTIACO, ESQ.
DONNA M. CRUZ, ESQ.
**LIMTIACO CRUZ & SISON, PLLC**
Suite 11B, MVP Business Center
777 Route 4
Sinajana, Guam 96910
Telephone: 671-477-0000
Facsimile: 671-477-0001
Email: guamlaw@ite.net

**PETER I. OSTROFF, ESQ.**
**MAX C. FISCHER, ESQ.**
**SIDLEY AUSTIN BROWN & WOOD**
555 West Fifth Street, 40th Floor
Los Angeles, California 90013-1010
Telephone: 213-896-6000
Facsimile: 213-896-6600

Attorneys for Defendants LSG Lufthansa Service Guam, Inc.
and LSG Catering Guam, Inc.

FILED
DISTRICT COURT OF GUAM
APR - 6 2005
MARY L.M. MORAN
CLERK OF COURT
131

# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ and NONA A. PEREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LSG LUFTHANSA SERVICE GUAM, INC., et al.,<br><br>Defendants. | Civil Case No. 03-00028<br><br><br><br>**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| FELIPE DATUIN, JEFF GUMATAOTAO and JAMES CRUZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LSG LUFTHANSA SERVICE GUAM, INC., et al.,<br><br>Defendants. | Civil Case No. 04-00010 |

ORIGINAL

Defendants' Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction
Civil Case No. 03-00028/Civil Case No. 04-00010
Page 1 of 8

Case 1:03-cv-00028    Document 141    Filed 04/06/2005    Page 1 of 18

Defendants LSG Lufthansa Service Saipan, Inc. and LSG Catering Saipan, Inc. (collectively "Moving Defendants"), submit the following Memorandum of Law in Support of their Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2):[1]

## INTRODUCTION

The mere fact that Moving Defendants may have common foreign ownership with a Guam corporation is insufficient for the Court to exercise personal jurisdiction. This basic fact and principle of law compelled the District Court presiding over this consolidated matter to rule in a detailed Order ("Order") that personal jurisdiction was lacking over Moving Defendants with respect to the claims of Michelle Ramos, Ricardo Perez, and Nona Perez (collectively the "Ramos Plaintiffs"). *See* Order, February 7, 2005, attached hereto as Ex. A. There is no reason to depart from this holding with respect to the consolidated claims of Felipe Datuin, Jeff Gumataotao, and James Cruz (collectively the "Datuin Plaintiffs"). Consequently, Moving Defendants respectfully request that the Court simply adhere to the District Court's well-reasoned Order and grant their Motion.

## BACKGROUND

The Ramos Plaintiffs filed their action on July 29, 2003, alleging that they suffered violations of Title VII with respect to their employment. Each Ramos Plaintiff alleged discrimination by, among others Fritz Pandalitschka ("Pandalitschka") and Kelvin Chan ("Chan"). In response to the Ramos Plaintiffs' Complaint, Moving Defendants (and other non-Guam defendants) submitted a Motion to Dismiss for Lack of Personal Jurisdiction, among other bases. (Docket #11). The Ramos Plaintiffs (represented then and now by the same counsel as the Datuin Plaintiffs) submitted a response, arguing simply that Moving Defendants, and the other non-Guam defendants, were alter egos of LSG Guam. (Docket # 30). The parties filed extensive supplemental briefing, which ultimately totaled hundreds of

---

[1] The present Motion to Dismiss for Lack of Personal Jurisdiction is the first pleading submitted by Moving Defendants. They did not join in a Motion to Dismiss filed by Defendants LSG Service Guam, Inc. and LSG Catering Guam, Inc., nor have they submitted any other response to the Datuin Plaintiffs' complaint. All other non-Guam defendants were never served with the Datuin Plaintiffs' complaint.

