**ALICIA A. LIMTIACO, ESQ.**
**DONNA M. CRUZ, ESQ.**
**LIMTIACO CRUZ & SISON, PLLC**
Suite 11B, MVP Business Center
777 Route 4
Sinajana, Guam 96910
Telephone: 671-477-0000
Facsimile: 671-477-0001
Email: guamlaw@ite.net

**PETER I. OSTROFF, ESQ.**
**MAX C. FISCHER, ESQ.**
**SIDLEY AUSTIN BROWN & WOOD**
555 West Fifth Street, 40th Floor
Los Angeles, California 90013-1010
Telephone: 213-896-6000
Facsimile: 213-896-6600

**Attorneys for Defendants LSG Lufthansa Service Guam, Inc.
and LSG Catering Guam, Inc.**

FILED
DISTRICT COURT OF GUAM
APR 22 2005
MARY L.M. MORAN
CLERK OF COURT
159

# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ and NONA A. PEREZ, <br><br> Plaintiffs, <br><br> vs. <br><br> LSG LUFTHANSA SERVICE GUAM, INC., et al., <br><br> Defendants. | Civil Case No. 03-00028 <br><br><br><br><br> **DECLARATION OF COUNSEL** |
| FELIPE DATUIN, JEFF GUMATAOTAO and JAMES CRUZ, <br><br> Plaintiffs, <br><br> vs. <br><br> LSG LUFTHANSA SERVICE GUAM, INC., et al., <br><br> Defendants. | Civil Case No. 04-00010 |

ORIGINAL

LIMTIACO CRUZ & SISON, PLLC
777 Route 4, Suite 11B, MVP Business Center
Sinajana, Guam 96910
(671) 477-0000 Fax (671) 477-0001
guamlaw@ite.net

1       I, ALICIA A. LIMTIACO, declare under penalty of perjury that the foregoing is true and

2   correct to the best of my knowledge:

3       1.     I am an attorney admitted to practice before the United States District Court of Guam

4   and a partner with Limtiaco Cruz & Sison, PLLC, which maintains an office at 777 Route 4, MVP

5   Business Center, Suite 11B, Sinajana, Guam 96910. Limtiaco Cruz & Sison, PLLC represents LSG

6   Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively "Defendants").

7       2.     I submit this Declaration in support of Defendants' Motion for an Order to Compel

8   Discovery and to Award Attorneys' Fees and Costs.

9       3.     On March 11, 2005, Defendants served upon Plaintiffs' counsel, Sandra D. Lynch, Esq.

10  and Gorman & Gavras, their First Set of Interrogatories addressed to Plaintiffs Michelle Ramos,

11  Ricardo "Gino" Perez, and Nona Perez in CV03-00028. See Defendants' First Set of Interrogatories to

12  Michelle Ramos, Ricardo "Gino" Perez and Nona Perez, true and correct copies of which are attached

13  and marked as Exhibit A.

14      4.     On March 11, 2005, Defendants served upon Plaintiffs' counsel their First Requests for

15  Production of Documents addressed to Plaintiffs Michelle Ramos, Ricardo "Gino" Perez, and Nona

16  Perez in CV03-00028. See Defendants' First Set of Requests for Production of Documents to Michelle

17  Ramos, Ricardo "Gino" Perez and Nona Perez, true and correct copies of which are attached and

18  marked as Exhibit B.

19      5.     On March 11, 2005, Defendants served upon Plaintiffs' counsel their First Set of

20  Interrogatories addressed to Plaintiffs Felipe Datuin, Jeff Gumataotao, and James Cruz in CV04-0010.

21  See Defendants' First Set of Interrogatories to Felipe Datuin, Jeff Gumataotao and James Cruz, true

22  and correct copies of which are attached and marked as Exhibit C.

23

24

6. On March 11, 2005, Defendants served upon Plaintiffs' counsel their First Request for Production of Documents addressed to Plaintiffs Felipe Datuin, Jeff Gumataotao and James Cruz in CV04-0010. See Defendants' First Set of Requests for Production to Felipe Datuin, Jeff Gumataotao and James Cruz, true and correct copies of which are attached and marked as Exhibit D.

7. Plaintiffs, each and every one of them, had until April 11, 2005 to serve answers to Defendants' First Set of Interrogatories and to respond to Defendants' First Requests for Production of Documents.

8. On April 11, 2005, Plaintiffs' counsel, Gorman & Gavras, acknowledged Plaintiffs' awareness of the April 11, 2005 discovery deadline, and indicated that Plaintiffs' would not be providing to Defendants' counsel their responses to Defendants' First Set of Interrogatories and Defendants' First Requests for Production of Documents, by said deadline, April 11, 2005.

9. Defendants' counsel stressed to Plaintiffs' counsel the necessity of receiving the requested discovery in a timely manner so as to afford Defendants time to adequately prepare for and conduct upcoming noticed depositions of Plaintiffs.

10. To date, Plaintiffs have failed to submit their responses to Defendants' First Set of Interrogatories and Defendants' First Requests for Production of Documents.

11. The hourly rate of counsel are as follows: Alicia A. Limtiaco - $200; Donna M. Cruz - $200.

12. Defendants and their counsel have incurred attorneys fees and costs in the amount of $1,210.40 in bringing their Motion for an Order to Compel Discovery and to Award Attorneys' Fees and Costs as follows:

| Date | Description | Hours | Amount |
|------|-------------|-------|--------|
| April 20, 2005 | AAL - Draft, review, revise Motion for an Order to Compel Discovery and to Award Attorneys' Fees and Costs; Declaration of Counsel; and Proposed Order | 1.00 (200.00/hr) | 200.00 |
| April 21, 2005 | AAL - Draft, review, revise Motion for an Order to Compel Discovery and to Award Attorneys' Fees and Costs; Declaration of Counsel; and Proposed Order | 3.25 (200.00/hr) | 650.00 |
| April 22, 2005 | AAL - Draft, review, revise Motion for an Order to Compel Discovery and to Award Attorneys' Fees and Costs; Declaration of Counsel; and Proposed Order | 1.75 (200.00/hr) | 350.00 |
| | Photocopying costs: | | 10.40 |
| | TOTAL AMOUNT DUE: | | $ 1,210.40 |

Dated: 4/22/05                    .

ALICIA A. LIMTIACO

H:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\CONSOLIDATED DATUIN & RAMOS\Declaration of AAL re Motion to Compel Discovery and Attorney Fees (cac 4.22.05) - FINAL.doc

1  **LIMTIACO CRUZ & SISON, PLLC**
   Alicia A. Limtiaco, Esq.
2  Donna M. Cruz, Esq.
   **MVP Business Center**
3  777 Route 4, Suite 11B
   Sinajana, Guam 96910
4  Telephone: (671) 477-0000
   Facsimile: (671) 477-0001
5
6  **SIDLEY AUSTIN BROWN & WOOD LLP**
   Peter I. Ostroff (SBN 045718)
7  Max C. Fischer (SBN 226003)
   555 West Fifth Street, Suite 4000
8  Los Angeles, California 90013-1010
   Telephone: (213) 896-6000
9  Facsimile: (213) 896-6600

10
                    **UNITED STATES DISTRICT COURT**
11
                        **DISTRICT OF GUAM**
12
   MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ,    )    Civil Case No. 03-00028
13 and NONA A. PEREZ,                             )
                                                  )
14                                                )
                        Plaintiffs,               )
15                                                )
                                                  )
16     vs.                                        )
                                                  )
17 LSG LUFTHANSA SERVICE GUAM, INC., et al.       )
                                                  )
18 _____ Defendants.      )
                                                  )
19 FELIPE DATUIN, JEFF GUMATAOTAO,                )    Civil Case No. 04-00010
   and JAMES CRUZ,                                )
20                                                )    **DEFENDANTS' FIRST SET OF**
                                                  )    **INTERROGATORIES**
21                      Plaintiffs,               )
                                                  )
22     vs.                                        )
                                                  )
23 LSG LUFTHANSA SERVICE GUAM, INC., et al.       )
                                                  )
24 _____ Defendants.      )

25
26 **TO:   MICHELLE D. RAMOS AND HER ATTORNEYS OF RECORD, SANDRA**
27     **LYNCH, ESQ. AND WILLIAM GAVRAS, ESQ.**

28

RECEIVED
MAR 11 2005
4:43pm
GORMAN & GAVRAS

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Set of Interrogatories (Michelle D. Ramos)



Case 1:03-cv-00028     Document 169     Page Filed 04/22/2005     Page 6 of 41

Exhibit "A"

Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively "LSG Guam"), hereby submit their interrogatories to Plaintiff Michelle D. Ramos ("Plaintiff"). Answers must be filed and served, in writing and under oath, within thirty (30) days from receipt of these interrogatories.

## DEFINITIONS

1. "Document" and "documents" are used herein in their customary broad sense and include, but are not limited to, anything in which there is portrayed or contained, or from which can be retrieved, any facts, information, or data, including without limitation all writings of every kind including, but not limited to, letters, telegrams, electronic mail, memoranda, reports, studies, photographs, calendar and diary entries, pamphlets, notes, charts, drawings, graphs, tabulations, analyses, statistical or informational accumulations, advertisements, portfolios, folder covers, any kind of records of meetings and conversations (including without limitation tape recordings), film impressions, videotapes, moving pictures, magnetic tapes, data stored in a computer or on a computer diskette, electronic mail, data compilations, sound or mechanical reproductions, or recordings, and copies of documents which are not identical duplicates of the originals (e.g., because handwritten or "blind" notes appear thereon or are attached thereto) whether or not the originals are in Plaintiff's possession, custody or control.

2. As used herein, "concerning," "concern," and "concerns" mean pertaining in any way to, relating to, referring to, describing, evidencing, constituting, reflecting or being in any way logically or factually connected, in whole or in part, with the matter described.

//

//

3.    As used herein, "you," "your," "yourself," and "Plaintiff" refer to Plaintiff Michelle D. Ramos, her agents, employees, attorneys, accountants, representatives, and anyone acting for or on her behalf.

4.    As used herein, "LSG" and "Defendants" refer to any named Defendant in the above-captioned matter, and their agents, employees, attorneys, accountants, representatives, parent(s), subsidiary(ies), affiliate(s), predecessor(s), and anyone acting for or on their behalf.

5.    As used herein, "person" or "persons" means any natural person, individual, firm, cooperative, partnership, corporation, association, joint venture, governmental agency, or other organization, or legal or business entity, including, without limitation, any party to this litigation, and reference to any person throughout these requests should be understood as including such person's agents, officers, employees, representatives, contractors, sub-contractors, accountants, and attorneys.

6.    As used herein, "communication" means any transmittal of information, whether orally, in writing, by symbolism or electronic means, or otherwise.

7.    "And" and "or" shall be construed disjunctively or conjunctively, and the singular form of a word shall be interpreted in the plural as necessary in order to bring within the scope of any request all information which might otherwise be construed to be outside its scope.

8.    "Identify," "identity," and "identifying," when used in relation to a natural person, calls for the name(s), age, present business and resident address(es), present business and resident telephone number(s), occupation(s), title(s) or position(s), and employer(s) of such person.

9.    When used in relation to a person other than a natural person, including without limitation a corporation, partnership, joint venture, subsidiary, affiliate or other business organization or entity,

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Set of Interrogatories (Michelle D. Ramos)
Page 5 of 41

Case 1:03-cv-00028    Document 169    Filed 04/22/2005    Page 8 of 41

the terms "identify," "identity," and "identifying" call for the name(s), address(es), and telephone number(s) of such person.

10.    When used in the case of a document, the terms "identity," "identify," and "identifying" call for a statement of the nature and title of the document, the date on which the document was prepared or is dated, the general subject matter of the document, the number of pages comprising the document, the identity of each person who authored or contributed to authoring the document, the identity of each person who signed or initialed the document, the identity of each person who received or reviewed the document (including without limitation "carbon copied" parties), the present location of the document, and the identity of each person having custody of the document.

11.    When used in the case of a transaction, event or occurrence, the terms "identity," "identify," and "identifying" call for the identity of all natural persons involved in or present during the transaction, event or occurrence, the date(s) and location(s) of the transaction, event or occurrence, and a description of the substance or nature of the transaction, event or occurrence.

12.    When used in reference to a communication, the terms "identity," "identify," and "identifying" call for a statement of the date and location of the communication, the type of communication (e.g., "letter," "telephone conversation," or "personal meeting"), the identity of each and every natural person who participated in or was present during such communication, and a summary of the contents of the communication. If the communication is also a document, or if any document confirms, memorializes, or otherwise concerns the communication, identify each and every such document.

13.    "Complaint" as used herein refers to the Complaint that Plaintiff filed in the above-captioned action.

**INSTRUCTIONS**

1. Each Interrogatory is to be fully and separately answered, and before each answer is given, the Interrogatory in question is to be set forth in full.

2. Each Interrogatory shall be construed independently. No Interrogatory shall be construed by reference to any other Interrogatory for the purpose of limiting the response to such Interrogatory.

3. With respect to the details of any conversation, statement, interview or other communication withheld on grounds of privilege or work product or other immunity, provide a sworn statement: (a) identifying the date and place of such conversation, statement, interview, or other communication; (b) identifying the person who made the privileged conversation, statement, interview, or other communication; (c) identifying each and every person who was present during such conversation, statement, interview, or other communication; (d) describing the nature and subject matter of the conversation, statement, interview, or other communication; (e) explaining the specific nature of and basis for each claim of privilege or work product or other immunity; and (f) identifying each and every document that reflects, memorializes, or otherwise concerns the conversation, statement, interview, or other communication.

4. In the event that any document or portion of a document is withheld or is not identified under a claim of privilege or work product or any other immunity from discovery: (a) identify the subject matter of the document, its date, the number of pages comprising the document, the author(s) and recipient(s) of the document, and all persons to whom copies were furnished; (b) state the privilege, work product claim or other immunity asserted; and (c) provide sufficient facts from which the Court and Defendants can assess and determine the validity of such an assertion of privilege, work product or other immunity, including but not limited to the identity of each person that has, that may have, or that you believe has or may have knowledge or information that

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Set of Interrogatories (Michelle D. Ramos)
Page 9 of 11

Case 1:03-cv-00028    Document 169    Filed 04/22/2005    Page 10 of 41

1 supports, contradicts, or otherwise concerns the assertion of privilege, work product, or other

2 immunity.

3
4 5.    If any document referenced herein or identified in response to any of these Interrogatories

5 was at one time in existence, but has been lost, discarded or destroyed, identify such document as

6 completely as possible, providing as much of the following information as possible:  (a) the type of

7 document; (b) its date; (c) the contents, subject(s), title(s), subtitle(s), nature, or scope of the

8 document; (d) the date or approximate date it was lost, discarded or destroyed; (e) the

9 circumstances and manner in which it was lost, discarded or destroyed; (f) the reason or reasons for

10 disposing of the document (if discarded or destroyed); (g) the identity of all persons authorizing or

11 having knowledge of the circumstances surrounding the disposal of the document; (h) the identity

12 of the person(s) who lost, discarded or destroyed the document; and (i) the identity of all persons

13 that have or may have or that you believe have or may have knowledge or information concerning

14 the contents thereof.

15
16 6.    With respect to any Interrogatory contained herein, if you cannot answer an Interrogatory in

17 full, answer it to the fullest extent possible, explain why you cannot answer the remainder, and state

18 the nature of the information you cannot furnish.  If you are unable to provide the exact date or

19 number requested by any Interrogatory, provide your best estimate of the date or number and

20 indicate that your response is an approximation.

21
22
23                                **INTERROGATORIES**

24 1.    Identify (by name, home and business address(es), and home and business telephone

25 number(s)) each and every person who provided any information concerning or relating to any of

26 the answers to these Interrogatories and, with respect to each such person, state in specific detail the

27
28

information provided by such person and identify the Interrogatory answer(s) to which such information relates.

**ANSWER TO INTERROGATORY:**

2.      Identify (by name, home and business address(es), and home and business telephone number(s)) each and every person that has or that you believe has knowledge or information concerning the subject matter of this litigation (including without limitation any of the allegations contained in the Complaint) or any of the facts described in these Interrogatories or your answers thereto, and set forth in detail what knowledge you believe each such person has or you believe has.

**ANSWER TO INTERROGATORY:**

3.      Other than your attorney, identify each and every person with whom you have discussed the allegations asserted in your Complaint, including without limitation any former or current employee of any Defendant.  For each such individual, state (a) the name of any such person; (b) the date upon which such discussion(s) took place; (c) the place where such discussion(s) took place; (d) the name(s) of any and all witness(es) to such discussion(s); and (e) the content of such discussion(s).

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Set of Interrogatories (Michelle D. Ramos)
Page 12 of 12

Case 1:03-cv-00028     Document 169     Filed 04/22/2005     Page 12 of 41

**ANSWER TO INTERROGATORY:**

4.    Describe with specificity each and every way in which you contend you have been injured and/or damaged by any Defendant's actions as alleged in the Complaint, including without limitation the exact amount of damages you contend to have suffered. With respect to each item of injury or damage, identify: (a) each and every fact you rely upon for your conclusion that you suffered such injury or damage; (b) the dollar value of the injury or damage; (c) each and every fact upon which you base your conclusion that the dollar value of such injury or damage is equal to the amount set forth in (b) above; and (d) all documents, correspondence, memoranda, diary notes, or any written materials received by or in the possession of you or any agent or attorney of yours that relate to, support, or negate in any way such claim of damage or injury.

**ANSWER TO INTERROGATORY:**

5.    Identify each person you intend to, or may, call at the trial of this case as an expert witness or any other experts or consultants retained or specifically employed by you in anticipation of this litigation or in preparation for trial of this matter. For each person identified state: (a) his or her name, business address and telephone number, and home address and telephone number; (b) state with particularity the subject matter on which the expert will or is expected to testify; (c) the conclusions and opinions of the expert witness and the bases thereof; (d) the qualifications of the

expert witness including, but not limited to, any and all educational and/or professional degrees or certifications received by that witness; and (e) provide all reports prepared by the expert witness.

**ANSWER TO INTERROGATORY:**

6.     If you were self-employed or performed services of any kind in a self-employed capacity during any period since January 1, 2001: (a) describe in detail the nature of each service you provided or business activity you engaged in as part of your self-employment; (b) identify each individual, business corporation, partnership, or similar entity for whom you performed any service or engaged in any business activity in a self-employed capacity; (c) state the dates you performed such services or engaged in such business activity; (d) state the dollar amount or monetary value of any compensation, earning, and/or remuneration of any kind received by you for such services or business activity; and (e) identify all documents, correspondence, memoranda, diaries, notes or any written material received by or in the possession of you or any agent or attorney of yours that relate in any way to any of the facts stated in (a) through (d) above.

**ANSWER TO INTERROGATORY:**

7.     State whether you have applied for employment with any employer since January 1, 2002. If so, with respect to each potential employer: (a) identify the employer to which you applied; (b) state the date of your application; (c) state the title and describe in detail the job duties of the position for which you applied; (d) state the salary and compensation level of the position sought;

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Set of Interrogatories (Michelle D. Ramos)
Page 9 of 12

Case 1:03-cv-00028    Document 169    Filed 04/22/2005    Page 14 of 41

(e) describe in detail the efforts you made to secure employment at that employer; and (f) state the disposition of your job application, i.e. whether you received a job offer and, if so, state whether you accepted the offer and, if not, describe in detail why you did not accept the job offer.

**ANSWER TO INTERROGATORY:**

8.      Identify the name(s), address(es), and phone number(s) of each employer that you have had since January 1, 2002. With respect to each employer, identify: (a) the date(s) of the period(s) of your employment and whether the position you held was full-time or part-time; (b) your beginning rate of pay or salary and the total amount of compensation received during each year or part thereof of your employment with this employer; (c) your job title and the essential functions of the job that you performed with this employer; and (d) all documents, correspondence, memoranda, diaries, notes, or any written material received by or in the possession of you or any agent or attorney of yours that relate in any way to any of the facts stated in (a) through (c) above.

**ANSWER TO INTERROGATORY:**

9.      State whether you attended school, were hospitalized, or were otherwise unable to work during all or any part of the period from January 1, 2002 to the present. If so, state the following: (a) the schools or hospitals attended; (b) the dates you attended school, were hospitalized, or unable

to work; (c) the courses studied or the reasons for hospitalization or inability to work; and (d) the

hours of the day or evening of which you attended school or did homework for school.

**ANSWER TO INTERROGATORY:**

10.     Describe with specificity any kind of compensation that you have received as

unemployment compensation, as public aid, as worker's compensation, as social security, as

disability pay, or otherwise from sources other than employment since September 5, 2002, and,

with respect to each such payment, identify: (a) the date and source of such payment; (b) the

amount of such payment; and (c) all documents, correspondence, memoranda, diaries, notes, or any

written materials received by or in the possession of you or any agent, representative or attorney of

yours that relate in any way to any of the facts set forth in response to (a) and (b) above.

**ANSWER TO INTERROGATORY:**

11.     State the name, address and telephone number of any governmental agencies with which

you have filed claims, charges or complaints related to your employment with any current or former

employer, including without limitation all claims, charges or complaints filed against any

Defendant.  For each agency: (a) identify the agency;  (b) identify the employer against whom you

filed the claim, charge or complaint; (c) identify the nature of the complaint or claim; (d) describe

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Set of Interrogatories (to Jesse C. Gumataotao-Ramos)
Page 11 of 12

Case 1:03-cv-00028     Document 169     Filed 04/22/2005     Page 16 of 41

1  with specificity your allegations in such claim, charge or complaint; (e) state the date of your claim,

2  charge or complaint; (f) describe with specificity the response of each governmental agency,

3  including the current status of the claim, charge or complaint; and (g) the date of the response of

4  each governmental agency.

5

6  **ANSWER TO INTERROGATORY:**

7

8

9

10  12.    State whether you have ever been a party to any litigation other than this lawsuit. If your

11  answer is yes, as to each action, further state the court in which the action was instituted, the date

12  on which it was filed, the title and case number of the action, whether you were a defendant or

13  plaintiff, and the nature of the claim.

14

15    DATED this 11th day of March 2005.

16

17                    LIMTIACO CRUZ & SISON, PLLC

18

19        By:

20              DONNA M. CRUZ, ESQ.
              a duly licensed employee.

21

22

23

24

25

26

27  H:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\Interrogatories\First Set of Interrogatories to Michelle Ramos (tab five)final.03-11.05.doc

28

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Set of Interrogatories (Michelle D. Ramos)
Page 12 of 12

Case 1:03-cv-00028    Document 169    Filed 04/22/2005    Page 17 of 41

1   **LIMTIACO CRUZ & SISON, PLLC**
    Alicia A. Limtiaco, Esq.
2   Donna M. Cruz, Esq.
    MVP Business Center
3   777 Route 4, Suite 11B
    Sinajana, Guam 96910
4   Telephone: (671) 477-0000
    Facsimile:  (671) 477-0001
5
    **SIDLEY AUSTIN BROWN & WOOD LLP**
6   Peter I. Ostroff (SBN 045718)
    Max C. Fischer (SBN 226003)
7   555 West Fifth Street, Suite 4000
    Los Angeles, California 90013-1010
8   Telephone: (213) 896-6000
    Facsimile:  (213) 896-6600
9

10              **UNITED STATES DISTRICT COURT**

11                    **DISTRICT OF GUAM**

12
    MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ,   )   Civil Case No. 03-00028
13  and NONA A. PEREZ,                            )
                                                  )
14                             Plaintiffs,        )
                                                  )
15                                                )
        vs.                                       )
16                                                )
    LSG LUFTHANSA SERVICE GUAM, INC., et al.      )
17                                                )
18                             Defendants.        )
    _____ )
                                                  )
19  FELIPE DATUIN, JEFF GUMATAOTAO,               )   Civil Case No. 04-00010
    and JAMES CRUZ,                               )
20                                                )
                                                  )   **DEFENDANTS' FIRST SET OF**
21                             Plaintiffs,        )   **INTERROGATORIES**
                                                  )
22      vs.                                       )
                                                  )
23  LSG LUFTHANSA SERVICE GUAM, INC., et al.      )
                                                  )
24                             Defendants.        )
    _____ )
25

26  **TO:   RICARDO "GINO" PEREZ AND HIS ATTORNEYS OF RECORD,**
27        **SANDRA LYNCH, ESQ. AND WILLIAM GAVRAS, ESQ.**

28

**R**ECEIVED
MAR 1 1 2005
12:43pm JG
ORMAN & GAVR

District Court of Guam Civil Case No. CV 03-00028
**Exhibit "A"** Defendants' First Set of Interrogatories (Ricardo "Gino" Perez)
Page 1 of 12

Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively "LSG Guam"), hereby submit their interrogatories to Plaintiff Ricardo "Gino" Perez ("Plaintiff"). Answers must be filed and served, in writing and under oath, within thirty (30) days from receipt of these interrogatories.

## DEFINITIONS

1.     "Document" and "documents" are used herein in their customary broad sense and include, but are not limited to, anything in which there is portrayed or contained, or from which can be retrieved, any facts, information, or data, including without limitation all writings of every kind including, but not limited to, letters, telegrams, electronic mail, memoranda, reports, studies, photographs, calendar and diary entries, pamphlets, notes, charts, drawings, graphs, tabulations, analyses, statistical or informational accumulations, advertisements, portfolios, folder covers, any kind of records of meetings and conversations (including without limitation tape recordings), film impressions, videotapes, moving pictures, magnetic tapes, data stored in a computer or on a computer diskette, electronic mail, data compilations, sound or mechanical reproductions, or recordings, and copies of documents which are not identical duplicates of the originals (e.g., because handwritten or "blind" notes appear thereon or are attached thereto) whether or not the originals are in Plaintiff's possession, custody or control.

2.     As used herein, "concerning," "concern," and "concerns" mean pertaining in any way to, relating to, referring to, describing, evidencing, constituting, reflecting or being in any way logically or factually connected, in whole or in part, with the matter described.

/ /

/ /

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Set of Interrogatories (Ricardo "Gino" Perez)
Page 2 of 24

Case 1:03-cv-00028     Document 169     Filed 04/22/2005     Page 19 of 41

3.  As used herein, "you," "your," "yourself," and "Plaintiff" refer to Plaintiff Ricardo "Gino" Perez, his agents, employees, attorneys, accountants, representatives, and anyone acting for or on his behalf.

4.  As used herein, "LSG" and "Defendants" refer to any named Defendant in the above-captioned matter, and their agents, employees, attorneys, accountants, representatives, parent(s), subsidiary(ies), affiliate(s), predecessor(s), and anyone acting for or on their behalf.

5.  As used herein, "person" or "persons" means any natural person, individual, firm, cooperative, partnership, corporation, association, joint venture, governmental agency, or other organization, or legal or business entity, including, without limitation, any party to this litigation, and reference to any person throughout these requests should be understood as including such person's agents, officers, employees, representatives, contractors, sub-contractors, accountants, and attorneys.

6.  As used herein, "communication" means any transmittal of information, whether orally, in writing, by symbolism or electronic means, or otherwise.

7.  "And" and "or" shall be construed disjunctively or conjunctively, and the singular form of a word shall be interpreted in the plural as necessary in order to bring within the scope of any request all information which might otherwise be construed to be outside its scope.

8.  "Identify," "identity," and "identifying," when used in relation to a natural person, calls for the name(s), age, present business and resident address(es), present business and resident telephone number(s), occupation(s), title(s) or position(s), and employer(s) of such person.

