ALICIA A. LIMTIACO, ESQ.
DONNA M. CRUZ, ESQ.
LIMTIACO CRUZ & SISON, PLLC
Suite 11B, MVP Business Center
777 Route 4
Sinajana, Guam 96910
Telephone: 671-477-0000
Facsimile: 671-477-0001
Email: guamlaw@ite.net

PETER I. OSTROFF, ESQ.
MAX C. FISCHER, ESQ.
SIDLEY AUSTIN BROWN & WOOD
555 West Fifth Street, 40th Floor
Los Angeles, California 90013-1010
Telephone: 213-896-6000
Facsimile: 213-896-6600

Attorneys for Defendants LSG Lufthansa Service Guam, Inc.
and LSG Catering Guam, Inc.

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| MICHELLE D. RAMOS, RICARDO G. "GINO" PEREZ and NONA A. PEREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LSG LUFTHANSA SERVICE GUAM, INC., et al.,<br><br>Defendants. | Civil Case No. 03-00028<br><br><br>**DEFENDANTS' OBJECTION TO PLAINTIFFS' SCHEDULING ORDER AND DISCOVERY PLAN** |
| FELIPE DATUIN, JEFF GUMATAOTAO and JAMES CRUZ,<br><br>Plaintiffs,<br><br>vs.<br><br>LSG LUFTHANSA SERVICE GUAM, INC., et al.,<br><br>Defendants. | Civil Case No. 04-00010 |

Defendants' Objection to Plaintiffs' Proposed Scheduling Order and Discovery Plan
Civil Case No. 03-00028/Civil Case No. 04-00010
Page 1 of 3

Case 1:03-cv-00028   Document 173   Filed 05/03/2005   Page 1 of 3

ORIGINAL

Defendants LSG Lufthansa Service Guam, Inc. and LSG Catering Guam, Inc. (collectively "Defendants"), hereby object to the Scheduling Order and Discovery Plan filed by the Plaintiffs on April 19, 2005, on the basis that said Scheduling Order and Discovery Plan were untimely filed and contrary to the requirements of Local Rule 16.2 and FRCP Rule 26(f).

The Defendants previously filed an Objection to Plaintiffs Proposed Scheduling Order on April 14, 2005. Defendants hereby incorporate by reference their Objection to Scheduling Order filed therein on April 14, 2005 and reassert the same arguments as a basis for objecting to this Scheduling Order filed by the Plaintiffs on April 19, 2005. Moreover and in particular, Defendants' object to the April 19, 2005 Scheduling Order because it still contains certain dates that are listed in error and because certain dates have been omitted that are not the dates agreed upon by the parties at the December 16 and 17, 2004 Scheduling Conference, respectively. For example, the parties agreed to the following dates: 1) to provide initial disclosures pursuant to FRCP 26(a)(1))A), (B), (C), and (D) by October 15, 2004; 2) to add all relevant motions to add parties and claims by February 7, 2005; 3) to amend pleadings by February 7, 2005; and 4) to provide all pre-trial disclosures pursuant to FRCP 26(1)(3)(A), (B), and (C) by October 11, 2005. Thus, Plaintiffs have either erroneously listed, failed to list, or omitted these dates and Defendants object to the filing of an errant Scheduling Order.

In addition, Plaintiffs have deliberately omitted the Initial Disclosure deadline because it is the subject of Defendants Motion to Dismiss or in the alternative for a Motion Granting Attorneys Fees. Defendants have complied with the Initial Disclosure deadline and have provided their Initial Disclosure to Plaintiffs counsel on October 15, 2004. Plaintiffs to date have not fully complied with requirements of FRCP 26(a)(1))A), (B), (C), and (D).

Moreover, some of these dates have long since expired and Plaintiffs' should not be given another opportunity for instance, to add parties or claims because this date has been changed at least

Defendants' Objection to Plaintiffs' Proposed Scheduling Order and Discovery Plan
Civil Case No. 03-00028/Civil Case No. 04-00010
Page 2 of 3

Case 1:03-cv-00028    Document 173    Filed 05/03/2005    Page 2 of 3

thrice. The date the Plaintiffs have listed is not the agreed upon date as that date has passed. Again, Defendants are placed in the frustrating position of having to make an objection to this Court regarding improper filings by Plaintiffs. This only serves to cause Defendants to suffer further delays and prejudice by way of costs and expenses in filing these objections.

In conjunction with the filing of the April 19, 2005 Scheduling Order, the Plaintiffs filed a Discovery Plan. The Discovery Plan, however, fails to conform to the requirements of Local Rule 16.2 and FRCP Rule 26(f). Once again, in total disregard of the Local Rules of Practice for the District of Guam and the Federal Rules of Civil Procedure, Plaintiffs not only filed the Discovery Plan untimely, but they also failed to include relevant and important information, and object to the Discovery Plan being incorporated within the Scheduling Order, as filed on April 19, 2005.

Accordingly, Defendants respectfully request this Court to grant their Motion for Dismissal or in the Alternative, for Attorneys Fees Pursuant to FRCP 16(f) and GR 2.1 for Failure to Timely File the Scheduling Order and Discovery Plan and for Failure to File a Complete and Accurate Scheduling Order and Discovery Plan that complies with Local Rule 16.2 and FRCP Rule 26(f).

Dated: 5-3-05

LIMTIACO CRUZ & SISON, PLLC,

By: _____
DONNA M. CRUZ,
a duly licensed employee.

H:\Legal Files\Master Client Files\LSG\Ramos, Perez & Perez vs. LSG CV 03-00028\CONSOLIDATED DATUIN & RAMOS\Objection to Discovery Plan and Scheduling Order dmc 5-2-05.doc

Defendants' Objection to Plaintiffs' Proposed Scheduling Order and Discovery Plan
Civil Case No. 03-00028/Civil Case No. 04-00010
Page 3 of 3

Case 1:03-cv-00028    Document 173    Filed 05/03/2005    Page 3 of 3