Defendants' Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction
Civil Case No. 03-00028/Civil Case No. 04-00010
Page 2 of 8

Case 1:03-cv-00028   Document 141   Filed 04/06/2005   Page 2 of 18

pages of memoranda, declarations, and exhibits. (*See* Docket #s 75, 78, 81, and 83). Based on this extensive record, the Court issued a written Order dated February 5, 2005, holding unequivocally that personal jurisdiction was lacking over Moving Defendants (among others). It noted that the only basis Plaintiffs asserted to exercise personal jurisdiction over Moving Defendants was an "alter ego" theory based on Moving Defendants' common ownership with LSG Guam. The District Court rejected this theory because the mere relationship between LSG Guam, on the one hand, and Moving Defendants and the other non-Guam defendants on the other, was nothing more than a normal relationship among parents and subsidiaries, and it dismissed Moving Defendants from the Ramos Plaintiffs' Complaint for lack of personal jurisdiction. *See* Order at 5-8.

The Datuin Plaintiffs filed their action on March 4, 2004, alleging they too had suffered violations of Title VII with respect to their employment against the same defendants as the Ramos Plaintiffs. In fact, each also focused his claim on Pandalitschka and/or Chan's actions. *See* Datuin Compl. ¶¶ 48-52 (Datuin), 63 (Gumataotao), 75 (Cruz). The claims were so closely related that the Datuin and Ramos Plaintiffs' moved for consolidation. *See* Docket # 76). The Datuin Complaint, anticipating the arguments that Moving Defendants made and reiterate below against personal jurisdiction, alleged that the non-Guam defendants, including Moving Defendants, were "alter-egos." Datuin Compl. ¶¶ 23-25.

On February 2, 2005, five days before it issued its Order, the District Court permitted the cases to be consolidated based on the stipulation of all parties. On February 2, 2005, this Court received signed consents from all parties referring the matter to this Court for all purposes.

The jurisdictional facts that relate to Moving Defendants have not changed since the District Court granted their Motion to Dismiss the Ramos Complaint: Moving Defendants have virtually no relationship with Guam. Moving Defendants are not licensed to do business in Guam and do not provide any services directly to the public in Guam. Wainman Decl. ¶ 5, attached hereto as Ex. B. Moving Defendants own no property in Guam and have no bank accounts in Guam. Nor do they pay

Defendants' Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction
Civil Case No. 03-00028/Civil Case No. 04-00010
Page 3 of 8

Case 1:03-cv-00028   Document 143   Filed 04/06/2005   Page 3 of 18

income tax in Guam. *Id.* ¶ 4. Nor do Moving Defendants have any employees on Guam or an appointed agent in Guam to receive service of process. *Id.* ¶ 5. In addition, the Datuin Complaint contains nothing more than boilerplate alter ego allegations to link Moving Defendants in any way to Guam.

This Court should grant the Motion because the facts and law have not changed since the parties briefed this issue extensively before the District Court. At bottom, the mere commonality of foreign ownership between Moving Defendants and LSG Guam is simply insufficient to exercise personal jurisdiction. Thus, for precisely the same reasons as set out in the District Court's Order dismissing Moving Defendants from the Ramos Plaintiffs' complaint, this Court should dismiss Moving Defendants from the Datuin Plaintiffs' complaint.

## ARGUMENT

### I. THE COURT SHOULD GRANT MOVING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OVER MOVING DEFENDANTS, AS THEY HAVE INSUFFICIENT "MINIMUM CONTACTS" WITH GUAM.

The gravamen of personal jurisdiction is "minimum contacts" with the forum. *See generally International Shoe Co. v. Washington*, 326 U.S. 310 (1945). The purpose of requiring minimum contacts is to protect the defendant against the burdens of litigating in a distant or inconvenient forum, and to ensure that states do not reach out beyond the limits of their sovereignty imposed by the federal system. *See World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The Datuin Plaintiffs bear the burden of proving that the Court has personal jurisdiction over Moving Defendants. *American Tel. & Tel. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). *See also* Order at 4.

The Datuin Plaintiffs can meet their burden by demonstrating either "general" or "specific" jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).