9.  When used in relation to a person other than a natural person, including without limitation a corporation, partnership, joint venture, subsidiary, affiliate or other business organization or entity,

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Set of Interrogatories (Ricardo "Gino" Perez)
Page 3 of 13

Case 1:03-cv-00028     Document 169     Filed 04/22/2005     Page 20 of 41

1  the terms "identify," "identity," and "identifying" call for the name(s), address(es), and telephone
2  number(s) of such person.

3  10.    When used in the case of a document, the terms "identity," "identify," and "identifying" call
4
5  for a statement of the nature and title of the document, the date on which the document was
6  prepared or is dated, the general subject matter of the document, the number of pages comprising
7  the document, the identity of each person who authored or contributed to authoring the document,
8  the identity of each person who signed or initialed the document, the identity of each person who
9  received or reviewed the document (including without limitation "carbon copied" parties), the
10
11  present location of the document, and the identity of each person having custody of the document.

12  11.    When used in the case of a transaction, event or occurrence, the terms "identity," "identify,"
13  and "identifying" call for the identity of all natural persons involved in or present during the
14
15  transaction, event or occurrence, the date(s) and location(s) of the transaction, event or occurrence,
16  and a description of the substance or nature of the transaction, event or occurrence.

17  12.    When used in reference to a communication, the terms "identity," "identify," and
18  "identifying" call for a statement of the date and location of the communication, the type of
19  communication (e.g., "letter," "telephone conversation," or "personal meeting"), the identity of
20  each and every natural person who participated in or was present during such communication, and a
21  summary of the contents of the communication.  If the communication is also a document, or if any
22
23  document confirms, memorializes, or otherwise concerns the communication, identify each and
24  every such document.

25  13.    "Complaint" as used herein refers to the Complaint that Plaintiff filed in the above-
26  captioned action.
27

28

**INSTRUCTIONS**

1.    Each Interrogatory is to be fully and separately answered, and before each answer is given, the Interrogatory in question is to be set forth in full.

2.    Each Interrogatory shall be construed independently. No Interrogatory shall be construed by reference to any other Interrogatory for the purpose of limiting the response to such Interrogatory.

3.    With respect to the details of any conversation, statement, interview or other communication withheld on grounds of privilege or work product or other immunity, provide a sworn statement: (a) identifying the date and place of such conversation, statement, interview, or other communication; (b) identifying the person who made the privileged conversation, statement, interview, or other communication; (c) identifying each and every person who was present during such conversation, statement, interview, or other communication; (d) describing the nature and subject matter of the conversation, statement, interview, or other communication; (e) explaining the specific nature of and basis for each claim of privilege or work product or other immunity; and (f) identifying each and every document that reflects, memorializes, or otherwise concerns the conversation, statement, interview, or other communication.

4.    In the event that any document or portion of a document is withheld or is not identified under a claim of privilege or work product or any other immunity from discovery: (a) identify the subject matter of the document, its date, the number of pages comprising the document, the author(s) and recipient(s) of the document, and all persons to whom copies were furnished; (b) state the privilege, work product claim or other immunity asserted; and (c) provide sufficient facts from which the Court and Defendants can assess and determine the validity of such an assertion of

privilege, work product or other immunity, including but not limited to the identity of each person that has, that may have, or that you believe has or may have knowledge or information that supports, contradicts, or otherwise concerns the assertion of privilege, work product, or other immunity.

5.      If any document referenced herein or identified in response to any of these Interrogatories was at one time in existence, but has been lost, discarded or destroyed, identify such document as completely as possible, providing as much of the following information as possible: (a) the type of document; (b) its date; (c) the contents, subject(s), title(s), subtitle(s), nature, or scope of the document; (d) the date or approximate date it was lost, discarded or destroyed; (e) the circumstances and manner in which it was lost, discarded or destroyed; (f) the reason or reasons for disposing of the document (if discarded or destroyed); (g) the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document; (h) the identity of the person(s) who lost, discarded or destroyed the document; and (i) the identity of all persons that have or may have or that you believe have or may have knowledge or information concerning the contents thereof.

6.      With respect to any Interrogatory contained herein, if you cannot answer an Interrogatory in full, answer it to the fullest extent possible, explain why you cannot answer the remainder, and state the nature of the information you cannot furnish. If you are unable to provide the exact date or number requested by any Interrogatory, provide your best estimate of the date or number and indicate that your response is an approximation.

## INTERROGATORIES

1.      Identify (by name, home and business address(es), and home and business telephone number(s)) each and every person who provided any information concerning or relating to any of

the answers to these Interrogatories and, with respect to each such person, state in specific detail the information provided by such person and identify the Interrogatory answer(s) to which such information relates.

## ANSWER TO INTERROGATORY:

2.      Identify (by name, home and business address(es), and home and business telephone number(s)) each and every person that has or that you believe has knowledge or information concerning the subject matter of this litigation (including without limitation any of the allegations contained in the Complaint) or any of the facts described in these Interrogatories or your answers thereto, and set forth in detail what knowledge you believe each such person has or you believe has.

## ANSWER TO INTERROGATORY:

3.      Other than your attorney, identify each and every person with whom you have discussed the allegations asserted in your Complaint, including without limitation any former or current employee of any Defendant.  For each such individual, state (a) the name of any such person; (b) the date upon which such discussion(s) took place; (c) the place where such discussion(s) took place; (d) the name(s) of any and all witness(es) to such discussion(s); and (e) the content of such discussion(s).

## ANSWER TO INTERROGATORY:

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Set of Interrogatories (Ricardo "Gino" Perez)
Page 16 of 24

Case 1:03-cv-00028     Document 169     Filed 04/22/2005     Page 24 of 41

1    4.    Describe with specificity each and every way in which you contend you have been injured

2    and/or damaged by any Defendant's actions as alleged in the Complaint, including without

3    limitation the exact amount of damages you contend to have suffered. With respect to each item of

4    injury or damage, identify: (a) each and every fact you rely upon for your conclusion that you

5    suffered such injury or damage; (b) the dollar value of the injury or damage; (c) each and every

6    fact upon which you base your conclusion that the dollar value of such injury or damage is equal to

7    the amount set forth in (b) above; and (d) all documents, correspondence, memoranda, diary notes,

8    or any written materials received by or in the possession of you or any agent or attorney of yours

9

10    that relate to, support, or negate in any way such claim of damage or injury.

11

12    **ANSWER TO INTERROGATORY:**

13

14

15    5.    Identify each person you intend to, or may, call at the trial of this case as an expert witness

16

17    or any other experts or consultants retained or specifically employed by you in anticipation of this

18    litigation or in preparation for trial of this matter. For each person identified state: (a) his or her

19    name, business address and telephone number, and home address and telephone number; (b) state

20    with particularity the subject matter on which the expert will or is expected to testify; (c) the

21    conclusions and opinions of the expert witness and the bases thereof; (d) the qualifications of the

22

23    expert witness including, but not limited to, any and all educational and/or professional degrees or

24    certifications received by that witness; and (e) provide all reports prepared by the expert witness.

25    **ANSWER TO INTERROGATORY:**

26

27

28

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Set of Interrogatories (Ricardo "Gino" Perez)
Page 8 of 12

Case 1:03-cv-00028    Document 169    Filed 04/22/2005    Page 25 of 41

1   6.   If you were self-employed or performed services of any kind in a self-employed capacity

2   during any period since January 1, 2001: (a) describe in detail the nature of each service you

3   provided or business activity you engaged in as part of your self-employment; (b) identify each

4   individual, business corporation, partnership, or similar entity for whom you performed any service

5   or engaged in any business activity in a self-employed capacity; (c) state the dates you performed

6   such services or engaged in such business activity; (d) state the dollar amount or monetary value of

7   any compensation, earning, and/or remuneration of any kind received by you for such services or

8   business activity; and (e) identify all documents, correspondence, memoranda, diaries, notes or any

9   written material received by or in the possession of you or any agent or attorney of yours that relate

10  in any way to any of the facts stated in (a) through (d) above.

11

12

13  **ANSWER TO INTERROGATORY:**

14

15

16

17  7.   State whether you have applied for employment with any employer since August 1, 2002. If

18  so, with respect to each potential employer: (a) identify the employer to which you applied; (b) state

19  the date of your application; (c) state the title and describe in detail the job duties of the position for

20  which you applied; (d) state the salary and compensation level of the position sought; (e) describe

21  in detail the efforts you made to secure employment at that employer; and (f) state the disposition of

22  your job application, i.e. whether you received a job offer and, if so, state whether you accepted the

23  offer and, if not, describe in detail why you did not accept the job offer.

24

25  **ANSWER TO INTERROGATORY:**

26

27

28

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Set of Interrogatories (Ricardo "Gino" Perez)
Page 9 of 12

Case 1:03-cv-00028     Document 169     Filed 04/22/2005     Page 26 of 41

1

2

3  8.    Identify the name(s), address(es), and phone number(s) of each employer that you have had

4  since January 1, 2001. With respect to each employer, identify: (a) the date(s) of the period(s) of

5  your employment and whether the position you held was full-time or part-time; (b) your beginning

6  rate of pay or salary and the total amount of compensation received during each year or part thereof

7  of your employment with this employer; (c) your job title and the essential functions of the job that

8  you performed with this employer; and (d) all documents, correspondence, memoranda, diaries,

9

10  notes, or any written material received by or in the possession of you or any agent or attorney of

11  yours that relate in any way to any of the facts stated in (a) through (c) above.

12

13  **ANSWER TO INTERROGATORY:**

14

15

16  9.    State whether you attended school, were hospitalized, or were otherwise unable to work

17  during all or any part of the period from January 1, 2001 to the present. If so, state the following:

18  (a) the schools or hospitals attended; (b) the dates you attended school, were hospitalized, or unable

19  to work; (c) the courses studied or the reasons for hospitalization or inability to work; and (d) the

20

21  hours of the day or evening of which you attended school or did homework for school.

22  **ANSWER TO INTERROGATORY:**

23

24

25

26  10.    Describe with specificity any kind of compensation that you have received as

27  unemployment compensation, as public aid, as worker's compensation, as social security, as

28  disability pay, or otherwise from sources other than employment since August 1, 2002, and, with

1 respect to each such payment, identify: (a) the date and source of such payment; (b) the amount of

2 such payment; and (c) all documents, correspondence, memoranda, diaries, notes, or any written

3 materials received by or in the possession of you or any agent, representative or attorney of yours

4 that relate in any way to any of the facts set forth in response to (a) and (b) above.

5

6 **ANSWER TO INTERROGATORY:**

7

8

9

10

11 11.     State the name, address and telephone number of any governmental agencies with which

12 you have filed claims, charges or complaints related to your employment with any current or former

13 employer, including without limitation all claims, charges or complaints filed against any

14 Defendant.  For each agency: (a) identify the agency;  (b) identify the employer against whom you

15 filed the claim, charge or complaint; (c) identify the nature of the complaint or claim; (d) describe

16 with specificity your allegations in such claim, charge or complaint; (e) state the date of your claim,

17 charge or complaint; (f) describe with specificity the response of each governmental agency,

18 including the current status of the claim, charge or complaint; and (g) the date of the response of

19 each governmental agency.

20

21

22 **ANSWER TO INTERROGATORY:**

23

24

25

26

27

28

12.     State whether you have ever been a party to any litigation other than this lawsuit. If your answer is yes, as to each action, further state the court in which the action was instituted, the date on which it was filed, the title and case number of the action, whether you were a defendant or plaintiff, and the nature of the claim.

DATED this 11th day of March 2005.

LIMTIACO CRUZ & SISON, PLLC

By:     _____
        DONNA M. CRUZ, ESQ.
        a duly licensed employee.

1  **LIMTIACO CRUZ & SISON, PLLC**
   Alicia A. Limtiaco, Esq.
2  Donna M. Cruz, Esq.
   **MVP Business Center**
3  **777 Route 4, Suite 11B**
   Sinajana, Guam 96910
4  Telephone: (671) 477-0000
   Facsimile: (671) 477-0001
5
6  **SIDLEY AUSTIN BROWN & WOOD LLP**
   Peter I. Ostroff (SBN 045718)
7  Max C. Fischer (SBN 226003)
   555 West Fifth Street, Suite 4000
8  Los Angeles, California 90013-1010
   Telephone: (213) 896-6000
9  Facsimile: (213) 896-6600

10              **UNITED STATES DISTRICT COURT**

11                     **DISTRICT OF GUAM**

12  MICHELLE D. RAMOS, et al.              )     Civil Case No. 03-00028
13                                         )
                                           )
14                     Plaintiffs,         )
                                           )
15          vs.                            )
                                           )
16  LSG LUFTHANSA SERVICE GUAM, INC., et al. )
17                                         )
    _____Defendants.  )
18                                         )
    FELIPE DATUIN, JEFF GUMATAOTAO,        )     Civil Case No. 04-00010
19  and JAMES CRUZ,                        )
                                           )     **DEFENDANTS' FIRST SET OF**
20                     Plaintiffs,         )     **INTERROGATORIES**
                                           )
21          vs.                            )
                                           )
22  LSG LUFTHANSA SERVICE GUAM, INC., et al. )
23                                         )
    _____Defendants.  )
24

25  TO:   **NONA PEREZ AND HER ATTORNEYS OF RECORD, SANDRA LYNCH,**
26        **ESQ. AND WILLIAM GAVRAS, ESQ.**

27

28

RECEIVED
MAR 1 1 2005
4:13pm  J&
GORMAN & GAVRAS

Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively "LSG Guam"), hereby submit their interrogatories to Plaintiff Nona Perez ("Plaintiff"). Answers must be filed and served, in writing and under oath, within thirty (30) days from receipt of these interrogatories.

## DEFINITIONS

1.    "Document" and "documents" are used herein in their customary broad sense and include, but are not limited to, anything in which there is portrayed or contained, or from which can be retrieved, any facts, information, or data, including without limitation all writings of every kind including, but not limited to, letters, telegrams, electronic mail, memoranda, reports, studies, photographs, calendar and diary entries, pamphlets, notes, charts, drawings, graphs, tabulations, analyses, statistical or informational accumulations, advertisements, portfolios, folder covers, any kind of records of meetings and conversations (including without limitation tape recordings), film impressions, videotapes, moving pictures, magnetic tapes, data stored in a computer or on a computer diskette, electronic mail, data compilations, sound or mechanical reproductions, or recordings, and copies of documents which are not identical duplicates of the originals (e.g., because handwritten or "blind" notes appear thereon or are attached thereto) whether or not the originals are in Plaintiff's possession, custody or control.

2.    As used herein, "concerning," "concern," and "concerns" mean pertaining in any way to, relating to, referring to, describing, evidencing, constituting, reflecting or being in any way logically or factually connected, in whole or in part, with the matter described.

3.    As used herein, "you," "your," "yourself," and "Plaintiff" refer to Plaintiff Nona Perez, her agents, employees, attorneys, accountants, representatives, and anyone acting for or on her behalf.

4.     As used herein, "LSG" and "Defendants" refer to any named Defendant in the above-captioned matter, and their agents, employees, attorneys, accountants, representatives, parent(s), subsidiary(ies), affiliate(s), predecessor(s), and anyone acting for or on their behalf.

5.     As used herein, "person" or "persons" means any natural person, individual, firm, cooperative, partnership, corporation, association, joint venture, governmental agency, or other organization, or legal or business entity, including, without limitation, any party to this litigation, and reference to any person throughout these requests should be understood as including such person's agents, officers, employees, representatives, contractors, sub-contractors, accountants, and attorneys.

6.     As used herein, "communication" means any transmittal of information, whether orally, in writing, by symbolism or electronic means, or otherwise.

7.     "And" and "or" shall be construed disjunctively or conjunctively, and the singular form of a word shall be interpreted in the plural as necessary in order to bring within the scope of any request all information which might otherwise be construed to be outside its scope.

8.     "Identify," "identity," and "identifying," when used in relation to a natural person, calls for the name(s), age, present business and resident address(es), present business and resident telephone number(s), occupation(s), title(s) or position(s), and employer(s) of such person.

9.     When used in relation to a person other than a natural person, including without limitation a corporation, partnership, joint venture, subsidiary, affiliate or other business organization or entity, the terms "identify," "identity," and "identifying" call for the name(s), address(es), and telephone number(s) of such person.

10.    When used in the case of a document, the terms "identity," "identify," and "identifying" call for a statement of the nature and title of the document, the date on which the document was prepared or is dated, the general subject matter of the document, the number of pages comprising the document, the identity of each person who authored or contributed to authoring the document, the identity of each person who signed or initialed the document, the identity of each person who received or reviewed the document (including without limitation "carbon copied" parties), the present location of the document, and the identity of each person having custody of the document.

11.    When used in the case of a transaction, event or occurrence, the terms "identity," "identify," and "identifying" call for the identity of all natural persons involved in or present during the transaction, event or occurrence, the date(s) and location(s) of the transaction, event or occurrence, and a description of the substance or nature of the transaction, event or occurrence.

12.    When used in reference to a communication, the terms "identity," "identify," and "identifying" call for a statement of the date and location of the communication, the type of communication (e.g., "letter," "telephone conversation," or "personal meeting"), the identity of each and every natural person who participated in or was present during such communication, and a summary of the contents of the communication. If the communication is also a document, or if any document confirms, memorializes, or otherwise concerns the communication, identify each and every such document.

13.    "Complaint" as used herein refers to the Complaint that Plaintiff filed in the above-captioned action.

//

//

## INSTRUCTIONS

1.    Each Interrogatory is to be fully and separately answered, and before each answer is given, the Interrogatory in question is to be set forth in full.

2.    Each Interrogatory shall be construed independently. No Interrogatory shall be construed by reference to any other Interrogatory for the purpose of limiting the response to such Interrogatory.

3.    With respect to the details of any conversation, statement, interview or other communication withheld on grounds of privilege or work product or other immunity, provide a sworn statement: (a) identifying the date and place of such conversation, statement, interview, or other communication; (b) identifying the person who made the privileged conversation, statement, interview, or other communication; (c) identifying each and every person who was present during such conversation, statement, interview, or other communication; (d) describing the nature and subject matter of the conversation, statement, interview, or other communication; (e) explaining the specific nature of and basis for each claim of privilege or work product or other immunity; and (f) identifying each and every document that reflects, memorializes, or otherwise concerns the conversation, statement, interview, or other communication.

4.    In the event that any document or portion of a document is withheld or is not identified under a claim of privilege or work product or any other immunity from discovery: (a) identify the subject matter of the document, its date, the number of pages comprising the document, the author(s) and recipient(s) of the document, and all persons to whom copies were furnished; (b) state the privilege, work product claim or other immunity asserted; and (c) provide sufficient facts from which the Court and Defendants can assess and determine the validity of such an assertion of privilege, work product or other immunity, including but not limited to the identity of each person

that has, that may have, or that you believe has or may have knowledge or information that supports, contradicts, or otherwise concerns the assertion of privilege, work product, or other immunity.

5.    If any document referenced herein or identified in response to any of these Interrogatories was at one time in existence, but has been lost, discarded or destroyed, identify such document as completely as possible, providing as much of the following information as possible: (a) the type of document; (b) its date; (c) the contents, subject(s), title(s), subtitle(s), nature, or scope of the document; (d) the date or approximate date it was lost, discarded or destroyed; (e) the circumstances and manner in which it was lost, discarded or destroyed; (f) the reason or reasons for disposing of the document (if discarded or destroyed); (g) the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document; (h) the identity of the person(s) who lost, discarded or destroyed the document; and (i) the identity of all persons that have or may have or that you believe have or may have knowledge or information concerning the contents thereof.

6.    With respect to any Interrogatory contained herein, if you cannot answer an Interrogatory in full, answer it to the fullest extent possible, explain why you cannot answer the remainder, and state the nature of the information you cannot furnish. If you are unable to provide the exact date or number requested by any Interrogatory, provide your best estimate of the date or number and indicate that your response is an approximation.

//

//

//

# INTERROGATORIES

1.    Identify (by name, home and business address(es), and home and business telephone number(s)) each and every person who provided any information concerning or relating to any of the answers to these Interrogatories and, with respect to each such person, state in specific detail the information provided by such person and identify the Interrogatory answer(s) to which such information relates.

## ANSWER TO INTERROGATORY:


2.    Identify (by name, home and business address(es), and home and business telephone number(s)) each and every person that has or that you believe has knowledge or information concerning the subject matter of this litigation (including without limitation any of the allegations contained in the Complaint) or any of the facts described in these Interrogatories or your answers thereto, and set forth in detail what knowledge you believe each such person has or you believe has.

## ANSWER TO INTERROGATORY:


3.    Other than your attorney, identify each and every person with whom you have discussed the allegations asserted in your Complaint, including without limitation any former or current employee of any Defendant. For each such individual, state (a) the name of any such person; (b) the date upon which such discussion(s) took place; (c) the place where such discussion(s) took place; (d) the name(s) of any and all witness(es) to such discussion(s); and (e) the content of such discussion(s).

**ANSWER TO INTERROGATORY:**

4.    Describe with specificity each and every way in which you contend you have been injured and/or damaged by any Defendant's actions as alleged in the Complaint, including without limitation the exact amount of damages you contend to have suffered. With respect to each item of injury or damage, identify: (a) each and every fact you rely upon for your conclusion that you suffered such injury or damage; (b) the dollar value of the injury or damage; (c) each and every fact upon which you base your conclusion that the dollar value of such injury or damage is equal to the amount set forth in (b) above; and (d) all documents, correspondence, memoranda, diary notes, or any written materials received by or in the possession of you or any agent or attorney of yours that relate to, support, or negate in any way such claim of damage or injury.

**ANSWER TO INTERROGATORY:**

5.    Identify each person you intend to, or may, call at the trial of this case as an expert witness or any other experts or consultants retained or specifically employed by you in anticipation of this litigation or in preparation for trial of this matter. For each person identified state: (a) his or her name, business address and telephone number, and home address and telephone number; (b) state with particularity the subject matter on which the expert will or is expected to testify; (c) the conclusions and opinions of the expert witness and the bases thereof; (d) the qualifications of the

expert witness including, but not limited to, any and all educational and/or professional degrees or certifications received by that witness; and (e) provide all reports prepared by the expert witness.

**ANSWER TO INTERROGATORY:**

6.     If you were self-employed or performed services of any kind in a self-employed capacity during any period since January 1, 2000: (a) describe in detail the nature of each service you provided or business activity you engaged in as part of your self-employment; (b) identify each individual, business corporation, partnership, or similar entity for whom you performed any service or engaged in any business activity in a self-employed capacity; (c) state the dates you performed such services or engaged in such business activity; (d) state the dollar amount or monetary value of any compensation, earning, and/or remuneration of any kind received by you for such services or business activity; and (e) identify all documents, correspondence, memoranda, diaries, notes or any written material received by or in the possession of you or any agent or attorney of yours that relate in any way to any of the facts stated in (a) through (d) above.

**ANSWER TO INTERROGATORY:**

7.     State whether you have applied for employment with any employer since January 1, 2002. If so, with respect to each potential employer: (a) identify the employer to which you applied; (b) state the date of your application; (c) state the title and describe in detail the job duties of the position for which you applied; (d) state the salary and compensation level of the position sought; (e) describe in detail the efforts you made to secure employment at that employer; and (f) state the

disposition of your job application, i.e. whether you received a job offer and, if so, state whether you accepted the offer and, if not, describe in detail why you did not accept the job offer.

**ANSWER TO INTERROGATORY:**

8.     Identify the name(s), address(es), and phone number(s) of each employer that you have had since January 1, 2002. With respect to each employer, identify: (a) the date(s) of the period(s) of your employment and whether the position you held was full-time or part-time; (b) your beginning rate of pay or salary and the total amount of compensation received during each year or part thereof of your employment with this employer; (c) your job title and the essential functions of the job that you performed with this employer; and (d) all documents, correspondence, memoranda, diaries, notes, or any written material received by or in the possession of you or any agent or attorney of yours that relate in any way to any of the facts stated in (a) through (c) above.

**ANSWER TO INTERROGATORY:**

9.     State whether you attended school, were hospitalized, or were otherwise unable to work during all or any part of the period from January 1, 2002 to the present. If so, state the following: (a) the schools or hospitals attended; (b) the dates you attended school, were hospitalized, or unable to work; (c) the courses studied or the reasons for hospitalization or inability to work; and (d) the hours of the day or evening of which you attended school or did homework for school.

**ANSWER TO INTERROGATORY:**

10. Describe with specificity any kind of compensation that you have received as unemployment compensation, as public aid, as worker's compensation, as social security, as disability pay, or otherwise from sources other than employment since July 1, 2002, and, with respect to each such payment, identify: (a) the date and source of such payment; (b) the amount of such payment; and (c) all documents, correspondence, memoranda, diaries, notes, or any written materials received by or in the possession of you or any agent, representative or attorney of yours that relate in any way to any of the facts set forth in response to (a) and (b) above.

**ANSWER TO INTERROGATORY:**

11. State the name, address and telephone number of any governmental agencies with which you have filed claims, charges or complaints related to your employment with any current or former employer, including without limitation all claims, charges or complaints filed against any Defendant. For each agency: (a) identify the agency; (b) identify the employer against whom you filed the claim, charge or complaint; (c) identify the nature of the complaint or claim; (d) describe with specificity your allegations in such claim, charge or complaint; (e) state the date of your claim, charge or complaint; (f) describe with specificity the response of each governmental agency, including the current status of the claim, charge or complaint; and (g) the date of the response of each governmental agency.

**ANSWER TO INTERROGATORY:**

12.    State whether you have ever been a party to any litigation other than this lawsuit. If your answer is yes, as to each action, further state the court in which the action was instituted, the date on which it was filed, the title and case number of the action, whether you were a defendant or plaintiff, and the nature of the claim.

DATED this 11th day of March 2005.

LIMTIACO CRUZ & SISON, PLLC

By: _____
DONNA M. CRUZ, ESQ.
a duly licensed employee.

H:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs LSG CV 03-00028\Pleadings\Interrogatories\First Set of Interrogatories to Nona Perez (tab five)final 03 11 05.doc

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Set of Interrogatories (Nona Perez)

Case 1:03-cv-00028    Document 169    Page 12 of 12    Filed 04/22/2005    Page 41 of 41

LIMTIACO CRUZ & SISON, PLLC
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

SIDLEY AUSTIN BROWN & WOOD LLP
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ, and NONA A. PEREZ, <br><br> Plaintiffs, <br><br> vs. <br><br> LSG LUFTHANSA SERVICE GUAM, INC., et al. <br><br> Defendants. | Civil Case No. 03-00028 |
| FELIPE DATUIN, JEFF GUMATAOTAO, and JAMES CRUZ, <br><br> Plaintiffs, <br><br> vs. <br><br> LSG LUFTHANSA SERVICE GUAM, INC., et al. <br><br> Defendants. | Civil Case No. 04-00010 <br><br> **DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO:   MICHELLE D. RAMOS AND HER ATTORNEYS OF RECORD,
      SANDRA LYNCH, ESQ. AND WILLIAM GAVRAS, ESQ.

RECEIVED
MAR 1 1 2005
4:30pm JG
GORMAN & GAVRAS

**Exhibit "B"**

District Court of Guam Civil Case No. 03-00028
Defendants First Request for Production of Documents (Michelle Ramos)
Case 1:03-cv-00028   Document 169-2 Page Filed 04/22/2005   Page 2 of 51

Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively "LSG Guam"), hereby request that Plaintiff Michelle D. Ramos make available for inspection and copying at the offices of Limtiaco Cruz & Sison, PLLC, 777 Route 4, MVP Business Center, Suite 11B, Sinajana, Guam 96910, within thirty (30) days from receipt of this request, the documents described herein.