Defendants' Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction
Civil Case No. 03-00028/Civil Case No. 04-00010
Page 4 of 8

Case 1:03-cv-00028   Document 141   Filed 04/06/2005   Page 4 of 18

"General jurisdiction" exists where a plaintiff can prove the defendant's activities within Guam are "substantial" or "continuous and systematic." *Id.* The burden to establish such contacts is "fairly high," *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986), and requires a showing that the defendant's contacts be of the sort that "approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Factors to be taken into consideration include whether the defendant is incorporated or licensed to do business in the forum, has offices, property, or employees in the forum state, pays taxes, advertises or solicits business, or makes sales in the forum state. *See Hirsch v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1478 (9th Cir. 1986); *Bancroft & Masters*, 223 F.3d at 1086; *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993); *see also Helicopteros*, 466 U.S. at 415 (no general jurisdiction despite fact that defendant had purchased parts in forum state and sent employees to forum state for training, but had no agents, offices, or a license to do business there). *See also* Order at 4-5.

With respect to general jurisdiction, Plaintiffs do not allege, nor do Moving Defendants have, any contact with Guam – let alone "substantial" or "continuous and systematic" contact. As noted above, Moving Defendants have virtually no contact with Guam whatsoever. They are not licensed to do business in Guam and do not provide any services directly to the public in Guam. Ex. A, ¶ 5. They own no property in Guam and have no bank accounts in Guam. Nor do they pay income tax in Guam. *Id.* ¶ 4. Nor do Moving Defendants have any employees on Guam or an appointed agent in Guam to receive service of process. *Id.* ¶ 5. Consequently, the Datuin Plaintiffs cannot meet their "fairly high" burden of establishing the "substantial" or "continuous and systematic" contacts to demonstrate general jurisdiction over Moving Defendants, and they should be dismissed from this action.

Specific jurisdiction exists where a plaintiff's claims "arise out of the defendant's contacts with the forum." *American Tel. & Tel.*, 96 F.3d at 588. In the present case, this analysis requires the Datuin

Defendants' Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction
Civil Case No. 03-00028/Civil Case No. 04-00010
Page 5 of 8
Case 1:03-cv-00028   Document 141   Filed 04/06/2005   Page 5 of 18

Plaintiffs to demonstrate that: (1) Moving Defendants have purposefully availed themselves to the privilege of conducting activities in Guam; (2) the Datuin Plaintiffs' claims arise out of or relate to the non-Guam Defendants' activities in Guam; and (3) the exercise of jurisdiction over Moving Defendants would be reasonable. *Id.* at 590. The Datuin Plaintiffs cannot meet their burden with respect to any factor.

The Datuin Plaintiffs meet their burden of proof on the "purposeful availment" element only if they demonstrate that Moving Defendants' "conduct and connection with the forum state are such that [they] should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297. "Reasonable anticipation" arises from a defendant's purposeful availment to the "privileges of conducting activities in the forum, invoking the benefits and protections of its laws." *Burger King v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). In the present case, Moving Defendants have not engaged – and are not alleged to have engaged – in any conduct that bears any connection, direct or indirect, to Guam.

Even if the Datuin Plaintiffs could establish that Moving Defendants had "purposefully availed" themselves to Guam, they cannot establish the second factor: that Moving Defendants' contacts "arise out of" or "relate to" the Datuin Plaintiffs' claims. In this respect, the Ninth Circuit employs a "but for" test. Thus, if the Datuin Plaintiffs' claims would have arisen notwithstanding certain contacts, those contacts are not relevant to the jurisdictional analysis. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995); *Bancroft & Masters*, 223 F.3d at 1099 (Plaintiff must identify those contacts "that give rise to the current suit"). Once again, the Complaint is bereft of any such allegations.

Defendants' Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction
Civil Case No. 03-00028/Civil Case No. 04-00010
Page 6 of 8

Case 1:03-cv-00028   Document 141   Filed 04/06/2005   Page 6 of 18

Finally, even if the Datuin Plaintiffs satisfied the first two elements, they cannot meet their burden of proof on the third element: that the exercise of jurisdiction would be reasonable. To examine whether personal jurisdiction is reasonable, the Ninth Circuit examines a multi-factor test, including: (1) the extent of a defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's home state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interests in convenient and effective relief; and (7) the existence of an alternative forum. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125 (9th Cir. 2002).