## INSTRUCTIONS

In responding to each part of this request, the following instructions shall apply:

1. If a request, read literally, requires the production of a part or portion of a document, production of the entire document is requested. Wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Plaintiff's knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not produced.

2. In all requests, the singular includes the plural, and the plural includes the singular, wherever such dual construction will serve to bring within the scope of a request any document which would otherwise not be brought within its scope.

3. This demand requires you to produce the originals of all documents and all tangible things demanded that are in your actual or constructive possession, custody, or control, or in the possession, custody, or control of your attorneys, accountants, representatives, consultants, agents, employees, or anyone maintaining the documents or things demanded, or anyone acting on your behalf.

4. This demand requires the production of documents as they are kept in the usual course of business or to be organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in the boxes, file

District Court of Guam Civil Case No. 03-00028
Defendants First Request for Production of Documents (Michelle Ramos)
Case 1:03-cv-00028    Document 169-2 Page 3 of 51 Filed 04/22/2005    Page 3 of 51

folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.

5. In the event that any document is withheld on the ground of privilege or the work product doctrine or any other purported protection, please provide the following information with respect to any such document in order to aid the Court and Defendants in determining the validity of the claim of privilege or other protection:

a. The identity of the person(s) who prepared the document, who signed it, and under whose name it was sent or issued;

b. The identity of the person(s) to whom the document was directed and all recipients;

c. The nature and substance of the document with sufficient particularity to enable the Court and parties hereto to identify the document;

d. The date of the document;

e. The identity of the person(s) having custody of or control over the document and each copy thereof;

f. The identity of each person(s) to whom copies of the document were furnished;

g. The number of pages of the document;

h. The basis on which any privilege or other protection is claimed; and

i. Whether any non-privileged or non-protected matter is included in the document.

District Court of Guam Civil Case No. 03-00028
Defendants First Request for Production of Documents (Michelle Ramos)
Case 1:03-cv-00028     Document 169-2     Page 3 of 8     Filed 04/22/2005     Page 4 of 51

## DEFINITIONS

1. "PLAINTIFF" or "YOU" or "YOUR" refers to Plaintiff Michelle Ramos and her attorneys, consultants, agents, representatives, and all other persons acting on or for her behalf, or purporting to act on or for her behalf, or in concert with any or all of them.

2. "COMPLAINT" means Case Number 03-00028 filed by PLAINTIFF in the United States District Court for the District of Guam.

3. "LSG GUAM" means collectively Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. and/or their managers, officers, directors, partners, agents, employees, servants, attorneys, accountants, consultants, representatives, and all other persons acting on or for their behalf.

4. "LSG SAIPAN" means collectively Defendants LSG Lufthansa Service Saipan, Inc. and LSG Catering Saipan, Inc. and/or their managers, officers, directors, partners, agents, employees, servants, attorneys, accountants, consultants, representatives, and all other persons acting on or for their behalf.

5. "DEFENDANT" means any named defendant in the COMPLAINT.

6. "COMPLAINT OF DISCRIMINATION" refers to any administrative charge PLAINTIFF filed with the United States Equal Employment Opportunity Commission.

7. "CLAIMS" means and includes lawsuits, charges, workers compensation claims, or any and all claims filed with the United States Equal Employment Opportunity Commission.

8. "HEALTH CARE PROVIDER" means any physicians, chiropractors, osteopaths, hospitals, optometrists, nurses, nurse practitioners, therapists, psychologists, psychiatrists, psychoanalysts or counselors, whether or not licensed or certified by any governmental or regulatory body.

District Court of Guam Civil Case No. 03-00028
Defendants First Request for Production of Documents (Michelle Ramos)
Page 2 of 17

Case 1:03-cv-00028    Document 169-2    Filed 04/22/2005    Page 5 of 51

9.     "COMMUNICATION" or any variant thereof refers to any verbal, written, electronic or other transmittal or words, thoughts, ideas or images between or among persons, whether in person, by letter, by email, by telephone or by any other means. It also specifically includes correspondence, notes of meetings or notes of telephone calls.

10.     "DOCUMENTS" as used herein includes all physical forms of written records, photographs, negatives, communications, cards, transcripts, minutes, telegrams, cables, telexes, tapes, recordings, files, memoranda, notes, drafts, photocopies, diaries, appointment records and calendars, affidavits, statements, summaries, evaluations, valuations, audits, verifications, inventories, appraisals, reports, studies, other analyses, books or records of accounts, contracts, other agreements, powers of attorney, endorsements, account statements, receipts, safe deposit records, invoices, telephone records and statements, tax records, notices, work papers, agenda, interoffice or intra office communications, notebooks, telephone message slips, logs, and anything upon which handwriting, printing, typing, computer printing, photostatic copies, magnetic or electronic impulse or other form of communication are recorded or reproduced.

11.     "PROCEEDING" means a state or federal court trial or hearing, an arbitration or deposition, or an administrative forum.

12.     "All" should be understood to include and encompass "any" and "each." In all requests, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of a request any document which would otherwise not be brought within its scope.

## DOCUMENT REQUESTS

1.     Any and all DOCUMENTS that describe, memorialize, discuss, refer or relate to the hiring of PLAINTIFF by any of the DEFENDANTS.

2. Any and all DOCUMENTS that describe, memorialize, discuss, refer or relate to PLAINTIFF's duties, functions, actions or activities during the course and scope of PLAINTIFF's employment with any of the DEFENDANTS.

3. Any and all DOCUMENTS that describe, memorialize, refer or relate to personnel decisions made with respect to PLAINTIFF by any of the DEFENDANTS, including all DOCUMENTS reflecting the reasons for or circumstances surrounding such personnel decisions.

4. Any and all DOCUMENTS that constitute, evidence, refer or relate to any evaluation of, or comments concerning, PLAINTIFF's job performance by any employee or agent of any of the DEFENDANTS.

5. Any and all DOCUMENTS that constitute, evidence, refer or relate to any evaluation of, or comments concerning, PLAINTIFF's job performance by persons other than employees or agents of any of the DEFENDANTS, including customers of any of the DEFENDANTS.

6. Any and all DOCUMENTS that constitute, evidence, refer or relate to diaries, calendars, appointment books, logs, or notes, including, but not limited to, any Franklin planner(s), maintained by PLAINTIFF from January 1, 2001 to the present.

7. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to complaints, claims or grievances made by PLAINTIFF regarding her employment with any of the DEFENDANTS, including, but not limited to, the purported complaints described in the COMPLAINT, including paragraph 32 therein.

8. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to PLAINTIFF's contention that any or all of the DEFENDANTS were not responsive to PLAINTIFF'S complaints as alleged in the COMPLAINT, including paragraph 55 therein.

9.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF suffered disparate treatment during her employment with any of the DEFENDANTS as alleged in the COMPLAINT, including paragraph 29 therein.

10.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF suffered harassment, excessive criticism, and disparate treatment not experienced by similarly situated Whites or Asians as alleged in the COMPLAINT, including paragraph 30 therein.

11.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the DEFENDANTS have exhibited, through their agents or assigns, and by their actions and inactions, patterns and practices of discrimination toward Pacific Islanders as alleged in the COMPLAINT, including paragraph 31 therein.

12.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the DEFENDANTS, through their agents or assigns, and by their actions and inactions, condoned, accepted, authorized, implicitly or explicitly, the actions of discrimination, retaliation, disparate treatment, hostile work environment, harassment and other unlawful employment practices to which PLAINTIFFS were subjected in the terms and conditions of their employment as alleged in the COMPLAINT, including paragraph 33 therein.

13.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF "was hired in 1996 as Chief Accountant for LSG Guam and promoted in 1998 to Manager of Finance and Administration and to

District Court of Guam Civil Case No. 03-00028
Defendants First Request for Production of Documents (Michelle Ramos)
Case 1:03-cv-00028     Document 169-2     Page 7 of 50     Filed 04/22/2005     Page 8 of 51

1 Deputy General Manager for LSG Guam and LSG Saipan in 1999" as alleged in the COMPLAINT,
2 including paragraph 60 therein.

3     14.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support,
4 contradict, refer or relate to PLAINTIFF's contention that inherent in PLAINTIFF's
5 "responsibilities were the supervision of finance, accounting, MIS, purchasing, inventory, legal
6
7 matters, banking and Human Resources, negotiating and monitoring insurance contracts and
8 vendors, facilitating Human Resources issues, customer service and all areas managed and
9 supervised by the General Manager" as alleged in the COMPLAINT, including paragraph 61
10 therein.

11     15.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support,
12
13 contradict, refer or relate to PLAINTIFF's contention that "from the inception of PLAINTIFF's
14 promotions, the General Manager for Defendants LSG Guam and LSG Saipan promised she would
15 receive equal benefits for the position of Administration and Finance Manager and Deputy General
16 Managers as received by male and non-Pacific Islander deputy general managers" as alleged in the
17 COMPLAINT, including paragraph 62 therein.

18     16.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support,
19
20 contradict, refer or relate to PLAINTIFF's contention that from "1998 to 2003, PLAINTIFF; was
21 denied equal pay benefits including travel cards, medical insurance, housing allowances, company
22 vehicles, and other benefits paid to male and non-Pacific Islander deputy general managers,
23 production managers, and operations managers" as alleged in the COMPLAINT, including
24 paragraph 63 therein.

25     17.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support,
26
27 contradict, refer or relate to PLAINTIFF's contention that from "May 2002 Defendant
28

Pandalitschka began a practice of excluding PLAINTIFF from her areas of responsibility, including excluding her from meetings, telling other managers and employees not to inform her of critical issues and to avoid speaking with her" as alleged in the COMPLAINT, including paragraph 64 therein.

18. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "from May 2002, Defendant Pandalitschka harassed and discriminated against PLAINTIFF by deleting responsibilities from PLAINTIFF, precluding her from contacting vendors, airport administrators, customers, managers, employees, airline agents, and all others with whom she was required to deal on a daily basis in order to successfully carry out her duties and responsibilities" as alleged in the COMPLAINT, including paragraph 65 therein.

19. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "in July 2002, Defendant Chan, a personal friend of Defendant Pandalitschka, received a promotion, a salary increase, and the benefits package which was still being denied to PLAINTIFF and that Defendant Chan was then removed from the organizational structure which required that he report to PLAINTIFF" as alleged in the COMPLAINT, including paragraph 66 therein.

20. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "Defendant Pandalitschka harassed and discriminated against PLAINTIFF, and treated her differently than other non-Pacific Islanders by disparaging her to the public and private entities with which she worked"as alleged in the COMPLAINT, including paragraph 67 therein.

21. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF "reported the discrimination

District Court of Guam Civil Case No. 03-00028
Defendants First Request for Production of Documents (Michelle Ramos)
Case 1:03-cv-00028    Document 169-2    Page 9 of 07/04/22/2005    Page 10 of 51

and harassment by Defendant Pandalitschka to Defendant Cheung as representative of Defendants LSG several times during 2002, but Defendants LSG and Cheung took no action" as alleged in the COMPLAINT, including paragraph 68 therein.

22.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "prior to August 2002, PLAINTIFF served as the Human Resources officer for Guam and Saipan, since DEFENDANTS did not employ a local HR manager; but in August, 2002 LSG recruited a local HR manager, Jose Manzon, who was to report to PLAINTIFF.  Instead, Defendant Pandalitschka told Manzon not to speak with Ramos, thereby denying her the ability to carry out her duties and responsibilities and creating a hostile work environment" as alleged in the COMPLAINT, including paragraph 69 therein.

23.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF, "in her supervisory capacity over HR, and in her capacity as Deputy General Manager, complained to Defendant Cheung regarding the alleged discrimination and retaliation by Defendant Pandalitschka against herself and Plaintiff Gino Perez on many occasions, with no results" as alleged in the COMPLAINT, including paragraph 70 therein.

24.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "instead of addressing PLAINTIFF's concerns or allowing her to carry out her duties and responsibilities to HR and LSG in general, Defendant Cheung and LSG brought in Phyllis Li, a Chinese national, who was newly hired and made Vice President of HR for Pacific Asia in November 2002 and that Cheung gave Li regional authority over HR, with Pandalitschka having local authority over HR, which resulted in further preclusion of Plaintiff Ramos from information and duties inherent in her position" as alleged in the COMPLAINT, including paragraph 71 therein.

District Court of Guam Civil Case No. 03-00028
Defendants First Request for Production of Documents (Michelle Ramos)
Page 10 of 14

Case 1:03-cv-00028    Document 169-2    Filed 04/22/2005    Page 11 of 51

25.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "in January, 2002, Cheung sent Phyllis Li to "evaluate the complaints" made by PLAINTIFF and Gino Perez" as alleged in the COMPLAINT, including paragraph 72 therein.

26.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "instead of assigning Li as an investigator, however, and involving PLAINTIFF in the discussion of Plaintiff Gino Perez's complaints, PLAINTIFF was excluded from the investigation" as alleged in the COMPLAINT, including paragraph 73 therein.

27.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "shortly after Li came to Guam, Plaintiff Michelle Ramos asked for Li's assistance again. Instead of resolution, Plaintiff Michelle Ramos was given a letter of termination" as alleged in the COMPLAINT, including paragraph 74 therein.

28.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF "promptly complained to Defendant Cheung regarding the termination letter, as it was wrongful and retaliatory" as alleged in the COMPLAINT, including paragraph 75 therein.

29.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "Defendants LSG had promised that Defendant Pandalitschka would provide training to PLAINTIFF so that she could assume the position of General Manager in December 2002" as alleged in the COMPLAINT, including paragraph 76 therein.

District Court of Guam Civil Case No. 03-00028
Defendants First Request for Production of Documents (Michelle Ramos)
Page 11 of 17

Case 1:03-cv-00028   Document 169-2   Filed 04/22/2005   Page 12 of 51

30. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention "that instead of training PLAINTIFF as promised, as a further result of PLAINTIFF's complaints about the wrongful treatment of Plaintiff Michelle Ramos, Defendant Pandalitschka further isolated PLAINTIFF from her assigned responsibilities, including isolating her from information and employees, as a result of which Pandalitschka's contract was extended beyond December 2002 and PLAINTIFF was denied her former scope of authority and responsibility" as alleged in the COMPLAINT, including paragraph 77 therein.

31. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "instead of investigating her complaints, PLAINTIFF was retaliated against by DEFENDANTS, when her scope of authority was reduced, her public and private contacts were told not to speak with her, and her position in the organization was no longer recognized by DEFENDANTS" as alleged in the COMPLAINT, including paragraph 78 therein.

32. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "as a direct result of the continuing harassment, discrimination and hostile work environment created by DEFENDANTS, and in retaliation for her complaints of discrimination and disparate treatment throughout 2002, PLAINTIFF was constructively terminated on March 31, 2003 when it was agreed she would submit her resignation" as alleged in the COMPLAINT, including paragraph 79 therein.

33. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that the "actions by Defendants Cheung, Pandalitschka and Chan were approved, condoned, or authorized by Defendants LSG" as alleged in the COMPLAINT, including paragraph 80 therein.

District Court of Guam Civil Case No. 03-00028
Defendants First Request for Production of Documents (Michelle Ramos)
Case 1:03-cv-00028    Document 169-2 Page Filed 04/22/2005    Page 13 of 51

34.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "at all times relevant, PLAINTIFF performed her duties and carried out the obligations of her employment fully" as alleged in the COMPLAINT, including paragraph 81 therein.

35.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "the actions by DEFENDANTS against PLAINTIFF violated the employment agreement between LSG and PLAINTIFF and denied her the benefits to which she was entitled" as alleged in the COMPLAINT, including paragraph 82 therein.

36.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that the actions by DEFENDANTS against PLAINTIFF were retaliatory in nature, and discriminatory as they were applied only to PLAINTIFF, a Pacific Islander as alleged in the COMPLAINT, including paragraph 83 therein.

37.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "the actions by Defendants form a continuous pattern and practice of discrimination in employment for those of Pacific Island origin by DEFENDANTS" as alleged in the COMPLAINT, including paragraph 84 therein.

38.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "as a direct result of the DEFENDANTS' unlawful actions, discrimination, harassment, differential and disparate treatment, PLAINTIFF suffered emotional harm, suffering, mental anguish, loss of enjoinment, and other non-pecuniary losses in amounts to be proved at trial" as alleged in the COMPLAINT, including paragraph 85 therein.

39.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "as a direct result of the DEFENDANTS'

District Court of Guam Civil Case No. 03-00028
Defendants First Request for Production of Documents (Michelle Ramos)
Case 1:03-cv-00028     Document 169-2     Page 13 of 17 Filed 04/22/2005     Page 14 of 51

unlawful actions, discrimination, harassment, differential and disparate treatment, PLAINTIFF lost income and benefits and future prospects of income and benefits, incurred expenses and costs, and will incur future expenses and costs, including attorneys fees, in amounts to be proved at trial" as alleged in the COMPLAINT, including paragraph 86 therein.

40.    Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to efforts by PLAINTIFF to obtain or engage in an occupation, business, job, or source of income, compensation or remuneration subsequent to PLAINTIFF's employment with any of the DEFENDANTS, including reference letters, COMMUNICATIONS with persons requested to write reference letters for PLAINTIFF, resumes, draft resumes, COMMUNICATIONS with prospective employers or business associates, applications for employment or business association, photographs, portfolios, audio or video tapes, and DOCUMENTS received from prospective employers or business associates.

41.    Any and all DOCUMENTS that describe, memorialize, evidence, refer or relate to occupations, businesses, jobs, or sources of income, compensation or remuneration earned by PLAINTIFF subsequent to her employment with any of the DEFENDANTS.

42.    PLAINTIFF's pay stubs, payroll records, earnings records, and DOCUMENTS reflecting any and all sources and/or amounts of income, earnings or other remuneration, whether from any of the DEFENDANTS or from another source, obtained subsequent to PLAINTIFF's employment with any of the DEFENDANTS.

43.    A copy of PLAINTIFF's most recent resume and copies of any resume(s) prepared by PLAINTIFF or on PLAINTIFF's behalf since January 1, 2002.

44.    All DOCUMENTS, or copies thereof, that describe, memorialize, refer to or relate to PLAINTIFF's employment with any of the DEFENDANTS that PLAINTIFF retained after PLAINTIFF's employment with any of the DEFENDANTS ended.

District Court of Guam Civil Case No. 03-00028
Defendants First Request for Production of Documents (Michelle Ramos)
Page 14 of 17

Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 15 of 51

45. Any and all DOCUMENTS that constitute, evidence, memorialize, discuss, refer or relate to PLAINTIFF's relationship with any of the DEFENDANTS, including without limitation, all pay stubs, notes, diaries, calendars and schedules, documents relating to any DEFENDANT's policies and procedures (including personnel policies and procedures), and any forms PLAINTIFF completed in connection with her employment with any of the DEFENDANTS.

46. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to relate to any COMMUNICATIONS between PLAINTIFF and present or former employees or agents of any of the DEFENDANTS during PLAINTIFF's employment with any of the DEFENDANTS relating to any of the allegations or claims in the COMPLAINT.

47. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMMUNICATIONS between PLAINTIFF and present or former employees or agents of any of the DEFENDANTS subsequent to PLAINTIFF's employment with any of the DEFENDANTS relating to any of the allegations or claims in the COMPLAINT.

48. All DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMPLAINT OF DISCRIMINATION filed by PLAINTIFF with the United States Equal Employment Opportunity Commission, including but not limited to, any DOCUMENTS PLAINTIFF submitted in connection with such COMPLAINTS.

49. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to claims, charges and/or applications prepared or caused to be prepared by PLAINTIFF for disability insurance, unemployment insurance, workers' compensation and employment discrimination, including, but not limited to, written statements submitted by PLAINTIFF to the United States Department of Labor, the United States Equal Employment Opportunity Commission, Department of Industrial Relations (workers' compensation), and/or any other like agency in any other jurisdiction.

District Court of Guam Civil Case No. 03-00028
Defendants First Request for Production of Documents (Michelle Ramos)
Case 1:03-cv-00028    Document 169-2 Page 16 of 51    Filed 04/22/2005    Page 16 of 51

50.  Any and all DOCUMENTS received by PLAINTIFF in connection with claims, charges and/or applications filed by her for disability insurance, unemployment insurance, workers' compensation, and employment discrimination, including, but not limited to, written statements received from the United States Department of Labor, the United States Equal Employment Opportunity Commission, Department of Industrial Relations (workers' compensation), and/or any other like agency in any other jurisdiction.

51.  Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any claims, charges, demands or requests made or asserted by PLAINTIFF in any forum, whether by informal demand or request upon another party or before a court or administrative agency of any nature asserting discrimination or harassment claims, personal injury, disability, emotional distress, or economic damages, including but not limited to any statements, depositions, affidavits or declarations given by PLAINTIFF in connection with these claims.

52.  All DOCUMENTS that memorialize, discuss, evidence, refer or relate to each PROCEEDING in which PLAINTIFF has testified since January 1, 1993.

53.  Any and all DOCUMENTS that memorialize, refer or relate to visits or other contacts with physicians, doctors, psychologists, psychiatrists, counselors, social workers, therapists, and/or any other HEALTH CARE PROVIDER whom PLAINTIFF consulted during the period January 1, 1993 to the present.

54.  Any and all DOCUMENTS that memorialize, refer or relate to PLAINTIFF's physical, mental and/or psychiatric health and/or condition during the period January 1, 1993, to the present, including but not limited to any and all reports regarding PLAINTIFF's physical, mental and/or psychiatric health and/or condition.

55.  Any and all DOCUMENTS that memorialize, refer or relate to medical, psychiatric and/or psychological visits, check-ups, tests, diagnoses and/or treatments rendered to PLAINTIFF,

District Court of Guam Civil Case No. 03-00028
Defendants First Request for Production of Documents (Michelle Ramos)
Case 1:03-cv-00028    Document 169-2    Page 17 of 17    Filed 04/22/2005    Page 17 of 51

including but not limited to bills, insurance claims and records of payment, during the period January 1, 1993 to the present.

56.    Any and all DOCUMENTS that memorialize, refer or relate to psychotherapy, counseling, or other similar treatment rendered to PLAINTIFF, whether alone or in conjunction with another person(s), during the period January 1, 1993 to the present.

57.    Any and all DOCUMENTS that memorialize, support, refer or relate to complaints of discrimination (including, without limitation, gender and age discrimination) made by PLAINTIFF at any time.

58.    Any and all DOCUMENTS that relate to or support PLAINTIFF's claim for attorney's fees, including without limitation, any fee agreement, invoices, and billing statements.

59.    Any and all witness statements, affidavits or declarations that relate to any of the allegations in this action.

60.    Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions or claims made in the COMPLAINT herein against any or all of the DEFENDANTS.

DATED this 11th day of March 2005.


LIMTIACO CRUZ & SISON, PLLC


By:  _____
     ALICIA A. LIMTIACO, ESQ.
     a duly licensed employee.

District Court of Guam Civil Case No. 03-00028
Defendants First Request for Production of Documents (Michelle Ramos)
Case 1:03-cv-00028    Document 169-2Page 1Filed 04/22/2005    Page 18 of 51

1  LIMTIACO CRUZ & SISON, PLLC
   Alicia A. Limtiaco, Esq.
2  Donna M. Cruz, Esq.
   MVP Business Center
3  777 Route 4, Suite 11B
   Sinajana, Guam 96910
4  Telephone: (671) 477-0000
   Facsimile: (671) 477-0001
5
   SIDLEY AUSTIN BROWN & WOOD LLP
6  Peter I. Ostroff (SBN 045718)
   Max C. Fischer (SBN 226003)
7  555 West Fifth Street, Suite 4000
   Los Angeles, California 90013-1010
8  Telephone: (213) 896-6000
   Facsimile: (213) 896-6600
9

10            UNITED STATES DISTRICT COURT

11                  DISTRICT OF GUAM

12  MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ,   )   Civil Case No. 03-00028
    and NONA A. PEREZ,                            )
13                                                )
                             Plaintiffs,          )
14                                                )
15              vs.                               )
                                                  )
16  LSG LUFTHANSA SERVICE GUAM, INC., et al.      )
                                                  )
17  _____Defendants.___)
                                                  )
18  FELIPE DATUIN, JEFF GUMATAOTAO,               )   Civil Case No. 04-00010
    and JAMES CRUZ,                               )
19                                                )
                                                  )   **DEFENDANTS' FIRST**
20                           Plaintiffs,          )   **REQUEST FOR PRODUCTION**
                                                  )   **OF DOCUMENTS**
21              vs.                               )
                                                  )
22  LSG LUFTHANSA SERVICE GUAM, INC., et al.      )
                                                  )
23  _____Defendants.___)
24

25  TO:   RICARDO "GINO"PEREZ AND HIS ATTORNEYS OF RECORD,
26        SANDRA LYNCH, ESQ. AND WILLIAM GAVRAS, ESQ.

27

28

RECEIVED
MAR 1 1 2005
4:43pm ♂ 6
GORMAN & GAVRAS

**Exhibit "B"**

Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively "LSG Guam"), hereby request that Plaintiff Ricardo "Gino" Perez make available for inspection and copying at the offices of Limtiaco Cruz & Sison, PLLC, 777 Route 4, MVP Business Center, Suite 11B, Sinajana, Guam 96910, within thirty (30) days from receipt of this request, the documents described herein.

## INSTRUCTIONS

In responding to each part of this request, the following instructions shall apply:

1.     If a request, read literally, requires the production of a part or portion of a document, production of the entire document is requested. Wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Plaintiff's knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not produced.

2.     In all requests, the singular includes the plural, and the plural includes the singular, wherever such dual construction will serve to bring within the scope of a request any document which would otherwise not be brought within its scope.

3.     This demand requires you to produce the originals of all documents and all tangible things demanded that are in your actual or constructive possession, custody, or control, or in the possession, custody, or control of your attorneys, accountants, representatives, consultants, agents, employees, or anyone maintaining the documents or things demanded, or anyone acting on your behalf.

4.     This demand requires the production of documents as they are kept in the usual course of business or to be organized and labeled to correspond with the particular demands set

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Request for Production of Documents (Ricardo "Gino" Perez)
Page 2 of 17

Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 20 of 51

forth below. If you choose the former method, the documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.

5. In the event that any document is withheld on the ground of privilege or the work product doctrine or any other purported protection, please provide the following information with respect to any such document in order to aid the Court and Defendants in determining the validity of the claim of privilege or other protection:

a. The identity of the person(s) who prepared the document, who signed it, and under whose name it was sent or issued;

b. The identity of the person(s) to whom the document was directed and all recipients;

c. The nature and substance of the document with sufficient particularity to enable the Court and parties hereto to identify the document;

d. The date of the document;

e. The identity of the person(s) having custody of or control over the document and each copy thereof;

f. The identity of each person(s) to whom copies of the document were furnished;

g. The number of pages of the document;

h. The basis on which any privilege or other protection is claimed; and

i. Whether any non-privileged or non-protected matter is included in the document.

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Request for Production of Documents (Ricardo "Gino" Perez)
Page 3 of 17

Case 1:03-cv-00028    Document 169-2    Filed 04/22/2005    Page 21 of 51

# DEFINITIONS

1.    "PLAINTIFF" or "YOU" or "YOUR" refers to Plaintiff Ricardo "Gino" Perez and his attorneys, consultants, agents, representatives, and all other persons acting on or for his behalf, or purporting to act on or for his behalf, or in concert with any or all of them.