In the present case, Moving Defendants are not alleged to have injected themselves into Guam-based affairs at all. Moreover, forcing any Moving Defendant to defend this lawsuit in Guam would be an enormous burden, as each is a distinct and separate legal entity or individual: they are separate and distinct from the Guam-based defendants and cannot rely on the Guam-based Defendants to represent their interests, as their interests are wholly distinct. Moreover, forcing foreign corporations to defend a lawsuit in Guam conflicts directly with the sovereignty of each of their home jurisdictions. *Accord Glencore*, 284 F.3d at 1126 ("Where, as here, the defendant is from a foreign nation rather than another state, the sovereignty barrier is high and undermines the reasonableness of personal jurisdiction."). Though Plaintiffs may benefit from a convenient forum, it is important to note that the remaining corporate Defendants are no mere shell corporation. It can more than satisfy any potential judgment were the Datuin Plaintiffs to prevail.

Much like the Ramos Plaintiffs, the Datuin Plaintiffs attempt to side-step the entire jurisdictional analysis by offering in the complaint boilerplate allegations concerning "alter ego" status. *See* Compl. ¶ 23. As the Court has already found, there is simply no basis to find personal

Defendants' Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction
Civil Case No. 03-00028/Civil Case No. 04-00010
Page 7 of 8

Case 1:03-cv-00028   Document 141   Filed 04/06/2005   Page 7 of 18

jurisdiction over Moving Defendants based on their corporate relationship with LSG Guam's parents. Order at 5-7. "The mere existence of a parent-subsidiary relationship is not sufficient to confer personal jurisdiction over the parent based on the subsidiary's forum contacts." Order at 6 (citing *Doe I v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001). Rather, for "alter ego" to provide a basis for personal jurisdiction, the Datuin Plaintiffs' must demonstrate that: (1) there is such unity of interest and ownership that the separate personalities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *American Telephone and Telegraph*, 94 F.3d at 591. There is simply no basis for this in fact, as the Court already determined. To the contrary, the Court determined after lengthy briefing and evidentiary submissions filed by precisely the same counsel that "The circumstances relied upon to establish dominion and by the defendants over the Guam-defendants reflect no more than a normal parent-subsidiary relationship." Order at 7. This Court should reach the same result.

## CONCLUSION

For these reasons, Moving Defendants respectfully submit that personal jurisdiction is lacking, and in any event would not comport with the Due Process Clause of the Fourteenth Amendment, and that their Motion to Dismiss for Lack of Personal Jurisdiction should be granted.

Dated: 4-6-05

LIMTIACO CRUZ & SISON, PLLC,

By: _____
ALICIA A. LIMTIACO,
a duly licensed employee.

H:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Motion to Dismiss for Lack of Personal Jurisdiction (cac 4-5-05).doc

Defendants' Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction
Civil Case No. 03-00028/Civil Case No. 04-00010
Page 8 of 8
Case 1:03-cv-00028   Document 141   Filed 04/06/2005   Page 8 of 18

UNITED STATES DISTRICT COURT

TERRITORY OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ, and NONA A. PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>LSG LUFTHANSA SERVICE HOLDING, AG, et al.,<br><br>Defendants. | Civil Case No. 03-00028<br><br>**ORDER** |

Before this court is defendants' motion to dismiss (#11, 78). Plaintiffs have responded (#30, 81) and defendants' have replied (#83). Pursuant to Federal Rule of Civil Procedure 12(b)(2), defendants LSG Lufthansa Service Holding, AG, LSG Lufthansa Service USA Corporation, LSG Lufthansa Service Asia, Ltd., LSG Lufthansa Service Saipan, Inc., LSG Catering Saipan Inc., and Hyung K. Cheng (collectively "defendants") request that they be dismissed from this suit because this court lacks personal jurisdiction over them. After review of the record and the applicable law, the motion will be granted.