2.    "COMPLAINT" means Case Number 03-00028 filed by PLAINTIFF in the United States District Court for the District of Guam.

3.    "LSG GUAM" means collectively Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. and/or their managers, officers, directors, partners, agents, employees, servants, attorneys, accountants, consultants, representatives, and all other persons acting on or for their behalf.

4.    "LSG SAIPAN" means collectively Defendants LSG Lufthansa Service Saipan, Inc. and LSG Catering Saipan, Inc. and/or their managers, officers, directors, partners, agents, employees, servants, attorneys, accountants, consultants, representatives, and all other persons acting on or for their behalf.

5.    "DEFENDANT" means any named defendant in the COMPLAINT.

6.    "COMPLAINT OF DISCRIMINATION" refers to any administrative charge PLAINTIFF filed with the United States Equal Employment Opportunity Commission.

7.    "CLAIMS" means and includes lawsuits, charges, workers compensation claims, or any and all claims filed with the United States Equal Employment Opportunity Commission.

8.    "HEALTH CARE PROVIDER" means any physicians, chiropractors, osteopaths, hospitals, optometrists, nurses, nurse practitioners, therapists, psychologists, psychiatrists, psychoanalysts or counselors, whether or not licensed or certified by any governmental or regulatory body.

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Request for Production of Documents (Ricardo "Gino" Perez)
Page 4 of 17

Case 1:03-cv-00028    Document 169-2    Filed 04/22/2005    Page 22 of 51

9. "COMMUNICATION" or any variant thereof refers to any verbal, written, electronic or other transmittal or words, thoughts, ideas or images between or among persons, whether in person, by letter, by email, by telephone or by any other means. It also specifically includes correspondence, notes of meetings or notes of telephone calls.

10. "DOCUMENTS" as used herein includes all physical forms of written records, photographs, negatives, communications, cards, transcripts, minutes, telegrams, cables, telexes, tapes, recordings, files, memoranda, notes, drafts, photocopies, diaries, appointment records and calendars, affidavits, statements, summaries, evaluations, valuations, audits, verifications, inventories, appraisals, reports, studies, other analyses, books or records of accounts, contracts, other agreements, powers of attorney, endorsements, account statements, receipts, safe deposit records, invoices, telephone records and statements, tax records, notices, work papers, agenda, interoffice or intra office communications, notebooks, telephone message slips, logs, and anything upon which handwriting, printing, typing, computer printing, photostatic copies, magnetic or electronic impulse or other form of communication are recorded or reproduced.

11. "PROCEEDING" means a state or federal court trial or hearing, an arbitration or deposition, or an administrative forum.

12. "All" should be understood to include and encompass "any" and "each." In all requests, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of a request any document which would otherwise not be brought within its scope.

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Request for Production of Documents (Ricardo "Gino" Perez)
Page 5 of 17

Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 23 of 51

## DOCUMENT REQUESTS

1.     Any and all DOCUMENTS that describe, memorialize, discuss, refer or relate to the hiring of PLAINTIFF by any of the DEFENDANTS.

2.     Any and all DOCUMENTS that describe, memorialize, discuss, refer or relate to PLAINTIFF's duties, functions, actions or activities during the course and scope of PLAINTIFF's employment with any of the DEFENDANTS.

3.     Any and all DOCUMENTS that describe, memorialize, refer or relate to personnel decisions made with respect to PLAINTIFF by any of the DEFENDANTS, including all DOCUMENTS reflecting the reasons for or circumstances surrounding such personnel decisions.

4.     Any and all DOCUMENTS that constitute, evidence, refer or relate to any evaluation of, or comments concerning, PLAINTIFF's job performance by any employee or agent of any of the DEFENDANTS.

5.     Any and all DOCUMENTS that constitute, evidence, refer or relate to any evaluation of, or comments concerning, PLAINTIFF's job performance by persons other than employees or agents of any of the DEFENDANTS, including customers of any of the DEFENDANTS.

6.     Any and all DOCUMENTS that constitute, evidence, refer or relate to diaries, calendars, appointment books, logs, or notes, including, but not limited to, any Franklin planner(s), maintained by PLAINTIFF from January 1, 1999 to the present.

7.     Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to complaints, claims or grievances made by PLAINTIFF regarding his employment with any of the

DEFENDANTS, including, but not limited to, the purported complaints described in the COMPLAINT, including paragraph 32 therein.

8.      Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to PLAINTIFF's contention that any or all of the DEFENDANTS were not responsive to PLAINTIFF'S complaints as alleged in the COMPLAINT, including paragraph 55 therein.

9.      Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF suffered disparate treatment during his employment with any of the DEFENDANTS as alleged in the COMPLAINT, including paragraph 29 therein.

10.      Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF suffered harassment, excessive criticism, and disparate treatment not experienced by similarly situated Whites or Asians as alleged in the COMPLAINT, including paragraph 30 therein.

11.      Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the Defendants have exhibited, through their agents or assigns, and by their actions and inactions, patterns and practices of discrimination toward Pacific Islanders as alleged in the COMPLAINT, including paragraph 31 therein.

12.      Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the Defendants, through their agents or assigns, and by their actions and inactions, condoned, accepted, authorized, implicitly or explicitly, the actions of discrimination, retaliation, disparate treatment, hostile work environment, harassment and other unlawful employment practices to which Plaintiffs were subjected in the

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Request for Production of Documents (Ricardo "Gino" Perez)
Page 7 of 17

Case 1:03-cv-00028      Document 169-2      Filed 04/22/2005      Page 25 of 51

terms and conditions of their employment as alleged in the COMPLAINT, including paragraph 33 therein.

13.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that PLAINTIFF "has experience in industrial catering and as a result was actively recruited by Defendants LSG to move into airline catering in Guam while PLAINTIFF was employed in California" as alleged in the COMPLAINT, including paragraph 35 therein.

14.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that as part of the promises and inducements made to PLAINTIFF "by Defendants LSG, he was promised (a) he would be Production Manager for Catering Services for Guam and Saipan; (b) he would supervise Operations and Productions department as part of his duties; and (c) he would receive training in airlines catering and other specific areas of responsibilities" as alleged in the COMPLAINT, including paragraph 36 therein.

15.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "Defendant LSG enticed and induced PLAINTIFF to accept employment with LSG based on the representations described above, with greater responsibilities and additional formal training to follow his acceptance of said employment" as alleged in the COMPLAINT, including paragraph 37 therein.

16.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that in reliance on Defendant LSGs' representations, PLAINTIFF "moved to Maui, Hawaii from San Francisco, California in anticipation of his employment with LSG Guam" as alleged in the COMPLAINT, including paragraph 38 therein.

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Request for Production of Documents (Ricardo "Gino" Perez)
Page 8 of 17

Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 26 of 51

17. Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that PLAINTIFF "incurred substantial expenses for his move to Hawaii, including the transshipment of a vehicle, in reliance on the representations made by Defendants LSG and the opportunities offered to him by LSG" as alleged in the COMPLAINT, including paragraph 39 therein.

18. Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "Defendant LSG employed PLAINTIFF as promised, as Production Manager in LSG Guam, reporting to the General Manager Pandalitschka" as alleged in the COMPLAINT, including paragraph 40 therein.

19. Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "as part of the scope of PLAINTIFF's duties and responsibilities, he was to supervise and oversee the Operations Department, a department answerable to the Production Manager on the LSG operational chart" as alleged in the COMPLAINT, including paragraph 41 therein.

20. Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "as part of the organizational structure represented to PLAINTIFF, he was to be responsible for the Production and Operational Departments" as alleged in the COMPLAINT, including paragraph 42 therein.

21. Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "once PLAINTIFF began assuming his responsibilities as Production Manager for Defendants LSG, PLAINTIFF began to complain regarding areas of problems he found in the Operations Department over which he was to have supervisory responsibility" as alleged in the COMPLAINT, including paragraph 43 therein.

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Request for Production of Documents (Ricardo "Gino" Perez)
Page 9 of 17

Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 27 of 51

22.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "once PLAINTIFF began complaining to Defendant Pandalitschka regarding the Operations Department, Defendant Pandalitschka re-assigned the Operations Department to another employee, Kelvin Chan, a Chinese national who was the manager of the Customer Service Department, and with whom Pandalitschka was personal friends" as alleged in the COMPLAINT, including paragraph 44 therein.

23.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "Chan refused to offer training to PLAINTIFF, instead taking over the Operations Department, and thereby further depriving PLAINTIFF of the scope of his employment agreement" as alleged in the COMPLAINT, including paragraph 45 therein.

24.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "once Chan was assigned to Operations, he furthered the pattern and practice of harassment of PLAINTIFF and effectuated further reductions in PLAINTIFF's responsibilities" as alleged in the COMPLAINT, including paragraph 46 therein.

25.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "as a result of PLAINTIFF's complaints to Defendants Pandalitschka, Plaintiff Perez was informed that he would have no responsibility over Operations until he received training which Defendant Pandalitschka arbitrarily refused to provide, thereby treating PLAINTIFF differently than other employees similarly situated, and differently than Chan" as alleged in the COMPLAINT, including paragraph 47 therein.

26.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "as further result of the removal of PLAINTIFF's

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Request for Production of Documents (Ricardo "Gino" Perez)
Page 10 of 17

Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 28 of 51

responsibility over the Operations Department, PLAINTIFF was denied approximately $10,000 of his promised salary package each year until such time as his alleged training by Pandalitschka was complete", as stated in Paragraph 48 of the COMPLAINT.

27.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions "that the actions by Defendant Pandalitschka and Chan were approved, condoned, and authorized by Defendants LSG and Chueng" as alleged in the COMPLAINT, including paragraph 49 therein.

28.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "at all times relevant, PLAINTIFF performed his duties and carried out the obligations of his employment fully" as alleged in the COMPLAINT, including paragraph 50 therein.

29.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "the actions by Defendant against PLAINTIFF violated the employment agreement between LSG and PLAINTIFF and denied him the benefits to which he was entitled" as alleged in the COMPLAINT, including paragraph 51 therein.

30.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "the actions by Defendants against PLAINTIFF were retaliatory in nature, and discriminatory as they were applied only to PLAINTIFF, a Pacific Islander" as alleged in the COMPLAINT, including paragraph 52 therein.

31.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "in further retaliation and discrimination against PLAINTIFF, PLAINTIFF was excluded from Production meetings, excluded from daily operational information critical to the successful execution of his duties, and then criticized for his failures and

harassed by Defendant Pandalitschka" as alleged in the COMPLAINT, including paragraph 53 therein.

32.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "the Defendants, by their actions in excluding PLAINTIFF from daily operational information and other areas of responsibility, created a hostile work environment for PLAINTIFF" as alleged in the COMPLAINT, including paragraph 54 therein.

33.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "as a result of the harassment, discrimination, and retaliation by Defendants, PLAINTIFF complained on at least two occasions to his Human Resources liaison, Plaintiff Michelle Ramos, who brought the complaint to the attention of Defendant Cheung in LSG's Human Resources offices in Hong Kong, but Defendants Cheung and LSG took no action and ignored the complaints" as alleged in the COMPLAINT, including paragraph 55 therein.

34.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "as a result of continuing harassment, discrimination and retaliation by Defendants, PLAINTIFF complained to the new Human Resources representative, Phyllis Li" as alleged in the COMPLAINT, including paragraph 56 therein.

35.     Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "in response to his complaints, and in retaliation for Plaintiff's complaints of harassment and discrimination, PLAINTIFF was wrongfully and unlawfully terminated from his employment" as alleged in the COMPLAINT, including paragraph 57 therein.

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Request for Production of Documents (Ricardo "Gino" Perez)
Page 12 of 17

Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 30 of 51

36. Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "as a direct result of the Defendant's unlawful actions, discrimination, harassment, differential and disparate treatment, PLAINTIFF suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial" as alleged in the COMPLAINT, including paragraph 58 therein.

37. Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions that "as a direct result of the Defendants' unlawful actions, discrimination, harassment, differential and disparate treatment, PLAINTIFF lost income and future prospects of income, incurred expenses and costs, and will incur future expenses and costs, including attorneys fees, in amounts to be proved at trial" as alleged in the COMPLAINT, including paragraph 59 therein.

38. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to efforts by PLAINTIFF to obtain or engage in an occupation, business, job, or source of income, compensation or remuneration subsequent to PLAINTIFF's employment with any of the DEFENDANTS, including reference letters, COMMUNICATIONS with persons requested to write reference letters for PLAINTIFF, resumes, draft resumes, COMMUNICATIONS with prospective employers or business associates, applications for employment or business association, photographs, portfolios, audio or video tapes, and DOCUMENTS received from prospective employers or business associates.

39. Any and all DOCUMENTS that describe, memorialize, evidence, refer or relate to occupations, businesses, jobs, or sources of income, compensation or remuneration earned by PLAINTIFF subsequent to his employment with any of the DEFENDANTS.

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Request for Production of Documents (Ricardo "Gino" Perez)
Page 13 of 17

Case 1:03-cv-00028   Document 169-2   Filed 04/22/2005   Page 31 of 51

40. PLAINTIFF's pay stubs, payroll records, earnings records, and DOCUMENTS reflecting any and all sources and/or amounts of income, earnings or other remuneration, whether from any of the DEFENDANTS or from another source, obtained subsequent to PLAINTIFF's employment with any of the DEFENDANTS.

41. A copy of PLAINTIFF's most recent resume and copies of any resume(s) prepared by PLAINTIFF or on PLAINTIFF's behalf since January 1, 2002.

42. All DOCUMENTS, or copies thereof, that describe, memorialize, refer to or relate to PLAINTIFF's employment with any of the DEFENDANTS that PLAINTIFF retained after PLAINTIFF's employment with any of the DEFENDANTS ended.

43. Any and all DOCUMENTS that constitute, evidence, memorialize, discuss, refer or relate to PLAINTIFF's relationship with any of the DEFENDANTS, including without limitation, all pay stubs, notes, diaries, calendars and schedules, documents relating to any of DEFENDANT's policies and procedures (including personnel policies and procedures), and any forms PLAINTIFF completed in connection with her employment with any of the DEFENDANTS.

44. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMMUNICATIONS between PLAINTIFF and present or former employees or agents of any of the DEFENDANTS during PLAINTIFF's employment with any of the DEFENDANTS relating to any of the allegations or claims in the COMPLAINT.

45. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMMUNICATIONS between PLAINTIFF and present or former employees or agents of any of the DEFENDANTS subsequent to PLAINTIFF's employment with any of the DEFENDANTS relating to any of the allegations or claims in the COMPLAINT.

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Request for Production of Documents (Ricardo "Gino" Perez)
Page 14 of 17

Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 32 of 51

46. All DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMPLAINT OF DISCRIMINATION filed by PLAINTIFF with the United States Equal Employment Opportunity Commission, including but not limited to, any DOCUMENTS PLAINTIFF submitted in connection with such COMPLAINTS.

47. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to claims, charges and/or applications prepared or caused to be prepared by PLAINTIFF for disability insurance, unemployment insurance, workers' compensation and employment discrimination, including, but not limited to, written statements submitted by PLAINTIFF to the United States Department of Labor, the United States Equal Employment Opportunity Commission, Department of Industrial Relations (workers' compensation), and/or any other like agency in any other jurisdiction.

48. Any and all DOCUMENTS received by PLAINTIFF in connection with claims, charges and/or applications filed by him for disability insurance, unemployment insurance, workers' compensation, and employment discrimination, including, but not limited to, written statements received from the United States Department of Labor, the United States Equal Employment Opportunity Commission, Department of Industrial Relations (workers' compensation), and/or any other like agency in any other jurisdiction.

49. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any claims, charges, demands or requests made or asserted by PLAINTIFF in any forum, whether by informal demand or request upon another party or before a court or administrative agency of any nature asserting discrimination or harassment claims, personal injury, disability, emotional distress, or economic damages, including but not limited to any statements, depositions, affidavits or declarations given by PLAINTIFF in connection with these claims.

50. All DOCUMENTS that memorialize, discuss, evidence, refer or relate to each PROCEEDING in which PLAINTIFF has testified since January 1, 1998.

51. Any and all DOCUMENTS that memorialize, refer or relate to visits or other contacts with physicians, doctors, psychologists, psychiatrists, counselors, social workers, therapists, and/or any other HEALTH CARE PROVIDER whom PLAINTIFF consulted during the period January 1, 1998 to the present.

52. Any and all DOCUMENTS that memorialize, refer or relate to PLAINTIFF's physical, mental and/or psychiatric health and/or condition during the period January 1, 1998, to the present, including but not limited to any and all reports regarding PLAINTIFF's physical, mental and/or psychiatric health and/or condition.

53. Any and all DOCUMENTS that memorialize, refer or relate to medical, psychiatric and/or psychological visits, check-ups, tests, diagnoses and/or treatments rendered to PLAINTIFF, including but not limited to bills, insurance claims and records of payment, during the period January 1, 1998 to the present.

54. Any and all DOCUMENTS that memorialize, refer or relate to psychotherapy, counseling, or other similar treatment rendered to PLAINTIFF, whether alone or in conjunction with another person(s), during the period January 1, 1998 to the present.

55. Any and all DOCUMENTS that memorialize, support, refer or relate to COMPLAINTS OF DISCRIMINATION (including, without limitation, gender and age discrimination) made by PLAINTIFF at any time.

56. Any and all DOCUMENTS that relate to or support PLAINTIFF's claim for attorney's fees, including without limitation, any fee agreement, invoices, and billing statements.

57.    Any and all witness statements, affidavits or declarations that relate to any of the allegations in this action.

58.    Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions or claims made in the COMPLAINT herein against any or all of the DEFENDANTS.

DATED this _____ day of March 2005.


LIMTIACO CRUZ & SISON, PLLC


By:    _____
DONNA M. CRUZ, ESQ.
a duly licensed employee.

H:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\RFPs\First Request for Production of Documents Gino Perez (tab five)final.03.11.05.doc

District Court of Guam Civil Case No. CV 03-00028
Defendants' First Request for Production of Documents (Ricardo "Gino" Perez)
Page 17 of 17

Case 1:03-cv-00028    Document 169-2    Filed 04/22/2005    Page 35 of 51

LIMTIACO CRUZ & SISON, PLLC
Alicia A. Limtiaco, Esq.
Donna M. Cruz, Esq.
MVP Business Center
777 Route 4, Suite 11B
Sinajana, Guam 96910
Telephone: (671) 477-0000
Facsimile: (671) 477-0001

SIDLEY AUSTIN BROWN & WOOD LLP
Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | | |
|---|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ, and NONA A. PEREZ, | ) ) ) | Civil Case No. 03-00028 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| LSG LUFTHANSA SERVICE GUAM, INC., et al. | ) ) | |
| Defendants. | ) ) | |
| FELIPE DATUIN, JEFF GUMATAOTAO, and JAMES CRUZ, | ) ) ) | Civil Case No. 04-00010 |
| Plaintiffs, | ) ) | **DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| vs. | ) ) | |
| LSG LUFTHANSA SERVICE GUAM, INC., et al. | ) ) | |
| Defendants. | ) ) | |

TO:   **NONA PEREZ AND HER ATTORNEYS OF RECORD,
SANDRA LYNCH, ESQ. AND WILLIAM GAVRAS, ESQ.**

RECEIVED
MAR 1 1 2005
4:05pm Og
GORMAN & GAVRAS

Exhibit "B"

Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively "LSG Guam"), hereby request that Plaintiff Nona Perez make available for inspection and copying at the offices of Limtiaco Cruz & Sison, PLLC, 777 Route 4, MVP Business Center, Suite 11B, Sinajana, Guam 96910, within thirty (30) days from receipt of this request, the documents described herein.

## INSTRUCTIONS

In responding to each part of this request, the following instructions shall apply:

1.     If a request, read literally, requires the production of a part or portion of a document, production of the entire document is requested. Wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Plaintiff's knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not produced.

2.     In all requests, the singular includes the plural, and the plural includes the singular, wherever such dual construction will serve to bring within the scope of a request any document which would otherwise not be brought within its scope.

3.     This demand requires you to produce the originals of all documents and all tangible things demanded that are in your actual or constructive possession, custody, or control, or in the possession, custody, or control of your attorneys, accountants, representatives, consultants, agents, employees, or anyone maintaining the documents or things demanded, or anyone acting on your behalf.

4.     This demand requires the production of documents as they are kept in the usual course of business or to be organized and labeled to correspond with the particular demands set

District Court of Guam Civil Case No. CV03-00028
Defendants' First Request for Production of Documents (Nona Perez)
Page 2 of 16

Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 37 of 51

forth below. If you choose the former method, the documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.

5. In the event that any document is withheld on the ground of privilege or the work product doctrine or any other purported protection, please provide the following information with respect to any such document in order to aid the Court and Defendants in determining the validity of the claim of privilege or other protection:

a. The identity of the person(s) who prepared the document, who signed it, and under whose name it was sent or issued;

b. The identity of the person(s) to whom the document was directed and all recipients;

c. The nature and substance of the document with sufficient particularity to enable the Court and parties hereto to identify the document;

d. The date of the document;

e. The identity of the person(s) having custody of or control over the document and each copy thereof;

f. The identity of each person(s) to whom copies of the document were furnished;

g. The number of pages of the document;

h. The basis on which any privilege or other protection is claimed; and

i. Whether any non-privileged or non-protected matter is included in the document.

District Court of Guam Civil Case No. CV03-00028
Defendants' First Request for Production of Documents (Nona Perez)
Page 3 of 16

Case 1:03-cv-00028    Document 169-2    Filed 04/22/2005    Page 38 of 51

# DEFINITIONS

1. "PLAINTIFF" or "YOU" or "YOUR" refers to plaintiff Nona Perez and her attorneys, consultants, agents, representatives, and all other persons acting on or for her behalf, or purporting to act on or for her behalf, or in concert with any or all of them.

2. "COMPLAINT" means Case Number 03-00028 filed by PLAINTIFF in the United States District Court for the District of Guam.

3. "LSG GUAM" means collectively Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. and/or their managers, officers, directors, partners, agents, employees, servants, attorneys, accountants, consultants, representatives, and all other persons acting on or for their behalf.

4. "LSG SAIPAN" means collectively Defendants LSG Lufthansa Service Saipan, Inc. and LSG Catering Saipan, Inc. and/or their managers, officers, directors, partners, agents, employees, servants, attorneys, accountants, consultants, representatives, and all other persons acting on or for their behalf.

5. "DEFENDANT" means any named defendant in the COMPLAINT.

6. "COMPLAINT OF DISCRIMINATION" refers to any administrative charge PLAINTIFF filed with the United States Equal Employment Opportunity Commission.

7. "CLAIMS" means and includes lawsuits, charges, workers compensation claims, or any and all claims filed with the United States Equal Employment Opportunity Commission.

8. "HEALTH CARE PROVIDER" means any physicians, chiropractors, osteopaths, hospitals, optometrists, nurses, nurse practitioners, therapists, psychologists, psychiatrists, psychoanalysts or counselors, whether or not licensed or certified by any governmental or regulatory body.

District Court of Guam Civil Case No. CV03-00028
Defendants' First Request for Production of Documents (Nona Perez)
Page 4 of 16

Case 1:03-cv-00028    Document 169-2    Filed 04/22/2005    Page 39 of 51

9. "COMMUNICATION" or any variant thereof refers to any verbal, written, electronic or other transmittal or words, thoughts, ideas or images between or among persons, whether in person, by letter, by email, by telephone or by any other means. It also specifically includes correspondence, notes of meetings or notes of telephone calls.

10. "DOCUMENTS" as used herein includes all physical forms of written records, photographs, negatives, communications, cards, transcripts, minutes, telegrams, cables, telexes, tapes, recordings, files, memoranda, notes, drafts, photocopies, diaries, appointment records and calendars, affidavits, statements, summaries, evaluations, valuations, audits, verifications, inventories, appraisals, reports, studies, other analyses, books or records of accounts, contracts, other agreements, powers of attorney, endorsements, account statements, receipts, safe deposit records, invoices, telephone records and statements, tax records, notices, work papers, agenda, interoffice or intra office communications, notebooks, telephone message slips, logs, and anything upon which handwriting, printing, typing, computer printing, photostatic copies, magnetic or electronic impulse or other form of communication are recorded or reproduced.

11. "PROCEEDING" means a state or federal court trial or hearing, an arbitration or deposition, or an administrative forum.

12. "All" should be understood to include and encompass "any" and "each." In all requests, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of a request any document which would otherwise not be brought within its scope.

## DOCUMENT REQUESTS

1. Any and all DOCUMENTS that describe, memorialize, discuss, refer or relate to the hiring of PLAINTIFF by any of the DEFENDANTS.

District Court of Guam Civil Case No. CV03-00028
Defendants' First Request for Production of Documents (Nona Perez)
Page 5 of 16

Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 40 of 51

2.     Any and all DOCUMENTS that describe, memorialize, discuss, refer or relate to PLAINTIFF's duties, functions, actions or activities during the course and scope of PLAINTIFF's employment with any of the DEFENDANTS.

3.     Any and all DOCUMENTS that describe, memorialize, refer or relate to personnel decisions made with respect to PLAINTIFF by any of the DEFENDANTS, including all DOCUMENTS reflecting the reasons for or circumstances surrounding such personnel decisions.

4.     Any and all DOCUMENTS that constitute, evidence, refer or relate to any evaluation of, or comments concerning, PLAINTIFF's job performance by any employee or agent of any of the DEFENDANTS.

5.     Any and all DOCUMENTS that constitute, evidence, refer or relate to any evaluation of, or comments concerning, PLAINTIFF's job performance by persons other than employees or agents of any of the DEFENDANTS, including customers of any of the DEFENDANTS.

6.     Any and all DOCUMENTS that constitute, evidence, refer or relate to diaries, calendars, appointment books, logs, or notes, including, but not limited to, any Franklin planner(s), maintained by PLAINTIFF from January 1, 2000 to the present.

7.     Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to complaints, claims or grievances made by PLAINTIFF regarding her employment with any of the DEFENDANTS, including, but not limited to, the purported complaints described in the COMPLAINT, including paragraph 32 therein.

8.     Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to PLAINTIFF's contention that any or all of the DEFENDANTS were not responsive to PLAINTIFF'S complaints, as alleged in the COMPLAINT, including paragraph 55 therein.

District Court of Guam Civil Case No. CV03-00028
Defendants' First Request for Production of Documents (Nona Perez)
Page 6 of 16
Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 41 of 51

9.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF suffered disparate treatment during her employment with any of the DEFENDANTS, as alleged in the COMPLAINT, including paragraph 29 therein.

10.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF suffered harassment, excessive criticism, and disparate treatment not experienced by similarly situated Whites or Asians as alleged in the COMPLAINT, including paragraph 30 therein.

11.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the Defendants have exhibited, through their agents or assigns, and by their actions and inactions, patterns and practices of discrimination toward Pacific Islanders as alleged in the COMPLAINT, including paragraph 31 therein.

12.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the Defendants, through their agents or assigns, and by their actions and inactions, condoned, accepted, authorized, implicitly or explicitly, the actions of discrimination, retaliation, disparate treatment, hostile work environment, harassment and other unlawful employment practices to which Plaintiffs were subjected in the terms and conditions of their employment, as alleged in the COMPLAINT, including paragraph 33 therein.