## I. Factual Background

Plaintiffs commenced this action July 29, 2003. In the complaint, plaintiffs allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended. Claims against the defendants include race discrimination, sex discrimination, hostile work environment, retaliation,

and unlawful practices.

Plaintiffs allege the following: At all times relevant, plaintiffs Ricardo G. "Gino" Perez ("Gino"), Michelle D. Ramos ("Ramos"), and Nona A. Perez ("Nona") were employed by defendant LSG Lufthansa Service Guam, Inc. ("LSG Service Guam"). (Compl. ¶¶ 22, 26 & 27. Gino and Ramos also worked for defendant LSG Lufthansa Service Saipan, Inc. ("LSG Service Saipan"). (*Id.* at ¶¶ 22 & 26.) Defendant LSG Lufthansa Service Holding, AG ("LSG Service Holding") is a foreign holding company with its principal place of business in Germany, (*id.* ¶ 7), which owns, operates, and controls each of the other corporate entities named as defendants in the complaint, (*id.* ¶ 14). All other corporate defendants are "alter-egos" of LSG Service Holding. (*Id.* ¶ 14.) Defendant LSG Lufthansa Service USA Corporation ("LSG Service USA") is a corporation licensed to do business in and incorporated under the laws of the United States, which owns and operates defendant LSG Catering Guam, Inc. ("LSG Service Catering Guam"). (*Id.* ¶ 10.) Defendant LSG Lufthansa Service Asia, Ltd. ("LSG Service Asia") has its principal place of business in Hong Kong, and is the regional headquarters for LSG Service Guam, LSG Catering Guam, LSG Service Saipan, and LSG Catering Saipan, Inc. ("LSG Catering Saipan"). (*Id.* ¶ 11.) LSG Service Asia also operates and/or owns and controls defendants LSG Catering Saipan and LSG Service Saipan. (*Id.* ¶ 12.) Further, LSG Service Guam and LSG Catering Guam report to LSG Service Asia. (*Id.* ¶ 13.) Defendant LSG Service Saipan is a corporation licensed to do business in the Commonwealth of the Northern Mariana Islands. (*Id.*) LSG Service Guam, LSG Catering Guam, and LSG Service Asia are also known as "LSG Sky Chefs," a wholly owned subsidiary or affiliate of LSG Service Holding, (*id.* ¶ 15), with its primary offices in Texas, (*id.* ¶ 16). The operational headquarters for all corporate defendants is in Dallas, Texas, with management headquarters in Germany. (*Id.* ¶ 17.)

Defendant Hyung K. Cheung[1] ("Cheung") is or was the Executive Vice-President of Administration and Finance, which includes the Human Resources departments for the defendants' Pacific Asia region. (Compl. ¶ 18.) Defendant Fritz Pandalitschka ("Pandalitschka") is or was the

---

[1] Defendants refer to this particular defendant as "Hing Kai Cheung." (*See, e.g.* Mot. Dismiss at 3.)

2

General Manager and/or Director of Operations for defendants LSG Service Guam and LSG Service Saipan. (*Id.* ¶ 19.) Defendant Kelvin Chan ("Chan") is or was employed by defendants LSG Service Guam and LSG Service Saipan as manager of the Customer Service department, directly reporting to Pandalitschka. (*Id.* ¶ 20.)

Plaintiffs further allege that defendants Cheung, Pandalitschka, and Chan subjected plaintiffs to harassment, disparate treatment (Compl. ¶ 30), and discrimination based on their race or national origin, (*id.* ¶ 29), and retaliated against plaintiffs for complaining about the discrimination (*id.* ¶ 32). Plaintiffs claim that each of the corporate LSG defendants condoned, accepted, or otherwise authorized these acts of discrimination, retaliation, disparate treatment, harassment, and other unlawful employment practices (*Id.* ¶ 33).