13.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "beginning in 2002, Customer service employees, including PLAINTIFF, began receiving 25 hours per week, versus 40 hours, and were

District Court of Guam Civil Case No. CV03-00028
Defendants' First Request for Production of Documents (Nona Perez)
Page 7 of 16
Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 42 of 51

denied overtime, in what was alleged to be cost-cutting measures by Defendants LSG" as alleged in the COMPLAINT, including paragraph 88 therein.

14. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF "was under the direct supervision of Defendant Pandalitschka" as alleged in the COMPLAINT, including paragraph 89 therein.

15. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "beginning on or about February 2002, Defendants Pandalitschka and Chan began treating PLAINTIFF disparately, and discriminated against her by denying her equal working hours and overtime and other benefits provided to a selected female employee, Ms. Rosemarie Abat, who has significantly less seniority than PLAINTIFF" as alleged in the COMPLAINT, including paragraph 90 therein.

16. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "beginning on or about February, 2002, Defendant Pandalitschka created a hostile working environment by allowing, authorizing, and instructing Ms. Abat to take extended lunch hours, work overtime, prepare and work her own schedule, use a company car, use a company cellular phone, maintain possession of the company's digital camera, and travel with Pandalitschka on company business as well as on company dinners" as alleged in the COMPLAINT, including paragraph 91 therein.

17. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "in July, 2002 Defendant Pandalitschka and Chan harassed and discriminated against PLAINTIFF by publicly reprimanding her for use of the office freezer, while allowing Kelvin Chan to use the freezer in the same manner as had been

District Court of Guam Civil Case No. CV03-00028
Defendants' First Request for Production of Documents (Nona Perez)
Page 8 of 16
Case 1:03-cv-00028    Document 169-2    Filed 04/22/2005    Page 43 of 51

denied PLAINTIFF and that this discriminatory and disparate treatment was then highlighted by the fact that Chan shared her freezer goods with Pandalitschka and Abat" as alleged in the COMPLAINT, including paragraph 92 therein.

18.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "in December 2002, all other clerk level employees, including PLAINTIFF, were again subjected to reduced work hours without notice, except Ms. Abat, and that practice continues to date" as alleged in the COMPLAINT, including paragraph 93 therein.

19.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that in "December, 2002, all other clerk level employees, including PLAINTIFF, were given reduced holiday pay without notice, except Ms. Abat, who received full holiday pay" as alleged in the COMPLAINT, including paragraph 94 therein.

20.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "Ms. Abat has worked only two years in the Customer Service department, and does not have the skill, experience or knowledge to carry out her assigned duties" as alleged in the COMPLAINT, including paragraph 95 therein.

21.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "in February, 2003, Defendant Pandalitschka publicly humiliated PLAINTIFF in front of the Army National Guard Commander, for whom LSG was contracting for several hundred meals for Guardsmen working after the typhoon, when the Commander came in to make payment on the account and that Defendant Pandalitschka's public criticism of PLAINTIFF constituted discrimination and exhibited the pattern

District Court of Guam Civil Case No. CV03-00028
Defendants' First Request for Production of Documents (Nona Perez)
Page 9 of 16
Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 44 of 51

and practice of discrimination and disparate treatment by Defendants toward PLAINTIFF" as alleged in the COMPLAINT, including paragraph 96 therein.

22. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF "complained to her immediate supervisor regarding the disparaging comments, and public criticism by Defendant Pandalitschka, but no action was taken by management" as alleged in the COMPLAINT, including paragraph 97 therein.

23. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "in June, 2003, Defendant Pandalitschka gave PLAINTIFF oversight of the Airport concession, including oversight of four staff persons, a position formerly held by the Airport Manager and that, to date, PLAINTIFF has not been compensated, nor given a salary adjustment or promotion to the position, but has been ordered to assume the responsibilities of said position by Defendant Pandalitschka. Her position is still that of an hourly employee, and her position is still listed as 'catering consultant'" as alleged in the COMPLAINT, including paragraph 98 therein.

24. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "Defendant Pandalitschka and Chan harassed and discriminated against PLAINTIFF, and treated her differently than other female employees by disparaging her and openly favoring Ms. Abat with pay and other employment benefits to which she is not entitled" as alleged in the COMPLAINT, including paragraph 99 therein.

25. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "as a result of the harassment and

District Court of Guam Civil Case No. CV03-00028
Defendants' First Request for Production of Documents (Nona Perez)
Page 10 of 16
Case 1:03-cv-00028    Document 169-2    Filed 04/22/2005    Page 45 of 51

discrimination by Defendants Pandalitschka and Chan, PLAINTIFF complained but Defendants LSG took no action and ignored her complaints" as alleged in the COMPLAINT, including paragraph 100 therein.

26. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "the actions by Defendants Pandalitschka and Chan were approved, condoned, or authorized by Defendants LSG" as alleged in the COMPLAINT, including paragraph 101 therein.

27. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "at all times relevant, PLAINTIFF performed her duties and carried out the obligations of the employment fully" as alleged in the COMPLAINT, including paragraph 102 therein.

28. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "the actions of disparate treatment, harassment and discrimination by Defendants against PLAINTIFF violated her employment rights and her right to equal treatment under the law and denied her the benefits to which she was entitled" as alleged in the COMPLAINT, including paragraph 103 therein.

29. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "the actions by Defendants and each of them against PLAINTIFF exhibit a continuing pattern and practice of discrimination against particular persons of Pacific Island origin" as alleged in the COMPLAINT, including paragraph 104 therein.

30. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that "as a direct result of the Defendants'

District Court of Guam Civil Case No. CV03-00028
Defendants' First Request for Production of Documents (Nona Perez)
Case 1:03-cv-00028    Document 169-2    Page 1 of 16    Filed 04/22/2005    Page 46 of 51

unlawful actions, discrimination, harassment, differential and disparate treatment, PLAINTIFF

suffered emotional harm, suffering, mental anguish, loss of enjoyment, and other non-pecuniary

losses in amounts to be proved at trial" as alleged in the COMPLAINT, including paragraph 105

therein.

31.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support,

contradict, refer or relate to PLAINTIFF's contention that "as a direct result of the Defendants'

unlawful actions, discrimination, harassment, differential and disparate treatment, PLAINTIFF lost

income and benefits and future prospects of income and benefits, incurred expenses and costs, and

will incur future expenses and costs, including attorneys fees, in amounts to be proved at trial" as

alleged in the COMPLAINT, including paragraph 106 therein.

32.     Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to

efforts by PLAINTIFF to obtain or engage in an occupation, business, job, or source of income,

compensation or remuneration subsequent to PLAINTIFF's employment with any of the

DEFENDANTS, including reference letters, COMMUNICATIONS with persons requested to write

reference letters for PLAINTIFF, resumes, draft resumes, COMMUNICATIONS with prospective

employers or business associates, applications for employment or business association,

photographs, portfolios, audio or video tapes, and DOCUMENTS received from prospective

employers or business associates.

33.     Any and all DOCUMENTS that describe, memorialize, evidence, refer or relate to

occupations, businesses, jobs, or sources of income, compensation or remuneration earned by

PLAINTIFF subsequent to her employment with any of the DEFENDANTS.

34.     PLAINTIFF's pay stubs, payroll records, earnings records, and DOCUMENTS

reflecting any and all sources and/or amounts of income, earnings or other remuneration, whether

District Court of Guam Civil Case No. CV03-00028
Defendants' First Request for Production of Documents (Nona Perez)
Page 12 of 16
Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 47 of 51

from any of the DEFENDANTS or from another source, obtained subsequent to PLAINTIFF's employment with any of the DEFENDANTS.

35.    A copy of PLAINTIFF's most recent resume and copies of any resume(s) prepared by PLAINTIFF or on PLAINTIFF's behalf since January 1, 2002.

36.    All DOCUMENTS, or copies thereof, that describe, memorialize, refer to or relate to PLAINTIFF's employment with any of the DEFENDANTS that PLAINTIFF retained after PLAINTIFF's employment with any of the DEFENDANTS ended.

37.    Any and all DOCUMENTS that constitute, evidence, memorialize, discuss, refer or relate to PLAINTIFF's relationship with any of the DEFENDANTS, including without limitation, all pay stubs, notes, diaries, calendars and schedules, documents relating to any of DEFENDANTS' policies and procedures (including personnel policies and procedures), and any forms PLAINTIFF completed in connection with her employment with any of the DEFENDANTS.

38.    Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMMUNICATIONS between PLAINTIFF and present or former employees or agents of any of the DEFENDANTS during PLAINTIFF's employment with any of the DEFENDANTS relating to any of the allegations or claims in the COMPLAINT.

39.    Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMMUNICATIONS between PLAINTIFF and present or former employees or agents of any of the DEFENDANTS subsequent to PLAINTIFF's employment with any of the DEFENDANTS relating to any of the allegations or claims in the COMPLAINT.

40.    All DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMPLAINT OF DISCRIMINATION filed by PLAINTIFF with the United States Equal

District Court of Guam Civil Case No. CV03-00028
Defendants' First Request for Production of Documents (Nona Perez)
Page 13 of 16
Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 48 of 51

Employment Opportunity Commission, including but not limited to, any DOCUMENTS

PLAINTIFF submitted in connection with such COMPLAINTS.

41.    Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to claims, charges and/or applications prepared or caused to be prepared by PLAINTIFF for disability insurance, unemployment insurance, workers' compensation and employment discrimination, including, but not limited to, written statements submitted by PLAINTIFF to the United States Department of Labor, the United States Equal Employment Opportunity Commission, Department of Industrial Relations (workers' compensation), and/or any other like agency in any other jurisdiction.

42.    Any and all DOCUMENTS received by PLAINTIFF in connection with claims, charges and/or applications filed by her for disability insurance, unemployment insurance, workers' compensation, and employment discrimination, including, but not limited to, written statements received from the United States Department of Labor, the United States Equal Employment Opportunity Commission, Department of Industrial Relations (workers' compensation), and/or any other like agency in any other jurisdiction.

43.    Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any claims, charges, demands or requests made or asserted by PLAINTIFF in any forum, whether by informal demand or request upon another party or before a court or administrative agency of any nature asserting discrimination or harassment claims, personal injury, disability, emotional distress, or economic damages, including but not limited to any statements, depositions, affidavits or declarations given by PLAINTIFF in connection with these claims.

44.    All DOCUMENTS that memorialize, discuss, evidence, refer or relate to each PROCEEDING in which PLAINTIFF has testified since January 1, 1998.

District Court of Guam Civil Case No. CV03-00028
Defendants' First Request for Production of Documents (Nona Perez)
Page 14 of 16
Case 1:03-cv-00028    Document 169-2    Filed 04/22/2005    Page 49 of 51

45. Any and all DOCUMENTS that memorialize, refer or relate to visits or other contacts with physicians, doctors, psychologists, psychiatrists, counselors, social workers, therapists, and/or any other HEALTH CARE PROVIDER with whom PLAINTIFF consulted during the period January 1, 1998 to the present.

46. Any and all DOCUMENTS that memorialize, refer or relate to PLAINTIFF's physical, mental and/or psychiatric health and/or condition during the period January 1, 1998, to the present, including but not limited to any and all reports regarding PLAINTIFF's physical, mental and/or psychiatric health and/or condition.

47. Any and all DOCUMENTS that memorialize, refer or relate to medical, psychiatric and/or psychological visits, check-ups, tests, diagnoses and/or treatments rendered to PLAINTIFF, including but not limited to bills, insurance claims and records of payment, during the period January 1, 1998 to the present.

48. Any and all DOCUMENTS that memorialize, refer or relate to psychotherapy, counseling, or other similar treatment rendered to PLAINTIFF, whether alone or in conjunction with another person(s), during the period January 1, 1998 to the present.

49. Any and all DOCUMENTS that memorialize, support, refer or relate to complaints of discrimination (including, without limitation, gender and age discrimination) made by PLAINTIFF at any time.

50. Any and all DOCUMENTS that relate to or support PLAINTIFF's claim for attorney's fees, including without limitation, any fee agreement, invoices, and billing statements.

51. Any and all witness statements, affidavits or declarations that relate to any of the allegations in this action.

District Court of Guam Civil Case No. CV03-00028
Defendants' First Request for Production of Documents (Nona Perez)
Page 15 of 16
Case 1:03-cv-00028     Document 169-2     Filed 04/22/2005     Page 50 of 51

1    52.   Any and all DOCUMENTS not previously requested that support, negate, reflect,

2    refer to or relate to any of the contentions or claims made in the COMPLAINT herein against any

3    or all of the DEFENDANTS.

4         DATED this 11th day of March 2005.

5

6

7                          LIMTIACO CRUZ & SISON, PLLC

8

9         By: _____

10                          DONNA M. CRUZ, ESQ.
                            a duly licensed employee.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

H:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\Pleadings\RFPs\First Request for Production of Documents Nona Perez (tab.five)final 03.11.05.doc

27

28
                    District Court of Guam Civil Case No. CV03-00028
                Defendants' First Request for Production of Documents (Nona Perez)
                                    Page 16 of 16
    Case 1:03-cv-00028    Document 169-2    Filed 04/22/2005    Page 51 of 51

1  LIMTIACO CRUZ & SISON, PLLC
   Alicia A. Limtiaco, Esq.
2  Donna M. Cruz, Esq.
   MVP Business Center
3  777 Route 4, Suite 11B
   Sinajana, Guam 96910
4  Telephone: (671) 477-0000
   Facsimile: (671) 477-0001
5

6  SIDLEY AUSTIN BROWN & WOOD LLP
   Peter I. Ostroff (SBN 045718)
7  Max C. Fischer (SBN 226003)
   555 West Fifth Street, Suite 4000
8  Los Angeles, California 90013-1010
   Telephone: (213) 896-6000
9  Facsimile: (213) 896-6600

10

11                    UNITED STATES DISTRICT COURT

12                           DISTRICT OF GUAM

13

14

15  MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ,   )   Civil Case No. 03-00028
    and NONA A. PEREZ,                            )
16                                                )
                        Plaintiffs,               )
17                                                )
              vs.                                 )
18                                                )
    LSG LUFTHANSA SERVICE GUAM, INC., et al.      )
19  _____)
                        Defendants.               )
20                                                )
    FELIPE DATUIN, JEFF GUMATAOTAO,               )   Civil Case No. 04-00010
21  and JAMES CRUZ,                               )
                                                  )   **DEFENDANTS' FIRST SET OF**
22                      Plaintiffs,               )   **INTERROGATORIES**
                                                  )
23            vs.                                 )
                                                  )
24  LSG LUFTHANSA SERVICE GUAM, INC., et al.      )
                                                  )
25  _____)
                        Defendants.               )

26  **TO:   FELIPE DATUIN AND HIS ATTORNEYS OF RECORD, SANDRA LYNCH, ESQ.
            AND WILLIAM GAVRAS, ESQ.**
27

28

**Exhibit "C"**

RECEIVED
MAR 1 1 2005
@43pm JG
GORMAN & GAVRAS

Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively "LSG Guam"), hereby submit their interrogatories to Plaintiff Felipe Datuin ("Plaintiff"). Answers must be filed and served, in writing and under oath, within thirty (30) days from receipt of these interrogatories.

## DEFINITIONS

1.     "Document" and "documents" are used herein in their customary broad sense and include, but are not limited to, anything in which there is portrayed or contained, or from which can be retrieved, any facts, information, or data, including without limitation all writings of every kind including, but not limited to, letters, telegrams, electronic mail, memoranda, reports, studies, photographs, calendar and diary entries, pamphlets, notes, charts, drawings, graphs, tabulations, analyses, statistical or informational accumulations, advertisements, portfolios, folder covers, any kind of records of meetings and conversations (including without limitation tape recordings), film impressions, videotapes, moving pictures, magnetic tapes, data stored in a computer or on a computer diskette, electronic mail, data compilations, sound or mechanical reproductions, or recordings, and copies of documents which are not identical duplicates of the originals (e.g., because handwritten or "blind" notes appear thereon or are attached thereto) whether or not the originals are in Plaintiff's possession, custody or control.

2.     As used herein, "concerning," "concern," and "concerns" mean pertaining in any way to, relating to, referring to, describing, evidencing, constituting, reflecting or being in any way logically or factually connected, in whole or in part, with the matter described.

3.     As used herein, "you," "your," "yourself," and "Plaintiff" refer to Plaintiff Felipe Datuin, his agents, employees, attorneys, accountants, representatives, and anyone acting for or on his behalf.

4.     As used herein, "LSG" and "Defendants" refer to any named Defendant in the above-captioned matter, and their agents, employees, attorneys, accountants, representatives, parent(s), subsidiary(ies), affiliate(s), predecessor(s), and anyone acting for or on their behalf.

5.     As used herein, "person" or "persons" means any natural person, individual, firm, cooperative, partnership, corporation, association, joint venture, governmental agency, or other organization, or legal or business entity, including, without limitation, any party to this litigation, and reference to any person throughout these requests should be understood as including such person's agents, officers, employees, representatives, contractors, sub-contractors, accountants, and attorneys.

6.     As used herein, "communication" means any transmittal of information, whether orally, in writing, by symbolism or electronic means, or otherwise.

7.     "And" and "or" shall be construed disjunctively or conjunctively, and the singular form of a word shall be interpreted in the plural as necessary in order to bring within the scope of any request all information which might otherwise be construed to be outside its scope.

8.     "Identify," "identity," and "identifying," when used in relation to a natural person, calls for the name(s), age, present business and resident address(es), present business and resident telephone number(s), occupation(s), title(s) or position(s), and employer(s) of such person.

Defendants' First Set of Interrogatories to Plaintiff Felipe Datuin
District Court of Guam Civil Case No. CV04-00010
Page 3 of 13

Case 1:03-cv-00028     Document 169-3     Filed 04/22/2005     Page 4 of 40

9. When used in relation to a person other than a natural person, including without limitation a corporation, partnership, joint venture, subsidiary, affiliate or other business organization or entity, the terms "identify," "identity," and "identifying" call for the name(s), address(es), and telephone number(s) of such person.

10. When used in the case of a document, the terms "identity," "identify," and "identifying" call for a statement of the nature and title of the document, the date on which the document was prepared or is dated, the general subject matter of the document, the number of pages comprising the document, the identity of each person who authored or contributed to authoring the document, the identity of each person who signed or initialed the document, the identity of each person who received or reviewed the document (including without limitation "carbon copied" parties), the present location of the document, and the identity of each person having custody of the document.

11. When used in the case of a transaction, event or occurrence, the terms "identity," "identify," and "identifying" call for the identity of all natural persons involved in or present during the transaction, event or occurrence, the date(s) and location(s) of the transaction, event or occurrence, and a description of the substance or nature of the transaction, event or occurrence.

12. When used in reference to a communication, the terms "identity," "identify," and "identifying" call for a statement of the date and location of the communication, the type of communication (e.g., "letter," "telephone conversation," or "personal meeting"), the identity of each and every natural person who participated in or was present during such communication, and a summary of the contents of the communication. If the communication is also a document, or if any

document confirms, memorializes, or otherwise concerns the communication, identify each and every such document.

13.     "Complaint" as used herein refers to the Complaint that Plaintiff filed in the above-captioned action.

# INSTRUCTIONS

1.     Each Interrogatory is to be fully and separately answered, and before each answer is given, the Interrogatory in question is to be set forth in full.

2.     Each Interrogatory shall be construed independently. No Interrogatory shall be construed by reference to any other Interrogatory for the purpose of limiting the response to such Interrogatory.

3.     With respect to the details of any conversation, statement, interview or other communication withheld on grounds of privilege or work product or other immunity, provide a sworn statement: (a) identifying the date and place of such conversation, statement, interview, or other communication; (b) identifying the person who made the privileged conversation, statement, interview, or other communication; (c) identifying each and every person who was present during such conversation, statement, interview, or other communication; (d) describing the nature and subject matter of the conversation, statement, interview, or other communication; (e) explaining the specific nature of and basis for each claim of privilege or work product or other immunity; and (f) identifying each and every document that reflects, memorializes, or otherwise concerns the conversation, statement, interview, or other communication.

Defendants' First Set of Interrogatories to Plaintiff Felipe Datuin
District Court of Guam Civil Case No. CV04-00010
Page 5 of 13

Case 1:03-cv-00028     Document 169-3     Filed 04/22/2005     Page 6 of 40

4.     In the event that any document or portion of a document is withheld or is not identified under a claim of privilege or work product or any other immunity from discovery: (a) identify the subject matter of the document, its date, the number of pages comprising the document, the author(s) and recipient(s) of the document, and all persons to whom copies were furnished; (b) state the privilege, work product claim or other immunity asserted; and (c) provide sufficient facts from which the Court and Defendants can assess and determine the validity of such an assertion of privilege, work product or other immunity, including but not limited to the identity of each person that has, that may have, or that you believe has or may have knowledge or information that supports, contradicts, or otherwise concerns the assertion of privilege, work product, or other immunity.

5.     If any document referenced herein or identified in response to any of these Interrogatories was at one time in existence, but has been lost, discarded or destroyed, identify such document as completely as possible, providing as much of the following information as possible: (a) the type of document; (b) its date; (c) the contents, subject(s), title(s), subtitle(s), nature, or scope of the document; (d) the date or approximate date it was lost, discarded or destroyed; (e) the circumstances and manner in which it was lost, discarded or destroyed; (f) the reason or reasons for disposing of the document (if discarded or destroyed); (g) the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document; (h) the identity of the person(s) who lost, discarded or destroyed the document; and (i) the identity of all persons that have or may have or that you believe have or may have knowledge or information concerning the contents thereof.

//

Defendants' First Set of Interrogatories to Plaintiff Felipe Datuin
District Court of Guam Civil Case No. CV04-00010
Page 6 of 13

Case 1:03-cv-00028     Document 169-3     Filed 04/22/2005     Page 7 of 40

6.     With respect to any Interrogatory contained herein, if you cannot answer an Interrogatory in full, answer it to the fullest extent possible, explain why you cannot answer the remainder, and state the nature of the information you cannot furnish. If you are unable to provide the exact date or number requested by any Interrogatory, provide your best estimate of the date or number and indicate that your response is an approximation.

## INTERROGATORIES

1.     Identify (by name, home and business address(es), and home and business telephone number(s)) each and every person who provided any information concerning or relating to any of the answers to these Interrogatories and, with respect to each such person, state in specific detail the information provided by such person and identify the Interrogatory answer(s) to which such information relates.

**ANSWER TO INTERROGATORY:**

2.     Identify (by name, home and business address(es), and home and business telephone number(s)) each and every person that has or that you believe has knowledge or information concerning the subject matter of this litigation (including without limitation any of the allegations

contained in the Complaint) or any of the facts described in these Interrogatories or your answers thereto, and set forth in detail what knowledge you believe each such person has or you believe has.

**ANSWER TO INTERROGATORY:**

3.     Other than your attorney, identify each and every person with whom you have discussed the allegations asserted in your Complaint, including without limitation any former or current employee of any Defendant. For each such individual, state (a) the name of any such person; (b) the date upon which such discussion(s) took place; (c) the place where such discussion(s) took place; (d) the name(s) of any and all witness(es) to such discussion(s); and (e) the content of such discussion(s).

**ANSWER TO INTERROGATORY:**

4.     Describe with specificity each and every way in which you contend you have been injured and/or damaged by any Defendant's actions as alleged in the Complaint, including without limitation the exact amount of damages you contend to have suffered. With respect to each item of injury or damage, identify: (a) each and every fact you rely upon for your conclusion that you suffered such injury or damage; (b) the dollar value of the injury or damage; (c) each and every fact

Defendants' First Set of Interrogatories to Plaintiff Felipe Datuin
District Court of Guam Civil Case No. CV04-00010
Page 8 of 13

Case 1:03-cv-00028     Document 169-3     Filed 04/22/2005     Page 9 of 40

1  upon which you base your conclusion that the dollar value of such injury or damage is equal to the

2  amount set forth in (b) above; and (d) all documents, correspondence, memoranda, diary notes, or

3  any written materials received by or in the possession of you or any agent or attorney of yours that

4  relate to, support, or negate in any way such claim of damage or injury.

5

6  **ANSWER TO INTERROGATORY:**

7

8

9

10

11  5.     Identify each person you intend to, or may, call at the trial of this case as an expert

12  witness or any other experts or consultants retained or specifically employed by you in anticipation

13  of this litigation or in preparation for trial of this matter. For each person identified state: (a) his or

14  her name, business address and telephone number, and home address and telephone number; (b)

15  state with particularity the subject matter on which the expert will or is expected to testify; (c) the

16  conclusions and opinions of the expert witness and the bases thereof; (d) the qualifications of the

17  expert witness including, but not limited to, any and all educational and/or professional degrees or

18  certifications received by that witness; and (e) provide all reports prepared by the expert witness.

19

20

21  **ANSWER TO INTERROGATORY:**

22

23

24

25

26

27

28

1      6.     If you were self-employed or performed services of any kind in a self-employed

2 capacity during any period since January 1, 2000: (a) describe in detail the nature of each service

3 you provided or business activity you engaged in as part of your self-employment; (b) identify each

4

5 individual, business corporation, partnership, or similar entity for whom you performed any service

6 or engaged in any business activity in a self-employed capacity; (c) state the dates you performed

7 such services or engaged in such business activity; (d) state the dollar amount or monetary value of

8 any compensation, earning, and/or remuneration of any kind received by you for such services or

9 business activity; and (e) identify all documents, correspondence, memoranda, diaries, notes or any

10

11 written material received by or in the possession of you or any agent or attorney of yours that relate

12 in any way to any of the facts stated in (a) through (d) above.

13

14 **<u>ANSWER TO INTERROGATORY:</u>**

15

16

17

18

19      7.     State whether you have applied for employment with any employer since January 1,

20 2000. If so, with respect to each potential employer: (a) identify the employer to which you applied;

21 (b) state the date of your application; (c) state the title and describe in detail the job duties of the

22 position for which you applied; (d) state the salary and compensation level of the position sought; (e)

23 describe in detail the efforts you made to secure employment at that employer; and (f) state the

24 disposition of your job application, i.e. whether you received a job offer and, if so, state whether you

25 accepted the offer and, if not, describe in detail why you did not accept the job offer.

26

27

28

1 **ANSWER TO INTERROGATORY:**

2

3

4      8.      Identify the name(s), address(es), and phone number(s) of each employer that you

5   have had since January 1, 2000. With respect to each employer, identify: (a) the date(s) of the

6   period(s) of your employment and whether the position you held was full-time or part-time; (b) your

7   beginning rate of pay or salary and the total amount of compensation received during each year or

8   part thereof of your employment with this employer; (c) your job title and the essential functions of

9   the job that you performed with this employer; and (d) all documents, correspondence, memoranda,

10  diaries, notes, or any written material received by or in the possession of you or any agent or

11  attorney of yours that relate in any way to any of the facts stated in (a) through (c) above.

12

13

14  **ANSWER TO INTERROGATORY:**

15

16

17      9.      State whether you attended school, were hospitalized, or were otherwise unable to

18  work during all or any part of the period from January 1, 2000 to the present. If so, state the

19  following: (a) the schools or hospitals attended; (b) the dates you attended school, were hospitalized,

20  or unable to work; (c) the courses studied or the reasons for hospitalization or inability to work; and

21  (d) the hours of the day or evening during which you attended school or did homework for school.

22

23

24  **ANSWER TO INTERROGATORY:**

25

26

27

28

10. Describe with specificity any kind of compensation that you have received as unemployment compensation, as public aid, as worker's compensation, as social security, as disability pay, or otherwise from sources other than employment since July 1, 2000, and, with respect to each such payment, identify: (a) the date and source of such payment; (b) the amount of such payment; and (c) all documents, correspondence, memoranda, diaries, notes, or any written materials received by or in the possession of you or any agent, representative or attorney of yours that relate in any way to any of the facts set forth in response to (a) and (b) above.