As noted, on July 29, 2003, plaintiffs filed a complaint. On October 1, 2003, defendants LSG Service Guam and LSG Catering Guam filed an answer, and all other defendants filed a motion to dismiss for lack of personal jurisdiction. Plaintiffs filed an opposition to the motion on October 17, 2003, to which movants filed a reply herein on October 24, 2003.

The court issued its order on November 18, 2003 granting in part and denying in part the motion to dismiss. The court denied the defendants' motion to dismiss for lack of personal jurisdiction over the defendants, holding that the personal jurisdiction defense was waived because it was not asserted in the answer. On November 20, 2003, defendants filed a motion for reconsideration of that order.

The court granted the motion for reconsideration on December 24, 2003. The court held that because the answer was filed only by the LSG Service Guam and LSG Catering Guam that the remaining defendants had not waived the defense of personal jurisdiction. The court found that the evidence submitted was insufficient in determining whether personal jurisdiction existed over the defendants, but because factual disputes existed regarding defendants' relations to LSG Service Guam and LSG Catering Guam, the court deferred the ruling on the motion to dismiss and granted the plaintiffs sixty days to conduct discovery on the relationship. The court gave the parties until April 1, 2004 to file any supplemental briefs.

On April 9, 2004, the court granted the plaintiffs' request for an extension of time. The court

granted the plaintiff thirty days to respond to any motions currently pending before the court and to submit a supplemental brief regarding personal jurisdiction. On May 10, 2004, plaintiffs filed a Declaration of Plaintiff in Support of Jurisdiction Over International Defendants. (#75). On May 20, 2004, defendants filed a Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss. (#78). Plaintiffs filed a Supplemental Opposition (#81) and defendants' replied (#83).

## II. Analysis

When the defense of lack of personal jurisdiction is raised, the plaintiff carries the burden of proving that jurisdiction over the defendant is proper. *See Modesto City Schs. v. Riso Kagaku Corp.*, 157 F.Supp. 2d 1128, 1131 (E.D. Cal. 2001). To withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(2), the plaintiff need only make a prima facie showing of personal jurisdiction, which he may do through the pleadings, affidavits, or discovery materials. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1119 (9th Cir. 2002). In determining whether the plaintiff has met this burden, we accept as true any uncontroverted allegations in his complaint and will decide in his favor any conflicts of facts that arise between the parties. *Id.*; *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

To establish that personal jurisdiction over defendants is proper, plaintiff must meet two requirements. First, there must be a statute that gives the court authority to exercise jurisdiction. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977). Second, the exercise of jurisdiction must meet constitutional standards, defined as "certain minimal contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 1286-87, citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Federal courts must also look at the forum's long-arm statute to determine whether personal jurisdiction may be obtained. Fed. R. Civ. P. 4(k)(1)(A). Because Guam's long-arm statute permits the exercise of personal jurisdiction to the full extent allowed under the Constitution, *see* 7 Guam Code Ann. § 14109 (2003), the Court need only decide whether personal jurisdiction over defendants passes constitutional muster.

The constitutional requirements for personal jurisdiction over a defendant can be met either through general or specific jurisdiction. *Reebok Int'l, Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th

4

Cir. 1995). If the defendant's activities and contacts with the forum state are substantial, continuous, or systematic, a court will have general jurisdiction over the defendant, even if the cause of action is unrelated to defendant's forum activities. *Id.*; *Data Disc*, 557 F.2d at 1287. Specific jurisdiction is determined by an analysis of the "nature and quality of the defendant's contacts [with the forum state] in relation to the cause of action." *Data Disc*, 557 F.2d at 1287. The Ninth Circuit requires the following three-prong approach for assessing specific jurisdiction: (1) the nonresident defendant must purposefully avail himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Id.*

Plaintiffs do not claim that defendants' direct contacts with the Territory of Guam justify the court's exercise of either general or specific jurisdiction over defendants. (*See* (#30) at 9-10).[2] Rather, plaintiffs contend that the contacts of the Guam-based defendants should be imputed to the other defendants through alter-ego and agency theories (*see* (#30), *see also* Compl. ¶ 14 (stating that