**ANSWER TO INTERROGATORY:**

11. State the name, address and telephone number of any governmental agencies with which you have filed claims, charges or complaints related to your employment with any current or former employer, including without limitation all claims, charges or complaints filed against any Defendant. For each agency: (a) identify the agency; (b) identify the employer against whom you filed the claim, charge or complaint; (c) identify the nature of the complaint or claim; (d) describe with specificity your allegations in such claim, charge or complaint; (e) state the date of your claim, charge or complaint; (f) describe with specificity the response of each governmental agency, including the current status of the claim, charge or complaint; and (g) the date of the response of each governmental agency.

**ANSWER TO INTERROGATORY:**

12. State whether you have ever been a party to any litigation other than this lawsuit. If your answer is yes, as to each action, further state the court in which the action was instituted, the date on which it was filed, the title and case number of the action, whether you were a defendant or plaintiff, and the nature of the claim.

**ANSWER TO INTERROGATORY:**

DATED this 11th day of March 2005.

LIMTIACO CRUZ & SISON, PLLC

By: _____
ALICIA A. LIMTIACO, ESQ.
a duly licensed employee.

H:\Legal Files\Master Client Files\LSG\EEOC - Datuin\Interrogatories\Interrogatories to Felipe Datuin (tab five)final3.11.05.DOC

Defendants' First Set of Interrogatories to Plaintiff Felipe Datuin
District Court of Guam Civil Case No. CV04-00010
Page 13 of 13

1  LIMTIACO CRUZ & SISON, PLLC
   Alicia A. Limtiaco, Esq.
2  Donna M. Cruz, Esq.
   MVP Business Center
3  777 Route 4, Suite 11B
   Sinajana, Guam 96910
4  Telephone: (671) 477-0000
   Facsimile: (671) 477-0001
5
   SIDLEY AUSTIN BROWN & WOOD LLP
6  Peter I. Ostroff (SBN 045718)
   Max C. Fischer (SBN 226003)
7  555 West Fifth Street, Suite 4000
   Los Angeles, California 90013-1010
8  Telephone: (213) 896-6000
   Facsimile: (213) 896-6600
9

10                    UNITED STATES DISTRICT COURT

11                         DISTRICT OF GUAM

12  MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ,  )   Civil Case No. 03-00028
13  and NONA A. PEREZ,                           )
                                                 )
14                         Plaintiffs,           )
                                                 )
15            vs.                                 )
                                                 )
16  LSG LUFTHANSA SERVICE GUAM, INC., et al.     )
                                                 )
17  _____Defendants._____ )
                                                 )
18  FELIPE DATUIN, JEFF GUMATAOTAO,              )   Civil Case No. 04-00010
    and JAMES CRUZ,                              )
19                                               )   DEFENDANTS' FIRST SET OF
                                                 )   INTERROGATORIES
20                         Plaintiffs,           )
                                                 )
21            vs.                                 )
                                                 )
22  LSG LUFTHANSA SERVICE GUAM, INC., et al.     )
                                                 )
23  _____Defendants._____ )

24

25  TO:   JEFF GUMATAOTAO AND HIS ATTORNEYS OF RECORD, SANDRA LYNCH,
          ESQ. AND WILLIAM GAVRAS, ESQ.

          Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively

28  "LSG Guam"), hereby submit their interrogatories to Plaintiff Jeff Gumataotao ("Plaintiff").

**Exhibit "C"**

Answers must be filed and served, in writing and under oath, within thirty (30) days from receipt of these interrogatories.

## DEFINITIONS

1. "Document" and "documents" are used herein in their customary broad sense and include, but are not limited to, anything in which there is portrayed or contained, or from which can be retrieved, any facts, information, or data, including without limitation all writings of every kind including, but not limited to, letters, telegrams, electronic mail, memoranda, reports, studies, photographs, calendar and diary entries, pamphlets, notes, charts, drawings, graphs, tabulations, analyses, statistical or informational accumulations, advertisements, portfolios, folder covers, any kind of records of meetings and conversations (including without limitation tape recordings), film impressions, videotapes, moving pictures, magnetic tapes, data stored in a computer or on a computer diskette, electronic mail, data compilations, sound or mechanical reproductions, or recordings, and copies of documents which are not identical duplicates of the originals (e.g., because handwritten or "blind" notes appear thereon or are attached thereto) whether or not the originals are in Plaintiff's possession, custody or control.

2. As used herein, "concerning," "concern," and "concerns" mean pertaining in any way to, relating to, referring to, describing, evidencing, constituting, reflecting or being in any way logically or factually connected, in whole or in part, with the matter described.

3. As used herein, "you," "your," "yourself," and "Plaintiff" refer to Plaintiff Jeff Gumataotao, his agents, employees, attorneys, accountants, representatives, and anyone acting for or on his behalf.

4.     As used herein, "LSG" and "Defendants" refer to any named Defendant in the above-captioned matter, and their agents, employees, attorneys, accountants, representatives, parent(s), subsidiary(ies), affiliate(s), predecessor(s), and anyone acting for or on their behalf.

5.     As used herein, "person" or "persons" means any natural person, individual, firm, cooperative, partnership, corporation, association, joint venture, governmental agency, or other organization, or legal or business entity, including, without limitation, any party to this litigation, and reference to any person throughout these requests should be understood as including such person's agents, officers, employees, representatives, contractors, sub-contractors, accountants, and attorneys.

6.     As used herein, "communication" means any transmittal of information, whether orally, in writing, by symbolism or electronic means, or otherwise.

7.     "And" and "or" shall be construed disjunctively or conjunctively, and the singular form of a word shall be interpreted in the plural as necessary in order to bring within the scope of any request all information which might otherwise be construed to be outside its scope.

8.     "Identify," "identity," and "identifying," when used in relation to a natural person, calls for the name(s), age, present business and resident address(es), present business and resident telephone number(s), occupation(s), title(s) or position(s), and employer(s) of such person.

9.     When used in relation to a person other than a natural person, including without limitation a corporation, partnership, joint venture, subsidiary, affiliate or other business

organization or entity, the terms "identify," "identity," and "identifying" call for the name(s), address(es), and telephone number(s) of such person.

10. When used in the case of a document, the terms "identity," "identify," and "identifying" call for a statement of the nature and title of the document, the date on which the document was prepared or is dated, the general subject matter of the document, the number of pages comprising the document, the identity of each person who authored or contributed to authoring the document, the identity of each person who signed or initialed the document, the identity of each person who received or reviewed the document (including without limitation "carbon copied" parties), the present location of the document, and the identity of each person having custody of the document.

11. When used in the case of a transaction, event or occurrence, the terms "identity," "identify," and "identifying" call for the identity of all natural persons involved in or present during the transaction, event or occurrence, the date(s) and location(s) of the transaction, event or occurrence, and a description of the substance or nature of the transaction, event or occurrence.

12. When used in reference to a communication, the terms "identity," "identify," and "identifying" call for a statement of the date and location of the communication, the type of communication (e.g., "letter," "telephone conversation," or "personal meeting"), the identity of each and every natural person who participated in or was present during such communication, and a summary of the contents of the communication. If the communication is also a document, or if any

document confirms, memorializes, or otherwise concerns the communication, identify each and every such document.

13. "Complaint" as used herein refers to the Complaint that Plaintiff filed in the above-captioned action.

## INSTRUCTIONS

1. Each Interrogatory is to be fully and separately answered, and before each answer is given, the Interrogatory in question is to be set forth in full.

2. Each Interrogatory shall be construed independently. No Interrogatory shall be construed by reference to any other Interrogatory for the purpose of limiting the response to such Interrogatory.

3. With respect to the details of any conversation, statement, interview or other communication withheld on grounds of privilege or work product or other immunity, provide a sworn statement: (a) identifying the date and place of such conversation, statement, interview, or other communication; (b) identifying the person who made the privileged conversation, statement, interview, or other communication; (c) identifying each and every person who was present during such conversation, statement, interview, or other communication; (d) describing the nature and subject matter of the conversation, statement, interview, or other communication; (e) explaining the specific nature of and basis for each claim of privilege or work product or other immunity; and (f) identifying each and every document that reflects, memorializes, or otherwise concerns the conversation, statement, interview, or other communication.

4. In the event that any document or portion of a document is withheld or is not identified under a claim of privilege or work product or any other immunity from discovery: (a) identify the subject matter of the document, its date, the number of pages comprising the document, the author(s) and recipient(s) of the document, and all persons to whom copies were furnished; (b) state the privilege, work product claim or other immunity asserted; and (c) provide sufficient facts from which the Court and Defendants can assess and determine the validity of such an assertion of privilege, work product or other immunity, including but not limited to the identity of each person that has, that may have, or that you believe has or may have knowledge or information that supports, contradicts, or otherwise concerns the assertion of privilege, work product, or other immunity.

5. If any document referenced herein or identified in response to any of these Interrogatories was at one time in existence, but has been lost, discarded or destroyed, identify such document as completely as possible, providing as much of the following information as possible: (a) the type of document; (b) its date; (c) the contents, subject(s), title(s), subtitle(s), nature, or scope of the document; (d) the date or approximate date it was lost, discarded or destroyed; (e) the circumstances and manner in which it was lost, discarded or destroyed; (f) the reason or reasons for disposing of the document (if discarded or destroyed); (g) the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document; (h) the identity of the person(s) who lost, discarded or destroyed the document; and (i) the identity of all persons that have or may have or that you believe have or may have knowledge or information concerning the contents thereof.

6. With respect to any Interrogatory contained herein, if you cannot answer an Interrogatory in full, answer it to the fullest extent possible, explain why you cannot answer the

remainder, and state the nature of the information you cannot furnish. If you are unable to provide the exact date or number requested by any Interrogatory, provide your best estimate of the date or number and indicate that your response is an approximation.

## INTERROGATORIES

1. Identify (by name, home and business address(es), and home and business telephone number(s)) each and every person who provided any information concerning or relating to any of the answers to these Interrogatories and, with respect to each such person, state in specific detail the information provided by such person and identify the Interrogatory answer(s) to which such information relates.

**ANSWER TO INTERROGATORY:**

2. Identify (by name, home and business address(es), and home and business telephone number(s)) each and every person that has or that you believe has knowledge or information concerning the subject matter of this litigation (including without limitation any of the allegations contained in the Complaint) or any of the facts described in these Interrogatories or your answers thereto, and set forth in detail what knowledge you believe each such person has or you believe has.

**ANSWER TO INTERROGATORY:**

Defendants' First Set of Interrogatories to Plaintiff Jeff Gumataotao
District Court of Guam Civil Case No. CV04-00010
Page 7 of 13

Case 1:03-cv-00028    Document 169-3    Filed 04/22/2005    Page 21 of 40

1

2 3. Other than your attorney, identify each and every person with whom you have

discussed the allegations asserted in your Complaint, including without limitation any former or

current employee of any Defendant. For each such individual, state (a) the name of any such person;

(b) the date upon which such discussion(s) took place; (c) the place where such discussion(s) took

place; (d) the name(s) of any and all witness(es) to such discussion(s); and (e) the content of such

discussion(s).

**ANSWER TO INTERROGATORY:**

4. Describe with specificity each and every way in which you contend you have

been injured and/or damaged by any Defendant's actions as alleged in the Complaint, including

without limitation the exact amount of damages you contend to have suffered. With respect to each

item of injury or damage, identify: (a) each and every fact you rely upon for your conclusion that

you suffered such injury or damage; (b) the dollar value of the injury or damage; (c) each and every

fact upon which you base your conclusion that the dollar value of such injury or damage is equal to

the amount set forth in (b) above; and (d) all documents, correspondence, memoranda, diary notes,

or any written materials received by or in the possession of you or any agent or attorney of yours that

relate to, support, or negate in any way such claim of damage or injury.

**ANSWER TO INTERROGATORY:**

Defendants' First Set of Interrogatories to Plaintiff Jeff Gumataotao
District Court of Guam Civil Case No. CV04-00010
Page 8 of 13

Case 1:03-cv-00028 Document 169-3 Filed 04/22/2005 Page 22 of 40

5. Identify each person you intend to, or may, call at the trial of this case as an expert witness or any other experts or consultants retained or specifically employed by you in anticipation of this litigation or in preparation for trial of this matter. For each person identified state: (a) his or her name, business address and telephone number, and home address and telephone number; (b) state with particularity the subject matter on which the expert will or is expected to testify; (c) the conclusions and opinions of the expert witness and the bases thereof; (d) the qualifications of the expert witness including, but not limited to, any and all educational and/or professional degrees or certifications received by that witness; and (e) provide all reports prepared by the expert witness.

**ANSWER TO INTERROGATORY:**

6. If you were self-employed or performed services of any kind in a self-employed capacity during any period since January 1, 2000: (a) describe in detail the nature of each service you provided or business activity you engaged in as part of your self-employment; (b) identify each individual, business corporation, partnership, or similar entity for whom you performed any service or engaged in any business activity in a self-employed capacity; (c) state the dates you performed such services or engaged in such business activity; (d) state the dollar amount or monetary value of any compensation, earning, and/or remuneration of any kind received by you for such services or business activity; and (e) identify all documents, correspondence, memoranda, diaries, notes or any written material received by or in the possession of you or any agent or attorney of yours that relate in any way to any of the facts stated in (a) through (d) above.

Defendants' First Set of Interrogatories to Plaintiff Jeff Gumataotao
District Court of Guam Civil Case No. CV04-00010
Page 9 of 13

Case 1:03-cv-00028   Document 169-3   Filed 04/22/2005   Page 23 of 40

**ANSWER TO INTERROGATORY:**

7.    State whether you have applied for employment with any employer since January 1, 2000. If so, with respect to each potential employer: (a) identify the employer to which you applied; (b) state the date of your application; (c) state the title and describe in detail the job duties of the position for which you applied; (d) state the salary and compensation level of the position sought; (e) describe in detail the efforts you made to secure employment at that employer; and (f) state the disposition of your job application, i.e. whether you received a job offer and, if so, state whether you accepted the offer and, if not, describe in detail why you did not accept the job offer.

**ANSWER TO INTERROGATORY:**

8.    Identify the name(s), address(es), and phone number(s) of each employer that you have had since January 1, 2000. With respect to each employer, identify: (a) the date(s) of the period(s) of your employment and whether the position you held was full-time or part-time; (b) your beginning rate of pay or salary and the total amount of compensation received during each year or part thereof of your employment with this employer; (c) your job title and the essential functions of the job that you performed with this employer; and (d) all documents, correspondence, memoranda,

diaries, notes, or any written material received by or in the possession of you or any agent or
attorney of yours that relate in any way to any of the facts stated in (a) through (c) above.

**ANSWER TO INTERROGATORY:**

9.      State whether you attended school, were hospitalized, or were otherwise
unable to work during all or any part of the period from January 1, 2000 to the present. If so, state
the following: (a) the schools or hospitals attended; (b) the dates you attended school, were
hospitalized, or unable to work; (c) the courses studied or the reasons for hospitalization or inability
to work; and (d) the hours of the day or evening of which you attended school or did homework for
school.

**ANSWER TO INTERROGATORY:**

10.     Describe with specificity any kind of compensation that you have received as
unemployment compensation, as public aid, as worker's compensation, as social security, as
disability pay, or otherwise from sources other than employment since July 1, 2000, and, with
respect to each such payment, identify: (a) the date and source of such payment; (b) the amount of
such payment; and (c) all documents, correspondence, memoranda, diaries, notes, or any written

materials received by or in the possession of you or any agent, representative or attorney of yours that relate in any way to any of the facts set forth in response to (a) and (b) above.

**ANSWER TO INTERROGATORY:**

11.  State the name, address and telephone number of any governmental agencies with which you have filed claims, charges or complaints related to your employment with any current or former employer, including without limitation all claims, charges or complaints filed against any Defendant. For each agency: (a) identify the agency; (b) identify the employer against whom you filed the claim, charge or complaint; (c) identify the nature of the complaint or claim; (d) describe with specificity your allegations in such claim, charge or complaint; (e) state the date of your claim, charge or complaint; (f) describe with specificity the response of each governmental agency, including the current status of the claim, charge or complaint; and (g) the date of the response of each governmental agency.

**ANSWER TO INTERROGATORY:**

12.  State whether you have ever been a party to any litigation other than this lawsuit. If your answer is yes, as to each action, further state the court in which the action was

instituted, the date on which it was filed, the title and case number of the action, whether you were a

defendant or plaintiff, and the nature of the claim.

**ANSWER TO INTERROGATORY:**

DATED this 11th day of March 2005.

LIMTIACO CRUZ & SISON, PLLC

By: _ALICIA A. LIMTIACO, ESQ._
ALICIA A. LIMTIACO, ESQ.
a duly licensed employee.

H:\Legal Files\Master Client Files\LSG\EEOC - Datum\Interrogatories\Interrogatories to Jeff Gumataotao (tab.five)final 03.11.05.DOC

1  **LIMTIACO CRUZ & SISON, PLLC**
   Alicia A. Limtiaco, Esq.
2  Donna M. Cruz, Esq.
   **MVP Business Center**
3  777 Route 4, Suite 11B
   Sinajana, Guam 96910
4  Telephone: (671) 477-0000
   Facsimile: (671) 477-0001
5
   **SIDLEY AUSTIN BROWN & WOOD LLP**
6  Peter I. Ostroff (SBN 045718)
   Max C. Fischer (SBN 226003)
7  555 West Fifth Street, Suite 4000
   Los Angeles, California 90013-1010
8  Telephone: (213) 896-6000
   Facsimile: (213) 896-6600
9

10

11                  **UNITED STATES DISTRICT COURT**

12                       **DISTRICT OF GUAM**

13  MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ,    )   Civil Case No. 03-00028
    and NONA A. PEREZ,                             )
14                                                 )
                                                   )
15                          Plaintiffs,            )
                                                   )
16             vs.                                 )
                                                   )
17  LSG LUFTHANSA SERVICE GUAM, INC., et al.       )
                                                   )
18                          Defendants.            )
    ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾)
    FELIPE DATUIN, JEFF GUMATAOTAO,                )   Civil Case No. 04-00010
19  and JAMES CRUZ,                                )
                                                   )   **DEFENDANTS' FIRST SET OF**
20                          Plaintiffs,            )   **INTERROGATORIES**
                                                   )
21             vs.                                 )
                                                   )
22  LSG LUFTHANSA SERVICE GUAM, INC., et al.       )
                                                   )
23                          Defendants.            )
    ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾)

24

25

26  **TO:   JAMES CRUZ AND HIS ATTORNEYS OF RECORD, SANDRA LYNCH, ESQ. AND
          WILLIAM GAVRAS, ESQ.**

27                                          ℞ECEIVED

28                                          MAR 1 1 2005
                                            ✓upom  JG
                                          GORMAN & GAVRAS

Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively "LSG Guam"), hereby submit their interrogatories to Plaintiff James Cruz ("Plaintiff"). Answers must be filed and served, in writing and under oath, within thirty (30) days from receipt of these interrogatories.

## DEFINITIONS

1.     "Document" and "documents" are used herein in their customary broad sense and include, but are not limited to, anything in which there is portrayed or contained, or from which can be retrieved, any facts, information, or data, including without limitation all writings of every kind including, but not limited to, letters, telegrams, electronic mail, memoranda, reports, studies, photographs, calendar and diary entries, pamphlets, notes, charts, drawings, graphs, tabulations, analyses, statistical or informational accumulations, advertisements, portfolios, folder covers, any kind of records of meetings and conversations (including without limitation tape recordings), film impressions, videotapes, moving pictures, magnetic tapes, data stored in a computer or on a computer diskette, electronic mail, data compilations, sound or mechanical reproductions, or recordings, and copies of documents which are not identical duplicates of the originals (e.g., because handwritten or "blind" notes appear thereon or are attached thereto) whether or not the originals are in Plaintiff's possession, custody or control.

2.     As used herein, "concerning," "concern," and "concerns" mean pertaining in any way to, relating to, referring to, describing, evidencing, constituting, reflecting or being in any way logically or factually connected, in whole or in part, with the matter described.

3.      As used herein, "you," "your," "yourself," and "Plaintiff" refer to Plaintiff James Cruz, his agents, employees, attorneys, accountants, representatives, and anyone acting for or on his behalf.

4.      As used herein, "LSG" and "Defendants" refer to any named Defendant in the above-captioned matter, and their agents, employees, attorneys, accountants, representatives, parent(s), subsidiary(ies), affiliate(s), predecessor(s), and anyone acting for or on their behalf.

5.      As used herein, "person" or "persons" means any natural person, individual, firm, cooperative, partnership, corporation, association, joint venture, governmental agency, or other organization, or legal or business entity, including, without limitation, any party to this litigation, and reference to any person throughout these requests should be understood as including such person's agents, officers, employees, representatives, contractors, sub-contractors, accountants, and attorneys.

6.      As used herein, "communication" means any transmittal of information, whether orally, in writing, by symbolism or electronic means, or otherwise.

7.      "And" and "or" shall be construed disjunctively or conjunctively, and the singular form of a word shall be interpreted in the plural as necessary in order to bring within the scope of any request all information which might otherwise be construed to be outside its scope.

8.      "Identify," "identity," and "identifying," when used in relation to a natural person, call for the name(s), age, present business and resident address(es), present business and resident telephone number(s), occupation(s), title(s) or position(s), and employer(s) of such person.

9.      When used in relation to a person other than a natural person, including without limitation a corporation, partnership, joint venture, subsidiary, affiliate or other business organization or entity, the terms "identify," "identity," and "identifying" call for the name(s), address(es), and telephone number(s) of such person.

10.     When used in the case of a document, the terms "identity," "identify," and "identifying" call for a statement of the nature and title of the document, the date on which the document was prepared or is dated, the general subject matter of the document, the number of pages comprising the document, the identity of each person who authored or contributed to authoring the document, the identity of each person who signed or initialed the document, the identity of each person who received or reviewed the document (including without limitation "carbon copied" parties), the present location of the document, and the identity of each person having custody of the document.

11.     When used in the case of a transaction, event or occurrence, the terms "identity," "identify," and "identifying" call for the identity of all natural persons involved in or present during the transaction, event or occurrence, the date(s) and location(s) of the transaction, event or occurrence, and a description of the substance or nature of the transaction, event or occurrence.

12.     When used in reference to a communication, the terms "identity," "identify," and "identifying" call for a statement of the date and location of the communication, the type of communication (e.g., "letter," "telephone conversation," or "personal meeting"), the identity of each and every natural person who participated in or was present during such communication, and a

Defendants' First Set of Interrogatories to Plaintiff James Cruz
District Court of Guam Civil Case No. CV04-00010
Page 4 of 13

Case 1:03-cv-00028      Document 169-3      Filed 04/22/2005      Page 31 of 40

1 | summary of the contents of the communication. If the communication is also a document, or if any

2 | document confirms, memorializes, or otherwise concerns the communication, identify each and

3 | every such document.

4

5 | 13. "Complaint" as used herein refers to the Complaint that Plaintiff filed in the

6 | above-captioned action.

7

8 | **INSTRUCTIONS**

9

10 | 1. Each Interrogatory is to be fully and separately answered, and before each

11 | answer is given, the Interrogatory in question is to be set forth in full.

12

13 | 2. Each Interrogatory shall be construed independently. No Interrogatory shall

14 | be construed by reference to any other Interrogatory for the purpose of limiting the response to such

15 | Interrogatory.

16

17 | 3. With respect to the details of any conversation, statement, interview or other

18 | communication withheld on grounds of privilege or work product or other immunity, provide a

19 | sworn statement: (a) identifying the date and place of such conversation, statement, interview, or

20 | other communication; (b) identifying the person who made the privileged conversation, statement,

21 | interview, or other communication; (c) identifying each and every person who was present during

22 | such conversation, statement, interview, or other communication; (d) describing the nature and

23

24 | subject matter of the conversation, statement, interview, or other communication; (e) explaining the

25 | specific nature of and basis for each claim of privilege or work product or other immunity; and (f)

26

27

28

1 identifying each and every document that reflects, memorializes, or otherwise concerns the

2 conversation, statement, interview, or other communication.

3

4        4.     In the event that any document or portion of a document is withheld or is not

5 identified under a claim of privilege or work product or any other immunity from discovery: (a)

6 identify the subject matter of the document, its date, the number of pages comprising the document,

7 the author(s) and recipient(s) of the document, and all persons to whom copies were furnished; (b)

8

9 state the privilege, work product claim or other immunity asserted; and (c) provide sufficient facts

10 from which the Court and Defendants can assess and determine the validity of such an assertion of

11 privilege, work product or other immunity, including but not limited to the identity of each person

12 that has, that may have, or that you believe has or may have knowledge or information that supports,

13 contradicts, or otherwise concerns the assertion of privilege, work product, or other immunity.

14

15        5.     If any document referenced herein or identified in response to any of these

16 Interrogatories was at one time in existence, but has been lost, discarded or destroyed, identify such

17 document as completely as possible, providing as much of the following information as possible: (a)

18 the type of document; (b) its date; (c) the contents, subject(s), title(s), subtitle(s), nature, or scope of

19 the document; (d) the date or approximate date it was lost, discarded or destroyed; (e) the

20 circumstances and manner in which it was lost, discarded or destroyed; (f) the reason or reasons for

21

22 disposing of the document (if discarded or destroyed); (g) the identity of all persons authorizing or

23 having knowledge of the circumstances surrounding the disposal of the document; (h) the identity of

24 the person(s) who lost, discarded or destroyed the document; and (i) the identity of all persons that

25 have or may have or that you believe have or may have knowledge or information concerning the

26 contents thereof.

27

28

6.     With respect to any Interrogatory contained herein, if you cannot answer an Interrogatory in full, answer it to the fullest extent possible, explain why you cannot answer the remainder, and state the nature of the information you cannot furnish.  If you are unable to provide the exact date or number requested by any Interrogatory, provide your best estimate of the date or number and indicate that your response is an approximation.

## INTERROGATORIES

1.     Identify (by name, home and business address(es), and home and business telephone number(s)) each and every person who provided any information concerning or relating to any of the answers to these Interrogatories and, with respect to each such person, state in specific detail the information provided by such person and identify the Interrogatory answer(s) to which such information relates.

## ANSWER TO INTERROGATORY:

2.     Identify (by name, home and business address(es), and home and business telephone number(s)) each and every person that has or that you believe has knowledge or information concerning the subject matter of this litigation (including without limitation any of the allegations contained in the Complaint) or any of the facts described in these Interrogatories or your answers thereto, and set forth in detail what knowledge you believe each such person has or you believe has.

Defendants' First Set of Interrogatories to Plaintiff James Cruz
District Court of Guam Civil Case No. CV04-00010
Page 7 of 13

Case 1:03-cv-00028     Document 169-3     Filed 04/22/2005     Page 34 of 40

**ANSWER TO INTERROGATORY:**

3.     Other than your attorney, identify each and every person with whom you have discussed the allegations asserted in your Complaint, including without limitation any former or current employee of any Defendant. For each such individual, state (a) the name of any such person; (b) the date upon which such discussion(s) took place; (c) the place where such discussion(s) took place; (d) the name(s) of any and all witness(es) to such discussion(s); and (e) the content of such discussion(s).