---

[2]Through the submitted documents, Plaintiffs purport to establish the following:

[T]he "non-Guam Defendants" [*sic*] negotiations and control over collective bargaining agreements is controlled by LSG Holding AG in Germany...; LSG Holding AG in Germany controls the LSG advertising logo for Guam and the Asia offices...; LSG Holding AG must approve any new investments for Guam and the Asia offices, and Hong Kong controls much of the budget items otherwise for Guam...; the Guam/Saipan General Manager's contract was prepared and negotiated in Germany...; pricing for all airline customers for LSG worldwide is required to be consistent, therefore controlled by the parent corporation...; LSG's resident GM in Guam and Saipan reviews and approves correspondence to Hong Kong and Germany from local department managers...; Germany directs the manner in which "special reports to the board" were styled according to the foreign memo of April 14, 1999...; LSG, USA, which owns LSG Catering Guam, Inc. controls the audits and approves payments to affiliates per the consolidated balance sheet...; capital expenditures and budgets are reviewed and approved by LSG Holding AG, in Texas...; the title given to the Guam manager was directed by Germany...; contract negotiations between Northwest airlines and the LSG subsidiaries, including Guam, are consistent throughout the corporation and subsidiaries.... The other Exhibits contain references to meetings for Germany, Asia/Pacific, USA, consistent hardware for communications of budgetary and financial information beteen Guam, Germany, and other offices, marketing directives controlled by LSG Holding AG and USA, and other indicia that show forum related contacts and activities by defendants.

5

all corporate LSG defendants are "alter-egos" of parent LSG Service Holding)).[3]

The mere existence of a parent-subsidiary relationship is not sufficient to confer personal jurisdiction over the parent based on the subsidiary's forum contacts. *Doe, I v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001). Further, "a parent corporation may be directly involved in the activities of its subsidiaries without incurring liability so long as that involvement is 'consistent with the parent's investor status[.]'" *Id.* at 926 (quoting *United States v. Bestfoods*, 524 U.S. 51, 72 (1998)). Appropriate parental involvement includes the monitoring of the subsidiary's performance, supervision of the subsidiary's finance and capital budget decisions, and the articulation of general policies and procedures. *See id.*; *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 344 F.Supp.2d 686, 691 (W.D. Wash. 2003). However, if the alleged parent and subsidiary are not really separate entities, or if one entity acts as an agent of the other, the subsidiary's contacts may be

---

[3] Plaintiffs rely on the following evidence to support their claim:

(1) An organizational chart showing the Guam and Saipan LSG entities are subsidiaries of LSG Lufthansa USA Corporation, but report to LSG Lufthansa Service Asia, Ltd.

(2) An email from LSG Holding AG, Germany to Cheugh in Hong Kong discussing the union negotiations for Guam and Saipan. The memo indicates that LSG Holding AG was to handle politically sensitive union negotiations.

(3) Audit letters from Ernst & Young for years 1999-2002 for LSG Catering Guam.

(4) Documents stating that LSG Frankfurt had to approve the directors of LSG Catering Guam and LSG Catering Saipan, LSG Lufthansa Service Guam and LSG Lufthansa Service Saipan.

(5) Documents that the directors of LSG Lufthansa Service USA were required to approve expenditures of $220,000 for a Maintenance and Administration Office Extension for LSG Lufthansa Service Guam.

(6) A document showing that the budget of Guam must be approved by LSG Holding.

(7) Documents showing that the agendas for the Guam Board of Directors must be sent to Hong Kong one week before the meeting.

6

imputed to the parent. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 424 (9th Cir.1977). "An alter ego or agency relationship is typified by parental control of the subsidiary's internal affairs or daily operations." *Unocal Corp.*, 248 F.3d at 926.

An alter ego relationship between different corporations exists if the plaintiff makes a prima facie showing (1) that there is such unity of interest and ownership that the separate personalities of the corporations no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice. *American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert* 94 F.3d 586, 591 (9th Cir. 1996) (internal citations omitted). The agency test is satisfied by a showing that the subsidiary functions as the parent corporation's representative in that it performs services that are "sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporations own officials would undertake to perform substantially similar services." *Unocal Corp.*, 248 F.3d at 928.