**ANSWER TO INTERROGATORY:**

4.     Describe with specificity each and every way in which you contend you have been injured and/or damaged by any Defendant's actions as alleged in the Complaint, including without limitation the exact amount of damages you contend to have suffered. With respect to each item of injury or damage, identify: (a) each and every fact you rely upon for your conclusion that you suffered such injury or damage; (b) the dollar value of the injury or damage; (c) each and every fact upon which you base your conclusion that the dollar value of such injury or damage is equal to the amount set forth in (b) above; and (d) all documents, correspondence, memoranda, diary notes,

1   or any written materials received by or in the possession of you or any agent or attorney of yours that

2   relate to, support, or negate in any way such claim of damage or injury.

3

4   **ANSWER TO INTERROGATORY:**

5

6

7

8

9        5.     Identify each person you intend to, or may, call at the trial of this case as an

10  expert witness or any other experts or consultants retained or specifically employed by you in

11  anticipation of this litigation or in preparation for trial of this matter.  For each person identified

12  state: (a) his or her name, business address and telephone number, and home address and telephone

13  number; (b) state with particularity the subject matter on which the expert will or is expected to

14  testify; (c) the conclusions and opinions of the expert witness and the bases thereof; (d) the

15

16  qualifications of the expert witness including, but not limited to, any and all educational and/or

17  professional degrees or certifications received by that witness; and (e) provide all reports prepared

18  by the expert witness.

19

20  **ANSWER TO INTERROGATORY:**

21

22

23

24

25       6.     If you were self-employed or performed services of any kind in a self-

26  employed capacity during any period since January 1, 2000: (a) describe in detail the nature of each

27

28

Defendants' First Set of Interrogatories to Plaintiff James Cruz
District Court of Guam Civil Case No. CV04-00010
Page 9 of 13

Case 1:03-cv-00028     Document 169-3     Filed 04/22/2005     Page 36 of 40

service you provided or business activity you engaged in as part of your self-employment; (b) identify each individual, business corporation, partnership, or similar entity for whom you performed any service or engaged in any business activity in a self-employed capacity; (c) state the dates you performed such services or engaged in such business activity; (d) state the dollar amount or monetary value of any compensation, earning, and/or remuneration of any kind received by you for such services or business activity; and (e) identify all documents, correspondence, memoranda, diaries, notes or any written material received by or in the possession of you or any agent or attorney of yours that relate in any way to any of the facts stated in (a) through (d) above.

**ANSWER TO INTERROGATORY:**

7. State whether you have applied for employment with any employer since January 1, 2000. If so, with respect to each potential employer: (a) identify the employer to which you applied; (b) state the date of your application; (c) state the title and describe in detail the job duties of the position for which you applied; (d) state the salary and compensation level of the position sought; (e) describe in detail the efforts you made to secure employment at that employer; and (f) state the disposition of your job application, i.e. whether you received a job offer and, if so, state whether you accepted the offer and, if not, describe in detail why you did not accept the job offer.

Defendants' First Set of Interrogatories to Plaintiff James Cruz
District Court of Guam Civil Case No. CV04-00010
Page 10 of 13

Case 1:03-cv-00028    Document 169-3    Filed 04/22/2005    Page 37 of 40

**ANSWER TO INTERROGATORY:**

8.      Identify the name(s), address(es), and phone number(s) of each employer that you have had since January 1, 2000. With respect to each employer, identify: (a) the date(s) of the period(s) of your employment and whether the position you held was full-time or part-time; (b) your beginning rate of pay or salary and the total amount of compensation received during each year or part thereof of your employment with this employer; (c) your job title and the essential functions of the job that you performed with this employer; and (d) all documents, correspondence, memoranda, diaries, notes, or any written material received by or in the possession of you or any agent or attorney of yours that relate in any way to any of the facts stated in (a) through (c) above.

**ANSWER TO INTERROGATORY:**

9.      State whether you attended school, were hospitalized, or were otherwise unable to work during all or any part of the period from January 1, 2000 to the present. If so, state the following: (a) the schools or hospitals attended; (b) the dates you attended school, were hospitalized, or unable to work; (c) the courses studied or the reasons for hospitalization or inability

Defendants' First Set of Interrogatories to Plaintiff James Cruz
District Court of Guam Civil Case No. CV04-00010
Page 11 of 13

Case 1:03-cv-00028      Document 169-3      Filed 04/22/2005      Page 38 of 40

1   to work; and (d) the hours of the day or evening of which you attended school or did homework for

2   school.

3

4   **ANSWER TO INTERROGATORY:**

5

6

7           10.    Describe with specificity any kind of compensation that you have received as

8   unemployment compensation, as public aid, as worker's compensation, as social security, as

9   disability pay, or otherwise from sources other than employment since July 1, 2000, and, with

10   respect to each such payment, identify: (a) the date and source of such payment; (b) the amount of

11   such payment; and (c) all documents, correspondence, memoranda, diaries, notes, or any written

12   materials received by or in the possession of you or any agent, representative or attorney of yours

13

14   that relate in any way to any of the facts set forth in response to (a) and (b) above.

15

16   **ANSWER TO INTERROGATORY:**

17

18

19           11.    State the name, address and telephone number of any governmental agencies

20   with which you have filed claims, charges or complaints related to your employment with any

21   current or former employer, including without limitation all claims, charges or complaints filed

22   against any Defendant. For each agency: (a) identify the agency; (b) identify the employer against

23   whom you filed the claim, charge or complaint; (c) identify the nature of the complaint or claim; (d)

24

25   describe with specificity your allegations in such claim, charge or complaint; (e) state the date of

26   your claim, charge or complaint; (f) describe with specificity the response of each governmental

27

28

1  agency, including the current status of the claim, charge or complaint; and (g) the date of the

2  response of each governmental agency.

3

4  **ANSWER TO INTERROGATORY:**

5

6

7          12.    State whether you have ever been a party to any litigation other than this

8  lawsuit.  If your answer is yes, as to each action, further state the court in which the action was

9
   instituted, the date on which it was filed, the title and case number of the action, whether you were a
10
   defendant or plaintiff, and the nature of the claim.
11

12  **ANSWER TO INTERROGATORY:**

13

14

15

16

17

18

19          DATED this 11th day of March 2005.

20                                    LIMTIACO CRUZ & SISON, PLLC

21

22                          By:    _Alicia A. Limtiaco_

23                                  ALICIA A. LIMTIACO, ESQ.
                                    a duly licensed employee.
24

25

26

27

28

1   **LIMTIACO CRUZ & SISON, PLLC**
Alicia A. Limtiaco, Esq.
2   Donna M. Cruz, Esq.
**MVP Business Center**
3   777 Route 4, Suite 11B
Sinajana, Guam 96910
4   Telephone: (671) 477-0000
Facsimile: (671) 477-0001
5

   **SIDLEY AUSTIN BROWN & WOOD LLP**
6   Peter I. Ostroff (SBN 045718)
Max C. Fischer (SBN 226003)
7   555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
8   Telephone: (213) 896-6000
Facsimile: (213) 896-6600
9

10                  **UNITED STATES DISTRICT COURT**

11                   **DISTRICT OF GUAM**

| | |
|---|---|
| 12  MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ, and NONA A. PEREZ, | Civil Case No. 03-00028 |
| 13 | |
|                 Plaintiffs, | |
| 14 | |
| 15        vs. | |
|   LSG LUFTHANSA SERVICE GUAM, INC., et al. | |
| 16 | |
| 17                Defendants. | |
|   FELIPE DATUIN, JEFF GUMATAOTAO, | Civil Case No. 04-00010 |
| 18  and JAMES CRUZ, | |
| 19             Plaintiffs, | **DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| 20        vs. | |
| 21  LSG LUFTHANSA SERVICE GUAM, INC., et al. | |
| 22               Defendants. | |

23

24  **TO:   FELIPE DATUIN AND HIS ATTORNEYS OF RECORD, SANDRA LYNCH, ESQ. AND WILLIAM GAVRAS, ESQ.**

      Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively

"LSG Guam"), hereby requests that Plaintiff Felipe Datuin ("Plaintiff") make available for

inspection and copying at the offices of Limtiaco Cruz & Sison, PLLC, 777 Route 4, MVP Business

**Exhibit "D"**

GORMAN & GAVRAS
RECEIVED
MAR 11 2005
4:40pm

Center, Suite 11B, Sinajana, Guam 96910, within thirty (30) days from receipt of this request, the documents described herein.

## INSTRUCTIONS

In responding to each part of this request, the following instructions shall apply:

1.    If a request, read literally, requires the production of a part or portion of a document, production of the entire document is requested.  Wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Plaintiff's knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not produced.

2.    In all requests, the singular includes the plural, and the plural includes the singular, wherever such dual construction will serve to bring within the scope of a request any document which would otherwise not be brought within its scope.

3.    This demand requires you to produce the originals of all documents and all tangible things demanded that are in your actual or constructive possession, custody, or control, or in the possession, custody, or control of your attorneys, accountants, representatives, consultants, agents, employees, or anyone maintaining the documents or things demanded, or anyone acting on your behalf.

4.    This demand requires the production of documents as they are kept in the usual course of business or to be organized and labeled to correspond with the particular demands set forth below.  If you choose the former method, the documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found.  The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.

5.     In the event that any document is withheld on the ground of privilege or the work product doctrine or any other purported protection, please provide the following information with respect to any such document in order to aid the Court and Defendants in determining the validity of the claim of privilege or other protection:

       a.     The identity of the person(s) who prepared the document, who signed it, and under whose name it was sent or issued;

       b.     The identity of the person(s) to whom the document was directed and all recipients;

       c.     The nature and substance of the document with sufficient particularity to enable the Court and parties hereto to identify the document;

       d.     The date of the document;

       e.     The identity of the person(s) having custody of or control over the document and each copy thereof;

       f.     The identity of each person(s) to whom copies of the document were furnished;

       g.     The number of pages of the document;

       h.     The basis on which any privilege or other protection is claimed; and

       i.     Whether any non-privileged or non-protected matter is included in the document.

## DEFINITIONS

1.     "PLAINTIFF" or "YOU" or "YOUR" refers to plaintiff Felipe Datuin and his attorneys, consultants, agents, representatives, and all other persons acting on or for his behalf, or purporting to act on or for his behalf, or in concert with any or all of them.

2.     "COMPLAINT" means Case Number 04-00010 filed by PLAINTIFF in the United States District Court for the District of Guam.

3.     "LSG GUAM" means collectively Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. and/or their managers, officers, directors, partners, agents, employees, servants, attorneys, accountants, consultants, representatives, and all other persons acting on or for their behalf.

4.     "LSG SAIPAN" means collectively Defendants LSG Lufthansa Service Saipan, Inc. and LSG Catering Saipan, Inc. and/or their managers, officers, directors, partners, agents, employees, servants, attorneys, accountants, consultants, representatives, and all other persons acting on or for their behalf.

5.     "DEFENDANT" means any named defendant in the COMPLAINT.

6.     "COMPLAINT OF DISCRIMINATION" refers to any administrative charge PLAINTIFF filed with the United States Equal Employment Opportunity Commission.

7.     "CLAIMS" means and includes lawsuits, charges, workers compensation claims, or any and all claims filed with the United States Equal Employment Opportunity Commission.

8.     "HEALTH CARE PROVIDER" means any physicians, chiropractors, osteopaths, hospitals, optometrists, nurses, nurse practitioners, therapists, psychologists, psychiatrists, psychoanalysts or counselors, whether or not licensed or certified by any governmental or regulatory body.

9.     "COMMUNICATION" or any variant thereof refers to any verbal, written, electronic or other transmittal or words, thoughts, ideas or images between or among persons, whether in person, by letter, by email, by telephone or by any other means. It also specifically includes correspondence, notes of meetings or notes of telephone calls.

10.    "DOCUMENTS" as used herein includes all physical forms of written records, photographs, negatives, communications, cards, transcripts, minutes, telegrams, cables, telexes, tapes, recordings,

files, memoranda, notes, drafts, photocopies, diaries, appointment records and calendars, affidavits, statements, summaries, evaluations, valuations, audits, verifications, inventories, appraisals, reports, studies, other analyses, books or records of accounts, contracts, other agreements, powers of attorney, endorsements, account statements, receipts, safe deposit records, invoices, telephone records and statements, tax records, notices, work papers, agenda, interoffice or intra office communications, notebooks, telephone message slips, logs, and anything upon which handwriting, printing, typing, computer printing, photostatic copies, magnetic or electronic impulse or other form of communication are recorded or reproduced.

11.     "PROCEEDING" means a state or federal court trial or hearing, an arbitration or deposition, or an administrative forum.

12.     "All" should be understood to include and encompass "any" and "each." In all requests, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of a request any document which would otherwise not be brought within its scope.

## DOCUMENT REQUESTS

1.     Any and all DOCUMENTS that describe, memorialize, discuss, refer or relate to the hiring of PLAINTIFF by any of the DEFENDANTS.

2.     Any and all DOCUMENTS that describe, memorialize, discuss, refer or relate to PLAINTIFF's duties, functions, actions or activities during the course and scope of PLAINTIFF's employment with any of the DEFENDANTS.

Defendants' First Request for Production of Documents to Plaintiff Felipe Datuin
District Court of Guam Civil Case No. CV04-00010
Page 5 of 12

Case 1:03-cv-00028     Document 169-4     Filed 04/22/2005     Page 6 of 37

3. Any and all DOCUMENTS that describe, memorialize, refer or relate to personnel decisions made with respect to PLAINTIFF by any of the DEFENDANTS, including all DOCUMENTS reflecting the reasons for or circumstances surrounding such personnel decisions.

4. Any and all DOCUMENTS that constitute, evidence, refer or relate to any evaluation of, or comments concerning, PLAINTIFF's job performance by any employee or agent of any of the DEFENDANTS.

5. Any and all DOCUMENTS that constitute, evidence, refer or relate to any evaluation of, or comments concerning, PLAINTIFF's job performance by persons other than employees or agents of any of the DEFENDANTS, including customers of any of the DEFENDANTS.

6. Any and all DOCUMENTS that constitute, evidence, refer or relate to diaries, calendars, appointment books, logs, or notes, including, but not limited to, any Franklin planner(s), maintained by PLAINTIFF from January 1, 2000 to the present.

7. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to complaints, claims or grievances made by PLAINTIFF regarding his employment with any of the DEFENDANTS, including, but not limited to, the purported complaints described in the COMPLAINT, including paragraph 38 therein.

8. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to PLAINTIFF's contention that any or all of the DEFENDANTS were not responsive to PLAINTIFF'S complaints, as alleged in the COMPLAINT, including paragraph 38 therein.

9. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF suffered disparate treatment

Defendants' First Request for Production of Documents to Plaintiff Felipe Datuin
District Court of Guam Civil Case No. CV04-00010
Page 6 of 12

Case 1:03-cv-00028    Document 169-4    Filed 04/22/2005    Page 7 of 37

during his employment with any of the DEFENDANTS, as alleged in the COMPLAINT, including paragraphs 34-36 therein.

10.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF suffered harassment, excessive criticism, disparate working hours and disparate wages as alleged in the COMPLAINT, including paragraph 36 therein.

11.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the Defendants have exhibited, through their agents or assigns, and by their actions and inactions, patterns and practices of discrimination toward Pacific Islanders and of those persons over forty (40) years of age as alleged in the COMPLAINT, including paragraph 39 therein.

12.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the Defendants, "through their agents or assigns, and by their actions and inactions, condoned, accepted, authorized, implicitly or explicitly, the actions of discrimination, retaliation, disparate treatment, hostile work environment, harassment and other unlawful employment practices to which Plaintiffs were subjected in the terms and conditions of their employment", as alleged in the COMPLAINT, including paragraph 42 therein.

13.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention PLAINTIFF "made known his support for other persons who filed suit under Title VII of the Civil Rights Act", as alleged in the COMPLAINT, including paragraph 47 therein.

14.   Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the DEFENDANTS treated him less favorably than similarly situated non-Pacific Islander employees in any aspect of his employment or termination from employment with any DEFENDANT, as alleged in the COMPLAINT.

15.   Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to efforts by PLAINTIFF to obtain or engage in an occupation, business, job, or source of income, compensation or remuneration subsequent to PLAINTIFF's employment with any of the DEFENDANTS, including reference letters, COMMUNICATIONS with persons requested to write reference letters for PLAINTIFF, resumes, draft resumes, COMMUNICATIONS with prospective employers or business associates, applications for employment or business association, photographs, portfolios, audio or video tapes, and DOCUMENTS received from prospective employers or business associates.

16.   Any and all DOCUMENTS that describe, memorialize, evidence, refer or relate to occupations, businesses, jobs, or sources of income, compensation or remuneration earned by PLAINTIFF subsequent to his employment with any of the DEFENDANTS.

17.   PLAINTIFF's pay stubs, payroll records, earnings records, and DOCUMENTS reflecting any and all sources and/or amounts of income, earnings or other remuneration, whether from any of the DEFENDANTS or from another source, obtained subsequent to PLAINTIFF's employment with any of the DEFENDANTS.

18.   A copy of PLAINTIFF's most recent resume and copies of any resume(s) prepared by PLAINTIFF or on PLAINTIFF's behalf since January 1, 2000.

Defendants' First Request for Production of Documents to Plaintiff Felipe Datuin
District Court of Guam Civil Case No. CV04-00010
Page 8 of 12

Case 1:03-cv-00028     Document 169-4     Filed 04/22/2005     Page 9 of 37

19. All DOCUMENTS, or copies thereof, that describe, memorialize, refer to or relate to PLAINTIFF's employment with any of the DEFENDANTS that PLAINTIFF retained after PLAINTIFF's employment with any of the DEFENDANTS ended.

20. Any and all DOCUMENTS that constitute, evidence, memorialize, discuss, refer or relate to PLAINTIFF's relationship with any of the DEFENDANTS, including without limitation, all pay stubs, notes, diaries, calendars and schedules, documents relating to any DEFENDANT's policies and procedures (including personnel policies and procedures), and any forms PLAINTIFF completed in connection with his employment with any of the DEFENDANTS.

21. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMMUNICATIONS between PLAINTIFF and present or former employees or agents of any of the DEFENDANTS during PLAINTIFF's employment with any of the DEFENDANTS relating to any of the allegations or claims in the COMPLAINT.

22. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMMUNICATIONS between PLAINTIFF and present or former employees or agents of any of the DEFENDANTS subsequent to PLAINTIFF's employment with any of the DEFENDANTS relating to any of the allegations or claims in the COMPLAINT.

23. All DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMPLAINT OF DISCRIMINATION filed by PLAINTIFF with the United States Equal Employment Opportunity Commission, including but not limited to, any DOCUMENTS PLAINTIFF submitted in connection with such COMPLAINTS.

24. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to claims, charges and/or applications prepared or caused to be prepared by PLAINTIFF for disability

insurance, unemployment insurance, workers' compensation and employment discrimination, including, but not limited to, written statements submitted by PLAINTIFF to the United States Department of Labor, the United States Equal Employment Opportunity Commission, Department of Industrial Relations (workers' compensation), and/or any other like agency in any other jurisdiction.

25.    Any and all DOCUMENTS received by PLAINTIFF in connection with claims, charges and/or applications filed by him for disability insurance, unemployment insurance, workers' compensation, and employment discrimination, including, but not limited to, written statements received from the United States Department of Labor, the United States Equal Employment Opportunity Commission, Department of Industrial Relations (workers' compensation), and/or any other like agency in any other jurisdiction.

26.    Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any claims, charges, demands or requests made or asserted by PLAINTIFF in any forum, whether by informal demand or request upon another party or before a court or administrative agency of any nature asserting discrimination or harassment claims, personal injury, disability, emotional distress, or economic damages, including but not limited to any statements, depositions, affidavits or declarations given by PLAINTIFF in connection with these claims.

27.    All DOCUMENTS that memorialize, discuss, evidence, refer or relate to each PROCEEDING in which PLAINTIFF has testified since January 1, 1998.

28.    Any and all DOCUMENTS that memorialize, refer or relate to visits or other contacts with physicians, doctors, psychologists, psychiatrists, counselors, social workers, therapists, and/or any

other HEALTH CARE PROVIDER whom PLAINTIFF consulted during the period January 1, 1998 to the present

29.     Any and all DOCUMENTS that memorialize, refer or relate to PLAINTIFF's physical, mental and/or psychiatric health and/or condition during the period January 1, 1998, to the present, including but not limited to any and all reports regarding PLAINTIFF's physical, mental and/or psychiatric health and/or condition.

30.     Any and all DOCUMENTS that memorialize, refer or relate to medical, psychiatric and/or psychological visits, check-ups, tests, diagnoses and/or treatments rendered to PLAINTIFF, including but not limited to bills, insurance claims and records of payment, during the period January 1, 1998 to the present.

31.     Any and all DOCUMENTS that memorialize, refer or relate to psychotherapy, counseling, or other similar treatment rendered to PLAINTIFF, whether alone or in conjunction with another person(s), during the period January 1, 1998 to the present.

32.     Any and all DOCUMENTS that memorialize, support, refer or relate to complaints of discrimination (including, without limitation, gender and age discrimination) made by PLAINTIFF at any time.

33.     Any and all DOCUMENTS that relate to or support PLAINTIFF's claim for attorney's fees, including without limitation, any fee agreement, invoices, and billing statements.

34.     Any and all witness statements, affidavits or declarations that relate to any of the allegations in this action.

Defendants' First Request for Production of Documents to Plaintiff Felipe Datuin
District Court of Guam Civil Case No. CV04-0001D
Page 11 of 12

Case 1:03-cv-00028     Document 169-4     Filed 04/22/2005     Page 12 of 37

35.    Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions or claims made in the COMPLAINT herein against any or all of the DEFENDANTS.

DATED this 11th day of March 2005.

LIMTIACO CRUZ & SISON, PLLC

By: _____
ALICIA A. LIMTIACO, ESQ.
a duly licensed employee.

H:\Legal Files\Master Client Files\LSG\EEOC - Datuin\RFPs\Request for Production Felipe Datuin (tab five)final 03.11.05 DOC

1  LIMTIACO CRUZ & SISON, PLLC
   Alicia A. Limtiaco, Esq.
2  Donna M. Cruz, Esq.
   MVP Business Center
3  777 Route 4, Suite 11B
   Sinajana, Guam 96910
4  Telephone: (671) 477-0000
   Facsimile: (671) 477-0001
5
   SIDLEY AUSTIN BROWN & WOOD LLP
6  Peter I. Ostroff (SBN 045718)
   Max C. Fischer (SBN 226003)
7  555 West Fifth Street, Suite 4000
   Los Angeles, California 90013-1010
8  Telephone: (213) 896-6000
   Facsimile: (213) 896-6600
9

10                    **UNITED STATES DISTRICT COURT**

11                          **DISTRICT OF GUAM**

12  MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ,  )   Civil Case No. 03-00028
    and NONA A. PEREZ,                            )
13                                                )
                                                  )
14                            Plaintiffs,         )
                                                  )
15              vs.                               )
                                                  )
16  LSG LUFTHANSA SERVICE GUAM, INC., et al.      )
                                                  )
17  ─────────────────────────────────────────    )
                            Defendants.           )
18  FELIPE DATUIN, JEFF GUMATAOTAO,               )   Civil Case No. 04-00010
    and JAMES CRUZ,                               )
19                                                )   **DEFENDANTS' FIRST**
                              Plaintiffs,         )   **REQUEST FOR PRODUCTION**
20                                                )   **OF DOCUMENTS**
                vs.                               )
21  LSG LUFTHANSA SERVICE GUAM, INC., et al.      )
                                                  )
22                            Defendants.         )

23  **TO:  JEFF GUMATAOTAO AND HIS ATTORNEYS OF RECORD, SANDRA LYNCH,
         ESQ. AND WILLIAM GAVRAS, ESQ.**
24

        Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively

26  "LSG Guam"), hereby requests that Plaintiff Jeff Gumataotao ("Plaintiff") make available for

27  inspection and copying at the offices of Limtiaco Cruz & Sison, PLLC, 777 Route 4, MVP Business

GORMAN & GAVRAS

RECEIVED

Center, Suite 11B, Sinajana, Guam 96910, within thirty (30) days from receipt of this request, the documents described herein.

## INSTRUCTIONS

In responding to each part of this Request, the following instructions shall apply:

1.     If a request, read literally, requires the production of a part or portion of a document, production of the entire document is requested. Wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Plaintiff's knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not produced.

2.     In all requests, the singular includes the plural, and the plural includes the singular, wherever such dual construction will serve to bring within the scope of a request any document which would otherwise not be brought within its scope.

3.     This demand requires you to produce the originals of all documents and all tangible things demanded that are in your actual or constructive possession, custody, or control, or in the possession, custody, or control of your attorneys, accountants, representatives, consultants, agents, employees, or anyone maintaining the documents or things demanded, or anyone acting on your behalf.

4.     This demand requires the production of documents as they are kept in the usual course of business or to be organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.

1  5.    In the event that any document is withheld on the ground of privilege or the work product

2  doctrine or any other purported protection, please provide the following information with respect to

3  any such document in order to aid the Court and Defendants in determining the validity of the claim

4  of privilege or other protection:

5

6      a.    The identity of the person(s) who prepared the document, who signed it, and under

7  whose name it was sent or issued;

8      b.    The identity of the person(s) to whom the document was directed and all recipients;

9      c.    The nature and substance of the document with sufficient particularity to enable the

10  Court and parties hereto to identify the document;

11     d.    The date of the document;

12
   e.    The identity of the person(s) having custody of or control over the document and each
13
14  copy thereof;

15     f.    The identity of each person(s) to whom copies of the document were furnished;

16     g.    The number of pages of the document;

17     h.    The basis on which any privilege or other protection is claimed; and

18     i.    Whether any non-privileged or non-protected matter is included in the document.

19

20                              **DEFINITIONS**

21

22  1.    "PLAINTIFF" or "YOU" or "YOUR" refers to Plaintiff Jeff Gumataotao and his attorneys,

23  consultants, agents, representatives, and all other persons acting on or for his behalf, or purporting to

24  act on or for his behalf, or in concert with any or all of them.

25  2.    "COMPLAINT" means Case Number 04-00010 filed by PLAINTIFF in the United States

26  District Court for the District of Guam.

27

28

Defendants' First Request for Production of Documents to Plaintiff Jeff Gumataotao
District Court of Guam Civil Case No. CV04-00010
Page 3 of 12

Case 1:03-cv-00028    Document 169-4    Filed 04/22/2005    Page 16 of 37

3.   "LSG GUAM" means collectively Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. and/or their managers, officers, directors, partners, agents, employees, servants, attorneys, accountants, consultants, representatives, and all other persons acting on or for their behalf.

4.   "LSG SAIPAN" means collectively Defendants LSG Lufthansa Service Saipan, Inc. and LSG Catering Saipan, Inc. and/or their managers, officers, directors, partners, agents, employees, servants, attorneys, accountants, consultants, representatives, and all other persons acting on or for their behalf.

5.   "DEFENDANT" means any named defendant in the COMPLAINT.

6.   "COMPLAINT OF DISCRIMINATION" refers to any administrative charge PLAINTIFF filed with the United States Equal Employment Opportunity Commission.

7.   "CLAIMS" means and includes lawsuits, charges, workers compensation claims, or any and all claims filed with the United States Equal Employment Opportunity Commission.

8.   "HEALTH CARE PROVIDER" means any physicians, chiropractors, osteopaths, hospitals, optometrists, nurses, nurse practitioners, therapists, psychologists, psychiatrists, psychoanalysts or counselors, whether or not licensed or certified by any governmental or regulatory body.