The circumstances relied upon to establish domination by the defendants over the Guam-defendants reflect no more than a normal parent-subsidiary relationship. Defendants involvement in union negotiations, approval of directors, and approval of the budget and major expenditures reflects nothing more than a normal parent-subsidiary relationship. *See Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir.1980) (no alter ego relationship despite that the parent guaranteed loans for the subsidiary, reviewed and approved the subsidiary's major decisions, placed several of its own directors on the subsidiary's board, and was closely involved in the subsidiary's pricing decisions). Plaintiffs have failed to make a prima facie showing that defendants control either the internal affairs or the daily operations of the Guam-defendants. Plaintiffs have failed to show that separate personalities of the corporations no longer exist or that disregarding the separate identities would result in fraud or injustice.

//
//
//
//
//

## III. Conclusion

Accordingly, **IT IS ORDERED** that defendants' motion to dismiss for lack of personal jurisdiction (#11) be **GRANTED** as to all moving defendants.

Let judgment be entered accordingly.

DATED: This 7TH day of February, 2004.

_____
UNITED STATES DISTRICT JUDGE

Notice is hereby given that this document was entered on the docket on 2/7/05. No separate notice of entry on the docket will be issued by this Court.

Mary L. M. Moran
Clerk, District Court of Guam

By: _____ 2/7/05
Deputy Clerk      Date

**TORRES LIMTIACO CRUZ & SISON, PLLC**
173 Aspinall Ave., Suite 206A
Hagåtña, Guam 96910
Telephone: 671-477-0000
Facsimile: 671-477-0001
Email: mail@torreslaw.com

Attorneys for Defendants

FILED
DISTRICT COURT OF GUAM
OCT 16 2003
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ and NONA A. PEREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LSG LUFTHANSA SERVICE HOLDING AG; LSG LUFTHANSA SERVICE (LSG) GUAM, INC.; LSG CATERING GUAM, INC.; LSG LUFTHANSA SERVICE USA CORPORATION; LSG LUFTHANSA SERVICE (LSG) ASIA, LTD.; LSG LUFTHANSA SERVICE (LSG) SAIPAN, INC.; LSG CATERING SAIPAN, INC.; LSG SKY CHEFS; HYUNG K. CHEUNG; FRITZ PANDALITSCHKA; KELVIN CHAN; and DOES 1 through 20,<br><br>Defendants. | Civil Case No. 03-00028<br><br><br>**DECLARATION OF DAVID WAINMAN, VICE PRESIDENT FOR LUFTHANSA CATERING SAIPAN, INC., PURSUANT TO 28 U.S.C. §1746** |

I, David Wainman, swear under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct to the best of my personal knowledge, information, and belief.

1

ORIGINAL

**Exhibit "B"**

1. I am the Vice President for Lufthansa Catering Saipan, Inc. ("LSG Catering Saipan"). In my capacity as Vice President, I am familiar with the corporate structure of LSG Catering Saipan, the makeup and organization of its management team, and the nature and scope of its business activities.

2. LSG Catering Saipan's principal place of business is in the Commonwealth of the Northern Marianas Islands, Saipan, and it is not licensed to do business in Guam.

3. LSG Catering Saipan does not provide any service directly to the public in Guam.

4. LSG Catering Saipan does not have any bank accounts in Guam. Nor does it own or rent any buildings, vehicles, or other assets in Guam. LSG Catering Saipan is not required to, and does not, pay any taxes in Guam.

5. LSG Catering Saipan does not have any employees in Guam. Nor does it have an appointed agent to receive service of process.

I swear that the foregoing is true and correct to the best of my personal knowledge, information and belief.

Dated: September 30, 2003

_____
David Wainman

U:\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Motion to dismiss\Ramos - LSG Catering Saipan declaration 3.DOC

2