9.   "COMMUNICATION" or any variant thereof refers to any verbal, written, electronic or other transmittal or words, thoughts, ideas or images between or among persons, whether in person, by letter, by email, by telephone or by any other means.  It also specifically includes correspondence, notes of meetings or notes of telephone calls.

10.  "DOCUMENTS" as used herein includes all physical forms of written records, photographs, negatives, communications, cards, transcripts, minutes, telegrams, cables, telexes, tapes, recordings,

3.    Any and all DOCUMENTS that describe, memorialize, refer or relate to personnel decisions made with respect to PLAINTIFF by any of the DEFENDANTS, including all DOCUMENTS reflecting the reasons for or circumstances surrounding such personnel decisions.

4.    Any and all DOCUMENTS that constitute, evidence, refer or relate to any evaluation of, or comments concerning, PLAINTIFF's job performance by any employee or agent of any of the DEFENDANTS.

5.    Any and all DOCUMENTS that constitute, evidence, refer or relate to any evaluation of, or comments concerning, PLAINTIFF's job performance by persons other than employees or agents of any of the DEFENDANTS, including customers of any of the DEFENDANTS.

6.    Any and all DOCUMENTS that constitute, evidence, refer or relate to diaries, calendars, appointment books, logs, or notes, including, but not limited to, any Franklin planner(s), maintained by PLAINTIFF from January 1, 2000 to the present.

7.    Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to complaints, claims or grievances made by PLAINTIFF regarding his employment with any of the DEFENDANTS, including, but not limited to, the purported complaints described in the COMPLAINT, including paragraph 38 therein.

8.    Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to PLAINTIFF's contention that any or all of the DEFENDANTS were not responsive to PLAINTIFF'S complaints, as alleged in the COMPLAINT, including paragraph 38 therein.

9.    Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF suffered disparate treatment

during his employment with any of the DEFENDANTS, as alleged in the COMPLAINT, including paragraphs 34-36 therein.

10.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF suffered harassment, excessive criticism, disparate working hours and disparate wages as alleged in the COMPLAINT, including paragraph 36 therein.

11.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the Defendants have exhibited, through their agents or assigns, and by their actions and inactions, patterns and practices of discrimination toward Pacific Islanders and of those persons over forty (40) years of age as alleged in the COMPLAINT, including paragraph 39 therein.

12.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the Defendants, "through their agents or assigns, and by their actions and inactions, condoned, accepted, authorized, implicitly or explicitly, the actions of discrimination, retaliation, disparate treatment, hostile work environment, harassment and other unlawful employment practices to which Plaintiffs were subjected in the terms and conditions of their employment", as alleged in the COMPLAINT, including paragraph 42 therein.

13.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention PLAINTIFF made known his support for other persons who filed suit under Title VII of the Civil Rights Act, as alleged in the COMPLAINT, including paragraph 61 therein.

Defendants' First Request for Production of Documents to Plaintiff Jeff Gumataotao
District Court of Guam Civil Case No. CV04-00010
Page 7 of 12

Case 1:03-cv-00028     Document 169-4     Filed 04/22/2005     Page 19 of 37

during his employment with any of the DEFENDANTS, as alleged in the COMPLAINT, including paragraphs 34-36 therein.

10.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF suffered harassment, excessive criticism, disparate working hours and disparate wages as alleged in the COMPLAINT, including paragraph 36 therein.

11.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the Defendants have exhibited, through their agents or assigns, and by their actions and inactions, patterns and practices of discrimination toward Pacific Islanders and of those persons over forty (40) years of age as alleged in the COMPLAINT, including paragraph 39 therein.

12.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the Defendants, "through their agents or assigns, and by their actions and inactions, condoned, accepted, authorized, implicitly or explicitly, the actions of discrimination, retaliation, disparate treatment, hostile work environment, harassment and other unlawful employment practices to which Plaintiffs were subjected in the terms and conditions of their employment", as alleged in the COMPLAINT, including paragraph 42 therein.

13.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention PLAINTIFF made known his support for other persons who filed suit under Title VII of the Civil Rights Act, as alleged in the COMPLAINT, including paragraph 61 therein.

Defendants' First Request for Production of Documents to Plaintiff Jeff Gumataotao
District Court of Guam Civil Case No. CV04-00010
Page 7 of 12

Case 1:03-cv-00028     Document 169-4     Filed 04/22/2005     Page 20 of 37

14.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the DEFENDANTS treated him less favorably than similarly situated non-Pacific Islander employees in any aspect of his employment or termination from employment with any DEFENDANT, as alleged in the COMPLAINT.

15.     Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to efforts by PLAINTIFF to obtain or engage in an occupation, business, job, or source of income, compensation or remuneration subsequent to PLAINTIFF's employment with any of the DEFENDANTS, including reference letters, COMMUNICATIONS with persons requested to write reference letters for PLAINTIFF, resumes, draft resumes, COMMUNICATIONS with prospective employers or business associates, applications for employment or business association, photographs, portfolios, audio or video tapes, and DOCUMENTS received from prospective employers or business associates.

16.     Any and all DOCUMENTS that describe, memorialize, evidence, refer or relate to occupations, businesses, jobs, or sources of income, compensation or remuneration earned by PLAINTIFF subsequent to his employment with any of the DEFENDANTS.

17.     PLAINTIFF's pay stubs, payroll records, earnings records, and DOCUMENTS reflecting any and all sources and/or amounts of income, earnings or other remuneration, whether from any of the DEFENDANTS or from another source, obtained subsequent to PLAINTIFF's employment with any of the DEFENDANTS.

18.     A copy of PLAINTIFF's most recent resume and copies of any resume(s) prepared by PLAINTIFF or on PLAINTIFF's behalf since January 1, 2000.

19. All DOCUMENTS, or copies thereof, that describe, memorialize, refer to or relate to PLAINTIFF's employment with any of the DEFENDANTS that PLAINTIFF retained after PLAINTIFF's employment with any of the DEFENDANTS ended.

20. Any and all DOCUMENTS that constitute, evidence, memorialize, discuss, refer or relate to PLAINTIFF's relationship with any of the DEFENDANTS, including without limitation, all pay stubs, notes, diaries, calendars and schedules, documents relating to any DEFENDANT's policies and procedures (including personnel policies and procedures), and any forms PLAINTIFF completed in connection with his employment with any of the DEFENDANTS.

21. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMMUNICATIONS between PLAINTIFF and present or former employees or agents of any of the DEFENDANTS during PLAINTIFF's employment with any of the DEFENDANTS relating to any of the allegations or claims in the COMPLAINT.

22. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMMUNICATIONS between PLAINTIFF and present or former employees or agents of any of the DEFENDANTS subsequent to PLAINTIFF's employment with any of the DEFENDANTS relating to any of the allegations or claims in the COMPLAINT.

23. All DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMPLAINT OF DISCRIMINATION filed by PLAINTIFF with the United States Equal Employment Opportunity Commission, including but not limited to, any DOCUMENTS PLAINTIFF submitted in connection with such COMPLAINTS.

24. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to claims, charges and/or applications prepared or caused to be prepared by PLAINTIFF for disability

insurance, unemployment insurance, workers' compensation and employment discrimination, including, but not limited to, written statements submitted by PLAINTIFF to the United States Department of Labor, the United States Equal Employment Opportunity Commission, Department of Industrial Relations (workers' compensation), and/or any other like agency in any other jurisdiction.

25. Any and all DOCUMENTS received by PLAINTIFF in connection with claims, charges and/or applications filed by him for disability insurance, unemployment insurance, workers' compensation, and employment discrimination, including, but not limited to, written statements received from the United States Department of Labor, the United States Equal Employment Opportunity Commission, Department of Industrial Relations (workers' compensation), and/or any other like agency in any other jurisdiction.

26. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any claims, charges, demands or requests made or asserted by PLAINTIFF in any forum, whether by informal demand or request upon another party or before a court or administrative agency of any nature asserting discrimination or harassment claims, personal injury, disability, emotional distress, or economic damages, including but not limited to any statements, depositions, affidavits or declarations given by PLAINTIFF in connection with these claims.

27. All DOCUMENTS that memorialize, discuss, evidence, refer or relate to each PROCEEDING in which PLAINTIFF has testified since January 1, 1998

28. Any and all DOCUMENTS that memorialize, refer or relate to visits or other contacts with physicians, doctors, psychologists, psychiatrists, counselors, social workers, therapists, and/or any

Defendants' First Request for Production of Documents to Plaintiff Jeff Gumataotao
District Court of Guam Civil Case No. CV04-00010
Page 10 of 12

Case 1:03-cv-00028    Document 169-4    Filed 04/22/2005    Page 23 of 37

1  other HEALTH CARE PROVIDER whom PLAINTIFF consulted during the period January 1, 1998

2  to the present.

3  29.    Any and all DOCUMENTS that memorialize, refer or relate to PLAINTIFF's physical,

4
5  mental and/or psychiatric health and/or condition during the period January 1, 1998, to the present,

6  including but not limited to any and all reports regarding PLAINTIFF's physical, mental and/or

7  psychiatric health and/or condition.

8  30.    Any and all DOCUMENTS that memorialize, refer or relate to medical, psychiatric and/or

9  psychological visits, check-ups, tests, diagnoses and/or treatments rendered to PLAINTIFF,

10  including but not limited to bills, insurance claims and records of payment, during the period

11
12  January 1, 1998 to the present.

13  31.    Any and all DOCUMENTS that memorialize, refer or relate to psychotherapy, counseling, or

14  other similar treatment rendered to PLAINTIFF, whether alone or in conjunction with another

15  person(s), during the period January 1, 1998 to the present.

16  32.    Any and all DOCUMENTS that memorialize, support, refer or relate to complaints of

17  discrimination (including, without limitation, gender and age discrimination) made by PLAINTIFF

18  at any time.

19  33.    Any and all DOCUMENTS that relate to or support PLAINTIFF's claim for attorney's fees,

20  including without limitation, any fee agreement, invoices, and billing statements.

21
22  34.    Any and all witness statements, affidavits or declarations that relate to any of the allegations

23  in this action.

24

25

26

27

28

Defendants' First Request for Production of Documents to Plaintiff Jeff Gumataotao
District Court of Guam Civil Case No. CV04-00010
Page 11 of 12

Case 1:03-cv-00028    Document 169-4    Filed 04/22/2005    Page 24 of 37

1    35.    Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or

2    relate to any of the contentions or claims made in the COMPLAINT herein against any or all of the

3    DEFENDANTS.

4

5              DATED this 11th day of March 2005.

6

7                                                     LIMTIACO CRUZ & SISON, PLLC

8

9                                    By:    _Alicia A. Limtiaco_____

10                                            ALICIA A. LIMTIACO, ESQ.
                                             a duly licensed employee.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    H:\Legal Files\Master Client Files\LSG\EEOC - Dutuin\RFPs\Request for Production Jeff Gumataotao (tab five) final 03.11.05.DOC

26

27    _____

28

1   LIMTIACO CRUZ & SISON, PLLC
    Alicia A. Limtiaco, Esq.
2   Donna M. Cruz, Esq.
    MVP Business Center
3   777 Route 4, Suite 11B
    Sinajana, Guam 96910
4   Telephone: (671) 477-0000
    Facsimile: (671) 477-0001
5
    SIDLEY AUSTIN BROWN & WOOD LLP
6   Peter I. Ostroff (SBN 045718)
    Max C. Fischer (SBN 226003)
7   555 West Fifth Street, Suite 4000
    Los Angeles, California 90013-1010
8   Telephone: (213) 896-6000
    Facsimile: (213) 896-6600
9

10                  UNITED STATES DISTRICT COURT

11                      DISTRICT OF GUAM

12  MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ,    )   Civil Case No. 03-00028
    and NONA A. PEREZ,                              )
13                                                  )
                              Plaintiffs,           )
14                                                  )
                   vs.                              )
15                                                  )
    LSG LUFTHANSA SERVICE GUAM, INC., et al.        )
16                                                  )
                              Defendants.           )
17  _____        )
    FELIPE DATUIN, JEFF GUMATAOTAO,                 )   Civil Case No. 04-00010
18  and JAMES CRUZ,                                 )
                                                    )   DEFENDANTS' FIRST
19                            Plaintiffs,           )   REQUEST FOR PRODUCTION
                                                    )   OF DOCUMENTS
20                 vs.                              )
                                                    )
21  LSG LUFTHANSA SERVICE GUAM, INC., et al.        )
                                                    )
22                            Defendants.           )

23  TO:   JAMES CRUZ AND HIS ATTORNEYS OF RECORD, SANDRA LYNCH,
          ESQ. AND WILLIAM GAVRAS, ESQ.
24

25        Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively

26  "LSG Guam"), hereby requests that Plaintiff James Cruz ("Plaintiff") make available for inspection

27  and copying at the offices of Limtiaco Cruz & Sison, PLLC, 777 Route 4, MVP Business Center,

District Court of Guam Civil Case No. CV 04-00010
Defendants' First Request for Production of Documents (James Cruz)
Page 1 of 12

Case 1:04-cv-00010   Document 169-4   Filed 04/22/2005   Page 26 of 37

Suite 11B, Sinajana, Guam 96910, within thirty (30) days from receipt of this request, the documents described herein.

## **INSTRUCTIONS**

In responding to each part of this request, the following instructions shall apply:

1.     If a request, read literally, requires the production of a part or portion of a document, production of the entire document is requested. Wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Plaintiff's knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not produced.

2.     In all requests, the singular includes the plural, and the plural includes the singular, wherever such dual construction will serve to bring within the scope of a request any document which would otherwise not be brought within its scope.

3.     This demand requires you to produce the originals of all documents and all tangible things demanded that are in your actual or constructive possession, custody, or control, or in the possession, custody, or control of your attorneys, accountants, representatives, consultants, agents, employees, or anyone maintaining the documents or things demanded, or anyone acting on your behalf.

4.     This demand requires the production of documents as they are kept in the usual course of business or to be organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.

Defendants' First Request for Production of Documents to Plaintiff James Cruz
District Court of Guam Civil Case No. CV04-00010
Page 2 of 12

Case 1:03-cv-00028     Document 169-4     Filed 04/22/2005     Page 27 of 37

5.      In the event that any document is withheld on the ground of privilege or the work product doctrine or any other purported protection, please provide the following information with respect to any such document in order to aid the Court and Defendants in determining the validity of the claim of privilege or other protection:

a.      The identity of the person(s) who prepared the document, who signed it, and under whose name it was sent or issued;

b.      The identity of the person(s) to whom the document was directed and all recipients;

c.      The nature and substance of the document with sufficient particularity to enable the Court and parties hereto to identify the document;

d.      The date of the document;

e.      The identity of the person(s) having custody of or control over the document and each copy thereof;

f.      The identity of each person(s) to whom copies of the document were furnished;

g.      The number of pages of the document;

h.      The basis on which any privilege or other protection is claimed; and

i.      Whether any non-privileged or non-protected matter is included in the document.

## DEFINITIONS

1.      "PLAINTIFF" or "YOU" or "YOUR" refers to Plaintiff James Cruz and his attorneys, consultants, agents, representatives, and all other persons acting on or for her behalf, or purporting to act on or for her behalf, or in concert with any or all of them.

2.      "COMPLAINT" means Case Number 04-00010 filed by PLAINTIFF in the United States District Court for the District of Guam.

Defendants' First Request for Production of Documents to Plaintiff James Cruz
District Court of Guam Civil Case No. CV04-00010
Page 3 of 12

Case 1:03-cv-00028     Document 169-4     Filed 04/22/2005     Page 28 of 37

3.    "LSG GUAM" means collectively Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. and/or their managers, officers, directors, partners, agents, employees, servants, attorneys, accountants, consultants, representatives, and all other persons acting on or for their behalf.

4.    "LSG SAIPAN" means collectively Defendants LSG Lufthansa Service Saipan, Inc. and LSG Catering Saipan, Inc. and/or their managers, officers, directors, partners, agents, employees, servants, attorneys, accountants, consultants, representatives, and all other persons acting on or for their behalf.

5.    "DEFENDANT" means any named defendant in the COMPLAINT.

6.    "COMPLAINT OF DISCRIMINATION" refers to any administrative charge PLAINTIFF filed with the United States Equal Employment Opportunity Commission.

7.    "CLAIMS" means and includes lawsuits, charges, workers compensation claims, or any and all claims filed with the United States Equal Employment Opportunity Commission.

8.    "HEALTH CARE PROVIDER" means any physicians, chiropractors, osteopaths, hospitals, optometrists, nurses, nurse practitioners, therapists, psychologists, psychiatrists, psychoanalysts or counselors, whether or not licensed or certified by any governmental or regulatory body.

9.    "COMMUNICATION" or any variant thereof refers to any verbal, written, electronic or other transmittal or words, thoughts, ideas or images between or among persons, whether in person, by letter, by email, by telephone or by any other means.  It also specifically includes correspondence, notes of meetings or notes of telephone calls.

10.    "DOCUMENTS" as used herein includes all physical forms of written records, photographs, negatives, communications, cards, transcripts, minutes, telegrams, cables, telexes, tapes, recordings,

files, memoranda, notes, drafts, photocopies, diaries, appointment records and calendars, affidavits, statements, summaries, evaluations, valuations, audits, verifications, inventories, appraisals, reports, studies, other analyses, books or records of accounts, contracts, other agreements, powers of attorney, endorsements, account statements, receipts, safe deposit records, invoices, telephone records and statements, tax records, notices, work papers, agenda, interoffice or intra office communications, notebooks, telephone message slips, logs, and anything upon which handwriting, printing, typing, computer printing, photostatic copies, magnetic or electronic impulse or other form of communication are recorded or reproduced.

11. "PROCEEDING" means a state or federal court trial or hearing, an arbitration or deposition, or an administrative forum.

12. "All" should be understood to include and encompass "any" and "each." In all requests, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of a request any document which would otherwise not be brought within its scope.

## DOCUMENT REQUESTS

1. Any and all DOCUMENTS that describe, memorialize, discuss, refer or relate to the hiring of PLAINTIFF by any of the DEFENDANTS.

2. Any and all DOCUMENTS that describe, memorialize, discuss, refer or relate to PLAINTIFF's duties, functions, actions or activities during the course and scope of PLAINTIFF's employment with any of the DEFENDANTS.

Defendants' First Request for Production of Documents to Plaintiff James Cruz
District Court of Guam Civil Case No. CV04-00010
Page 5 of 12

Case 1:03-cv-00028    Document 169-4    Filed 04/22/2005    Page 30 of 37

3.　　Any and all DOCUMENTS that describe, memorialize, refer or relate to personnel decisions made with respect to PLAINTIFF by any of the DEFENDANTS, including all DOCUMENTS reflecting the reasons for or circumstances surrounding such personnel decisions.

4.　　Any and all DOCUMENTS that constitute, evidence, refer or relate to any evaluation of, or comments concerning, PLAINTIFF's job performance by any employee or agent of any of the DEFENDANTS.

5.　　Any and all DOCUMENTS that constitute, evidence, refer or relate to any evaluation of, or comments concerning, PLAINTIFF's job performance by persons other than employees or agents of any of the DEFENDANTS, including customers of any of the DEFENDANTS.

6.　　Any and all DOCUMENTS that constitute, evidence, refer or relate to diaries, calendars, appointment books, logs, or notes, including, but not limited to, any Franklin planner(s), maintained by PLAINTIFF from January 1, 2000 to the present.

7.　　Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to complaints, claims or grievances made by PLAINTIFF regarding his employment with any of the DEFENDANTS, including, but not limited to, the purported complaints described in the COMPLAINT, including paragraph 38 therein.

8.　　Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to PLAINTIFF's contention that any or all of the DEFENDANTS were not responsive to PLAINTIFF'S complaints, as alleged in the COMPLAINT, including paragraph 38 therein.

9.　　Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF suffered disparate treatment

Defendants' First Request for Production of Documents to Plaintiff James Cruz
District Court of Guam Civil Case No. CV04-00010
Page 6 of 12

Case 1:03-cv-00028    Document 169-4    Filed 04/22/2005    Page 31 of 37

during his employment with any of the DEFENDANTS, as alleged in the COMPLAINT, including paragraphs 34-36 therein.

10.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that PLAINTIFF suffered harassment, excessive criticism, disparate working hours and disparate wages as alleged in the COMPLAINT, including paragraph 36 therein.

11.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the DEFENDANTS have exhibited, through their agents or assigns, and by their actions and inactions, patterns and practices of discrimination toward Pacific Islanders and of those persons over forty (40) years of age as alleged in the COMPLAINT, including paragraph 39 therein.

12.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the DEFENDANTS, through their agents or assigns, and by their actions and inactions, condoned, accepted, authorized, implicitly or explicitly, the actions of discrimination, retaliation, disparate treatment, hostile work environment, harassment and other unlawful employment practices to which PLAINTIFFS were subjected in the terms and conditions of their employment, as alleged in the COMPLAINT, including paragraph 42 therein.

13.     Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention PLAINTIFF made known his support for other persons who filed suit under Title VII of the Civil Rights Act, as alleged in the COMPLAINT, including paragraph 73 therein.

Defendants' First Request for Production of Documents to Plaintiff James Cruz
District Court of Guam Civil Case No. CV04-00010
Page 7 of 12

Case 1:03-cv-00028     Document 169-4     Filed 04/22/2005     Page 32 of 37

14. Any and all DOCUMENTS that describe, evidence, discuss, memorialize, support, contradict, refer or relate to PLAINTIFF's contention that any of the DEFENDANTS treated him less favorably than similarly situated non-Pacific Islander employees in any aspect of his employment or termination from employment with any DEFENDANT, as alleged in the COMPLAINT.

15. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to efforts by PLAINTIFF to obtain or engage in an occupation, business, job, or source of income, compensation or remuneration subsequent to PLAINTIFF'S employment with any of the DEFENDANTS, including reference letters, COMMUNICATIONS with persons requested to write reference letters for PLAINTIFF, resumes, draft resumes, COMMUNICATIONS with prospective employers or business associates, applications for employment or business association, photographs, portfolios, audio or video tapes, and DOCUMENTS received from prospective employers or business associates.

16. Any and all DOCUMENTS that describe, memorialize, evidence, refer or relate to occupations, businesses, jobs, or sources of income, compensation or remuneration earned by PLAINTIFF subsequent to his employment with any of the DEFENDANTS.

17. PLAINTIFF's pay stubs, payroll records, earnings records, and DOCUMENTS reflecting any and all sources and/or amounts of income, earnings or other remuneration, whether from any of the DEFENDANTS or from another source, obtained subsequent to PLAINTIFF's employment with any of the DEFENDANTS.

18. A copy of PLAINTIFF's most recent resume and copies of any resume(s) prepared by PLAINTIFF or on PLAINTIFF's behalf since January 1, 2000.

19. All DOCUMENTS, or copies thereof, that describe, memorialize, refer to or relate to PLAINTIFF's employment with any of the DEFENDANTS that PLAINTIFF retained after PLAINTIFF's employment with any of the DEFENDANTS ended.

20. Any and all DOCUMENTS that constitute, evidence, memorialize, discuss, refer or relate to PLAINTIFF's relationship with any of the DEFENDANTS, including without limitation, all pay stubs, notes, diaries, calendars and schedules, documents relating to any DEFENDANT's policies and procedures (including personnel policies and procedures), and any forms PLAINTIFF completed in connection with his employment with any of the DEFENDANTS.

21. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMMUNICATIONS between PLAINTIFF and present or former employees or agents of any of the DEFENDANTS during PLAINTIFF's employment with any of the DEFENDANTS relating to any of the allegations or claims in the COMPLAINT.

22. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMMUNICATIONS between PLAINTIFF and present or former employees or agents of any of the DEFENDANTS subsequent to PLAINTIFF's employment with any of the DEFENDANTS relating to any of the allegations or claims in the COMPLAINT.

23. All DOCUMENTS that constitute, evidence, memorialize, refer or relate to any COMPLAINT OF DISCRIMINATION filed by PLAINTIFF with the United States Equal Employment Opportunity Commission, including but not limited to, any DOCUMENTS PLAINTIFF submitted in connection with such COMPLAINTS.

24. Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to claims, charges and/or applications prepared or caused to be prepared by PLAINTIFF for disability

insurance, unemployment insurance, workers' compensation and employment discrimination, including, but not limited to, written statements submitted by PLAINTIFF to the United States Department of Labor, the United States Equal Employment Opportunity Commission, Department of Industrial Relations (workers' compensation), and/or any other like agency in any other jurisdiction.

25.     Any and all DOCUMENTS received by PLAINTIFF in connection with claims, charges and/or applications filed by him for disability insurance, unemployment insurance, workers' compensation, and employment discrimination, including, but not limited to, written statements received from the United States Department of Labor, the United States Equal Employment Opportunity Commission, Department of Industrial Relations (workers' compensation), and/or any other like agency in any other jurisdiction.

26.     Any and all DOCUMENTS that constitute, evidence, memorialize, refer or relate to any claims, charges, demands or requests made or asserted by PLAINTIFF in any forum, whether by informal demand or request upon another party or before a court or administrative agency of any nature asserting discrimination or harassment claims, personal injury, disability, emotional distress, or economic damages, including but not limited to any statements, depositions, affidavits or declarations given by PLAINTIFF in connection with these claims.

27.     All DOCUMENTS that memorialize, discuss, evidence, refer or relate to each PROCEEDING in which PLAINTIFF has testified since January 1, 1998.

28.     Any and all DOCUMENTS that memorialize, refer or relate to visits or other contacts with physicians, doctors, psychologists, psychiatrists, counselors, social workers, therapists, and/or any

other HEALTH CARE PROVIDER whom PLAINTIFF consulted during the period January 1, 1998 to the present.

29.     Any and all DOCUMENTS that memorialize, refer or relate to PLAINTIFF's physical, mental and/or psychiatric health and/or condition during the period January 1, 1998, to the present, including but not limited to any and all reports regarding PLAINTIFF's physical, mental and/or psychiatric health and/or condition.

30.     Any and all DOCUMENTS that memorialize, refer or relate to medical, psychiatric and/or psychological visits, check-ups, tests, diagnoses and/or treatments rendered to PLAINTIFF, including but not limited to bills, insurance claims and records of payment, during the period January 1, 1998 to the present.

31.     Any and all DOCUMENTS that memorialize, refer or relate to psychotherapy, counseling, or other similar treatment rendered to PLAINTIFF, whether alone or in conjunction with another person(s), during the period January 1, 1998 to the present.

32.     Any and all DOCUMENTS that memorialize, support, refer or relate to complaints of discrimination (including, without limitation, gender and age discrimination) made by PLAINTIFF at any time.

33.     Any and all DOCUMENTS that relate to or support PLAINTIFF's claim for attorney's fees, including without limitation, any fee agreement, invoices, and billing statements.

34.     Any and all witness statements, affidavits or declarations that relate to any of the allegations in this action.

35. Any and all DOCUMENTS not previously requested that support, negate, reflect, refer to or relate to any of the contentions or claims made in the COMPLAINT herein against any or all of the DEFENDANTS.

DATED this 11th day of March 2005.

LIMTIACO CRUZ & SISON, PLLC

By: _____

ALICIA A. LIMTIACO, ESQ.
a duly licensed employee.

H:\Legal Files\Master Client Files\LSG\EEOC - Datwin\RFPs\Request for Production James Cruz (tab five)final 03.11.05.DOC